UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHOSHANA HEBSHI,

     Plaintiff,

v.

UNITED STATES OF AMERICA, FRONTIER
AIRLINES, INC., JOHN BRAND, in his
individual capacity, UNKNOWN FBI AGENT
1, in his individual capacity, UNKOWN FBI
AGENT 2, in his individual capacity, JOHN
ETLING, in his individual capacity, MARK
DEBEAU, in his individual capacity, JEREMY
BOHN, in his individual capacity, CAPTAIN
PATRICK DRISCOLL, in his individual
capacity, OFFICER GRANT, in his individual
capacity, LT M. WASIUKANIS, in his
individual capacity, TOYA PARKER, in her
individual capacity, DT. CARMONA, in his
or her individual capacity, OFFICER
JOHNSON, in his or her individual capacity,
CORPORAL BRADLEY, in his or her
individual capacity, UNKNOWN CBP
OFFICER, in his individual capacity, THOMAS
PIPIS, in his individual capacity, DAVID
LAKOTOS, in his individual capacity,
NATHANIEL DEVINS, in his individual
capacity, UNKNOWN TSA AGENT 1, in his
individual capacity, UNKNOWN TSA AGENT
2, in her individual capacity, ROBERT BALL,
in his individual capacity, UNKNOWN ICE
OFFICER, in his individual capacity, and
PAUL BRUMLEY, in his individual capacity,

     Defendants.

No. 4:13-cv-10253

Hon. Terrence G. Berg
Magistrate Laurie Michelson

_____/

SARAH MEHTA (P76024)
MICHAEL J. STEINBERG (P43085)
KARY L. MOSS (P49759)
ACLU OF MICHIGAN
Attorneys for Plaintiff
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6823
smehta@aclumich.org
msteinberge@aclumich.org
kmoss@aclumich.org

DENNIS D. PARKER
RACHEL E. GOODMAN
AYIRINI FONSECA-SABUNE
ACLU
Attorneys for Plaintiff
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
(212) 549-2651
dparker@aclu.org
rgoodman@aclu.org
afonseca-sabune@aclu.org

WILLIAM H. GOODMAN (P14173)
JULIE HORWITZ (P34720)
KATHRYN BRUNER JAMES (P71374)
GOODMAN & HURWITZ PC
Attorneys for Plaintiff
1394 E. Jefferson Avenue
Detroit, MI 48207
(313) 567-6170
bgoodman@goodmanhurwitz.com
jurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com

ANNA ENGH
SHELLI CALLAND
ARJUN SETH
SARAH TREMONT (P73809)
COVINGTON & BURLING LLP
Attorneys for Plaintiff
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 662-6000
aengh@cov.com
scalland@cov.com
Aasethi@cov.com
stremont@cov.com

ALAN B. HAVIS (P36988)
LAW OFFICES OF ALAN B. HAVIS ESQ.
Attorney for Mark Debeau, Officer Grant,
Toya Parker, Dt. Carmona, and Officer
Johnson
25505 W. 12 Mile Road, Suite 1000
Southfield, MI 48034
(248) 353-3690
ahavis@AirportDefender.com

T. JOSEPH SEWARD (P35095)
CUMMINGS MCCLOREY DAVIS & ACHO
Attorney for Jeremy Bohn, Captain Patrick
Driscoll, Lt. M. Wasiukanis, and Corporal
Bradley
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
tjseward@cmda-law.com

LYNN M. DODGE (P38136)
UNITED STATES ATTORNEY'S OFFICE
Attorney for John Brand, John Etling,
Thomas Pipis, David Lakotos, Nathanael
Devins, Robert Ball, Paul Brumley and
the United States
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0205
Lynn.Dodge@usdoj.gov

SARAH E. WHITMAN
UNITED STATES DEPT. OF JUSTICE
Attorney for John Brand, John Etling,
Thomas Pipis, David Lakotos, Nathanael
Devins, Robert Ball, Paul Brumley and
the United States
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
(202) 616-0089
Sarah.Whitman@usdoj.gov

_____/

## DEFENDANT MARK DEBEAU, OFFICER GRANT, TOYA PARKER, DT. CARMONA, AND OFFICER JOHNSON'S ANSWER TO COMPLAINT

**NOW COME** Defendants MARK DEBEAU, OFFICER GRANT, TOYA PARKER, DETECTIVE CARMONA, AND OFFICER CHARLES JOHNSON, by and through their attorney, Alan B. Havis of the Law Office of Alan B. Havis, Esq., and for their Answer to the Complaint, state as follows:

1. In answer to Paragraph 1, these Defendants admit that Ms. Hebshi was on Frontier Airlines flight from San Francisco to Detroit. These Defendants also admit that after the plane landed, law enforcement entered the plane and removed Ms. Hebshi from the airplane. These Defendants further admit that she was detained and searched. In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

2. In answer to Paragraph 2, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

3. In answer to Paragraph 3, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

4. In answer to Paragraph 4, these Defendants admit that the information received from the Frontier Airlines employees was the basis upon which Ms. Hebshi was detained. In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

5. In answer to Paragraph 5, these Defendants admit that Ms. Hebshi was asked to remove her clothing in order to conduct a search of her. In answer to any remaining allegations

contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

6. In answer to Paragraph 6, these Defendants object to this Paragraph for the reason it is not a statement of fact as required by FRCP 8(a)(2).

7. In answer to Paragraph 7, these Defendants deny that Plaintiff was subjected to an unlawful arrest, detention and strip search.  These Defendants further deny that her rights under the Fourth, Fifth and Fourteenth Amendment of the United State Constitution were violated.  In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

8. In answer to Paragraph 8, these Defendants object to this Paragraph for the reason it is not a statement of fact as required by FRCP 8(a)(2).

9. In answer to Paragraph 9, these Defendants object to this Paragraph for the reason it is not a statement of fact as required by FRCP 8(a)(2).  Furthermore, these Defendants admit that the Court has jurisdiction over the claims although the Defendants deny that Plaintiff is entitled to any relief.

10. In answer to Paragraph 10, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

11. In answer to Paragraph 11, these Defendants admit that venue is proper in this Court. These Defendants deny any wrongdoing or violations of Plaintiff's constitutional rights.

12. In answer to Paragraph 12, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

13. In answer to Paragraph 13, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

14. In answer to Paragraph 14, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

15. In answer to Paragraph 15, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

16. In answer to Paragraph 16, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

17. In answer to Paragraph 17, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

18. In answer to Paragraph 18, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

19. In answer to Paragraph 19, these Defendants admit that Mark DeBeau was and is the Vice President of Public Safety with the Wayne County Airport Authority.  In answer to

any remaining allegations contained therein, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

20. In answer to Paragraph 20, these Defendants admit that Jeremy Bohn was and is employed by the Wayne County Airport Authority Police.  In answer to any remaining allegations contained therein, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

21. In answer to Paragraph 21, these Defendants admit that Captain Patrick Driscoll was and is employed by the Wayne County Airport Authority Police.  In answer to any remaining allegations contained therein, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

22. In answer to Paragraph 22, these Defendants admit that Lieutenant Michael Wasiukanis was and is employed by the Wayne County Airport Authority Police.  In answer to any remaining allegations contained therein, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

23. In answer to Paragraph 23, these Defendants admit that Toya Parker was and is employed by the Wayne County Airport Authority Police.  In answer to any remaining allegations contained therein, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

24. In answer to Paragraph 24, these Defendants admit that Officer Grant was and is employed by the Wayne County Airport Authority Police.  In answer to any remaining allegations contained therein, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

25. In answer to Paragraph 25, these Defendants admit that Detective Carmona was and is

employed by the Wayne County Airport Authority Police.  In answer to any remaining allegations contained therein, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

26. In answer to Paragraph 26, these Defendants admit that Officer Johnson was and is employed by the Wayne County Airport Authority Police.  In answer to any remaining allegations contained therein, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

27. In answer to Paragraph 27, these Defendants admit that Corporal Michael Bradley was and is employed by the Wayne County Airport Authority Police.  In answer to any remaining allegations contained therein, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

28. In answer to Paragraph 28, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

29. In answer to Paragraph 29, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

30. In answer to Paragraph 30, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

31. In answer to Paragraph 31, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

32. In answer to Paragraph 32, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

33. In answer to Paragraph 33, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

34. In answer to Paragraph 34, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

35. In answer to Paragraph 35, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

36. In answer to Paragraph 36, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

37. In answer to Paragraph 37, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

38. In answer to Paragraph 38, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

39. In answer to Paragraph 39, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the

truth of the averments and therefore leave the Plaintiff to her proofs.

40. In answer to Paragraph 40, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

41. In answer to Paragraph 41, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

42. In answer to Paragraph 42, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

43. In answer to Paragraph 43, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

44. In answer to Paragraph 44, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

45. In answer to Paragraph 45, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

46. In answer to Paragraph 46, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

47. In answer to Paragraph 47, these Defendants neither admit nor deny the allegations

contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

48. In answer to Paragraph 48, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

49. In answer to Paragraph 49, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

50. In answer to Paragraph 50, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

51. In answer to Paragraph 51, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

52. In answer to Paragraph 52, these Defendants admit that information received from Frontier Airlines personnel was provided to Captain Patrick Driscoll and Detective Carmona.  In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

53. In answer to Paragraph 53, these Defendants admit the allegations contained therein.

54. In answer to Paragraph 54, these Defendants admit that Jeremy Bohn did wait for the airplane along with others.  In answer to any remaining allegations contained therein,

these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

55. In answer to Paragraph 55, these Defendants admit that Officer Johnson spoke via cell phone with the Frontier Airlines flight 623 captain via cell phone and that "The Captain stated that a third passenger seated in 12A may also be involved with the incident but is seated and compliant at this time".  In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

56. In answer to Paragraph 56, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

57. In answer to Paragraph 57, these Defendants deny that Plaintiff was arrested for the reason that said allegation is untrue.  In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

58. In answer to Paragraph 58, these Defendants admit that Officer Grant participated in the entry of the airplane with the assistance of others.  In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

59. In answer to Paragraph 59, these Defendants admit that Captain Patrick Driscoll made certain suggestions regarding entry into the airplane and discussed these suggestions with Mark DeBeau.   In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

60. In answer to Paragraph 60, these Defendants admit that Mark DeBeau agreed to an entry into the airplane.

61. In answer to Paragraph 61, these Defendants admit that the suspects including Plaintiff were to be handcuffed.   In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

62. In answer to Paragraph 62, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

63. In answer to Paragraph 63, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

64. In answer to Paragraph 64, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

65. In answer to Paragraph 65, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the

truth of the averments and therefore leave the Plaintiff to her proofs.

66. In answer to Paragraph 66, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

67. In answer to Paragraph 67, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

68. In answer to Paragraph 68, these Defendants admit that Detective Carmona, Jeremy Bohn, Officer Johnson and others entered the airplane.   In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

69. In answer to Paragraph 69, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

70. In answer to Paragraph 70, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

71. In answer to Paragraph 71, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

72. In answer to Paragraph 72, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the

truth of the averments and therefore leave the Plaintiff to her proofs.

73. In answer to Paragraph 73, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

74. In answer to Paragraph 74, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

75. In answer to Paragraph 75, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

76. In answer to Paragraph 76, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

77. In answer to Paragraph 77, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

78. In answer to Paragraph 78, these Defendants admit that Corporal Michael Bradley transported Plaintiff to Building 358. In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

79. In answer to Paragraph 79, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the

truth of the averments and therefore leave the Plaintiff to her proofs.

80. In answer to Paragraph 80, these Defendants admit the allegations contained therein.

81. In answer to Paragraph 81, these Defendants admit that the Plaintiff was taken to a cell. In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

82. In answer to Paragraph 82, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

83. In answer to Paragraph 83, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

84. In answer to Paragraph 84, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

85. In answer to Paragraph 85, these Defendants admit that Lieutenant Michael Wasiukanis had conversation with FBI Special Agent John Brand about the suspects being strip-searched. In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

86. In answer to Paragraph 86, these Defendants neither admit nor deny that Plaintiff has accurately and fully stated the content and intent of the Wayne County Airport Authority's operating procedures.

87. In answer to Paragraph 87, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

88. In answer to Paragraph 88, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

89. In answer to Paragraph 89, these Defendants admit that Toya Parker told Plaintiff she was going to be searched.

90. In answer to Paragraph 90, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

91. In answer to Paragraph 91, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

92. In answer to Paragraph 92, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

93. In answer to Paragraph 93, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

94. In answer to Paragraph 94, these Defendants neither admit nor deny the allegations

contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

95. In answer to Paragraph 95, these Defendants admit the allegations contained therein.

96. In answer to Paragraph 96, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

97. In answer to Paragraph 97, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

98. In answer to Paragraph 98, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

99. In answer to Paragraph 99, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

100. In answer to Paragraph 100, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

101. In answer to Paragraph 101, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

102. In answer to Paragraph 102, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a

belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

103.    In answer to Paragraph 103, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

104.    In answer to Paragraph 104, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

105.    In answer to Paragraph 105, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

106.    In answer to Paragraph 106, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

107.    In answer to Paragraph 107, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

108.    In answer to Paragraph 108, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

109.    In answer to Paragraph 109, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

**COUNT I**

110.     These Defendants incorporate herein by reference each and every answer contained in Paragraphs 1 through 109 above as if more fully restated herein.

111.     In answer to Paragraph 111, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

112.     In answer to Paragraph 112, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

113.     In answer to Paragraph 113, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

114.     In answer to Paragraph 114, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

115.     In answer to Paragraph 115, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

116.     In answer to Paragraph 116, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

117.     In answer to Paragraph 117, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

118.      In answer to Paragraph 118, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

<u>**COUNT II**</u>

119.      These Defendants incorporate herein by reference each and every answer contained in Paragraphs 1 through 118 above as if more fully restated herein.

120.      In answer to Paragraph 120, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

121.      In answer to Paragraph 121, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

122.      In answer to Paragraph 122, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

123.      In answer to Paragraph 123, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

124.      In answer to Paragraph 124, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

125.      In answer to Paragraph 125, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a

belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

## COUNT III

126.     These Defendants incorporate herein by reference each and every answer contained in Paragraphs 1 through 125 above as if more fully restated herein.

127.     In answer to Paragraph 127, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

128.     In answer to Paragraph 128, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

129.     In answer to Paragraph 129, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

130.     In answer to Paragraph 130, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

131.     In answer to Paragraph 131, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

## COUNT IV

132.     These Defendants incorporate herein by reference each and every answer contained in Paragraphs 1 through 131 above as if more fully restated herein.

133.     In answer to Paragraph 133, these Defendants neither admit nor deny that Plaintiff has accurately and fully stated the correct application and scope of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

134.     In answer to Paragraph 134, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

135.     In answer to Paragraph 135, these Defendants admit that they were acting under color of law investigating the allegations of illegal conduct and detaining the Plaintiff.

136.     In answer to Paragraph 136, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

137.     In answer to Paragraph 137, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

138.     In answer to Paragraph 138, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

## COUNT V

139.     These Defendants incorporate herein by reference each and every answer contained in Paragraphs 1 through 138 above as if more fully restated herein.

140.     In answer to Paragraph 140, these Defendants neither admit nor deny that Plaintiff has accurately and fully set forth the law as it pertains to the Fourth Amendment to the United States Constitution.

141.     In answer to Paragraph 141, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

142.     In answer to Paragraph 142, these Defendants admit that they were acting under color of law investigating the allegations of illegal conduct and detaining the Plaintiff.

143.    In answer to Paragraph 143, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

144.    In answer to Paragraph 144, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

145.    In answer to Paragraph 145, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

## COUNT VI

146.    These Defendants incorporate herein by reference each and every answer contained in Paragraphs 1 through 145 above as if more fully restated herein.

147.    In answer to Paragraph 147, these Defendants neither admit nor deny that Plaintiff has accurately and fully set forth the law as it pertains to the Fourth Amendment to the United States Constitution.

148.    In answer to Paragraph 148, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

149.    In answer to Paragraph 149, these Defendants admit that they were acting under color of law investigating the allegations of illegal conduct and detaining the Plaintiff.

150.    In answer to Paragraph 150, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

151.    In answer to Paragraph 151, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

152.    In answer to Paragraph 152, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

## COUNT VII

153.   These Defendants incorporate herein by reference each and every answer contained in Paragraphs 1 through 152 above as if more fully restated herein.  In answer to any remaining allegations contained therein, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

154.   In answer to Paragraph 154, these Defendants deny each and every allegation contained therein for the reason that same are untrue.

155.   In answer to Paragraph 155, these Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leave the Plaintiff to her proofs.

**WHEREFORE**, these Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

/s/Alan B. Havis_____

Law Offices of Alan B. Havis, Esq.
Attorney for Defendants Mark Debeau, Officer Grant, Toya Parker, Detective Carmona, Officer Carmona and Officer Charles Johnson
25505 West 12 Mile Rd., Ste. 1000
Southfield, MI 48034
(248) 353-3690
ahavis@airportdefender.com

Date:  April 15, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHOSHANA HEBSHI,

      Plaintiff,

v.

UNITED STATES OF AMERICA, FRONTIER
AIRLINES, INC., JOHN BRAND, in his
individual capacity, UNKNOWN FBI AGENT
1, in his individual capacity, UNKOWN FBI
AGENT 2, in his individual capacity, JOHN
ETLING, in his individual capacity, MARK
DEBEAU, in his individual capacity, JEREMY
BOHN, in his individual capacity, CAPTAIN
PATRICK DRISCOLL, in his individual
capacity, OFFICER GRANT, in his individual
capacity, LT M. WASIUKANIS, in his
individual capacity, TOYA PARKER, in her
individual capacity, DT. CARMONA, in his
or her individual capacity, OFFICER
JOHNSON, in his or her individual capacity,
CORPORAL BRADLEY, in his or her
individual capacity, UNKNOWN CBP
OFFICER, in his individual capacity, THOMAS
PIPIS, in his individual capacity, DAVID
LAKOTOS, in his individual capacity,
NATHANIEL DEVINS, in his individual
capacity, UNKNOWN TSA AGENT 1, in his
individual capacity, UNKNOWN TSA AGENT
2, in her individual capacity, ROBERT BALL,
in his individual capacity, UNKNOWN ICE
OFFICER, in his individual capacity, and
PAUL BRUMLEY, in his individual capacity,

      Defendants.

No. 4:13-cv-10253

Hon. Terrence G. Berg
Magistrate Laurie Michelson

_____/

SARAH MEHTA (P76024)
MICHAEL J. STEINBERG (P43085)
KARY L. MOSS (P49759)
ACLU OF MICHIGAN
Attorneys for Plaintiff
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6823
smehta@aclumich.org
msteinberge@aclumich.org
kmoss@aclumich.org

DENNIS D. PARKER
RACHEL E. GOODMAN
AYIRINI FONSECA-SABUNE
ACLU
Attorneys for Plaintiff
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
(212) 549-2651
dparker@aclu.org
rgoodman@aclu.org
afonseca-sabune@aclu.org

WILLIAM H. GOODMAN (P14173)
JULIE HORWITZ (P34720)
KATHRYN BRUNER JAMES (P71374)
GOODMAN & HURWITZ PC
Attorneys for Plaintiff
1394 E. Jefferson Avenue
Detroit, MI 48207
(313) 567-6170
bgoodman@goodmanhurwitz.com
jurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com

ANNA ENGH
SHELLI CALLAND
ARJUN SETH
SARAH TREMONT (P73809)
COVINGTON & BURLING LLP
Attorneys for Plaintiff
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 662-6000
aengh@cov.com
scalland@cov.com
Aasethi@cov.com
stremont@cov.com

ALAN B. HAVIS (P36988)
LAW OFFICES OF ALAN B. HAVIS ESQ.
Attorney for Mark Debeau, Officer Grant,
Toya Parker, Dt. Carmona, and Officer
Johnson
25505 W. 12 Mile Road, Suite 1000
Southfield, MI 48034
(248) 353-3690
ahavis@AirportDefender.com

T. JOSEPH SEWARD (P35095)
CUMMINGS MCCLOREY DAVIS & ACHO
Attorney for Jeremy Bohn, Captain Patrick
Driscoll, Lt. M. Wasiukanis, and Corporal
Bradley
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
tjseward@cmda-law.com

LYNN M. DODGE (P38136)
UNITED STATES ATTORNEY'S OFFICE
Attorney for John Brand, John Etling,
Thomas Pipis, David Lakotos, Nathanael
Devins, Robert Ball, Paul Brumley and
the United States
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0205
Lynn.Dodge@usdoj.gov

SARAH E. WHITMAN
UNITED STATES DEPT. OF JUSTICE
Attorney for John Brand, John Etling,
Thomas Pipis, David Lakotos, Nathanael
Devins, Robert Ball, Paul Brumley and
the United States
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
(202) 616-0089
Sarah.Whitman@usdoj.gov

_____/

## **AFFIRMATIVE DEFENSES**

**NOW COME** the Defendants, MARK DEBEAU, OFFICER GRANT, TOYA PARKER, DETECTIVE CARMONA, AND OFFICER CHARLES JOHNSON, by and through their attorney, Alan B. Havis of the Law Office of Alan B. Havis, Esq., and for their Affirmative Defenses, state as follows:

1. That at all times hereto, these Defendants had reasonable suspicion that criminal activity was taking place, and as such, the detainment of Plaintiff was constitutional.

2. That these Defendants had articulable suspicion to investigate criminal activity, and as such, the claims herein must be dismissed.

3. That at all times hereto, the officers were acting upon probable cause, and as such, the claims herein must be dismissed.

4. That Plaintiff has adequate state remedies which bar some or all of the claims made herein.

5. That the individual Defendants are entitled to invoke the doctrine of qualified immunity which bars the claims made herein.

6. That the actions of the individual officers do not shock the conscience of the Court or the trier of fact, and as such, the claims herein must be dismissed.

7. That to the extent that Plaintiff has pled a claim against these Defendants under the Fifth Amendment, such claim would be futile.

8. That any search was reasonable under the circumstances, and as such, the claims herein must be dismissed.

9. That to the extent Plaintiff has pled state tort claims against these Defendants, such claims would be barred by governmental immunity.

10. That the actions of these Defendants was not the proximate cause of any damages to the Plaintiff, and as such, some or all of the claims must be dismissed.

11. That at no time hereto, did these individuals act with conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results, and as such, the claims herein must be dismissed.

12. That this matter may be barred by the statute of limitations.

13. That some or all of the individual officers did not have any personal involvement in Plaintiff's detention and investigation, and as such, the claims herein must be dismissed.

14. That these Defendants reserve the right to list additional Affirmative Defenses as they become known throughout the course of litigation.

/s/Alan B. Havis_____
Alan B. Havis (P36988)
Law Offices of Alan B. Havis, Esq.
Attorney for Defendants, Mark Debeau, Officer Grant,
Toya Parker, Detective Carmona, and Officer Charles
Johnson
25505 West 12 Mile Rd., Ste. 1000
Southfield, MI 48034
(248) 353-3690
ahavis@airportdefender.com

Date:  April 15, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHOSHANA HEBSHI,

     Plaintiff,

v.

UNITED STATES OF AMERICA, FRONTIER
AIRLINES, INC., JOHN BRAND, in his
individual capacity, UNKNOWN FBI AGENT
1, in his individual capacity, UNKOWN FBI
AGENT 2, in his individual capacity, JOHN
ETLING, in his individual capacity, MARK
DEBEAU, in his individual capacity, JEREMY
BOHN, in his individual capacity, CAPTAIN
PATRICK DRISCOLL, in his individual
capacity, OFFICER GRANT, in his individual
capacity, LT M. WASIUKANIS, in his
individual capacity, TOYA PARKER, in her
individual capacity, DT. CARMONA, in his
or her individual capacity, OFFICER
JOHNSON, in his or her individual capacity,
CORPORAL BRADLEY, in his or her
individual capacity, UNKNOWN CBP
OFFICER, in his individual capacity, THOMAS
PIPIS, in his individual capacity, DAVID
LAKOTOS, in his individual capacity,
NATHANIEL DEVINS, in his individual
capacity, UNKNOWN TSA AGENT 1, in his
individual capacity, UNKNOWN TSA AGENT
2, in her individual capacity, ROBERT BALL,
in his individual capacity, UNKNOWN ICE
OFFICER, in his individual capacity, and
PAUL BRUMLEY, in his individual capacity,

     Defendants.

No. 4:13-cv-10253

Hon. Terrence G. Berg
Magistrate Laurie Michelson

_____/

SARAH MEHTA (P76024)
MICHAEL J. STEINBERG (P43085)
KARY L. MOSS (P49759)
ACLU OF MICHIGAN
Attorneys for Plaintiff
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6823
smehta@aclumich.org
msteinberge@aclumich.org
kmoss@aclumich.org

DENNIS D. PARKER
RACHEL E. GOODMAN
AYIRINI FONSCECA-SABUNE
ACLU
Attorneys for Plaintiff
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
(212) 549-2651
dparker@aclu.org
rgoodman@aclu.org
afonseca-sabune@aclu.org

WILLIAM H. GOODMAN (P14173)
JULIE HORWITZ (P34720)
KATHRYN BRUNER JAMES (P71374)
GOODMAN & HURWITZ PC
Attorneys for Plaintiff
1394 E. Jefferson Avenue
Detroit, MI 48207
(313) 567-6170
bgoodman@goodmanhurwitz.com
jurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com

ANNA ENGH
SHELLI CALLAND
ARJUN SETH
SARAH TREMONT (P73809)
COVINGTON & BURLING LLP
Attorneys for Plaintiff
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 662-6000
aengh@cov.com
scalland@cov.com
Aasethi@cov.com
stremont@cov.com

ALAN B. HAVIS (P36988)
LAW OFFICES OF ALAN B. HAVIS ESQ.
Attorney for Mark Debeau, Officer Grant,
Toya Parker, Dt. Carmona, and Officer
Johnson
25505 W. 12 Mile Road, Suite 1000
Southfield, MI 48034
(248) 353-3690
ahavis@AirportDefender.com

T. JOSEPH SEWARD (P35095)
CUMMINGS MCCLOREY DAVIS & ACHO
Attorney for Jeremy Bohn, Captain Patrick
Driscoll, Lt. M. Wasiukanis, and Corporal
Bradley
33900 Schoolcraft Road
Livonia, MI 48150
(734) 261-2400
tjseward@cmda-law.com

LYNN M. DODGE (P38136)
UNITED STATES ATTORNEY'S OFFICE
Attorney for John Brand, John Etling,
Thomas Pipis, David Lakotos, Nathanael
Devins, Robert Ball, Paul Brumley and
the United States
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0205
Lynn.Dodge@usdoj.gov

SARAH E. WHITMAN
UNITED STATES DEPT. OF JUSTICE
Attorney for John Brand, John Etling,
Thomas Pipis, David Lakotos, Nathanael
Devins, Robert Ball, Paul Brumley and
the United States
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
(202) 616-0089
Sarah.Whitman@usdoj.gov

_____/

## **RELIANCE UPON JURY DEMAND**

**NOW COME** the Defendants, MARK DEBEAU, OFFICER GRANT, TOYA PARKER,

DETECTIVE CARMONA, AND OFFICER CHARLES JOHNSON, by and through their

attorney, Alan B. Havis of the Law Office of Alan B. Havis, Esq., and hereby rely on the jury demand previously filed by the Plaintiff in this matter.

/s/Alan B. Havis
Alan B. Havis (P36988)
Law Offices of Alan B. Havis, Esq.
Attorney for Defendants, Mark Debeau, Officer Grant, Toya Parker, Detective Carmona, and Officer Charles Johnson
25505 West 12 Mile Rd., Ste. 1000
Southfield, MI 48034
(248) 353-3690
ahavis@airportdefender.com

Date:  April 15, 2013
**CERTIFICATE OF SERVICE**

I hereby certify that on 4/15/13 I electronically filed the foregoing paper with the Clerk of the Court using the online system which will send notification of such filing to the attorneys of record.

/s/ Terri Jacques

_____
TERRI JACQUES
Tjacques@mindellfirm.com