UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHOSHANA HEBSHI,

                Plaintiff,

v.                                     Case No. 13-10253

UNITED STATES OF AMERICA, et al.     HON. TERRENCE G. BERG
                                                  HON. LAURIE J. MICHELSON

                Defendants.
_____/

## ORDER GRANTING JOINT MOTION FOR ENTRY OF CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

Counsel for Plaintiff Shoshana Hebshi and Defendant Frontier Airlines (the "Agreed Parties") STIPULATE, and the Court ORDERS, that the following terms and conditions of this Confidentiality Agreement and Stipulated Protective Order ("Protective Order") shall be entered as agreed and binding on the Agreed Parties:[1]

1. All written materials produced or disclosed by the Agreed Parties in this litigation (including, but not limited to, documents, interrogatories, responses to requests for admissions, and deposition testimony), which the producing party believes to contain trade secrets, proprietary information, personally identifying financial or medical information, or other confidential material, whether or not that information is subject to privacy protection under federal, state, local, or any applicable foreign law. shall be designated as confidential by affixing a label to the first page of the document with the following legend "CONFIDENTIAL subject to PROTECTIVE ORDER" or by informing counsel by letter that the documents are "Confidential," and shall be revealed only as provided herein. By entering this Protective Order, the Court does not intend to create any

---

[1] The terms and conditions herein were drafted by the parties, not by the Court, and are adopted verbatim for this Order pursuant to their stipulation.

presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Any dispute among the parties as to the confidentiality of any specific material shall be resolved pursuant to paragraph 3 of this Protective Order.

2. For the purposes of this Protective Order, the term "this litigation" shall include the above-captioned case and any claim for damage or other relief, however denominated, brought in any court, without limitation, involving or in any way relating to injuries allegedly sustained as a result of the September 11, 2011 incident ("Incident") described by Plaintiff in her complaint titled SHOSHANA HEBSHI v. UNITED STATES OF AMERICA, et al, (in the U.S. District for the Eastern District of Michigan, Southern Division, Case No. 4:13-cv-10253) (hereinafter "this litigation").

3. If either of the Agreed Parties believes that any material produced by the other Agreed Party does not contain confidential or trade secret information, that party may, at any time, contest the applicability of this Protective Order to such material by notifying the attorneys for the producing party and identifying the material contested in writing. Upon such notification, the producing party shall have twenty-one (21) days in which to make a specific Motion for Protective Order, in accordance with Local Rule 26.4, with respect to such material. As to any contested material for which such a motion is not made or the requested relief is not granted, such material shall be deemed outside the scope of this Protective Order.

4. The Agreed Parties (or attorneys for either) in this litigation may distribute protected materials or share information obtained from protected materials with the following categories of persons, and no other, except by further order of the Court:

  a.  The Agreed Parties;

  b.  Counsel advising the Agreed Parties and members of their legal or support staffs;

  c.  Consultants, investigators, experts, and their staff retained by the Agreed Parties or their attorneys in connection with this litigation;

  d.  Non-parties specifically retained in connection with this action to assist in photocopying, imaging, database development, graphics, or design services;

  e.  The Court and Court personnel, including stenographic reporters engaged in any Court or judicial proceedings as are necessary incident to the preparation or trial of this litigation; and,

  f.  Such other persons as the parties to this Protective Order shall agree to in writing or the Court shall determine.

All such persons shall be bound by all terms of this Protective Order as if a party to this lawsuit. Agreed Parties shall be responsible for providing a copy of this Protective Order and Exhibit A thereto to each person who is to receive protected material pursuant to this Protective Order and shall receive a signed copy of Exhibit A prior to disclosing any protected material to each such person.

 5. Agreed Parties shall not, under any circumstances, provide copies of or otherwise disclose the content of any protected materials to any person, except as listed above, including, but not limited, to the following:

  a.  Any competitor of the producing party or any known agent, consultant or affiliate thereof, or any attorney, if an Agreed Party knows that that person is employed by or expects to be employed by any competitor of the producing party;

  b.  Any person or entity (or that person's or entity's attorney) that an Agreed Party knows or has reason to know has or may have any claim against the producing party or any of its affiliates.  However, subsections (a) and (b)

3

shall not prevent the disclosure of documents to experts retained by an Agreed Party pursuant to section 4(c) above.

6. Nothing in this Protective Order shall prevent the Agreed Parties from using information or documents produced by a producing party pursuant to this Protective Order during mediation, arbitration, deposition, trial or any other proceeding in this litigation. All materials filed, lodged or entered into evidence with the Court which contain or make reference to designated confidential information, and any pleading or memorandum purporting to reproduce, attach or paraphrase such confidential information, shall be filed with the Court and served in sealed envelopes or other appropriate containers on which shall be endorsed the caption of this case, the label CONFIDENTIAL INFORMATION, and a statement substantially in the following form:

> This container contains documents and information designated as Confidential, and shall not be opened, nor the contents thereof displayed or revealed, except in a manner as provided by the Protective Order entered by this Court.

7. Should an Agreed Party want to file, make reference to, append or produce confidential or proprietary information in any court other than the Court presiding over this litigation, or produce or disclose proprietary or confidential information to any party in any litigation other than in this litigation, the Plaintiff or Defendant must agree to submit a proposed protective order in that other litigation identical in its terms to this Protective Order. Confidential or proprietary information may only be so used if the other court enters such an order.

8. In the event that either party (a) is served with a request for production of documents or interrogatories in this litigation ("discovery requests"), (b) is served with a subpoena in another action, (c) is served with a demand in another action to which he/she/it is a party, or (d) is served with any other legal process by one not a party to this litigation, seeking proprietary or

4

confidential information, that party shall give prompt written notice of such event to counsel of record for the producing party and shall object to its production. Upon receipt of written notice, the producing party shall advise the party that is to respond to the discovery requests, subpoena or demand of the producing party's position. Thereafter, the producing party shall assume responsibility for preserving and prosecuting any objection to the discovery requests, subpoena or demand. The party served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information.

Should the person or entity seeking access to the confidential or proprietary information take action to enforce such discovery requests, subpoena, demand, or other legal process, the party so served shall set forth in his/her/its response the existence of the Protective Order. Nothing herein shall be construed as requiring the receiving party to challenge or appeal any order requiring production of proprietary or confidential information, or to subject himself/herself/itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the court.

9. Inadvertent production by any Agreed Party of a document containing attorney-client communications, attorney work product, other privileged information, confidential information, trade secrets or proprietary information shall not constitute a waiver of privilege. Any such document and any copies made of it shall be returned to the producing party immediately upon its request.

10. The terms of this Protective Order shall apply automatically to litigation arising from the subject incident, which is later filed in or transferred to this Court or consolidated with this litigation.

11. With the exception of experts who are retained but not identified to testify ("consulting experts"), the Agreed Parties shall provide the producing party with a copy of each signed Nondisclosure Agreement (Exhibit A) within 30 days after final conclusion of all aspects of this litigation. Further, within said time, the receiving party shall also provide the producing party with an affidavit from each recipient of protected materials confirming that the recipient has not disseminated protected materials to anyone, that he/she has returned all protected materials to Plaintiff or the Defendants, and that he/she has not retained any copies of any protected materials. In instances where an Agreed Party has retained any consulting experts, the Agreed Party shall provide the producing party with a written statement within the time described above that the attorneys have received an affidavit from each consulting expert confirming that the consulting expert has not disseminated Protected Material to anyone, that he/she has returned all Protected Material to the attorneys for the Agreed Party, and that the consulting expert has not retained any copies of any Protected Material.

12. The provisions of this Order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, confidential documents and all copies of same (other than exhibits of record) shall be returned to the producing party's attorneys or, at the option of the producing party, destroyed. Each Agreed Party or Agreed Party's attorney shall furnish an affidavit certifying compliance herewith and shall deliver the same to counsel for the producing party not more than 120 days after final termination of this litigation.

13. The Agreed Parties agree to submit this Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court. This Protective Order shall remain in effect unless modified by an Order of the Court or by written stipulation of the Agreed

Parties filed with the court. Should the Court subsequently enter a Protective Order binding all parties to this litigation, including those Defendants not among the Agreed Parties to the present Order, the present Order shall cease to have effect.

SO ORDERED.

                                          s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE

Dated: May 17, 2013

**APPROVED AND SO STIPULATED:**

May 15, 2013                                  /s/ Brian T. Maye
                                             BRIAN T. MAYE
                                             Adler Murphy & McQuillen LLP
                                             20 S. Clark, Suite 2500
                                             Chicago, Illinois 60603
                                             (312) 312-422-5713
                                             bmaye@amm-law.com

                                             **Counsel for Defendant Frontier Airlines, Inc.**

                                             /s/ with consent of Sarah Tremont
                                             SARAH E. TREMONT
                                             Covington & Burling LLP
                                             1201 Pennsylvania Avenue NW
                                             Washington, DC 20004
                                             (202) 662-5538
                                             stremont@cov.com

                                             /s/ with consent of Rachel Goodman
                                             RACHEL E. GOODMAN
                                             American Civil Liberties Union
                                             125 Broad St.
                                             18th Floor
                                             New York, NY 10004
                                             (212) 549-2680
                                             rgoodman@aclu.org

                                             **Counsel for Plaintiff**

## **EXHIBIT A**

I,_____, declare as follows:

1. I understand that the information and/or documents to be provided to me identified as confidential are subject to a Stipulation and Order Regarding Confidentiality in the court action titled *SHOSHANA HEBSHI v. UNITED STATES OF AMERICA, et al,* (in the U.S. District for the Eastern District of Michigan, Southern Division, Case No. 4:13-cv-10253) (hereinafter "this litigation") and constitute confidential information that is to be used only for the purpose of this litigation. I understand that said information is not to be disclosed by me to anyone nor used for any purpose other than this litigation.

2  I have read the Stipulation and Order Regarding Confidentiality entered in this litigation and agree to be bound by its terms. I understand that I may not in any way disseminate any confidential information received by me in the course of this litigation in any way not prescribed by the Stipulation and Order Regarding Confidentiality. I further understand that I must return all copies of confidential information upon request at the conclusion of this matter.

3. I hereby submit to the jurisdiction of any court that may have jurisdiction over this litigation and/or any proceedings to enforce the terms of the Stipulation and Order Regarding Confidentiality against me, whether by way of contempt of court, by a civil action for injunction and monetary damages, or otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____, this \_\_\_ day of _____, 20\_\_.

_____

**Certificate of Service**

I hereby certify that this Order was electronically submitted on May 17, 2013, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
 Case Manager