**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHOSHANA HEBSHI,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)　　Hon. Terrence G. Berg
　　　　　　　　　　　　　　　　)　　Magistrate Judge Laurie J. Michelson
　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　Case No. 4:13-cv-10253
UNITED STATES OF AMERICA, et al.,　)
　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　)
_____)

## ANSWER OF DEFENDANT UNITED STATES OF AMERICA

Defendant United States of America, by and through the undersigned attorneys, hereby responds to Plaintiff's Complaint as follows:

1. Admits the first sentence. Denies the second and third sentences.

2. Admits that Plaintiff is a United States citizen, lacks knowledge and information sufficient to form a belief about her place of birth and denies the remainder of the first sentence. Lacks knowledge and information sufficient to form a belief about the truth of the second sentence.

3. Admits that Frontier Airlines staff provided information to federal and Wayne County Airport authorities, but denies the remainder of this paragraph.

4. Denies the first sentence. Admits the FBI issued a press release about the incident, reporting that "after questioning and determining that there was not [sic] threat, all were released without any charges being filed" but lacks knowledge and information sufficient to form a belief about the truth of the remainder of the second sentence.

5. Lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

6. This paragraph contains Plaintiff's description of her claims and consists of legal conclusions, to which no response is required.  To the extent an answer is required, lacks knowledge or information sufficient to form a belief about the truth of this paragraph.

7. This paragraph contains Plaintiff's description of her claims and consists of legal conclusions, to which no response is required. To the extent an answer is required, denies.

8. This paragraph contains Plaintiff's description of her claims and consists of legal conclusions, to which no response is required.  To the extent an answer is required, denies.

9. This paragraph contains Plaintiff's description of her claims and consists of legal conclusions, to which no response is required.  To the extent an answer is required, admits the first sentence identifies the statutes, case law and amendments under which Plaintiff files suit, but otherwise denies.  To the extent an answer is required to the second sentence, admits that this Court has jurisdiction over Plaintiff's claims against federal officials pursuant to 28 U.S.C. § 1331, and her claims against state officials under 28 U.S.C. § 1343, but otherwise denies the second sentence.

10. Admits that Plaintiff's administrative claim against the United States was deemed presented on January 25, 2012, but otherwise denies the allegations in the first sentence. Admits the second sentence.  The third sentence is a legal conclusion to which no response is required. To the extent a response is required, admits that the Complaint was filed within six months of the denial letter of July 23, 2012.

11.  This paragraph consists of legal conclusions, to which no response is required.  To the extent an answer is required to the first sentence, admits.  To the extent an answer is required to the second sentence, admits that a substantial part of the events of which Plaintiff complains

occurred in and around the Detroit Metropolitan Wayne County Airport within the Eastern District of Michigan, but denies the remainder of the second sentence.

12. Admits that Plaintiff is a U.S. citizen, but lacks knowledge or information sufficient to form a belief about the remainder of the first sentence.  Lacks knowledge or information sufficient to form a belief about the second, third and fourth sentences.  The fifth sentence contains a legal conclusion to which no response is required.  To the extent a response is required, denies.

13. This paragraph consists of a legal conclusion, to which no response is required.  To the extent an answer is required, admits that FTCA claims can only be brought against the United States, but otherwise denies.

14. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

15. Admits the first sentence.  The second sentence consists of legal conclusions to which no response is required.  To the extent a response is required, denies the second sentence.  The third sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, admits.

16.  Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of legal conclusions to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the third sentence. The fourth sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the fourth sentence.

17. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of legal conclusions to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the third sentence. The fourth sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the fourth sentence.

18. Admits the first sentence.  Lacks knowledge or information sufficient to form a belief about the allegations in the second sentence. The third sentence consists of legal conclusions to which no response is required.  To the extent a response is required, denies the third sentence. The fourth sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, admits.

19. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, admits.

20. Lacks knowledge or information sufficient to form a belief about the allegations in the first, second and third sentences. The fourth sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, admits.

21. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, admits.

22. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, admits.

23. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, admits.

24. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, admits.

25. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, admits.

26. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, admits.

27. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, admits.

28. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of legal conclusions to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the third sentence. The fourth sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response

is required, lacks knowledge or information sufficient to form a belief about the allegations in the fourth sentence.

29. Admits the first sentence.  The second sentence consists of legal conclusions to which no response is required.  To the extent a response is required, denies the second sentence.  The third sentence consists of Plaintiff's description of her claims to which no response is required. To the extent a response is required, admits.

30. Admits the first sentence.  The second sentence consists of legal conclusions to which no response is required.  To the extent a response is required, denies the second sentence.  The third sentence consists of Plaintiff's description of her claims to which no response is required. To the extent a response is required, admits.

31. Admits the first sentence.  The second sentence consists of legal conclusions to which no response is required.  To the extent a response is required, denies the second sentence.  The third sentence consists of Plaintiff's description of her claims to which no response is required. To the extent a response is required, admits.

32. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of legal conclusions to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the third sentence. The fourth sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the fourth sentence.

33. Admits the first sentence.  The second sentence consists of legal conclusions to which no response is required.  To the extent a response is required, denies the second sentence.  The

third sentence consists of Plaintiff's description of her claims to which no response is required. To the extent a response is required, admits.

34. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of legal conclusions to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the third sentence. The fourth sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the fourth sentence.

35. Lacks knowledge or information sufficient to form a belief about the allegations in the first and second sentences. The third sentence consists of legal conclusions to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the third sentence. The fourth sentence consists of Plaintiff's description of her claims to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the fourth sentence.

36. Admits the first sentence.  The second sentence consists of legal conclusions to which no response is required.  To the extent a response is required, denies the second sentence.  The third sentence consists of Plaintiff's description of her claims to which no response is required. To the extent a response is required, admits.

37. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

38. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

39. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

40. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

41. Admits Plaintiff was a passenger on Frontier Airlines Flight 623 to Detroit on September 11, 2011, but otherwise lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

42. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

43. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

44. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

45. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

46. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

47. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

48. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

49. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

50. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

51. Admits that Faforke provided information to a federal air marshal, but otherwise lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

52. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

53. Admits.

54. Admits that the federal defendants identified in this paragraph and other federal employees met the airplane at a location other than the scheduled arrival gate, but denies that took place at approximately 3:00pm.  Otherwise, lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

55. Admits that an officer communicated with an official on the plane, but lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

56. This paragraph consists of legal conclusions, to which no response is required.  To the extent an answer is required, denies.

57. Denies.

58. Denies.

59. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

60. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

61. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

62. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, denies.

63. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

64. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

65. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

66. Admits that mobile stairs were brought to the aircraft at a location other than the scheduled arrival gate.

67. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

68. Admits that at approximately 4:25pm, ICE Special Agent Brumley boarded the plane, but denies he ran down the aisle where Ms. Hebshi and the other two men in her row were seated.  Lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

69. Admits that at least one officer instructed the passengers to keep their heads down and put their hands on the seat in front of them, but otherwise denies.

70. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

71. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

72. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

73. Denies.

74. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

75. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

76. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

77. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

78. Admits Ms. Hebshi was transported by a Wayne County Airport Authority Police vehicle off of the tarmac, but lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

79. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

80. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

81. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

82. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

83. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

84. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

85. Denies.

86. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

87. This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, denies.

88. Lacks knowledge or information sufficient to form a belief about the allegations in the first sentence.  The second sentence consists of legal conclusions, to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in the second sentence.

89. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

90. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

91. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

92. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

93. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

94. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

95. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

96. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

97. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

98. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

99. Admits Ms. Hebshi was brought to an interview room, but denies the remaining allegations in this paragraph.

100. Admits that Ms. Hebshi was questioned and the questioning included the stated topics, but denies the remaining allegations in this paragraph.

101. Admits that Plaintiff was told generally about the suspicions on the plane, but denies the remaining allegations in this paragraph.

102. Admits.

103. Admits that at the close of the interview, Ms. Hebshi asked if she could use a toilet and agents took her to use an officers' restroom, but otherwise denies the remaining allegations in this paragraph.

104. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

105. Denies.

106. Denies.

107. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

108. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

109. This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denies Plaintiff was arrested and singled-out because of her ethnicity, race or national origin, and lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

110. Incorporates by reference Defendant's responses to the paragraphs 1 through 109 as if fully set forth herein.

111. This paragraph consists of legal conclusions to which no response is required.

112. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

113. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

114. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

14

115. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

116. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

117. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

118. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

119. Incorporates by reference Defendant's responses to paragraphs 1 through 118 as if fully set forth herein.

120. This paragraph consists of legal conclusions to which no response is required.

121. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

122. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

123. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

124. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

125. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

126. Incorporates by reference Defendant's responses to paragraphs 1 through 125 as if fully set forth herein.

127. This paragraph consists of legal conclusions to which no response is required.

128. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

129. Lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

130. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

131. This paragraph consists of legal conclusions directed towards a party other than Defendant, thus no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

132. Incorporates by reference Defendant's responses to paragraphs 1 through 131 as if fully set forth herein.

133. This paragraph consists of legal conclusions to which no response is required.

134. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies.

135. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, admits that the named federal defendants in this lawsuit were acting within the scope of their federal employment at all times relevant to the Complaint, denies the federal defendants arrested or detained Plaintiff or acted based upon her perceived ethnicity, race or national origin, and lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

136. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies.

137. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies.

138. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies.

139. Incorporates by reference Defendant's responses to paragraphs 1 through 138 as if fully set forth herein.

140. This paragraph consists of legal conclusions to which no response is required.

141. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies.

142. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, admits that the named federal defendants in this lawsuit were acting within the scope of their federal

employment at all times relevant to the Complaint, denies that the federal defendants arrested or detained Plaintiff, and lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

143. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies.

144. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies.

145. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies.

146. Incorporates by reference Defendant's responses to paragraphs 1 through 145 as if fully set forth herein.

147. This paragraph consists of legal conclusions to which no response is required.

148. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies as to all allegations directed towards Brand, but lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

149. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, admits that Defendant Brand was acting within the scope of his federal employment at all times relevant to the Complaint, but denies he subjected Plaintiff to a strip search and lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

150. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies as to all

allegations directed towards Brand, but lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

151. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies as to all allegations directed towards Brand, but lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

152. This paragraph consists of legal conclusions directed towards parties other than Defendant, thus no response is required.  To the extent a response is required, denies as to all allegations directed towards Brand, but lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

153. Incorporates by reference Defendant's responses to paragraphs 1 through 152 as if fully set forth herein. This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, admits that the defendants named in this paragraph were acting within the scope of their federal employment at all times relevant to the Complaint, but denies the remaining allegations in this paragraph.

154. This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denies.

155. This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denies.

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, denies the remaining allegations in the Complaint, denies that Plaintiff is entitled to the relief sought therein and denies that any relief is due.

In response to Plaintiff's request for a jury trial, denies that Plaintiff is entitled to a jury trial on her claim against the United States.

Defendant denies all allegations in the foregoing paragraphs of Plaintiff's Complaint that are not expressly admitted.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's claims against it.

## AFFIRMATIVE DEFENSES

Defendant further responds to Plaintiff's Complaint by asserting the following affirmative and other defenses:

## FIRST DEFENSE

Pursuant to 28 U.S.C. § 2675, Plaintiff may not recover on the basis of any claim or alleged injury not set forth in the administrative claim presented to the Federal Bureau of Investigation, TSA, CBP or ICE. Similarly, Plaintiff may not claim or recover a monetary amount against the United States in excess of the amount set forth in the administrative claim.

## SECOND DEFENSE

The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

## THIRD DEFENSE

To the extent that Plaintiff was injured, no acts or omissions by the United States were the actual cause of those injuries.

## FOURTH DEFENSE

To the extent that Plaintiff was injured, no acts or omissions by the United States were the proximate cause of those injuries.

## FIFTH DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SIXTH DEFENSE

The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.

## SEVENTH DEFENSE

The United States is not liable to Plaintiff because there was reasonable suspicion to detain or arrest Plaintiff.

## EIGHTH DEFENSE

The United States is not liable to Plaintiff because there was probable cause to detain or arrest Plaintiff.

## NINTH DEFENSE

Plaintiff's request for equitable relief is not cognizable under the Federal Tort Claims Act.

## TENTH DEFENSE

Plaintiff is not entitled to a jury trial on her claim against the United States under the Federal Tort Claims Act.

## ELEVENTH DEFENSE

Under the Federal Tort Claims Act, Plaintiff's recovery may not include an additional award for attorneys' fees.

## TWELF DEFENSE

The Complaint requests punitive damages, which are not recoverable under the Federal

Tort Claims Act.

## THIRTEENTH DEFENSE

Defendant United States, through its employees and agents, acted with due care and

diligence at all relevant times.

**WHEREFORE**, Defendant United States of America respectfully requests that this

Court dismiss Plaintiff's Complaint with prejudice and grant such other and further relief to

which it may be entitled.

Dated: May 20, 2013                              Respectfully submitted,

                                        STUART F. DELERY
                                        Acting Assistant Attorney General
                                        Civil Division

                                        RUPA BHATTACHARYYA
                                        Director, Torts Branch

                                        C. SALVATORE D'ALESSIO
                                        Assistant Director, Torts Branch

                                        /s/Sarah E. Whitman
                                        SARAH E. WHITMAN
                                        MA Bar No. 657726
                                        Trial Attorney
                                        Torts Branch, Civil Division
                                        United States Department of Justice
                                        P.O. Box 7146, Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 616-0089
                                        Facsimile: (202) 616-4314
                                        Email: Sarah.Whitman@usdoj.gov

                                        BARBARA L. MCQUADE
                                        United States Attorney

                                        LYNN M. DODGE (P38136)
                                        Assistant United States Attorney

22

United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0205
Email: Lynn.Dodge@usdoj.gov

*Counsel for Defendant United States of America*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on May 20, 2013, I electronically filed the foregoing paper

with the Clerk of the Court using the ECF system which will send notification of such filing to

the following:

**Julie H. Hurwitz: jhurwitz@goodmanhurwitz.com**
**Kathryn Bruner James: kjames@goodmanhurwitz.com**
**Miriam R. Nemeth: mnemeth@goodmanhurwitz.com**
**Rachel E. Goodman: Rgoodman@aclu.org**
**William H. Goodman: bgoodman@goodmanhurwitz.com**
**Michael J. Steinberg: msteinberg@aclumich.org**
**Sarah Tremont: stremont@cov.com**
**Alan B. Havis: ahavis@airportdefender.com**
**T. Joseph Seward: tjseward@cmda-law.com**
**Brian Maye: bmaye@amm-law.com**
**Alexander Ayar: aayar@fosterswift.com**
**Steven Boldt: sboldt@amm-law.com**

I further hereby certify that I have mailed by United States Postal Service the foregoing
paper to the following non-ECF participants:

**None**

   /s/  Sarah E. Whitman_____
Sarah E. Whitman
Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0089
Email: Sarah.Whitman@usdoj.gov