## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| SHOSHANA HEBSHI, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Terrence G. Berg |
| | ) | |
| v. | ) | Magistrate Judge Laurie J. Michelson |
| | ) | |
| UNITED STATES OF AMERICA, et al, | ) | Case No. 4:13-cv-10253 |
| | ) | |
| Defendants. | ) | |

### DEFENDANT FRONTIER AIRLINES, INC.'S AMENDED ANSWER
### AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, Adler Murphy & McQuillen LLP and Foster Swift Collins & Smith PC, and for its amended answer and affirmative defenses to Plaintiff's Complaint, states as follows:

1. Frontier admits only that Plaintiff was a passenger onboard Frontier Airlines Flight 623, traveling from San Francisco, California to Detroit, Michigan on September 11, 2011, and was removed from the flight by authorities after landing at Detroit Metropolitan Wayne County Airport. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

2. Frontier denies the allegations contained in Paragraph 2 of Plaintiff's Complaint and demands strict proof thereof.

3. Frontier admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

5.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

6.      The allegations contained in Paragraph 6 of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required. To the extent any of the allegations contained in Paragraph 6 are deemed to require a response by Frontier, Frontier denies that it committed discriminatory conduct or identified Plaintiff as a "suspicious" passenger based on her ethnicity, race or national origin, resulting in her arrest and detention, as a violation of 42 U.S.C. § 1981; Title VI of the Civil Rights Act of 1964; and 49 U.S.C. § 40127(a).

7.      The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier.  To the extent any of the allegations contained in Paragraph 7 are deemed to require a response by Frontier, Frontier denies those allegations.

8.      The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier.  To the extent any of the allegations contained in Paragraph 8 are deemed to require a response by Frontier, Frontier denies those allegations.

**JURISDICTION AND VENUE**

9.      The allegations contained in Paragraph 9 of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required. To the extent any of the allegations contained in Paragraph 9 are deemed to require a response by Frontier, Frontier admits that this Court has jurisdiction over the claims set forth in Paragraph 9 but denies Plaintiff is entitled to any relief from Frontier.

10.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

11.     The allegations contained in Paragraph 11 of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required. To the extent any of the allegations contained in Paragraph 11 are deemed to require a response by Frontier, Frontier admits that venue is proper but denies any wrongdoing and/or that Plaintiff is entitled to any relief from Frontier.

## PARTIES

### *Plaintiff*

12.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

### *Defendant United States of America*

13.     The allegations contained in Paragraph 13 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 13 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

### *Defendant Frontier Airlines, Inc.*

14.     Frontier admits only that it is incorporated and headquartered in Colorado and operates throughout the United States, including Michigan. The remaining allegations contained

in Paragraph 14 of Plaintiff's Complaint are conclusions of law for which no response is required. To the extent any of the allegations contained in Paragraph 14 are deemed to require a response by Frontier, Frontier denies these allegations and demands strict proof thereof.

***FBI Defendants***

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 15 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 16 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 17 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 18 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

***Wayne County Airport Authority Defendants***

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 19 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 20 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 21 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations

contained in Paragraph 21 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 22 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 23 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 24 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 25 are deemed to require a response by Frontier, Frontier

lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 26 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 27 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

*CBP Defendants*

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 28 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 29 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 30 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 31 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

***TSA Defendants***

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 32 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations

contained in Paragraph 32 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 33 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraph 34 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

***ICE Defendants***

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier.  To the extent any of the allegations contained in Paragraph 35 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

36.     The allegations contained in Paragraph 36 of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier.  To the extent any of

the allegations contained in Paragraph 36 are deemed to require a response by Frontier, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

## STATEMENT OF FACTS

### *Frontier Airlines' Identification of Ms. Hebshi as a Suspect*

37.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

38.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

39.     Frontier admits only that Plaintiff's destination airport on September 11, 2011 was Detroit Metropolitan Wayne County Airport. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

40.     Frontier admits only that Plaintiff boarded a Frontier flight from San Francisco International Airport to Denver, Colorado. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

41.     Frontier admits only that Plaintiff boarded Frontier Flight 623 to Detroit, Michigan. Frontier lacks sufficient information or knowledge to form a belief as to the truth of

the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

42.     Frontier admits only that Plaintiff was seated in window seat 12A on her flight from Denver to Detroit in a row with three seats. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

43.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

44.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

45.     Frontier admits the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Frontier admits only that the flight attendants did not observe or report any suspicious activity about Plaintiff. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations regarding what other passengers observed, and, therefore, denies the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint and demands strict proof thereof.

47.     Frontier admits the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Frontier admits the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Frontier admits the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Frontier denies the allegations contained in Paragraph 50 of Plaintiff's Complaint and demands strict proof thereof.

51.     Frontier admits only that Mr. Fraley's email was sent to authorities.  Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

52.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

53.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

54.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

55.     Frontier admits only that the Captain Pucci communicated with authorities regarding the activities of the two male passengers seated in row 12.  Frontier denies that Captain Pucci stated that a third passenger seated in 12A may also be involved in the incident but is seated and compliant at this time.

56.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

*The Unlawful Arrest, Detention and Strip Search of Ms. Hebshi.*

57.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

58.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

59.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

60.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

61.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

62.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

63.     Frontier admits only that the pilot announced that the aircraft would be taxied to another area of the airport and requested that passengers remain in their seats, and denies the remaining allegations contained in Paragraph 63 of Plaintiff's Complaint and demands strict proof thereof.

64.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

65.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

66.     Frontier admits the allegations contained Paragraph 66 of Plaintiff's Complaint.

67.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

68.     Frontier admits only that authorities entered the aircraft and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

69.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

70.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

71.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

72.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

73.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

74.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

75.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

76.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 76 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

77.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

78.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

79.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

80.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

81.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

82.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

83.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

84.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

85.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

86.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

87.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

88.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

89.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

90.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

91.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

92.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

93.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

94.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

95.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

96.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

97.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

98.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

99.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

100.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

101.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 101 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

102.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 102 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

103.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 103 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

104.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 104 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

105.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 105 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

106.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 106 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

107.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 107 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

108.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 108 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

109.     Frontier denies that Plaintiff was singled-out because of her ethnicity, race or national origin.  Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 109 of Plaintiff's Complaint, and, therefore, denies such allegations and demands strict proof thereof.

### CAUSES OF ACTION

### COUNT I
### VIOLATION OF 42 U.S.C. 1981
### Discrimination Based on Race or Ethnicity
### (Defendants Frontier Airlines, Inc.)

110.     Frontier incorporates by reference all previous answers to Plaintiff's allegations as though fully set forth herein.

111.     The allegations contained in Paragraph 111 of Count I of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required. To the extent any of the allegations contained in Paragraph 111 are deemed to require a response by Frontier, Frontier admits the existence of 42 U.S.C. 1981 and states that the statute speaks for itself.

112.     Frontier admits only that Mark Fraley was an employee of Frontier at all times relevant in the Complaint. The remaining allegations contained in Paragraph 112 of Count I of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required and Frontier demands strict proof thereof.

113.     Frontier denies the allegations contained in Paragraph 113 of Count I of Plaintiff's Complaint and demands strict proof thereof.

114.     The allegations contained in Paragraph 114 of Count I of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required. To the extent any of the allegations contained in Paragraph 114 are deemed to require a response by Frontier, Frontier admits only the existence of the doctrine of *respondeat superior* and those duties imposed by applicable law, and denies the remaining allegations of Paragraph 114 and demands strict proof thereof.

115.     Frontier denies the allegations contained in Paragraph 115 of Count I of Plaintiff's Complaint and demands strict proof thereof.

116.     Frontier denies the allegations contained in Paragraph 116 of Count I of Plaintiff's Complaint and demands strict proof thereof.

117.     Frontier denies the allegations contained in Paragraph 117 of Count I of Plaintiff's Complaint and demands strict proof thereof.

118.     Frontier denies the allegations contained in Paragraph 118 of Count I of Plaintiff's Complaint and demands strict proof thereof.

### COUNT II
### VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
### Discrimination Based Race, Ethnicity or National Origin
### (Defendants Frontier Airlines, Inc.)

119.     Frontier incorporates by reference all previous answers to Plaintiff's allegations as though fully set forth herein.

120. The allegations contained in Paragraph 120 of Count II of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required. To the extent any of the allegations contained in Paragraph 120 are deemed to require a response by Frontier, Frontier admits the existence of Title VI of the Civil Rights Act of 1964 and states that the statute speaks for itself.

121. Frontier admits only that Mark Fraley was an employee of Frontier at all times relevant in the Complaint. The remaining allegations contained in Paragraph 121 of Count II of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required and Frontier demands strict proof thereof.

122. Frontier denies the allegations contained in Paragraph 122 of Count II of Plaintiff's Complaint and demands strict proof thereof.

123. The allegations contained in Paragraph 123 of Count II of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required. To the extent any of the allegations contained in Paragraph 123 are deemed to require a response by Frontier, Frontier admits only the existence of the doctrine of *respondeat superior* and those duties imposed by applicable law, and denies the remaining allegations of Paragraph 123 and demands strict proof thereof.

124. Frontier denies the allegations contained in Paragraph 124 of Count II of Plaintiff's Complaint and demands strict proof thereof.

125. Frontier denies the allegations contained in Paragraph 125 of Count II of Plaintiff's Complaint and demands strict proof thereof.

## COUNT III
### VIOLATION OF TITLE VI OF 49 U.S.C. 40127(A)
### Discrimination Based Race, Ethnicity or National Origin in Air Travel
### (Defendants Frontier Airlines, Inc.)

126.    Frontier incorporates by reference all previous answers to Plaintiff's allegations as though fully set forth herein.

127.    The allegations contained in Paragraph 127 of Count III of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required. To the extent any of the allegations contained in Paragraph 127 are deemed to require a response by Frontier, Frontier admits the existence of 49 U.S.C. 40127(a) and states that the statute speaks for itself.

128.    Frontier admits only that Mark Fraley was an employee of Frontier at all times relevant in the Complaint. The remaining allegations contained in Paragraph 128 of Count III of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required and Frontier demands strict proof thereof.

129.    Frontier denies the allegations contained in Paragraph 129 of Count III of Plaintiff's Complaint and demands strict proof thereof.

130.    The allegations contained in Paragraph 130 of Count III of Plaintiff's Complaint call for conclusions of law, and, therefore, no response is required. To the extent any of the allegations contained in Paragraph 130 are deemed to require a response by Frontier, Frontier admits only the existence of the doctrine of *respondeat superior* and those duties imposed by applicable law, and denies the remaining allegations of Paragraph 130 and demands strict proof thereof.

131.    Frontier denies the allegations contained in Paragraph 131 of Count III of Plaintiff's Complaint and demands strict proof thereof.

**COUNT IV**
**VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS—EQUAL**
**PROTECTION**
**Claim Under 42 U.S.C. 1983 and**
***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***
**(All Defendants Except United States of America, Toya Parker, and Frontier Airlines, Inc.)**

126.    Frontier incorporates by reference all previous answers to Plaintiff's allegations as though fully set forth herein.

Paragraphs 132-138.  The allegations contained in Paragraphs 132 through 138 of Count IV of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraphs 132 through 138 are deemed to require a response by Frontier, they are denied.

**COUNT V**
**VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS—**
**UNREASONABLE SEIZURE**
**Claim Under 42 U.S.C. 1983 and**
***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***
**(All Defendants Except United States of America, Toya Parker, and Frontier Airlines, Inc.)**

Paragraphs 139-145.  The allegations contained in Paragraphs 139 through 145 of Count V of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraphs 139 through 145 are deemed to require a response by Frontier, they are denied.

**COUNT VI**
**VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS—**
**UNREASONABLE SEARCH**
**Claim Under 42 U.S.C. 1983 and**
***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***
**(Defendants Parker, Wasiukanis and Brand)**

Paragraphs 146-152.  The allegations contained in Paragraphs 146 through 152 of Count VI of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required

from Frontier. To the extent any of the allegations contained in Paragraphs 146 through 152 are deemed to require a response by Frontier, they are denied.

## COUNT VII
## CLAIMS UNDER THE FEDERAL TORT CLAIMS ACT
### False Arrest and False Imprisonment
### (United States of America)

Paragraphs 153-155.  The allegations contained in Paragraphs 153 through 155 of Count VII of Plaintiff's Complaint are not directed to Frontier, and, therefore, no responses are required from Frontier. To the extent any of the allegations contained in Paragraphs 153 through 155 are deemed to require a response by Frontier, they are denied.

## REQUEST FOR RELIEF

Frontier denies the allegations following the unnumbered paragraph beginning with the word "WHEREFORE," including subparagraphs (1)-(7) therein, and specifically denies that Plaintiff is entitled to judgment of any recovery against Frontier.

## <u>AMENDED AFFIRMATIVE DEFENSES</u>

In further response to Plaintiff's Complaint, Frontier, by and through its counsel, hereby raises, asserts, and preserves the following affirmative defenses:

## <u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, by the Political Question Doctrine, as such claims necessarily involve an impermissible and constitutionally-prohibited inquiry regarding non-justiciable political questions.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, by the State Secrets Doctrine.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by 49 U.S.C. § 44902(b), any amendments thereto and applicable federal regulations, which grant Frontier permissive refusal authorization.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by 6 U.S.C § 1104, any amendments thereto and applicable federal regulations, which grant Frontier immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by 49 U.S.C. § 44941, any amendments thereto and applicable federal regulations, which grant Frontier immunity.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by federal preemption.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue some or all of the claims set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Frontier upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Frontier denies its conduct was a cause or proximate cause of the Plaintiff's alleged injuries and damages. Further, Plaintiff's alleged injuries or damages were caused, in whole or in part, by the acts and/or omissions of other persons or entities, named or unnamed, over whom Frontier had no supervision or control, and those acts and/or omissions were the sole proximate cause or an intervening or superseding cause of any injuries or damages sustained by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's voluntary and knowing assumption of risk, express or implied, of injury and/or damage.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by any contractual release, disclaimer, and/or limitations of remedies entered into by Plaintiff in regard to her flight.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Frontier are barred because Plaintiff's injuries or damages, if any, were not caused by any acts, omissions, or other fault of Frontier, but rather were proximately caused by the abnormal, unforeseeable, and/or unintended events over which Frontier was not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

While denying any and all allegations of wrongdoing, fault, or liability, Frontier states that it would be entitled, at its sole election, to a full credit, offset, *pro-rata* reduction, or percentage reduction, based on the percentage of fault, wrongdoing, or liability attributable to each settling defendant, in the event Plaintiff settles with any defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable or responsible. In the event Frontier is found liable to Plaintiff, which Frontier expressly denies, Frontier may be entitled to indemnification, contribution, or apportionment of liability and fault pursuant to applicable law and reserve their right to seek the same.

## SEVENTEENTH AFFIRMATIVE DEFENSE

While denying that Plaintiff is entitled to any relief whatsoever, if Frontier is required to pay a monetary award to the Plaintiff, Frontier claims a set-off against any monies received by Plaintiff for her alleged injuries or damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Frontier are barred by the doctrines of settlement, release, compromise, and/or accord and satisfaction.

## NINTEENTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Frontier invokes each and every constitutional and statutory defense available to it under the constitutions, statutes, civil or other law of each of the other forty-nine states, the District of Columbia, the territories and possessions

of the United States, and/or applicable foreign law. These laws specifically include, but are not limited to, provisions relating to due process, access to the courts, statutes of limitations and repose, and limitations on compensatory, non-economic, and punitive damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Frontier hereby adopts and incorporates by reference any affirmative defense asserted by any other defendants to this action, to the extent such affirmative defense applies to Frontier, as if fully set forth herein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Joinder of Frontier in this case is improper.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary or indispensable parties.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Frontier reserves the right to further amend its Answer and to assert any and all additional defenses as may be revealed by further investigation, discovery, and determination of the substantive law that will governing this case.

### JURY DEMAND

Frontier hereby demands a trial by jury.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that Plaintiff take nothing by way of her Complaint, that judgment be entered in its favor and against Plaintiff, and requests reimbursement of its costs and fees in defense of this Complaint and such further relief as this Court deems just and reasonable.

Dated: May 24, 2013                        Respectfully submitted,

                                           /s/  Brian T. Maye
                                           _____

                                           Paula L. Wegman (IL 6239491)
                                           Brian T. Maye (IL 6288778)
                                           Steven L. Boldt (IL 6302430)
                                           Adler Murphy & McQuillen LLP
                                           20 S. Clark Street, Suite 2500
                                           Chicago, Illinois 60603
                                           Phone: (312) 345-0700
                                           pwegman@amm-law.com
                                           bmaye@amm-law.com
                                           sboldt@amm-law.com

                                           Alexander A. Ayar (P69623)
                                           Foster Swift Collins & Smith PC
                                           32300 Northwestern Hwy., Suite 230
                                           Farmington Hills, MI 48334
                                           Phone: (248) 538-6326
                                           AAyar@fosterswift.com

                                           **Counsel for Frontier Airlines, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on this 24th day of May 2013, he electronically filed the foregoing via the Court's ECF system. Service will be made by operation of that system upon counsel of record.

/s/ Brian T. Maye