**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| SHOSHANA HEBSHI, ) | |
| ) | |
| Plaintiff, ) | Hon. Terrence G. Berg |
| ) | Magistrate Judge Laurie J. Michelson |
| v. ) | |
| ) | Case No. 4:13-cv-10253 |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS JOHN BRAND, DAVID LAKATOS,**
**NATHANAEL DEVINS, ROBERT BALL AND PAUL BRUMLEY'S**
**MOTION TO STAY DISCOVERY**

Defendants John Brand, David Lakatos, Nathanael Devins, Robert Ball and Paul Brumley, as sued in their individual capacities, move to stay discovery until their pending motion to dismiss based on the doctrine of qualified immunity is resolved. The grounds for this motion are set forth with more specificity in the attached supporting brief.

Pursuant to E.D. Mich. L.R. 7.1, the undersigned spoke with counsel for Plaintiff and the other defendants by telephone on May 28, 2013, and contacted the same by email on May 29, 2013, to explain the nature and legal basis of the motion and to request concurrence in this motion. Counsel for the Wayne County Airport Authority defendants concurred. Counsel for Frontier Airlines concurred. Counsel for Plaintiff did not concur, thus necessitating the filing of this motion.

WHEREFORE, Defendants John Brand, David Lakatos, Nathanael Devins, Robert Ball and Paul Brumley respectfully request that this Court stay discovery pending resolution of their qualified immunity motion to dismiss.

Dated: May 30, 2013

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General
Civil Division

RUPA BHATTACHARYYA
Director, Torts Branch

C. SALVATORE D'ALESSIO
Assistant Director, Torts Branch

*/s/*Sarah E. Whitman
SARAH E. WHITMAN
MA Bar No. 657726
Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0089
Facsimile: (202) 616-4314
Email: Sarah.Whitman@usdoj.gov

BARBARA L. MCQUADE
United States Attorney

LYNN M. DODGE (P38136)
Assistant United States Attorney
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Telephone: (313) 226-0205
Email: Lynn.Dodge@usdoj.gov

*Counsel for Defendants John Brand, David Lakatos, Nathanael Devins, Robert Ball, and Paul Brumley*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| SHOSHANA HEBSHI, ) | |
| ) | |
| Plaintiff, ) | Hon. Terrence G. Berg |
| ) | Magistrate Judge Laurie J. Michelson |
| v. ) | |
| ) | Case No. 4:13-cv-10253 |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**BRIEF IN SUPPORT OF DEFENDANTS JOHN BRAND, DAVID LAKATOS,
NATHANAEL DEVINS, ROBERT BALL AND PAUL BRUMLEY'S
MOTION TO STAY DISCOVERY**

## **ISSUE PRESENTED**

Should a court stay discovery until a motion to dismiss based on qualified immunity is resolved?

Answer: Yes.

## **CONTROLLING AUTHORITIES**

1. *Anderson v. Creighton*, 483 U.S. 635 (1987)
2. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
3. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)
4. *Harlow v. Fitzgerald,* 457 U.S. 800 (1982)

Defendants John Brand, David Lakatos, Nathanael Devins, Robert Ball, and Paul Brumley, as sued in their individual capacities ("individual federal defendants"), move to stay discovery in this case. They submit this Brief in support of their Motion.

## INTRODUCTION

This motion asserts the protection from discovery that inheres when a federal official invokes qualified immunity. The Supreme Court has repeatedly held that qualified immunity shields government officials not only from liability, but also from discovery and the other burdens of litigation. This court recently issued a Notice to Appear for a Scheduling Conference on June 5, 2013, thereby triggering the scheduling of a Rule 26(f) conference and the attendant commencement of discovery under the Federal Rules of Civil Procedure. The Supreme Court has repeatedly stressed, however, that discovery should not be allowed until the threshold question of qualified immunity has been resolved. Because the individual federal defendants have a motion to dismiss based on qualified immunity pending, this court should temporarily stay all discovery directed to them or requiring their involvement in the discovery process. Although a complete stay is supported by Supreme Court authority, at a minimum, the stay should extend to all forms of discovery other than document exchanges between the non-moving parties (*i.e.*, Plaintiff, Wayne County Airport Authority officials, Frontier and the United States).

## BACKGROUND

Plaintiff Shoshana Hebshi brings her claims for money damages against the individual federal defendants in their individual capacities directly under the Constitution pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that they discriminated against her on account of her perceived ethnicity, race or national origin in violation of the equal protection component of the Fifth Amendment (Count

1

IV) and unlawfully seized her in violation of the Fourth Amendment (Count V).[1]  ECF No. 1. On May 20, 2013, the individual federal defendants moved to dismiss Count IV on the basis of qualified immunity.  ECF No. 57.  They answered the remainder of the Complaint.  ECF Nos. 59-63.  Plaintiff also asserted claims against Frontier Airlines, Wayne County Airport Authority officials, and included a common-law tort claim against the United States under the Federal Tort Claims Act.  The other named defendants answered Plaintiff's Complaint, although one defendant has not yet responded to cross-claims filed against it.  ECF Nos. 37, 40.

On May 21, 2013, this Court issued a Notice to Appear for a Case Management Status and Scheduling Conference.  ECF No. 64.  The Court's Order required the parties to participate in a Rule 26(f) conference.  *Id*.  Under the Federal Rules of Civil Procedure, that conference, in turn, triggered the commencement of discovery, *see* Rule 26(d), including the deadline for the exchange of the parties' initial disclosures.  *See* Rule 26(a)(1)(C).  The individual federal defendants lodged their objections to participation in discovery and notified the parties of their intent to seek a stay of discovery.  This court has not yet ruled on defendants' qualified immunity motion and briefing on the motion is not yet complete.

## DISCUSSION

**A. The Court Should Stay Discovery Until Defendants' Motion to Dismiss Based on Qualified Immunity is Resolved.**

Qualified immunity shields public officials from the necessity of defending against tort liability in their individual capacities so long as their conduct does not violate clearly established rights of which a reasonable official would have known.  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Accordingly, the Supreme Court

---

[1] Defendant John Brand is also named in Count VI, an unlawful search claim.

2

"repeatedly ha[s] stressed" that courts should resolve the issue "at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam), and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow*, 457 U.S. at 818.

Over the last three decades, the Supreme Court repeatedly has held that qualified immunity protects officials not just from liability, but also from discovery and the other burdens of litigation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring))); *Harlow*, 457 U.S. at 818; *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). These discovery burdens include initial disclosures under Rule 26(a). *See Medhekar v. U.S. Dist. Court for the N. Dist. of California*, 99 F.3d 325, 328 (9th Cir. 1996) (concluding that initial disclosures are a subset of discovery and explaining that the time and expense required by initial disclosures create burdens similar to those created by other types of discovery).

Protection from discovery is critical because the defense of qualified immunity is effectively lost if officials must participate in discovery bearing on the merits of claims that fail, in the first instance, to allege a violation of clearly established law. *Mitchell*, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (emphasis added) ("the failure to so plead precludes a plaintiff from proceeding further, even from engaging in discovery …. *Mitchell* necessarily holds that the court is further obligated, upon application, not only to refrain from proceeding to trial but to *stay discovery until that issue is decided*."). Simply put, participation in the discovery process is itself one of the chief burdens against which

3

qualified immunity is designed to protect. This protection from discovery is necessary to give "real content to the concept of qualified immunity." *Iqbal*, 556 U.S. at 686.[2] Individual-capacity suits "can entail substantial social costs." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Participating in litigation requires a "substantial diversion" from a government official's "proper execution of the work of the Government." *Iqbal*, 556 U.S. at 685. Just as costly is the "risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson*, 483 U.S. at 638. That is why the "driving force" behind the creation of the doctrine was a desire to ensure that "insubstantial claims" against government officials "will be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).

Given these directives, courts in this Circuit regularly stay discovery pending resolution of the issue of qualified immunity. *E.g., Reardon v. Midland Community Sch.*, 814 F. Supp. 2d 754, 758 (2011) (explaining that it had previously stayed discovery because "where qualified immunity is raised as a defense, the Court has an obligation to consider the defense before discovery"); *Sobczak v. Corr. Med. Serv.*, No. 09cv57, 2010 WL 597239, at *1 (W.D. Mich. Feb. 17, 2010) (staying discovery because qualified immunity raised); *Rondigo v. Twp. of Richmond*,

---

[2] Even prior to *Iqbal*, the Sixth Circuit repeatedly admonished courts for permitting discovery to proceed before resolving the issue of qualified immunity. *E.g., Everson v. Leis,* 556 F.3d 484, 491 (6th Cir. 2009) ("By refusing to address qualified immunity when it was raised, the district court had undercut one of the primary rationales for such immunity—to save officials from unwarranted discovery."); *Summers v. Leis*, 368 F.3d 881, 884-86 (6th Cir. 2004) (reversing court for declining to reach the merits of the qualified immunity motion until discovery was completed); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 522, 527 (6th Cir. 2002) ("[T]he defense of qualified immunity is a threshold question, which, if properly raised prior to discovery, the district court has a duty to address prior to discovery"). Moreover, the Sixth Circuit has underscored the importance of the protection afforded by qualified immunity by holding that the denial of such protection (or even the refusal of the court to rule on a defendant's entitlement to such protection) is immediately appealable under the collateral order doctrine. *Everson*, 556 F.3d at 491-92; *Summers*, 368 F.3d at 887; *Wallin v. Norman*, 317 F.3d 558, 563 (6th Cir. 2003).

4

No. 08-10432, 2009 WL 1811555, at *1 (E.D. Mich. June 24, 2009) (recommending that discovery be suspended until immunity finally resolved); *see also Smith v. Leis*, 407 F. App'x 918, 926 (6th Cir. 2011) (explaining that the district court's decision to permit further litigation to proceed prior to ruling on the immunity claims "directly contradicts this court's mandate that district courts may not avoid ruling on properly raised claims of immunity"); *cf., Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (upholding district court's denial of motion to compel discovery given the Supreme Court's directive that no discovery be allowed until the immunity question is resolved).

The individual federal defendants raised qualified immunity in a threshold motion to dismiss the equal protection claim. The issue presented in the motion is a question of law, *see Iqbal*, 556 U.S. at 674-75, that the court decides without discovery. Allowing discovery to proceed against the individual federal defendants—including the submission of initial disclosures and responding to discovery directed to them—before the court resolves that motion would deprive them of the intended benefits of qualified immunity.

Moreover, barring only that discovery explicitly directed at the individual federal defendants is insufficient. As the Supreme Court reaffirmed in *Iqbal*, qualified immunity protects a defendant not only from discovery directed at him, but from *any* discovery that could require the defendant's involvement. *Iqbal,* 556 U.S. at 685. The Supreme Court squarely rejected the argument that a court could adequately preserve a defendant's entitlement to qualified immunity by allowing discovery to go forward only against other defendants:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet

5

> themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685-86. Thus, the protection of qualified immunity encompasses protection from all discovery that could burden the defendant invoking its protection, not just discovery directed at that particular defendant. Here, interrogatories, requests for admission and depositions directed to the United States would require the defendants' involvement. That is because those forms of discovery would, in effect, be discovery against the individual federal defendants, particularly where, as here, Plaintiff has premised her claims against the United States wholly on the conduct of Defendants Brand, Brumley, Devins and Lakatos. At a minimum, the individual federal defendants would still need to participate to "ensure the case does not develop" to "prejudice [] their position." *Iqbal,* 556 U.S. at 685. The same concern applies to non-document discovery among the other parties (*i.e*., Plaintiff, Frontier, Wayne County Airport Authority officials). Therefore, these forms of discovery (interrogatories, requests for admission and depositions) as to the United States and the other parties should be stayed as well. Indeed, such discovery would subject the individual federal defendants to the "concerns of litigation" and the protections of their claimed entitlement to qualified immunity would thereby be lost. *Iqbal,* 556 U.S. at 685; *Smith v. Leis*, 407 F. App'x 918, 919, 924-25 (6th Cir. 2011) (district court erred by denying a motion to stay and permitting discovery to continue as to class certification before first resolving qualified immunity question); *see also id.* at 925 (explaining that district court's denial of stay based on judicial economy "does not otherwise trump the requirement that the district court decide the issue of immunity promptly so that Defendants are not subjected to further litigation that they sought to avoid by filing the motion"); *cf., Ransaw v. United States*, No. 10cv1672, 2011 WL 1752160, at *2 (N.D. Ohio May 5, 2011) (staying *all discovery* against United States because defendants in related case had pending

6

qualified immunity motion and allowing discovery as to the United States would allow plaintiffs to circumvent defendants' qualified immunity defense).  In short, any discovery directed at the claims against the individual federal defendants, or with respect to which their interests are affected, would be inconsistent with the clear instructions of *Iqbal*.  The stay should extend to all discovery among the parties, aside from document production by Plaintiff, the United States, Frontier, and Wayne County Airport Authority[3] defendants.

### B. The Federal Rules of Civil Procedure Provide Textual Support for Phasing and Tailoring Discovery Here.

The Federal Rules of Civil Procedure vest courts with broad discretion to "tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *cf., id*. at 599 (identifying tools available to the court to limit discovery to protect the qualified immunity defense *after* a plaintiff clears the Rule 12 hurdle).  As relevant to this case, the Federal Rules provide that a court can "control[] and schedule[e] discovery, including orders affecting disclosures and discovery under Rule 26," Fed. R. Civ. P. 16(c)(2)(F) or "adopt[] special procedures for managing … actions that may involve complex issues, multiple parties, [and] difficult legal questions …." Fed. R. Civ. P. 16(c)(2)(L).  Furthermore, Rule 26 explicitly contemplates the parties proposing that discovery "be conducted in phases or be limited or focused on particular issues." Fed. R. Civ. P. 26(f)(3)(B); *see also* Fed. R. Civ. P. 26(d) (explaining that a court may set the timing and sequence of discovery).

The Supreme Court in *Iqbal* endorsed a complete stay of all discovery as to all defendants and rejected the "careful case management approach" proposed by the Second Circuit.  556 U.S. at 685-86.  While *Iqbal* provides authority for a complete stay as to all

---

[3] Given that the WCAP defendants are sued only in their individual capacities, however, these defendants presumably do not have documents in their possession, custody or control.

7

discovery here, it appears at this juncture that document discovery of the other parties in this particular case can proceed with minimal risk of compromising the individual federal defendants' qualified immunity defense.  Rather than a complete stay, the court could instead use the above tools to both protect the substance of the qualified immunity defense and permit some discovery to proceed.  Specifically, discovery can be phased such that all discovery directed to the individual federal defendants would be temporarily halted until their motion is resolved, in accordance with Supreme Court immunity jurisprudence.  Likewise, interrogatories, request for admissions and depositions directed to the United States and the other parties would be postponed until the motion's resolution.  Other discovery would continue.  This would include initial disclosures and document production by all parties aside from the individual federal defendants, given that here, such production should not require participation in or monitoring of "the process" by the individual federal defendants, as *Iqbal* forbids.  *Iqbal*, 556 U.S. at 685.  Such a procedure protects the substance of the immunity defense, while simultaneously permitting Plaintiff to pursue some discovery.  Once the pending motion is resolved, the next phase of discovery would commence, opening up written and deposition discovery against the United States and its employees, including the individual federal defendants and all other parties.

## CONCLUSION

When a defendant has raised qualified immunity as a defense, discovery should not be allowed until the issue is resolved.  For the reasons stated above, discovery should be stayed as to John Brand, David Lakatos, Nathanael Devins, Robert Ball and Paul Brumley until their motion to dismiss based on qualified immunity has been decided.  Discovery as to Plaintiff, the United States, Frontier and the Wayne County Airport Authority defendants should be narrowly tailored to document production only, in order to protect the substance of the immunity defense.

Dated: May 30, 2013

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General
Civil Division

RUPA BHATTACHARYYA
Director, Torts Branch

C. SALVATORE D'ALESSIO
Assistant Director, Torts Branch

*/s/*Sarah E. Whitman
SARAH E. WHITMAN
MA Bar No. 657726
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0089
Facsimile: (202) 616-4314
Email: Sarah.Whitman@usdoj.gov

BARBARA L. MCQUADE
United States Attorney

LYNN M. DODGE (P38136)
Assistant United States Attorney
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Telephone: (313) 226-0205
Email: Lynn.Dodge@usdoj.gov

*Counsel for Defendants John Brand, David Lakatos, Nathanael Devins, Robert Ball, and Paul Brumley*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 30, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Julie H. Hurwitz: jhurwitz@goodmanhurwitz.com**
**Kathryn Bruner James: kjames@goodmanhurwitz.com**
**Miriam R. Nemeth: mnemeth@goodmanhurwitz.com**
**Rachel E. Goodman: Rgoodman@aclu.org**
**William H. Goodman: bgoodman@goodmanhurwitz.com**
**Michael J. Steinberg: msteinberg@aclumich.org**
**Sarah Tremont: stremont@cov.com**
**Alan B. Havis: ahavis@airportdefender.com**
**T. Joseph Seward: tjseward@cmda-law.com**
**Brian Maye: bmaye@amm-law.com**
**Alexander Ayar: aayar@fosterswift.com**
**Steven Boldt: sboldt@amm-law.com**

I further hereby certify that I have mailed by United States Postal Service the foregoing paper to the following non-ECF participants:

**None**

       /s/ Sarah E. Whitman_____
       Sarah E. Whitman
       Trial Attorney
       Torts Branch, Civil Division
       United States Department of Justice
       P.O. Box 7146, Ben Franklin Station
       Washington, D.C. 20044
       Telephone: (202) 616-0089
       Email: Sarah.Whitman@usdoj.gov