UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHOSHANA HEBSHI,

                    Plaintiff,

v.

UNITED STATES OF AMERICA; FRONTIER
AIRLINES, INC.; JOHN BRAND, in his individual
capacity; UNKNOWN FBI AGENT 1, in his
individual capacity; UNKNOWN FBI AGENT 2, in
his individual capacity; MARK DEBEAU, in his
individual capacity; JEREMY BOHN, in his
individual capacity; CAPTAIN PATRICK
DRISCOLL, in his individual capacity; OFFICER
GRANT, in his individual capacity; LT. M.
WASIUKANIS, in his individual capacity; TOYA
PARKER, in her individual capacity; DT.
CARMONA, in his or her individual capacity;
OFFICER JOHNSON, in his or her individual
capacity; CORP. BRADLEY, in his or her individual
capacity; UNKNOWN CBP OFFICER, in his
individual capacity; DAVID LAKATOS, in his
individual capacity; NATHANIEL DEVINS, in his
individual capacity; UNKNOWN TSA AGENT 1, in
his individual capacity; UNKNOWN TSA AGENT 2,
in her individual capacity; ROBERT BALL, in his
individual capacity; UNKNOWN ICE OFFICER, in
his individual capacity; and PAUL BRUMLEY, in
his individual capacity,

                    Defendants.

and

MARK DEBEAU, OFFICER GRANT, TOYA
PARKER, DET. CARMONA, OFFICER
JOHNSON, JEREMY BOHN, CAPTAIN
PATRICK, DRISCOLL, LT. M. WASIUKANIS,
and CORPORAL BRADLEY,

                    Cross-Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

                    Cross-Defendant.

_____/

Honorable Terrence G. Berg
Magistrate Judge Laurie J. Michelson

Case No. 13-10253

**JOINT RULE 26(F)
DISCOVERY PLAN**

Michael J. Steinberg (P43085)
Kary L. Moss (P49759)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6823
msteinberg@aclumich.org

Dennis D. Parker
Rachel E. Goodman
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500/Fax: (212) 549-2651
rgoodman@aclu.org

William H. Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
Miriam R. Nemeth (P76789)
Goodman & Hurwitz, P.C.
Cooperating Attorneys, American Civil
    Liberties Union Fund of Michigan
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170
mail@goodmanhurwitz.com

Anna Engh
Shelli Calland
Arjun Sethi
Sarah Tremont (P73809)
Covington & Burling LLP
1201 Pennsylvania Ave., N.W.
Washington D.C. 20004
(202) 662-6000
aengh@cov.com
scalland@cov.com
asethi@cov.com
stremont@cov.com

**Attorneys for Plaintiff**

Alan B. Havis (P36988)
Law Offices of Alan B. Havis Esq.
25505 W. 12 Mile Road, Suite 100
Southfield, MI 48034
(248) 353-3690
ahavis@AirportDefender.com
**Attorney for Debeau, Grant, Parker, Carmona, & Johnson**

Paula L. Wegman
Brian T. Maye
Steven L. Boldt
ADLER MURPHY & McQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
(312) 345-0700/5-Fax: (312) 345-9860
bmaye@amm-law.com

Alexander A. Ayar (P69623)
Foser, Swift, Collins & Smith, P.C.
32300 Northwestern Highway, Suite 230
Farmington Hills, MI 48334-1571
(248) 538-6326/Fax:
aayar@fosterswift.com
**Attorneys for Frontier Airlines, Inc.**

T. Joseph Seward (P35095)
Cummings McClorey Davis & Acho
33900 Schoolcraft Road
Livonia, MI 48150
(248) 261-2400/Fax:
tjseward@cmda-law.com
**Attorneys for Bohn, Driscoll, Wasiukanis, & Bradley**

Sarah E. Whitman, Trial Attorney
U.S. Department of Justice, Civil Division
Torts Branch – Constitutional Torts Section
P.O. Box 7146
Ben Franklin Station
Washington, DC 20044
(202) 616-0089/Fax: (202) 616-4314
Sarah.Whitman@usdoj.gov

Lynn M. Dodge
Assistant United States Attorney
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0205
Lynn.Dodge@usdoj.gov
**Attorney for Brand, Lakatos, Devins, Ball, Brumley, & USA**

2

**JOINT RULE 26(f) DISCOVERY PLAN**

Pursuant to the Court's May 21, 2013 Notice to Appear for Case Management Status and Scheduling Conference and Federal Rule of Civil Procedure 26(f), the Parties in the above-captioned case submit the following Joint Discovery Plan.

**CASE SUMMARY**

**A.  Plaintiff's Statement of Her Claims**

*Background of the Action.*  Plaintiff Shoshana Hebshi filed suit on January 22, 2013, against the United States of America, Frontier Airlines, various federal officers in their individual capacities, and various officers of the Wayne County Airport Authority Police in their individual capacities.  Ms. Hebshi's claims arise out of an incident in which she was forcibly removed by armed agents from a Frontier Airlines airplane upon its landing at Detroit Metropolitan Wayne County Airport.  Following her removal from the airplane, Ms. Hebshi was detained for approximately four hours and subjected to a strip search before being released without charges.  Neither Frontier nor any government official ever suggested that she engaged in any suspicious activity.

Ms. Hebshi claims that Frontier Airlines discriminated against her based on her ethnicity, race, or national origin in violation of 42 U.S.C. § 1981, Title VI of the Civil Rights Act of 1964, and 49 U.S.C. § 40127(a).  She also alleges that the named federal and state law enforcement authorities violated her right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution and her right to equal protection of the laws under the Fifth and Fourteenth Amendments.  Additionally, Ms. Hebshi brings claims under the Federal Tort Claims Act against the United States of America for false arrest and false imprisonment.

*Principal Factual and Legal Issues*. The several claims against multiple Defendants in this case involve a variety of factual and legal issues. Factually, the question of why Ms. Hebshi was targeted during the Frontier Airlines flight will be central to Plaintiff's claims, as will questions about what information state and federal law enforcement authorities possessed when they decided to arrest, detain, and strip-search her.

Legally, the principal questions with regard to Frontier Airlines concern whether its treatment of Ms. Hebshi during the September 11, 2011 flight constitutes discrimination on the basis of race, ethnicity, or national origin cognizable under 42 U.S.C. § 1981, Title VI of the Civil Rights Act of 1964, and 49 U.S.C. § 40127(a). The constitutional claims depend upon whether the seizure, arrest, detention, and strip-search of Ms. Hebshi were unreasonable or motivated by her perceived ethnicity, race, or national origin. Finally, the Federal Tort Claims Act claim involves whether the United States is liable for false arrest and false imprisonment based on Ms. Hebshi's arrest and detention.

*Relief*. Ms. Hebshi seeks declaratory relief making clear (a) that Frontier Airlines violated her rights to be free from discrimination under 42 U.S.C. § 1981, Title VI of the Civil Rights Act of 1964, and 49 U.S.C. § 40127(a); (b) that her right to equal protection of the laws under the Fifth and Fourteenth Amendments was violated; and (c) that her right to be free of unreasonable searches and seizures under the Fourth and Fourteenth Amendment was violated. Ms. Hebshi further seeks compensatory damages for the injury and distress she suffered and continues to suffer as a result of Defendants' actions,

4

as well as punitive damages against the individual Defendants and Frontier Airlines for their unlawful conduct. Finally, she seeks reasonable attorney's fees.

## B.  Defendant's Statement of Their Defenses

### 1.  *Wayne County Airport Authority/Police*

Defendants Bohn and Driscoll did not have involvement in the decision to detain or question Ms. Hebshi. Captain Driscoll's involvement was to keep notes of each person's presence during the event and Defendant Bohn transported Ms. Hebshi to the detention site. Defendants Bradley and Wasiukanis' involvement was based on the information available to them at the time the decisions were made. They contend factually that they acted within the confines of the Constitution.

Defendants Carmona, Johnson, and Grant did not have involvement in the decision to detain or question Ms. Hebshi and were simply part of the tactical team assigned to remove Ms. Hebshi and two others from the plane. Defendant Parker likewise did not have involvement in the decision to detain or question Ms. Hebshi and was simply following instruction to search Ms. Hebshi. Defendant Debeau's involvement was based on the information available to him at the time his decisions were made. He contends that he acted within the confines of the Constitution.

These Defendants will raise the issue of qualified immunity which will require the Court to address the legality of the investigation of Ms. Hebshi's activities on September 11, 2011 and each individual officer's personal involvement in that investigation. The legal issue will focus upon the activities specifically undertaken by each individual and will not focus upon the collective knowledge of the individual Defendants.

As to the named Wayne County Airport Police Defendants' cross claim against Frontier, the legal question before the Court is the interpretation of the contractual provisions in issue as applied to this matter. There may be questions on when and how a tender demand based upon contractual indemnification and insurance provisions was made, and when the contractual provisions can be invoked.

### 2. *Frontier Airlines, Inc.*

Frontier denies Plaintiff's claims that it intentionally discriminated against her by reporting her as a suspect and security threat to authorities solely on the basis of her race, ethnicity or national origin, and further denies that such alleged discrimination caused her to be arrested, investigated, and detained by law enforcement. To the extent Frontier reported information to law enforcement regarding the subject flight or its passengers, Frontier asserts immunity under 6 U.S.C § 1104 and 49 U.S.C. § 44941. Alternatively, Frontier did not breach the applicable standard of care, which is governed by 49 U.S.C. § 44902(b), in that its decision to provide information to law enforcement about Plaintiff was not arbitrary or capricious.

Regarding cross-claims asserted against Frontier, the primary issue concerns the applicability of specific provisions in the Frontier Airlines/Wayne County Airport Authority Use and Lease Agreement.

### 3. *Individual Federal Defendants*

The individual federal Defendants filed a motion to dismiss the equal protection claim on May 20, 2013, which raises the defense of qualified immunity. (Dkt. 57.) Until this threshold immunity defense is resolved, discovery should not be allowed. They note for informational purposes only that this action arises from a response to a report of

suspicious activity on a Frontier Airlines flight on September 11, 2011. Plaintiff seeks money damages from the personal assets of federal officials Ball, Brand, Brumley, Devins and Lakatos on the constitutional tort theory of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for their alleged conduct during the response. The principal factual and legal issues as to the claims against each of them include the applicability of qualified immunity, statutory immunity, and several other defenses; the actions each defendant took in performing his federal duties during the events at issue and the information available to each defendant at the time of his actions; and others to be determined as the case progresses.

### 4. *United States*

Plaintiff asserts one claim against the United States for false arrest/false imprisonment under the Federal Tort Claims Act ("FTCA") based on the alleged acts or omissions of federal law enforcement officers (Count VII). The principal factual issues include whether Plaintiff suffered any injury caused by any act or omission of a federal investigative or law enforcement officer. The principal legal issue is whether Plaintiff's detention was lawful. Under the FTCA, Plaintiff is not entitled to a jury trial, punitive damages, equitable relief or separate attorneys' fees.

## DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), a conference between Ms. Hebshi's counsel and counsel for all Defendants was held via telephone on May 28, 2013.

As discussed during the conference, the individual federal Defendants and the Wayne County Airport Authority Police Defendants assert that discovery implicating

them should not proceed at this time given the individual federal Defendants' pending qualified immunity motion to dismiss. The nine individual Wayne County Airport Police Defendants will be filing a similar motion seeking a partial dismissal based upon qualified immunity. Plaintiff's position is that discovery should commence against all Defendants, including the individual federal Defendants and the individual Wayne County Airport Police Defendants, because the pending and proposed motions to dismiss apply only to one count of the Complaint and these parties will remain in the case even if their motions to dismiss are granted.

The parties otherwise proposed that discovery proceed as outlined below.

   **1.**  ***Outline of Proposed Discovery.*** Discovery will be needed on the factual bases of the allegations in the Complaint and Cross-Complaints, the factual bases for the Defendants' and Cross-Defendants' affirmative defenses, and damages. Plaintiff proposes that fact discovery should remain open for 9 months after the exchange of Initial Disclosures; Defendants propose that fact discovery should remain open for 15 months thereafter. The parties agree that expert discovery should continue for three months after the close of fact discovery. The parties intend to serve written discovery and conduct depositions. All proposed dates regarding the scheduling of discovery are set forth in the table following this Case Summary and Discovery Plan. Again, as described below, because the individual federal Defendants and Airport Authority Police Defendants have or will have pending qualified immunity motions, they assert that any discovery involving them should be postponed until resolution of those motions.

   **2.**  ***Initial Disclosures.*** The parties propose that each shall serve the other parties with Initial Disclosures by June 19, 2013, pursuant to the Court's Discovery

8

Guidelines, Section B.  The individual federal Defendants and Airport Authority Police Defendants assert that they are not subject to discovery at this time and that therefore initial disclosures by these Defendants are not appropriate at this time.  *See* Fed. R. Civ. P. 26(a)(1)(C).  They propose that their initial disclosures be filed within 14 days of the filing of the Court's order on their qualified immunity motion.

        3.      *Electronically Stored Information ("ESI").*  The parties continue to meet and confer regarding the discovery of ESI and, if needed, will submit a proposed order regarding ESI protocol by June 24, 2013, or as soon as is practicable.  If the parties are unable to agree to an ESI protocol, they will make separate submissions on that date.

        4.      *Proposed Changes to Discovery Limitations.*  Plaintiff does not anticipate any changes to the limitations on discovery, with the exception of the ten deposition limit contained in Federal Rule of Civil Procedure 30(a)(2)(A)(i).  Plaintiff states that she will need to exceed this limit, in part because the number of Defendants alone exceeds ten, and she requests that the ten-deposition limit not apply in the present case.  Defendants do not necessarily oppose expanding the deposition limits applicable to all parties, but believe reasonable limits are necessary.

        5.      *Expert Witnesses.*  The parties propose the following exchange of expert witness disclosures.

- Plaintiff shall serve expert witness disclosures and reports in accordance with Federal Rule of Civil Procedure 26(a)(2)(B) one month after the close of fact discovery.

- Defendants shall serve expert witness disclosures and reports in accordance with Federal Rule of Civil Procedure 26(a)(2)(B) no later than two months after the close of fact discovery.

- Plaintiff shall serve any supplemental/rebuttal expert witness disclosures and report(s) no later than two and a half months after the close of fact discovery.

6. ***Expert Depositions.*** The parties agree that the deposition(s) of any party's expert witness(es) may be noticed in accordance with Federal Rule of Civil Procedure 30(b) for any date after the submission of the experts' disclosures and report and before the close of expert discovery, to occur three months after the close of fact discovery.

7. ***Privilege Issues.*** The parties agree that any party asserting a privilege regarding otherwise discoverable evidence shall, by the date on which that party would otherwise be required to produce the allegedly privileged evidence, provide a privilege log or appropriately labeled redactions containing a description of each item withheld and the grounds for the party's assertion of privilege.

8. ***Protective Order.*** After conversations related to early and informal production of documents, Plaintiff and Defendant Frontier Airlines (the "Agreed Parties") moved this Court for entry of a confidentiality order and stipulated protective order binding solely the Agreed Parties. (Dkt. 50.) This Court granted that motion with an Order issued on May 17. (Dkt. 56.) That Order specifically contemplates, in language to which the Agreed Parties had stipulated, that "[s]hould the Court subsequently enter a Protective Order binding all parties to this litigation, including those Defendants not among the Agreed Parties to the present Order, the present Order shall cease to have

effect." (Dkt. 56, p. 7.) The Parties discussed entry of such a protective order during their telephone conference on May 28, 2013, and will continue to meet and confer with the goal of moving this Court for such an order. If the parties are unable to agree to a proposed confidentiality order by June 24, 2013, they will make separate submissions at that time. The United States notes that, at a minimum, a Privacy Act order will need to be issued before any of its documents are released.

   *9.*  *E-mail Service.* The parties have agreed to accept service of papers via e-mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

   *10.*  *Case Evaluation.* Per Local Rule 16.3(b), cases in which the United States is a party are not subject to case evaluation. Accordingly, the parties have not stipulated to be bound by the provisions of Mich. Ct. R. 2.403.

   *11.*  *Anticipated Discovery Issues.*

     a.  *Staying and Phasing of Discovery.* The individual federal Defendants and Airport Authority Police Defendants have or will have qualified immunity motions to dismiss pending before the Court. (Dkt. 57.) The individual federal and Airport Authority Police Defendants state that the Supreme Court and courts within this Circuit recognize that qualified immunity must be resolved at the earliest possible stage of litigation and, until the threshold immunity defense is resolved, discovery should not be allowed. Therefore, it is the position of the individual federal and Airport Authority Police Defendants that discovery as to the equal protection claim against them must be stayed. In accordance with Federal Rules of Civil Procedure 16(c)(2)(F), (K), and (L) and 26(f)(3)(C), the individual federal and Airport Authority Police Defendants propose that discovery be phased such that no discovery directed to these fourteen

Defendants shall be propounded until the qualified immunity motion is resolved. This includes a postponement of the deadline for filing initial disclosures for these fourteen Defendants. During this time, Plaintiff would be able to request documents from the United States and Frontier, as such document production should not impinge upon the individual federal Defendants' immunity defense. All Defendants assert that other forms of discovery against the United States, Frontier and the Wayne County Airport Authority Police Defendants should be stayed until resolution of the pending motion. Plaintiff objects to a stay of discovery against any Defendant.

        b.     ***Sensitive Security Information.*** Defendants may assert that some relevant and material information necessary to establish her claims may be classified as Sensitive Security Information ("SSI") by TSA. SSI is "information obtained or developed in carrying out security under authority of the Aviation and Transportation Security Act," the release of which would "be detrimental to the security of transportation." 49 U.S.C. § 114(r)(1), (1)(C). Categories of SSI include formal transportation security documents, such as "Security programs and contingency plans" and "Security Directives," 49 C.F.R. § 1520.5(b)(1)-(5), and material relating to specific transportation security incidents, investigations, or threats, as well as passenger screening procedures, *id.* § 1520.5(b)(6)-(10). TSA can also designate as SSI "[a]ny information not otherwise described in this section that TSA determines is SSI." *Id.* § 1520.5(b)(16). Thus, Defendants may aver that documents sought by Plaintiff fall within one or more SSI categories.

        Litigants in federal court who demonstrate to the Court that they have "substantial need of relevant SSI" and cannot obtain its equivalent by other means may

be designated as "covered persons" under 49 CFR Part 1520.7 with authority to view the SSI at issue in their case. Pub. L. No. 109-295, § 525(d), 120 Stat. 1355, 1382 (2007). In order to receive that designation, litigants must complete "a criminal history check and terrorist assessment like that done for aviation workers" adjudicated by TSA. *Id.* Accordingly, the discovery period may need to be extended, should Plaintiff's counsel have to undergo the security-screening procedure to obtain information that Defendants claim is SSI. Counsel for the parties plan to meet with a TSA attorney on June 3 in order to learn more about SSI.

    12.    ***Anticipated Motions.***

        a.    ***Amendments to the Complaint.***  Plaintiff may bring a motion to amend the complaint, including to add new parties, should evidence adduced during discovery support such an amendment. Defendants reserve their right to oppose any such motion. Defendants note that Federal Rule of Civil Procedure 16(b)(3) contemplates that in the Scheduling Order the Court "must limit the time to join other parties[] [and] amend the pleadings." Six months from the commencement of discovery should provide the parties ample time within which to do so.

        b.    ***Summary Judgment.***  The parties anticipate seeking summary judgment at, or before, the close of discovery.

    13.    ***Additional Meet and Confer Sessions.***  The parties will continue to meet and confer on an ESI protocol and protective order or any other discovery issues that may arise during the course of the litigation.

## PROPOSED DATES

| Event | Plaintiff's Proposal | Defendants' Proposal |
| --- | --- | --- |
| Exchange of initial disclosures under Fed. R. Civ. P. 26(a)(1) | June 19, 2013 | June 19, 2013 |
| Lay witness lists filed | January 20, 2014 | July 19, 2014 |
| Fact discovery cut-off | March 19, 2014 | September 19, 2014 |
| Plaintiff's expert witness disclosures under Rule 26(a)(2) and Plaintiff's expert reports due | April 18, 2014 | October 20, 2014 |
| Defendants' expert witness disclosures under Rule 26(a)(2) and Defendants' expert reports due | May 19, 2014 | November 19, 2014 |
| Supplemental/rebuttal expert report(s) due from Plaintiffs | June 5, 2014 | December 3, 2014 |
| Expert Witness Discovery Cut-off | June 19, 2014 | December 19, 2014 |
| Dispositive Motions due | June 19, 2014 | December 19, 2014 |
| Final Pretrial Order due | January 26, 2015 | June 26, 2015 |
| Motions *in Limine* due | January 19, 2015 | June 19, 2015 |
| Final pretrial conference | February 9, 2015 | July 9, 2015 |
| Trial date | February 19, 2015 | July 19, 2015 |
| Estimated length of trial | 5 days | 15 days |

Dated:  May 30, 2013                  Respectfully submitted,

                 By:    /s/ Miriam Nemeth_____
                             *Attorney for Plaintiff*

                          /s/ with consent of_Alan B. Havis__
                          *Attorney for Debeau, Grant, Parker,*
                          *Carmona, & Johnson*

                          /s/ with consent of Brian T. Maye
                          Brian T. Maye
                          *Attorney for Frontier Airlines, Inc.*

                          /s/ with consent of T. Joseph Seward
                          *Attorney for Bohn, Driscoll,*
                          *Wasiukanis & Bradley*

                          /s/ with consent of Sarah E. Whitman
                          *Attorney for Brand,  Lakatos,*
                          *Devins, Ball, Brumley, & USA*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 30, 2013, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

                          /s/ Miriam Nemeth_____
                          *Attorney for Plaintiff*