## <u>INDEX OF EXHIBITS</u>

1. *Brown v Metro. Gov't of Nashville and Davidson County, No. 11-5339, 2012 WL 2861593 (6th Cir. Jan. 9, 2012)*

# EXHIBIT 1

Case 4:13-cv-10253-TGB-MKM  ECF No. 69-1, PageID.675  Filed 06/04/13  Page 3 of 5

Brown v. Metropolitan Government of Nashville and..., Not Reported in F.3d...

2012 WL 2861593
Only the Westlaw citation is currently available.
United States Court of Appeals,
Sixth Circuit.

James E. BROWN, Plaintiff–Appellant,

v.

METROPOLITAN GOVERNMENT OF NASHVILLE
AND DAVIDSON COUNTY, TENNESSEE; Karl
Dean; Sue Cain; Jason M. Bergeron; Lora Barkenbus
Fox; Trippe Steven Fried, Defendants–Appellees.

No. 11–5339.  |  Jan. 9, 2012.

On Appeal from the United States District Court for the
Middle District of Tennessee.

Before CLAY and ROGERS, Circuit Judges; ECONOMUS,
District Judge. [*]

**Opinion**

*1  James E. Brown, a Tennessee resident proceeding pro se,
appeals from the district court's order granting the defendants'
motions to dismiss his civil rights action, filed pursuant to
42 U.S.C. §§ 1981, 1983, 1985, and 1988, and alleging the
unconstitutional taking of his real property. This case has
been referred to a panel of the court pursuant to Rule 34(j)
(l), Rules of the Sixth Circuit. Upon examination, this panel
unanimously agrees that oral argument is not needed. See Fed.
R.App. P. 34(a).

Brown filed his complaint on October 22, 2010, against the
Metropolitan Government of Nashville and Davidson County
(MGNDC), MGNDC Mayor Karl F. Dean, MGNDC Director
of Law Sue B. Cain, MGNDC attorneys Jason Bergeron and
Lora Barkenbus Fox, and private attorney Trippe S. Fried.
Brown asserted that, in seizing and demolishing his property,
the defendants violated his rights under the Takings, Due
Process, and Equal Protection Clauses.

The complaint was based on the following factual allegations:
In 2001, Brown purchased a duplex at a delinquent tax
sale, and he registered the property in 2002; the recorded
value of the property at that time was $16,500. On June 17,
2002, MGNDC employees, erroneously believing that the
property still belonged to the previous owner, seized Brown's
property without prior notice and demolished it. MGNDC
had filed the notice of demolition or removal of structure at

a time when the prior owner still owned the property and
had mailed all notices to that prior owner. In 2005, MGNDC
filed suit against Brown in chancery court, seeking to recover
$5,152.88 as reimbursement for the demolition and removal
expenses. Through his counsel—defendant Trippe Fried—
Brown asserted a counterclaim for the unconstitutional taking
of his property under an inverse-condemnation theory.

In October 2007, the chancery court entered an order
awarding damages to Brown in the amount of $3,500. A
few days later, attorney Fried moved for attorney's fees.
Proceeding pro se, Brown moved the chancery court to alter
or amend its order awarding damages. In March 2008, the
chancery court denied Brown's motion and denied counsel's
motion for attorney's fees. In May 2008, attorney Fried and
MGNDC's counsel, defendant Fox, executed an agreement
without Brown's knowledge; the agreement would reimburse
Fried for attorney's fees in the amount of $5,882. By that time,
Brown himself had paid Fried $7,200 in fees. On or about
June 5, 2008, Brown discovered that attorney Fried had also
entered an agreement with MGNDC counsel to settle all of
Brown's claims against MGNDC for $9,382 (representing the
$5,882 attorney's fee award and the $3,500 to compensate
Brown for the loss of his property).

In August 2008, Brown filed a pro se motion to vacate the
agreement filed with the chancery court by Fried and Fox,
arguing that his property was worth $16,500 rather than
$3,500. In October 2008, the chancery court denied relief.
On December 30, 2009, approximately ten months before
Brown filed his complaint in federal court, the Tennessee
Court of Appeals issued a decision in the appeal from the
October 2008 chancery court decision. See Metro. Gov't of
Nashville v. Brown, No. M2008–02495–COA–R3–CV, 2009
WL 5178418 (Tenn.Ct.App. Dec. 30, 2009). The Court of
Appeals affirmed with respect to MGNDC's appeal of the
chancery court's denial of its action to recover the cost of
the demolition of Brown's property and the grant of summary
judgment to Brown on his inverse-condemnation claim. Id. at
*1. The court also affirmed the award of damages for the value
of the structure and the amount of attorney's fees awarded,
thus rejecting Brown's contention that those awards were too
small. Id. The court reversed on the issue of prejudgment
interest for Brown, remanding for the limited purpose of
"determining the applicable rate of interest and to make an
award" to Brown. Id. at *9. According to Brown, the chancery
court on remand awarded him a total of $1,405.85 in interest.
Brown's appeal of that ruling was pending at the time Brown
filed his federal complaint.

Case 4:13-cv-10253-TGB-MKM   ECF No. 69-1, PageID.676   Filed 06/04/13   Page 4 of 5

Brown v. Metropolitan Government of Nashville and..., Not Reported in F.3d...

**\*2** In his complaint in federal court, Brown contended that the defendants took his property without just compensation; that their seizure of the property violated the Fourth Amendment; that, "motivated by racial animus," they conspired to defraud him in violation of his equal protection rights; and that they defamed him by causing the Tennessee Court of Appeals to disparage his pro se litigation methods in its December 30, 2009, opinion. Brown sought $500,000 in compensatory damages and $5 million in punitive damages.

The MGNDC defendants and defendant Fried filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and Brown filed responses. The defendants contended, inter alia, that Brown's takings claims were not ripe because the Tennessee proceeding was still pending, and such claims were required to be exhausted in state court before being brought in federal court; they contended that the other claims were barred by the doctrine of claim preclusion and by applicable statutes of limitation, and by failure to state a claim. By order dated February 3, 2011, the district court granted the defendants' motions, concluding that Brown's claims concerning the taking of his property were unripe because of the pending state litigation; that his remaining federal claims under 42 U.S.C. §§ 1981, 1983, and 1985 were time-barred. Further, the court declined to exercise supplemental jurisdiction over his state-law defamation claim. Brown filed a timely notice of appeal from the denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment.

Brown contends that the district court erred in concluding that his takings claims were unripe, emphasizing that he had argued in district court that the claims should be heard under exceptions to the abstention doctrine of *Younger v. Harris,* 401 U.S. 37 (1971). As for the conclusion that some of his claims were barred by statutes of limitation, Brown argues that these claims would not accrue until the conclusion of state litigation. Brown has abandoned the defamation claim, as he has not briefed it on appeal. *See Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Emphasizing that the Tennessee Court of Appeals rejected Brown's latest appeal on March 24, 2011, the MGNDC defendants agree that Brown's takings claims are now ripe and that he could conceivably return to district court to re-file his complaint. The MGNDC defendants contend that this court should thus affirm on the basis of the alternative legal grounds they raised in their motion to dismiss: claim preclusion,

prosecutorial and qualified immunity, and Brown's failure to explain the role played by most of the individual defendants in any wrongdoing.

We review de novo the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Golden v. City of Columbus,* 404 F.3d 950, 958 (6th Cir.2005). Although a pro se litigant is entitled to liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). We review de novo a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction. *In re Carter,* 553 F.3d 979, 984 (6th Cir.2009).

**\*3** The parties do not dispute, and we agree, that Brown's takings claims are now ripe, pursuant to the framework announced in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172 (1985). That framework required Brown to pursue an inverse-condemnation action in state court before filing a Takings Clause complaint in federal court. *Williamson Cnty.,* 473 U.S. at 196 (citing Tenn.Code Ann. § 29–16–123 (1980)). Now that he has completed that process, we are left to decide whether the dismissal of Brown's federal lawsuit can be affirmed on an alternative ground, as the defendants argue. *See Murphy v. Nat'l City Bank,* 560 F.3d 530, 535 (6th Cir.2009).

Brown contends that "neither the doctrines of res judicata and issue preclusion, nor *Rooker–Feldman,* can preclude or cut short a federal action brought in compliance with" the *Williamson County* framework. Unfortunately for Brown, the Supreme Court itself has rejected an argument like Brown's, holding that it was "not free to disregard the full faith and credit statute [28 U.S.C. § 1738] solely to preserve the availability of a federal forum." *See San Remo Hotel, L.P. v. City & Cnty. of San Francisco, Cal.,* 545 U.S. 323, 342–47 (2005) (quotation at 347).

Aside from arguing that preclusion doctrines cannot apply at all, Brown does not explicitly dispute the MGNDC defendants' claim-preclusion analysis. As the MGNDC defendants note, Brown expressly raised a Fourteenth Amendment just-compensation claim in the state court. The state courts concluded that MGNDC officials had wrongfully taken his property but that they had paid him just compensation for it. *See Metro. Gov't of Nashville,* 2009 WL

Case 4:13-cv-10253-TGB-MKM ECF No. 69-1, PageID.677 Filed 06/04/13 Page 5 of 5

Brown v. Metropolitan Government of Nashville and..., Not Reported in F.3d...

5178418, at * *6–7. In reviewing whether a claim-preclusion doctrine bars Brown's action, we must apply Tennessee's res judicata principles, which bar "all claims that were actually litigated or could have been litigated in the first suit between the same parties ." *Hutcherson v. Lauderdale Cnty., Tenn.,* 326 F.3d 747, 758 (6th Cir.2003) (internal quotation marks omitted). "Four elements must be established before res judicata can be asserted as a defense: (1) the underlying judgment must have been rendered by a court of competent jurisdiction; (2) the same parties [or their privies] were involved in both suits; (3) the same cause of action was involved in both suits; and (4) the underlying judgment was on the merits." *Id.; Massengill v. Scott,* 738 S.W.2d 629, 631 (Tenn.1987).

Through Brown's inverse-condemnation counterclaim in state court, and the state courts agreed that his property had been wrongfully taken from him but that he had been adequately compensated for it. Under Tennessee's res judicata principles, we are bound by these legal conclusions, *see Hutcherson,* 326 F.3d at 758, and we affirm as to Brown's takings claim on this alternative basis. The MGNDC attorneys who brought the action against Brown to recover the costs of the demolition were also in any event entitled to prosecutorial immunity, insofar as they were advocating on behalf of the MGNDC. *See Skinner v. Govorchin,* 463 F.3d 518, 524–25 (6th Cir.2006).

**\*4** As for Brown's contention that the seizure and demolition of his property violated his Fourth Amendment rights, the claim was barred by the one-year Tennessee limitations statute for personal-injury claims. *See Eidson v. State of Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir.2007) (citing Tenn.Code Ann. § 28–3–104(a)(3)). The accrual of a claim is governed by federal law, which holds that the limitations period generally begins to run when the plaintiff knew or had reason to know of the harm that formed the basis of the action. *Id.* at 635. Brown's Fourth Amendment

claim accrued in 2002, as soon as Brown had reason to know that MGNDC had demolished his property. Because the *Williamson County* ripeness framework for Takings Clause claims does not apply to Fourth Amendment claims, *see Severance v. Patterson,* 566 F.3d 490, 500 (5th Cir.2009), and because a Fourth Amendment claim is not subsumed under a takings claim, *see Presley v. City of Charlottesville,* 464 F.3d 480, 485 (4th Cir.2006), we reject Brown's contention that, for purposes of limitations analysis, the claim did not accrue until the inverse-condemnation litigation ended. Brown's conspiracy claim, brought under 42 U.S.C. § 1985, is also barred by the same limitations statute; that claim accrued, at the latest, in June 2008, when Brown admittedly learned of the negotiations between MGNDC attorneys and his own attorney, Fried. *See Bowden v. City of Franklin, Ky.,* 13 F. App'x 266, 272 (6th Cir.2001); *Braswell v. Carothers,* 863 S.W.2d 722, 725 (Tenn.Ct.App.1993).

Finally, Brown failed to state a cognizable § 1981 claim against any of the defendants. The MGNDC defendants, as actors under color of state law, were liable to suit only under § 1983 for an unconstitutional-discrimination claim like that made by Brown. *See Arendale v. City of Memphis,* 519 F.3d 587, 598–99 (6th Cir.2008) (citing *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 733 (1989)); *see also Grinter v. Knight,* 532 F.3d 567, 576–77 (6th Cir.2008). In any event, Brown's allegation, based solely on "information and belief," that the MGNDC defendants and Fried conspired to discriminate against him were too conclusory and vague to state a claim for relief under the *Twombly/Iqbal* standard. *See Center v. Bio–Ethical Reform, Inc. v. Napolitano,* 648 F.3d 365, 374 (6th Cir.2011).

For the foregoing reasons, we affirm the judgment of the district court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

Footnotes

\*    The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

---

        © 2013 Thomson Reuters. No claim to original U.S. Government Works.