UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SHOSHANA HEBSHI,** | Honorable Terrence G. Berg |
| Plaintiff, | Magistrate Laurie J. Michelson |
| -v- | Case No. 13-cv-10253 |
| **UNITED STATES OF AMERICA; FRONTIER AIRLINES, INC.; JOHN BRAND,** in his individual capacity; **UNKNOWN FBI AGENT 1,** in his individual capacity; **UNKNOWN FBI AGENT 2,** in his individual capacity; **MARK DEBEAU,** in his individual capacity; **JEREMY BOHN,** in his individual capacity; **CAPTAIN PATRICK DRISCOLL,** in his individual capacity; **OFFICER GRANT,** in his individual capacity; **LT. M. WASIUKANIS,** in his individual capacity; **TOYA PARKER,** in her individual capacity; **DT. CARMONA,** in his or her individual capacity; **OFFICER JOHNSON,** in his or her individual capacity; **CORPORAL BRADLEY,** in his or her individual capacity; **UNKNOWN CBP OFFICER,** in his individual capacity; **DAVID LAKATOS,** in his individual capacity; **NATHANIAL DEVINS,** in his individual capacity; **UNKNOWN TSA AGENT 1,** in his individual capacity; **UNKNOWN TSA AGENT 2,** in her individual capacity; **ROBERT BALL,** in his individual capacity; **UNKNOWN ICE OFFICER,** in his individual capacity; and **PAUL BRUMLEY,** in his individual capacity; | |
| Defendants. | |
| -and- | |
| **MARK DeBEAU, OFFICER GRANT, TOYA PARKER, DT. CARMONA, OFFICER JOHNSON, JEREMY BOHN, CAPTAIN PATRICK DRISCOLL, LT. M. WASIUKANIS,** and **CORPORAL BRADLEY,** | |
| Cross-Plaintiffs, | |
| -v- | |
| **FRONTIER AIRLINES, INC.,** | |
| Cross-Defendant. | |

**THE WAYNE COUNTY AIRPORT AUTHORITY
DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**

NOW COME the Wayne County Airport Defendants, MARK DeBEAU, OFFICER JOHNSON, OFFICER GRANT, OFFICER PARKER, DETECTIVE CARMONA, OFFICER BOHN, LIEUTENANT WASIUKANIS, CORPORAL BRADLEY, and CAPTAIN DRISCOLL (collectively "the WCAA Defendants"), by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. and THE LAW OFFICE OF ALAN B. HAVIS, and for their Joint Motion to Stay Discovery, state as follows:

The WCAA Defendants moved for partial judgment on the pleadings, relative to Plaintiff's equal protection claim, on qualified immunity grounds. (**Docket # 1**, Count IV; **Docket # 69**). For the reasons set forth more fully in the attached Brief in Support, the WCAA Defendants now move for a stay of discovery pending resolution of the qualified immunity issues.

The WCAA Defendants' Counsel discussed a stay of discovery with Plaintiff's Counsel. Plaintiff's Counsel is not agreeable to such relief.

Respectfully submitted,

/s/ T. Joseph Seward
T. JOSEPH SEWARD (P35095)
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, Michigan 48150
Telephone: (734) 261-2400
Facsimile: (734) 261-4510
e-Mail: tjseward@cmda-law.com

*Attorneys for Officer Bohn, Corporal Bradley, Lieutenant Wasiukanis, and Captain Driscoll (Wayne County Airport Authority Defendants)*

1

/s/ Alan B. Havis
ALAN B. HAVIS (P36988)
Law Offices of Alan B. Havis
25505 West Twelve Mile Road, Suite 1000
Southfield, Michigan 48034
Telephone: (248) 353-3690
Facsimile: (248) 948-6677
e-Mail: ahavis@airportdefender.com

*Attorneys for Mark DeBeau, Officer Grant, Officer Parker, Detective Carmona, and Officer Johnson (Wayne County Airport Authority Defendants)*

DATED: June 6, 2013

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SHOSHANA HEBSHI,** | Honorable Terrence G. Berg |
| Plaintiff, | Magistrate Laurie J. Michelson |
| -v- | Case No. 13-cv-10253 |
| **UNITED STATES OF AMERICA; FRONTIER AIRLINES, INC.; JOHN BRAND,** in his individual capacity; **UNKNOWN FBI AGENT 1,** in his individual capacity; **UNKNOWN FBI AGENT 2,** in his individual capacity; **MARK DEBEAU,** in his individual capacity; **JEREMY BOHN,** in his individual capacity; **CAPTAIN PATRICK DRISCOLL,** in his individual capacity; **OFFICER GRANT,** in his individual capacity; **LT. M. WASIUKANIS,** in his individual capacity; **TOYA PARKER,** in her individual capacity; **DT. CARMONA,** in his or her individual capacity; **OFFICER JOHNSON,** in his or her individual capacity; **CORPORAL BRADLEY,** in his or her individual capacity; **UNKNOWN CBP OFFICER,** in his individual capacity; **DAVID LAKATOS,** in his individual capacity; **NATHANIAL DEVINS,** in his individual capacity; **UNKNOWN TSA AGENT 1,** in his individual capacity; **UNKNOWN TSA AGENT 2,** in her individual capacity; **ROBERT BALL,** in his individual capacity; **UNKNOWN ICE OFFICER,** in his individual capacity; and **PAUL BRUMLEY,** in his individual capacity; | |
| Defendants. | |
| -and- | |
| **MARK DeBEAU, OFFICER GRANT, TOYA PARKER, DT. CARMONA, OFFICER JOHNSON, JEREMY BOHN, CAPTAIN PATRICK DRISCOLL, LT. M. WASIUKANIS,** and **CORPORAL BRADLEY,** | |
| Cross-Plaintiffs, | |
| -v- | |
| **FRONTIER AIRLINES, INC.,** | |
| Cross-Defendant. | |

**BRIEF IN SUPPORT OF THE WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**

# TABLE OF CONTENTS

INDEX OF AUTHORITY..................................................................................................ii

QUESTION PRESENTED.............................................................................................iv

INTRODUCTION............................................................................................................1

STANDARD OF REVIEW..............................................................................................1

LAW AND ARGUMENT................................................................................................2

I.  THIS COURT SHOULD ISSUE AN ORDER STAYING DISCOVERY PENDING RESOLUTION OF THE WCAA DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS..........................................................................2

CONCLUSION................................................................................................................6

# **INDEX OF AUTHORITY**

## **Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)......................................................................................3, 6

*Blake v. Wright,*
   179 F.3d 1003 (6th Cir. 1999)...........................................................................2

*Center for Bio-Ethical Reform, Inc. v. Napolitano,*
   648 F.3d 365 (6th Cir. 2011)............................................................................4

*Chow v. State,*
   165 F.3d 26 (6th Cir. 1998)..............................................................................4

*Combs v. Wilkinson,*
   315 F.3d 548 (6th Cir. 2002).......................................................................5 n. 3

*Criss v. City of Kent,*
   867 F.2d 259 (6th Cir. 1998)............................................................................2

*English v. Dyke,*
   23 F.3d 1086 (6th Cir. 1994)............................................................................3

*Everson v. Leis,*
   556 F.3d 484 (6th Cir. 2009)............................................................................5

*Gardenhire v Schubert,*
   205 F.3d 303 (6th Cir. 2000)............................................................................5

*Goad v. Mitchell,*
   297 F.3d 497 (6th Cir. 2002)............................................................................2

*Hahn v. Star Bank,*
   190 F.3d 708 (1999)..........................................................................................1

*Harlow v. Fitzgerald,*
   457 U.S. 800 (1982)..........................................................................................2

*Hunter v. Bryant,*
   502 U.S. 224 (1991)..........................................................................................2

*Jackson-El v. Ray,*
   201 F.3d 440 (1999)..........................................................................................4

*Kennedy v. City of Cleveland*,
    797 F.2d 297 (6th Cir. 1986)............................................................................3

*Kimble v. Hoso*,
    439 F.3d 331 (6th Cir. 2006)............................................................................3

*Laney v. Farley*,
    501 F.3d 577 (6th Cir. 2007).......................................................................5 n. 3

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985)..........................................................................................2

*Pearson v. Callahan*,
    555 U.S. 223 (2009)..........................................................................................5

*Porter v. Parker*,
    166 F.3d 1215 (6th Cir. 1998)..........................................................................4

*Ross v. Duggan*,
    402 F.3d 575 (6th Cir. 2004)............................................................................4

*Smith v. Freland*,
    954 F.2d 343 (6th Cir. 1992).......................................................................5 n. 3

*Summers v. Leis*,
    368 F.3d 881 (6th Cir. 2004)............................................................................2

*Vakilian v. Shaw*,
    335 F.3d 509 (6th Cir. 2003)............................................................................2

*Young v. Burks*,
    849 F.2d 610 (1988)..........................................................................................3

## **Federal Rules of Civil Procedure**

Fed. R. Civ. P. 16............................................................................................3 n. 2

Fed. R. Civ. P. 26....................................................................................1, 3 n. 2

iv

## **QUESTION PRESENTED**

I. WHETHER DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF THE QUALIFIED IMMUNITY ISSUE RAISED IN THE WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS?

Plaintiff presumably responds, "No."

Wayne County Airport Authority Defendants respond, "Yes."

## INTRODUCTION

This action arises out of an incident in which Plaintiff was allegedly identified as a potential suspect in connection with reports of suspicious, terrorist-like behavior on a Detroit-bound flight. Plaintiff alleges that Wayne County Airport Authority ("WCAA") officials – Mark DeBeau, Officer Grant, Officer Parker, Detective Carmona, Officer Johnson, Officer Bohn, Captain Driscoll, Lieutenant Wasiukanis, and Corporal Bradley (collectively "the WCAA Defendants") – discriminated against her based on her perceived race, ethnicity, and/or national origin. She claims that the alleged discrimination is actionable under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. (**Docket # 1**, Count IV). The WCAA Defendants moved for partial[1] judgment on the pleadings, raising the defense of qualified immunity. (**Docket # 69**).

On May 21, 2013, this Court ordered the parties to convene and formulate a joint discovery plan in accordance with Rule 26(f) of the Federal Rules of Civil Procedure. (**Docket # 64**). The parties did as directed. (**Docket # 67**). Because the parties' conference triggered the commencement of discovery, Fed. R. Civ. P. 26(d), the WCAA Defendants now move to stay discovery pending resolution of the qualified immunity issues raised in their Motion for Partial Judgment on the Pleadings.

## STANDARD OF REVIEW

District courts possess "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (1999).

---

[1] Plaintiff's Fourth Amendment claims of unreasonable search (Count V) and unreasonable seizure (Count VI) are not the subject of the WCAA Defendants' Motion for Partial Judgment on the Pleadings.

1

## **LAW AND ARGUMENT**

I. **THIS COURT SHOULD ISSUE AN ORDER STAYING DISCOVERY PENDING RESOLUTION OF THE WCAA DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS.**

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "entitlement not to stand trial or face the other burdens of litigation. . . . The entitlement is an *immunity from suit* rather than a mere defense to liability . . . ." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Thus, the "purpose of a qualified immunity defense is not only protection from civil damages but protection from the rigors of litigation itself, including the potential disruptiveness of discovery." *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004).

The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (collecting authority). So, too, has the Sixth Circuit. See, e.g., *Blake v. Wright*, 179 F.3d 1003, 1007 (6th Cir. 1999); *Goad v. Mitchell*, 297 F.3d 497, 501 (6th Cir. 2002); *Vakilian v. Shaw*, 335 F.3d 509, 516 (6th Cir. 2003). Coincidentally, both the Supreme Court and the Sixth Circuit have held that discovery should not be permitted until the threshold immunity issue is resolved. *Harlow*, 457 U.S. at 818; *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1998).

2

Although the Federal Rules of Civil Procedure vest district courts with broad discretion to place restrictions on and otherwise control the discovery process,[2] "the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009). Permitting *any* discovery – even "*minimally intrusive*" discovery – provides "especially cold comfort in this pleading context, where [the Court is] impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties." *Id.* at 686 (emphasis supplied).

From *Iqbal*, it necessarily follows that staying discovery – rather than permitting or even limiting discovery – is appropriate relief pending resolution of qualified immunity issues. The Sixth Circuit has routinely endorsed a stay of discovery in this context. *See, e.g., English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (directing district courts to "stay discovery" when "the issue [of qualified immunity] is before the trial court or the case is on appeal"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (recognizing that when a government official raises the defense of qualified immunity, courts are "obligated . . . not only to refrain from proceeding to trial but to stay discovery until that issue is decided"); *Young v. Burks*, 849 F.2d 610, 610 n. 6 (1988) (citation omitted) (recognizing that "discovery should be stayed pending resolution of immunity issues"); *Criss*, 867 F.2d at 261 (finding that the district court "furthered the policies underlying the qualified immunity doctrine by . . . prohibiting further discovery"); *Kimble v. Hoso*, 439 F.3d 331, 335 (6th Cir. 2006) (noting that the district court, in accordance with the

---

[2] See, e.g., Fed. R. Civ. P. 16(b)(3)(B); Fed. R. Civ. P. 16(c)(2); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 26(d)(2).

3

"Supreme Court's ruling in *Harlow*," properly "stayed . . . discovery until the issue of qualified immunity was addressed"); *Chow v. State*, 165 F.3d 26 (6th Cir. 1998) (recognizing that "[a] stay of discovery is properly granted until the issue of immunity is decided"); *Porter v. Parker*, 166 F.3d 1215 (6th Cir. 1998) and *Jackson-El v. Ray*, 201 F.3d 440 (1999) (holding that "the magistrate judge appropriately . . . stayed discovery until the defense of qualified immunity could be considered").

Considering that the WCAA Defendants raised qualified immunity as a defense to Plaintiff's *equal protection* claim, a stay of discovery is all the more appropriate. Disparate treatment is the threshold element of Plaintiff's equal protection claim. *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). Inasmuch as Plaintiff is suing the WCAA Defendants in their personal capacities, she must show that each and every WCAA Defendant "treated [her] disparately as compared to similarly situated persons." *Id.* (citation and internal quotations omitted). Those persons must be similarly situated in *all material respects.* See *Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir. 2004). Plaintiff will inevitably take a very broad view as to the respects in which a person must be similarly situated, opening up the realm of possibilities and expanding the scope of discovery.

Discovery regarding disparate treatment – identification of similarly situated persons and inquiry into the treatment of such persons – will not be limited to circumstances involving these eight WCAA Defendants. Plaintiff is also suing five federal officials – two Customs and Border Control ("CBC") officials, one Immigration and Customs Enforcement ("ICE") official, one Transportation Security Administration ("TSA") official, and one Federal Bureau of Investigation ("FBI") official (collectively "the Federal Defendants") – in their individual capacities. It appears, moreover, that Plaintiff

4

intends to engage in discovery designed to assess potential municipal liability for the alleged equal protection violations. Plaintiff expressed her intent to request policies and procedures, which have no bearing on whether the WCAA Defendants violated Plaintiff's right to equal protection,3 at the Case Management Status and Scheduling Conference.

There is no question that discovery will be extensive, discovery disputes will be inevitable, and privacy/security implications will be probable with respect to the disparate treatment element of Plaintiff's equal protection claim. And disparate treatment is only half the battle. Plaintiff would also delve into discovery designed to uncover facts regarding the intent of the WCAA Defendants and the Federal Defendants. See *Gardenhire v Schubert*, 205 F.3d 303, 318 (6th Cir. 2000) (an equal protection claim requires both disparate treatment *and* discriminatory intent). If such discovery is permitted before the qualified immunity issues are resolved, the "driving force behind the immunity – avoiding unwarranted discovery and other litigation costs – will be defeated." *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009); see also *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Based on the foregoing, the WCAA Defendants request a stay of discovery pending resolution of their Motion for Partial Judgment on the Pleadings. To avoid prejudice and to ensure that the WCAA Defendants are genuinely relieved from the burdens of discovery, the WCAA Defendants further request that the stay of discovery be directed to

---

3 Under § 1983, "the issue is whether [the WCAA Defendants] violated the Constitution, not whether [they] should be disciplined by the local police force." *Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992). Since department policies and procedures "do not determine constitutional law," *id.* at 347, any finding that the WCAA Defendants violated those policies or procedures "would not support a claim under § 1983." *Laney v. Farley*, 501 F.3d 577, 580 n. 2 (6th Cir. 2007); see also see also *Combs v. Wilkinson*, 315 F.3d 548, 560 (6th Cir. 2002) (failure to adhere to department policies and procedures "is not a constitutional violation itself. . .").

*all* parties. See *Iqbal*, 556 U.S. at 685-86 ("It is no answer . . . to say that discovery for [the government officials asserting qualified immunity] can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the government officials] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if [the government officials] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery").

## CONCLUSION

For the foregoing reasons, the Wayne County Airport Authority Defendants, MARK DeBEAU, OFFICER JOHNSON, OFFICER GRANT, OFFICER PARKER, DETECTIVE CARMONA, OFFICER BOHN, LIEUTENANT WASIUKANIS, CORPORAL BRADLEY, and CAPTAIN DRISCOLL, respectfully request that this Honorable Court GRANT their Motion to Stay Discovery.

Respectfully submitted,

/s/ T. Joseph Seward
T. JOSEPH SEWARD (P35095)
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, Michigan 48150
Telephone: (734) 261-2400
Facsimile: (734) 261-4510
e-Mail: tjseward@cmda-law.com

/s/ Alan B. Havis
ALAN B. HAVIS (P36988)
Law Offices of Alan B. Havis
25505 West Twelve Mile Road, Suite 1000
Southfield, Michigan 48034
Telephone: (248) 353-3690
Facsimile: (248) 948-6677
e-Mail: ahavis@airportdefender.com

*Attorneys for Mark DeBeau, Officer Grant, Officer Parker, Detective Carmona, and Officer Johnson (Wayne County Airport Authority Defendants)*

DATED: June 6, 2013