IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHOSHANA HEBSHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-10253 |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | Honorable Terrence G. Berg |
| | ) | Magistrate Judge Laurie J. Michelson |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARK DEBEAU, et al., | ) | |
| | ) | |
| Cross-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE TO MOTIONS TO STAY DISCOVERY
OF INDIVIDUAL FEDERAL DEFENDANTS AND
WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS**

Two separate groups of Defendants have filed motions to stay discovery in this matter. Defendants Brand, Lakatos, Devins, Ball, and Brumley (hereinafter "the Individual Federal Defendants") filed their Motion to Stay Discovery on May 30, 2013. (Dkt. 66.) Defendants DeBeau, Johnson, Grant, Parker, Carmona, Bohn, Wasiukanis, Bradley, and Driscoll (hereinafter "the Wayne County Airport Authority Defendants" or "the WCAA Defendants") filed their Joint Motion to Stay Discovery on June 6, 2013. (Dkt. 70.) At the Scheduling Conference held by

this Court on June 5, 2013, the parties reached agreement that, because the two motions were substantially similar, Plaintiff could respond to them in a single filing, to be due on the later of the two response dates. The Court orally approved this schedule.

Accordingly, Plaintiff now submits this response in opposition to Defendants' motions to stay discovery.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHOSHANA HEBSHI,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　Case No. 13-10253
　　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA, et al.,　　)　　Honorable Terrence G. Berg
　　　　　　　　　　　　　　　　　　　)　　Magistrate Judge Laurie J. Michelson
　　　　　　　Defendants,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
MARK DEBEAU, et al.,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Cross-Plaintiffs,　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
FRONTIER AIRLINES,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Cross-Defendant.　　　　　)
_____)

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO
MOTIONS TO STAY DISCOVERY OF INDIVIDUAL FEDERAL DEFENDANTS AND
WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS**

i

## **ISSUE PRESENTED**

Should a court stay all discovery against defendants facing claims as to which no qualified immunity motion has been filed?

Answer:   No.

## **CONTROLLING AUTHORITIES**

1. *Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004).

2. *Estate of Sorrells v. City of Dallas*, 192 F.R.D. 203 (N.D. Tex. 2000).

3. *Denton v. Twyford*, 142 F.R.D. 140 (S.D. Ohio 1992).

4. *Roth v. President & Bd. of Trustees of Ohio Univ.*, Civ. No. 08-1173, 2009 WL 2579388, (S.D. Ohio Aug. 18, 2009).

**INTRODUCTION**

The Individual Federal Defendants and the Wayne County Airport Authority Defendants (collectively, "the Individual Defendants") have moved this Court for an order granting them qualified immunity over one of the seven claims raised in Plaintiff Shoshana Hebshi's complaint.[1] Unaffected by these motions are Ms. Hebshi's six other claims. These include four separate claims against Defendants Frontier Airlines, Inc. and the United States, as well as two Fourth Amendment claims that implicate each of the Individual Defendants asserting qualified immunity. In other words, even if the Court were to grant both of the pending qualified immunity motions, this litigation would continue with respect to all Defendants named in the complaint.

Nonetheless, the Individual Defendants argue that, if discovery on these other claims went forward while the qualified immunity motions are pending, the government officials would be subject to a burden from which qualified immunity is intended to protect them. This logic is difficult to follow. Since Defendants will be obligated to provide discovery on the other claims regardless of the outcome of their qualified immunity motions, allowing that discovery to proceed while those motions are pending creates no additional burden. Accordingly, the Individual Defendants' motions for a complete stay of discovery should be denied.

**BACKGROUND**

On September 11, 2011, Ms. Hebshi was handcuffed and removed at gunpoint from a commercial airline flight upon its landing at the Detroit Metropolitan Wayne County Airport.

---

[1] The Individual Federal Defendants have filed a Partial Motion to Dismiss Plaintiff's Complaint (Dkt. 57), while the WCAA Defendants have filed a Motion for Partial Judgment on the Pleadings (Dkt. 69). Both motions are adjudicated according to the same standard.

1

She was subsequently detained for approximately four hours and subjected to a strip search. Ms. Hebshi's complaint (Dkt. 1) asserts multiple statutory and constitutional claims against multiple defendants arising out of that incident.

First, against Defendant Frontier Airlines ("Frontier"), Ms. Hebshi asserts three discrimination claims, pursuant to 42 U.S.C. § 1981 (Count I), Title VI of the Civil Rights Act of 1964 (Count II), and 49 U.S.C. § 40127(A) (Count III). In order to vindicate these claims, Ms. Hebshi will seek discovery concerning the actions, motivations, and knowledge of the Frontier employees on board Ms. Hebshi's flight and those who reported her as suspicious to government officials. Frontier, as a non-governmental defendant, has raised no qualified immunity defense.

Second, against the Individual Defendants, in various combinations, Ms. Hebshi has raised three claims. In Count IV, she argues that Individual Defendants violated her right to equal protection of the laws, guaranteed by the Fifth and Fourteenth Amendments to the Constitution. Count IV is the subject of the Individual Defendants' pending qualified immunity motions. In order to vindicate this claim, Ms. Hebshi will seek discovery concerning the actions, motivations, and knowledge of the Individual Defendants who are alleged to have arrested and detained her as a result of her perceived ethnicity, race, or national origin.

In Count V, Ms. Hebshi asserts that Individual Defendants violated her Fourth Amendment right to be free of unreasonable seizure when they arrested and detained her. Discovery on this claim will, similarly, concern the actions, motivations, and knowledge of the Individual Defendants who are alleged to have arrested and detained her. In Count VI, Ms. Hebshi claims that three of the Individual Defendants violated her Fourth Amendment right to be free of unreasonable search when they subjected her to a strip search. Discovery for this claim will focus on the actions, motivations, and knowledge of these three Individual Defendants. The

Individual Defendants have not moved this Court for qualified immunity on either of these claims.

Third, Ms. Hebshi brings an FTCA claim (Count VII) against the United States, claiming that it is liable for her false arrest and false imprisonment. This liability is alleged to stem from the actions of the Individual Federal Defendants, who were acting in the scope of their employment when they deprived Ms. Hebshi of her liberty. Accordingly, the discovery necessary to prove these claims would concern the actions, motivations, and knowledge of the Individual Federal Defendants involved in her arrest and detention. Qualified immunity is not a defense to FTCA claims against the United States, and the United States has not raised it.

## ARGUMENT

### A.  The Requested, Broad Stay of Discovery Is Not Warranted

Both the Individual Federal Defendants' and the WCAA Defendants' motions for a stay rest upon the premise that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)). Recognizing this, courts typically stay discovery while a fully dispositive motion claiming qualified immunity from suit is pending. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (defendant is to be "protected from the burdens of discovery" during pendency of motion to dismiss on qualified immunity grounds).

3

Nothing in this doctrine suggests, much less mandates, that a court should stay all discovery against a defendant facing claims as to which no qualified immunity motion has been filed. To the contrary, "it is essential to recognize that because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).

Qualified immunity protects government official defendants from "*unwarranted discovery.*" *Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009) (emphasis added) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526-27 (6th Cir. 2002)); *cf. Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982) (qualified immunity protects government officials from "the burdens of broad-reaching discovery"). Where those officials will be required to participate in discovery regardless of the outcome of a qualified immunity motion, then, a stay of all discovery is not warranted. *See Kimble v. Hoso*, 439 F.3d 331, 335 (6th Cir. 2006) (a district court order that "does not require the defendants to face any additional stages of litigation[ ] does not undercut the essential purpose of qualified immunity"); *Roth v. President & Bd. of Trs. of Ohio Univ.*, Civ. No. 08-1173, 2009 WL 2579388, at *3 (S.D. Ohio Aug. 18, 2009) (rejecting "argument that all discovery should be stayed simply because one of the several claims in the complaint is subject to a qualified immunity defense"). Defendants have cited no case in which a court stayed all discovery because a qualified immunity motion had been filed on one of many claims.[2]

---

[2] The Individual Federal Defendants do cite *Ransaw v. United States*, Civ. No. 10-01672, 2011 WL 1752160 (N.D. Ohio May 5, 2011), in which the court concluded that requiring defendants who had claimed qualified immunity in one litigation to sit for depositions in a separate FTCA action based on the same events could infringe upon the protection of qualified immunity. (Dkt. 66, at 6-7.) Ms. Hebshi's proposed discovery plan contemplates that the Individual Defendants would not sit for depositions until the qualified immunity motions are resolved, and thus *Ransaw* does not undermine her argument here.

Instead, courts find that a qualified immunity motion does not protect a defendant from participating in discovery against parties who have not asserted a qualified immunity defense. "[P]arties who may be entitled to qualified immunity are not necessarily exempt from discovery when called as a witness to claims against a non-immune defendant." *Estate of Sorrells v. City of Dallas*, 192 F.R.D. 203, 210 n.8 (N.D. Tex. 2000) (citations omitted); *see also Buckner v. City of Victoria*, Civ. No. V-08-09, 2008 WL 4057929, at *4 (S.D. Tex. Aug. 26, 2008) (even where discovery "might require the involvement of individual defendants and threaten the protections such parties are provided by qualified immunity, parties who may be entitled to qualified immunity are not necessarily exempt from discovery when called as witnesses to claims against a non-immune defendant." (citation and internal marks omitted)). To determine otherwise would mean that, "by naming [the government officials] as parties, the plaintiff is less able to take discovery from them than had they not been named at all." *Denton v. Twyford*, 142 F.R.D. 140, 143 (S.D. Ohio 1992).

Relatedly, a qualified immunity motion from individual defendants does not trigger a stay of discovery on claims against a government entity, even if those claims concern the same individuals and the same actions. *See, e.g.*, *Robillard v. Bd. of Cnty. Comm'rs*, Civ. No. 11-03180, 2012 WL 694507, at *2 (D. Colo. Mar. 1, 2012) (allowing discovery on *Monell* claim against municipality to proceed although individual municipal officials had moved to dismiss on qualified immunity grounds); *Rome*, 225 F.R.D. at 645 (same); *Estate of Sorrells*, 192 F.R.D. at 210 (same). Here, Ms. Hebshi has asserted an FTCA claim against the United States for false arrest and false imprisonment effectuated by the Individual Federal Defendants. Given that qualified immunity cannot affect this claim, there is no reason that discovery on it should not

5

begin immediately, even if that discovery may involve the defendants who have sought qualified immunity on the equal protection claim.

Both sets of Defendants ground their arguments that a discovery stay should extend to claims that are not the subject of the qualified immunity motions entirely in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). (Dkt. 66, at 5-7; Dkt. 70, at 3.) However, when the Court in *Iqbal* discussed protecting government official defendants from unnecessary discovery, it did not address a situation like the one here in which the defendants claiming qualified immunity will *undoubtedly* be required to "participate in the [discovery] process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position," regardless of the resolution of the qualified immunity motion. 556 U.S. at 685. The Court's concern in *Iqbal* was discovery's "costs [to the government] in terms of efficiency and expenditure of valuable time and resources." *Id.* By contrast, if this Court were to grant Defendants the overbroad stay of discovery they seek, it would alter the timing, but not the costs, of the discovery process.[3]

In sum, there is no authority to support the proposition that a stay of discovery granted to protect a claim of qualified immunity should extend outward to encompass claims and defendants unaffected by the pending qualified immunity motions. This Court should refuse Defendants' invitation to issue a total stay of discovery and allow Ms. Hebshi to begin gathering the discovery to which she is entitled.

---

[3] Additionally, *Iqbal* is primarily concerned with the proper standard for evaluating the sufficiency of pleadings rather than the proper structure for discovery. *See Charvat v. NMP, LLC*, Civ. No. 09-209, 2009 WL 3210379, *1 (S.D. Ohio Sept. 30, 2009) (noting Iqbal "touches only secondarily (and breaks no new ground) on the issue of whether discovery should be stayed pending a motion to dismiss" on qualified immunity grounds).

### B. This Court Can Craft a Discovery Plan that Prevents Discovery on the Equal Protection Claim

This Court has all the tools it needs to ensure that discovery begins expeditiously on claims unaffected by the pending qualified immunity motions, while still protecting the substance of the qualified immunity defense asserted as to Ms. Hebshi's equal protection claims. The design of discovery is committed to the sound discretion of the trial court, *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (citation omitted), and Rule 26 of the Federal Rules of Civil Procedure "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery," *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998). The Federal Rules of Civil Procedure specifically contemplate that a court may "control[] and schedule[] discovery" and that discovery may "be conducted in phases or be limited to or focused on particular issues." Fed. R. Civ. P. 16(c)(2)(F), 26(f)(3)(B). They additionally provide that the Court may order a party to supplement an initial disclosure or a response to an interrogatory, request for production, or request for admission. Fed. R. Civ. P. 26(e)(1).

Although Ms. Hebshi is entitled, at present, to all discovery beyond that specifically and exclusively relevant to the equal protection claim, she agrees that it would be inefficient to depose the Individual Defendants while a discovery stay was in effect as to the equal protection claims against them. Ms. Hebshi believes that, in order to avoid the potential need to take additional depositions later in the litigation, delaying depositions of the Individual Defendants until after resolution of the qualified immunity motions would be appropriate.

Ms. Hebshi therefore proposes that the following discovery should proceed immediately:

1. Initial disclosures from all parties. To the extent that the Individual Defendants would make initial disclosures specific to the equal protection claim, they may withhold those disclosures at present and supplement, if necessary, after the resolution of the qualified immunity motions.

7

2. Document discovery, interrogatories, and requests for admission from all parties, except in categories that relate specifically and exclusively to the equal protection claim.[4]

3. Depositions of Frontier witnesses and third party witnesses.

This plan will adequately protect the substance of the qualified immunity defense raised by the Individual Defendants in response to Count IV of Ms. Hebshi's Complaint, while allowing Ms. Hebshi to conduct discovery efficiently and expeditiously on the remaining claims.

---

[4] Carving out this limitation for "categories related specifically and exclusively to the equal protection claim" adequately guards against the WCAA Defendants' fears that Ms. Hebshi will take "a very broad view" as to what is relevant to this claim, potentially exposing them to unwarranted discovery should the Court grant their qualified immunity motion. (*See* Dkt. 70, at 4-5.)

8

**CONCLUSION**

For the foregoing reasons, this Court should deny the Individual Defendants' motions to stay all discovery and instead enter a stay affecting only discovery specific to the equal protection claim.

Dated:  June 13, 2013

Respectfully submitted,

| | |
|---|---|
| Michael J. Steinberg (P43085) | /s/ Rachel E. Goodman |
| Kary L. Moss (P49759) | Dennis D. Parker |
| American Civil Liberties Union | Rachel E. Goodman |
|   Fund of Michigan | American Civil Liberties Union Foundation |
| 2966 Woodward Avenue | 125 Broad Street, 18th Floor |
| Detroit, MI 48201 | New York, NY 10004 |
| (313) 578-6823 | (212) 549-2500 |
| msteinberg@aclumich.org | |
| | |
| William H. Goodman (P14173) | Anna Engh |
| Julie H. Hurwitz (P34720) | Shelli Calland |
| Kathryn Bruner James (P71374) | Arjun Sethi |
| Miriam R. Nemeth (P76789) | Sarah Tremont (P73809) |
| Goodman & Hurwitz, P.C. | Covington & Burling LLP |
| Cooperating Attorneys, American Civil | 1201 Pennsylvania Ave., N.W. |
|    Liberties Union Fund of Michigan | Washington D.C. 20004 |
| 1394 E. Jefferson Ave. | (202) 662-6000 |
| Detroit, MI 48207 | aengh@cov.com |
| (313) 567-6170 | scalland@cov.com |
| mail@goodmanhurwitz.com | asethi@cov.com |
| | stremont@cov.com |
| | |
| | *Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on June 13, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Sarah Whitman: Sarah.Whitman@usdoj.gov
Alan B. Havis: ahavis@airportdefender.com
T. Joseph Seward: tjseward@cmda-law.com
Brian Maye: bmaye@amm-law.com
Alexander Ayar: aayar@fosterswift.com
Steven Boldt: sboldt@amm-law.com

  /s/ Rachel E. Goodman
Rachel E. Goodman
American Civil Liberties Union
    Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
rgoodman@aclu.org