IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHOSHANA HEBSHI, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Terrence G. Berg |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Laurie J. Michelson |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | Case No. 4:13-cv-10253 |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JEREMY BOHN, CORPORAL MICHAEL BRADLEY, LIEUTENANT MICHAEL WASIUKANIS, and CAPTAIN PATRICK DRISCOLL, | ) | |
| | ) | |
| Cross Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, INC. | ) | |
| | ) | |
| Cross Defendants. | ) | |

**CROSS DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO DISMISS CROSS PLAINTIFFS JEREMY BOHN, CORPORAL MICHAEL BRADLEY, LIEUTENANT MICHAEL WASIUKANIS AND CAPTAIN PATRICK DRISCOLL'S <u>CROSS COMPLAINT</u>**

Cross Defendant, FRONTIER AIRLINES, INC., by and through its attorneys, Adler Murphy & McQuillen LLP and Foster Swift Collins & Smith PC, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Honorable Court to dismiss Cross Plaintiffs, JEREMY BOHN, CORPORAL MICHAEL BRADLEY, LIEUTENANT

1

MICHAEL WASIUKANIS AND CAPTAIN PATRICK DRISCOLL's Cross Complaint with prejudice for failure to state a claim for which relief can be granted.

On June 13, 2013, counsel for Frontier contacted counsel for Cross Plaintiffs and requested concurrence in the relief sought in this motion, explaining the nature of the motion and its legal basis for the same, but concurrence was denied. In further support of this motion, Frontier relies upon the following brief in support.

Dated: June 14, 2013

Respectfully submitted,

/s/  Steven L. Boldt

Brian T. Maye (IL 6288778)
Steven L. Boldt (IL 6302430)
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
bmaye@amm-law.com
sboldt@amm-law.com

Alexander A. Ayar (P69623)
Foster Swift Collins & Smith PC
32300 Northwestern Hwy., Suite 230
Farmington Hills, MI 48334
Phone: (248) 538-6326
AAyar@fosterswift.com

**Counsel for Frontier Airlines, Inc.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHOSHANA HEBSHI, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Terrence G. Berg |
| | ) | |
| v. | ) | Magistrate Judge Laurie J. Michelson |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | Case No. 4:13-cv-10253 |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JEREMY BOHN, CORPORAL MICHAEL BRADLEY, LIEUTENANT MICHAEL WASIUKANIS, and CAPTAIN PATRICK DRISCOLL, | ) | |
| | ) | |
| Cross Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, INC. | ) | |
| | ) | |
| Cross Defendants. | ) | |

BRIEF IN SUPPORT OF MOTION TO DISMISS CROSS-PLAINTIFFS
JEREMY BOHN, CORPORAL MICHAEL BRADLEY, LIEUTENANT MICHAEL
WASIUKANIS AND CAPTAIN PATRICK DRISCOLL'S CROSS COMPLAINT

i

## ISSUE PRESENTED

I. Whether agreements to indemnify and insure another for the indemnitee's own intentional and unconstitutional conduct are void and unenforceable under Michigan law and public policy?

**Frontier Airlines, Inc. responds, "Yes."**

**Cross Plaintiffs respond, "No."**

# CONTROLLING AUTHORITY

*Caldwell v. Enyeart,*
    1995 U.S. App. LEXIS 37003, 72 F.3d 129 (table) (6th Cir. Mich. Dec. 8, 1995).

*Wagner v. Regency Inn Corp.,*
    186 Mich. App. 158 (Mich. Ct. App. 1990).

*Holmes v. St. Clair County,*
    2005 U.S. Dist. LEXIS 35038 (E.D. Mich. July 18, 2005).

*Powers v. Apcoa Standard Parking, Inc.,*
    259 F. Supp. 2d 606 (E.D. Mich. 2003).

## INDEX OF AUTHORITIES

**LEGAL STANDARD**

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,*
    176 F.3d 315 (6th Cir. 1999) ............................................................................ 2

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ...................................................................................... 3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .......................................................................................... 2

*Evangelist v. Green Tree Servicing, LLC,*
    2013 U.S. Dist. LEXIS 76875 (E.D. Mich. May 31, 2013) ............................. 3

*In re DeLorean Motor Co.,*
    991 F. 2d 1236 (6th Cir. 1993) ......................................................................... 3

*Minger v. Green,*
    239 F.3d 793 (6th Cir. 2001) ............................................................................ 2

*Morgan v. Church's Fried Chicken,*
    829 F.2d 10 (6th Cir. 1987) .............................................................................. 3

*Weiner v. Klais & Co.,*
    108 F.3d 86 (6th Cir. 1997) .............................................................................. 3

FED. R. CIV. P. 12(b)(6) ............................................................................................ 3

FED. R. CIV. P. 10(c) ................................................................................................. 3

**ARGUMENT**

*Caldwell v. Enyeart,*
    1995 U.S. App. LEXIS 37003, 72 F.3d 129 (table) (6th Cir. Dec. 8, 1995) ....... 4, 5, 6

*Commercial Union Ins. Co. v. Basic Am. Med., Inc.,*
    703 F. Supp. 629 (E.D. Mich. 1989) ................................................................ 6

*Cramer v. Matish,*
    1990 U.S. App. LEXIS 21616 (6th Cir. Nov. 2, 1990) ..................................... 5

*Federoff v. Ewing,*
    192 N.W.2d 242 (Mich. 1971) .......................................................................... 6

*Haynes v. Marshall*,
    887 F.2d 700 (6th Cir. 1989) .................................................................................... 3

*Holmes v. St. Clair County*,
    2005 U.S. Dist. LEXIS 35038 (E.D. Mich. July 18, 2005) ........................................ 4

*Hurd v. Hodge*,
    334 U.S. 24 (1948) .................................................................................................... 4

*L'Orange v. Med. Protective Co.*,
    394 F.2d 57 (6th Cir. 1968) ...................................................................................... 4

*Powers v. Apcoa Standard Parking, Inc.*,
    259 F. Supp. 2d 606 (E.D. Mich. 2003) .................................................................... 4

*Sands Appliance Services, Inc. v. Wilson*,
    463 Mich. 231 (Mich. 2000) ..................................................................................... 4

*Vigilant Ins. Co. v. Kambly*,
    319 N.W.2d 382 (Mich. Ct. App. 1982) ................................................................... 5

*Wagner v. Regency Inn Corp.*,
    186 Mich. App. 158 (Mich. Ct. App. 1990) ......................................................... 4, 6

*Walker v. Mich. Pub. Serv. Comm'n*,
    24 F. Supp. 2d 803 (W.D. Mich. 1998) .................................................................... 3

## STATEMENT OF FACTS

On January 22, 2013, Plaintiff Shoshana Hebshi ("Hebshi") filed suit against Frontier Airlines, Inc. ("Frontier") and Cross Plaintiffs Jeremy Bohn, Corporal Michael Bradley, Lieutenant Michael Wasiukanis and Captain Patrick Driscoll in their individual capacities (hereinafter collectively referred to as "Cross Plaintiffs"), among others, seeking various forms of recovery related to her removal from a Frontier flight and subsequent arrest and detainment after landing at Detroit Metropolitan Wayne County Airport on September 11, 2011. (Doc. #1).

Three counts of Hebshi's Complaint are directed against the Cross Plaintiffs. Count IV of Hebshi's Complaint alleges that Cross Plaintiffs "acted intentionally and unlawfully in discriminating against Ms. Hebshi on account of her perceived ethnicity, race, or national original," and such "conduct violated Ms. Hebshi's clearly established constitutional right to equal protection of the laws of the United States." (Doc. #1, p.22). Count V alleges that Cross Plaintiffs "acted intentionally and unlawfully in arresting and detaining Ms. Hebshi with no articulable facts connecting Ms. Hebshi to criminal activity or providing probable cause," and such "conduct violated her constitutional right to be free from unreasonable seizures." (Doc. #1, p.23). Finally, Count VI alleges that Cross Plaintiffs "intentionally and unlawfully performed [and/or ordered] a strip search of Ms. Hebshi in violation of her right to be free from unreasonable searches." (Doc. #1, p.24). In all three counts, Hebshi claims that Cross Plaintiffs' reckless indifference and callous disregard for her constitutional rights "entitl[es] her to punitive damages." (Doc. #1, pp.22-24).

On April 15, 2013, prior to Frontier's appearance in this suit, Cross Plaintiffs filed a Cross Complaint against Frontier, alleging two counts for breach of contract. (Doc. # 40-2). Specifically, Cross Plaintiffs allege that Frontier entered into a four year Non-Signatory Airline Operating Agreement with the Wayne County Airport Authority ("WCAA") to lease space and operate air carrier services at Metro Airport (hereinafter the "Frontier/WCAA Contract"). (Doc. #40-2, ¶9). According to the Cross Complaint, because Frontier failed to accept the Cross Plaintiffs' tender of their defense/indemnity and failed to obtain insurance for the Cross Plaintiffs to cover the constitutional claims made against Cross Plaintiffs by Hebshi related to their intentional conduct, Frontier is liable to Cross Plaintiffs in breach of contract. (Doc. #40-2, ¶¶7-20).

## LEGAL STANDARD

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citations omitted). Accordingly, Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test whether, as a matter of law, a party is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted).

In order to survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). To determine whether a claim has been stated in the complaint, a court must consider only the

2

complaint and any written instruments that are attached as exhibits to the pleading. FED. R. CIV. P. 12(b)(6); *see also* FED. R. CIV. P. 10(c). "If the plaintiff does not directly refer to a document in the pleadings, but that document governs the plaintiff's rights and is necessarily incorporated by reference, then the motion need not be converted to one for summary judgment." *Evangelist v. Green Tree Servicing, LLC*, 2013 U.S. Dist. LEXIS 76875, at *6 (E.D. Mich. May 31, 2013) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).

Although the pleading standard is liberal, bare assertions of legal conclusions will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *In re DeLorean Motor Co.*, 991 F. 2d 1236, 1240 (6th Cir. 1993). The Court will not presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Iqbal*, 129 S. Ct. at 1950; *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## ARGUMENT

I. **THE CROSS COMPLAINT AGAINST FRONTIER MUST BE DISMISSED BECAUSE IT IS AGAINST MICHIGAN LAW AND PUBLIC POLICY TO INDEMNIFY AND INSURE ANOTHER PARTY FOR ITS OWN INTENTIONAL CONDUCT**

A federal court exercising supplemental jurisdiction over a contract claim "sits as a court of the forum state and is bound to apply its substantive law." *Walker v. Mich. Pub. Serv. Comm'n*, 24 F. Supp. 2d 803, 806 (W.D. Mich. 1998) (citing *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989)). Accordingly, Michigan law applies to the Cross Plaintiffs' claims arising out of the Frontier/WCAA Contract. *See id.*

3

Under Michigan law, "a contract which purportedly indemnifies one against the consequences of his or her own negligence is subject to strict construction and will not be construed unless it clearly appears that it was intended to cover the indemnitee's own negligence." *Powers v. Apcoa Standard Parking, Inc.*, 259 F. Supp. 2d 606, 609 (E.D. Mich. 2003). Further, "indemnity contracts are construed most strictly against the party who drafts them and the indemnitee." *Id.*

Of significance, agreements to indemnify another for the other's intentional conduct are void and unenforceable. *Wagner v. Regency Inn Corp.*, 186 Mich. App. 158, 169 (Mich. Ct. App. 1990) ("To the extent that the trial court's ruling may be construed to render [indemnitor] liable for indemnification of intentional wrongdoing on the part of [indemnitee], we agree that is void and unenforceable."); *accord Caldwell v. Enyeart*, 1995 U.S. App. LEXIS 37003, at *15, 72 F.3d 129 (table) (6th Cir. Dec. 8, 1995) ("[I]t is against Michigan public policy to insure oneself against one's intentionally tortious conduct."); *see also Sands Appliance Services, Inc. v. Wilson*, 463 Mich. 231, 239 (Mich. 2000) ("Courts have a duty to refuse to enforce a contract that is contrary to public policy.").

Further, this Court has previously held that an agreement to indemnify government officers for their own "alleged constitutional violations . . . is untenable as a matter of public policy." *Holmes v. St. Clair County*, 2005 U.S. Dist. LEXIS 35038, at *15 (E.D. Mich. July 18, 2005) (citing *Hurd v. Hodge*, 334 U.S. 24, 35 (1948) (noting that agreements that tend to injure the public good will be found violative of public policy); *L'Orange v. Med. Protective Co.*, 394 F.2d 57, 60 (6th Cir. 1968) (noting that courts should not hesitate in voiding agreements that tend to injure the public good or

4

contravene an established interest of society)); *see also Cramer v. Matish,* 1990 U.S. App. LEXIS 21616, at *12-13 (6th Cir. Nov. 2, 1990) ("Indemnification clauses in collective bargaining agreements which purport to relieve public employers from liability for violations of federal constitutional and civil rights are void as against public policy. Without such a role, public employees would have no incentive to fulfill their constitutional duties.").

For example, the Sixth Circuit's opinion in *Caldwell v. Enyeart* is instructive. 1995 U.S. App. LEXIS 37003, 72 F.3d 129 (table) (6th Cir. Dec. 8, 1995). There, a civil rights action was filed against a county and its contract medical services provider alleging gross negligence in the death of a prisoner while incarcerated. *Id.* at *2-5. The county settled the action and filed a cross-claim for indemnification against the medical provider, seeking recovery of attorney fees and the settlement amount pursuant to a broad indemnification provision contained in their contract. *Id.* at *6-7. The district court granted the county's motion for summary judgment, finding "that the indemnification provision clearly and unequivocally stated that [the medical provider] would 'defend and indemnify Washtenaw County . . . from any and all liabilities . . . and costs, . . . including legal fees of whatsoever kind and nature." *Id.* at *7.

In reversing the judgment and vacating the award, the Sixth Circuit found that "it is against Michigan public policy to insure oneself against one's intentionally tortious conduct." *Id.* at *15 (citing *Vigilant Ins. Co. v. Kambly*, 319 N.W.2d 382, 385 (Mich. Ct. App. 1982)). The *Caldwell* court noted that:

> The question whether a contract is against public policy depends upon its purpose and tendency, and not upon the fact that no harm results from it. In other words, all agreements the purpose of which is to create a situation

5

> which tends to operate to the detriment of the public interest are against public policy and void, whether in the particular case the purpose of the agreement is or is not effectuated. For a particular undertaking to be against public policy actual injury need not be shown; it is enough if the potentialities for harm are present.

*Id.* at *16 (quoting *Federoff v. Ewing*, 192 N.W.2d 242, 245-46 (Mich. 1971)). Because indemnifying a party of its own gross negligence or intentional conduct "is against public policy, it is also void under Michigan law." *Id.* Accordingly, the Sixth Circuit reversed and vacated the district court's award of indemnification and attorneys' fees. *Id.* at *23-24.

Similarly, here, all the claims made by Hebshi against Cross Plaintiffs (Counts IV, V, and VI) seek recovery for alleged <u>intentional</u> and unconstitutional conduct in arresting, detaining, and strip searching Hebshi. To the extent that Frontier allegedly has an obligation under the contract to indemnify and insure the Cross Plaintiffs for such conduct, which is explicitly denied, such an agreement, as applied to these claims, is void and unenforceable under Michigan law. *See, e.g., Wagner*, 186 Mich. App. at 169. *Cf. Commercial Union Ins. Co. v. Basic Am. Med., Inc.*, 703 F. Supp. 629 (E.D. Mich. 1989) ("In this case, [plaintiffs] essentially complain of defendants' intentional acts, not accidental occurrences. [Plaintiffs] allege that defendants terminated their employment in retaliation for their charge of corporate waste. Such termination was intentional. Even assuming the defendants negligently evaluated [plaintiffs], the alleged cause of their termination was retaliation, an intentional act.").

As a result, the Cross Plaintiffs fail to state a claim upon which relief can be granted, and this Court must dismiss their Cross Complaint against Frontier with prejudice.

**CONCLUSION**

Cross Plaintiffs improperly seek indemnification from Frontier, pursuant to the Frontier/WCAA Contract, for their allegedly intentional and unconstitutional conduct directed towards Hebshi. As applied to these claims, such indemnification is void and unenforceable under Michigan law and public policy, and, therefore, fails to state a claim upon which relief can be granted.

**RELIEF REQUESTED**

For the reasons set forth in this motion and support brief, Cross Defendant, FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing Cross Plaintiffs Jeremy Bohn, Cpl. Michael Bradley, Lt. Michael Wasiukanis and Cpt. Patrick Driscoll's Cross Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), with prejudice, and for such further relief as this Court deems just and reasonable.

Dated: June 14, 2013                                  Respectfully submitted,

/s/  Steven L. Boldt

Brian T. Maye (IL 6288778)
Steven L. Boldt (IL 6302430)
Adler Murphy & McQuillen LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
bmaye@amm-law.com
sboldt@amm-law.com

Alexander A. Ayar (P69623)
Foster Swift Collins & Smith PC
32300 Northwestern Hwy., Suite 230
Farmington Hills, MI 48334
Phone: (248) 538-6326
AAyar@fosterswift.com

**Counsel for Frontier Airlines, Inc.**

7

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on June 14, 2013, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Eastern District of Michigan, Southern Division by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

                                                /s/ Steven L. Boldt
                                                Steven L. Boldt (IL 6302430)