**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHOSHANA HEBSHI,                              )
                                             )
        Plaintiff,                           )        Hon. Terrence G. Berg
                                             )        Magistrate Judge Laurie J. Michelson
    v.                                       )
                                             )        Case No. 4:13-cv-10253
UNITED STATES OF AMERICA, et al.,            )
                                             )
        Defendants.                          )
_____)

**DEFENDANTS JOHN BRAND, DAVID LAKATOS,**
**NATHANAEL DEVINS, ROBERT BALL AND PAUL BRUMLEY'S**
**REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO STAY DISCOVERY**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................................ iii

INDEX OF EXHIBITS ............................................................................................................ iv

BRIEF ........................................................................................................................................ 1

## **TABLE OF AUTHORITIES**

<u>Cases</u>

*Adkins v. Suba*,
   No. 09cv29, 2010 WL 934017 (D. Guam Mar. 8, 2010)................................................ 2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................. 1, 2, 5

*Behrens v. Pelletier*,
   516 U.S. 299 (1996).................................................................................................... 4

*Eggert v. Chaffee County*,
   No. 10cv1320, 2010 WL 3359613 (D. Colo. Aug. 25, 2010) ...................................... 2

*Elmaghraby v. Ashcroft*,
   No. 04cv1809, 2005 WL 2375202 (E.D.N.Y. Sept. 27, 2005)..................................... 2

*Falconer v. Kasperzyk,*,
   No. 08cv1707, slip op. (D. Conn. July 23, 2010) ....................................................... 4

*Herrera v. Santa Fe Pub. Sch.*,
   No. 11cv422, 2012 WL 6846393 (D. N.M. Dec. 20, 2012) ..................................... 2, 5

*M.G. v. Metro. Interpreters & Translators, Inc.*,
   No. 12cv460, 2013 WL 690833 (S.D. Cal. Feb. 26, 2013) ......................................... 2

*McLaurin v. Morton*,
   48 F.3d 944 (6th Cir. 1995) ....................................................................................... 4

*Rank v. Jenkins*,
   No. 04cv997, 2005 WL 1009625 (S.D. W.Va. Apr. 28, 2005) ................................... 5

*Ransaw v. United States*,
   No. 10cv1672, 2011 WL 1752160 (N.D. Ohio May 5, 2011).................................... 4

*Robillard v. Bd. of Cnty. Comm'rs*,
   No. 11-3180, 2012 WL 694507 (D. Colo. Mar. 1, 2012) ........................................... 3

*Roth v. President & Bd. of Trustees of Ohio Univ.*,
   No. 08cv1173, 2009 WL 2579388 (S.D. Ohio Aug. 18, 2009).................................. 3

*Smith v. Leis*,
   407 F. App'x 918 (6th Cir. 2011)............................................................................... 3

## <u>INDEX OF EXHIBITS</u>

**<u>Exhibit 1:</u>**     *Falconer v. Kasperzyk*, No. 08cv1707, slip op. (D. Conn. July 23, 2010) (ECF No. 56)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| SHOSHANA HEBSHI, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Terrence G. Berg |
| | ) | Magistrate Judge Laurie J. Michelson |
| v. | ) | |
| | ) | Case No. 4:13-cv-10253 |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS JOHN BRAND, DAVID LAKATOS,**
**NATHANAEL DEVINS, ROBERT BALL AND PAUL BRUMLEY'S**
**REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO STAY DISCOVERY**

As explained in the individual federal defendants' Motion to Stay Discovery, the issue of qualified immunity should be resolved before discovery begins. ECF No. 66, at 2-7. In her Response to the individual defendants' Motion to Stay, Plaintiff concedes that a stay of discovery as to the equal protection claim against the individual defendants is warranted. ECF No. 72 at 7. She also admits that proceeding with depositions of the individual defendants would be inappropriate. *Id.* at 4 n.2, 7. She nonetheless suggests that all other discovery against these defendants, including initial disclosures, interrogatories and requests for admission (as well as discovery against the other parties) should proceed. As described below, Plaintiff's proposal is unworkable and allows Plaintiff to circumvent the protections afforded by qualified immunity.

Although defendants focused their Motion to Stay on authority within this Circuit, since *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts elsewhere have recognized that a stay of all discovery—even as to parties who have not raised immunity—ensures that defendants entitled to qualified immunity are not unnecessarily and irrevocably subjected to the burdens the doctrine was designed to alleviate. *E.g., Herrera v. Santa Fe Pub. Sch.*, No. 11cv422, 2012 WL 6846393,

at *10 (D. N.M. Dec. 20, 2012) (halting discovery as to all parties—including those not raising immunity—pending resolution of immunity because "[t]he policy underlying a discovery stay [] not only protect[s] the public official from being personally subjected to the burdens of litigation, but it protects the public official from the attendant burdens."); *M.G. v. Metro. Interpreters & Translators, Inc.*, No. 12cv460, 2013 WL 690833, at *2 (S.D. Cal. Feb. 26, 2013) (staying all discovery even for parties without immunity); *Eggert v. Chaffee County*, No. 10cv1320, 2010 WL 3359613, at *3 (D. Colo. Aug. 25, 2010) (staying all discovery, including for defendants with no immunity defense, noting that "[b]ecause a stay as to some defendants but not others does not relieve the defendant asserting immunity from the burdens of litigation, a stay of all proceedings is appropriate when an immunity defense is asserted."); *Adkins v. Suba*, No. 09cv29, 2010 WL 934017, at *1,*2 (D. Guam Mar. 8, 2010) (staying all discovery until immunity resolved, even against entity that had no immunity). Just as in this case, the plaintiffs in *Eggert* opposed a stay of discovery on grounds that not all defendants were entitled to raise an immunity defense. 2010 WL 3359613, at *2,*3. The court rejected plaintiffs' position as contrary to *Iqbal*, stating that "in a suit with multiple defendants, only some of whom assert an immunity defense, all discovery should be postponed pending a ruling on immunity." *Id*. Indeed, in *Iqbal*, although Defendants Ashcroft and Mueller were the only defendants before the Supreme Court, plaintiffs also asserted claims against the United States and constitutional and statutory claims against 32 *other* defendants. *Elmaghraby v. Ashcroft*, No. 04cv1809, 2005 WL 2375202, at *1 (E.D.N.Y. Sept. 27, 2005). Yet, *Iqbal* noted, "[i]t is no answer ... to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants." 556 U.S. at 685.

The controlling authorities on which Plaintiff relies, ECF No. 72 at iii, all predate *Iqbal*, with the exception of *Roth v. President & Bd. of Trustees of Ohio Univ.,* No. 08cv1173, 2009

WL 2579388 (S.D. Ohio Aug. 18, 2009).[1]  *Roth* was decided three months after *Iqbal*, but it

failed to address the decision.  *Roth* concluded that discovery pertaining to the damages claim

"must be stayed" while the qualified immunity motion was pending, but declined to stay class

certification and injunctive relief claims. *Id*. at *3.  The court noted that the case was primarily

about injunctive relief, not damages, and it was not a case "where the issues underlying the

individual liability claims so predominate" that discovery on other claims "would effectively

eviscerate the qualified immunity defense." *Id.*  As is clear from Plaintiff's description of the

discovery she seeks, ECF No. 72 at 2, the issues underlying the equal protection claim (*i.e.*, what

information officials had and what actions they took) substantially overlap with the Fourth

Amendment claims against them such that this case falls within the category of cases recognized

by *Roth* as justifying a more complete stay.  Furthermore, the Sixth Circuit recently criticized a

district court for proceeding as *Roth* did.  In *Smith v. Leis*, 407 F. App'x 918, 922 (6th Cir. 2011),

the district court denied a motion to stay, reasoning that other claims would remain pending

regardless of the decision on qualified immunity. The Sixth Circuit admonished the court for

permitting discovery to continue on class certification before resolving immunity.  *Id*. at 926.

Plaintiff mistakenly suggests that because defendants will be required to provide

discovery on the Fourth Amendment claim regardless of the outcome of the pending motion,

allowing discovery to proceed "creates no additional burden."  ECF No. 72, at 1.  A similar

argument about the attendant burdens of litigation in the context of an interlocutory appeal was

---

[1] In her brief, Plaintiff cites to only one post-*Iqbal* case besides *Roth*, *Robillard v. Bd. of Cnty. Comm'rs,* No. 11-3180, 2012 WL 694507 (D. Colo. Mar. 1, 2012).  There, the court permitted discovery against the entity to proceed despite a pending qualified immunity motion.  As part of its reasoning, however, the court noted that defendants only cursorily raised qualified immunity in their motion to dismiss, arguing it in the alternative and relegating it to one paragraph in a footnote.  *Id*. at *2.  The court determined that the immunity argument was not well-developed or compelling on its face, counseling against a stay.  *Id*.

rejected by the Supreme Court in *Behrens v. Pelletier*, 516 U.S. 299 (1996).  In that case, the plaintiff argued that no interlocutory appeal is available when "the defendant will be required to endure discovery and trial on matters separate from the claims against which immunity was asserted." *Id*. at 311.  The Court determined that the practical effect of such a proposal was "intolerable" because under such an approach as long as plaintiff alleges the violation of one clearly established right, the qualified immunity right not to be subjected to pretrial proceedings would be eliminated if the court ruled erroneously.  *Id*. at 312; *McLaurin v. Morton*, 48 F.3d 944, 949 (6th Cir. 1995) (explaining that even though resolution of the qualified immunity defense on one claim would only *reduce* discovery and not *eliminate* it, litigation burdens are lessened when a claim is dismissed and thus permitting appeal on one claim best meets the objectives and purposes of immunity).  The practical effect of Plaintiff's discovery plan is similarly intolerable because defendants' right to avoid discovery on the equal protection claim will effectively be lost simply because Plaintiff also brought a claim under the Fourth Amendment.  The better course is to stay discovery as to all claims against them until immunity is resolved.

Protecting the substance of the immunity defense is so crucial that even in cases in which *no* party has raised an immunity defense, courts have nonetheless halted discovery because permitting discovery to proceed would undermine the protection afforded by qualified immunity. *E.g*., *Ransaw v. United States*, No. 10cv1672, 2011 WL 1752160, at *2 (N.D. Ohio May 5, 2011) (staying *all* discovery—not just depositions—because the "benefit of the qualified immunity doctrine would be lost" in parallel case if discovery against the United States went forward); *Falconer v. Kasperzyk*, No. 08cv1707, slip op. at 7 (D. Conn. July 23, 2010) (ECF No. 56) (quashing deposition because "allowing such discovery here might mislead and prejudice [the defendant] in the [parallel] case"); *see id*., ECF No. 64 (granting motion for publication).

4

Finally, Plaintiff's proposed discovery plan makes plain the impossibility of conducting discovery on other claims without eviscerating the protections of qualified immunity. For example, were this court to set parameters for discovery limited to particular issues as Plaintiff proposes, ECF No. 72 at 7-8, defendants asserting immunity would be forced to scrutinize every deposition question, interrogatory and request for admission to ensure that the request does not invade the protection afforded by qualified immunity and seek court intervention if it does.  This is precisely the sort of "careful-case-management" of discovery that the Supreme Court rejected. *Iqbal*, 556 U.S. at 685; *see also Herrera*, 2012 WL 6846393, at *10 (staying discovery for all parties because a "partial stay could drag the court into endless disputes about to whom the discovery stay applies"); *Rank v. Jenkins*, No. 04cv997, 2005 WL 1009625, at *2 (S.D. W.Va. Apr. 28, 2005) (staying discovery as to all parties until resolution of motion to dismiss because plaintiff sought discovery "bearing directly on the interests of [defendants who raised the immunity defense]" and immunity "would be of lesser value to [defendants] if plaintiffs simply could in part circumvent it by going forward with discovery" as to other parties).  To best protect the substance of the immunity defense, the stay should extend to all discovery among the parties, aside from document production by Plaintiff, the United States and Frontier.

Dated: June 18, 2013                          Respectfully submitted,

                                              */s/*Sarah E. Whitman
                                              SARAH E. WHITMAN (MA Bar No. 657726)
                                              Trial Attorney, Torts Branch, Civil Division
                                              United States Department of Justice
                                              P.O. Box 7146, Ben Franklin Station
                                              Washington, D.C. 20044
                                              Telephone: (202) 616-0089
                                              Facsimile: (202) 616-4314
                                              Email: Sarah.Whitman@usdoj.gov

                                              *Counsel for Defendants Brand, Lakatos, Devins, Ball, and Brumley*

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on June 18, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Julie H. Hurwitz: jhurwitz@goodmanhurwitz.com**
**Kathryn Bruner James: kjames@goodmanhurwitz.com**
**Miriam R. Nemeth: mnemeth@goodmanhurwitz.com**
**Rachel E. Goodman: Rgoodman@aclu.org**
**William H. Goodman: bgoodman@goodmanhurwitz.com**
**Michael J. Steinberg: msteinberg@aclumich.org**
**Sarah Tremont: stremont@cov.com**
**Alan B. Havis: ahavis@airportdefender.com**
**T. Joseph Seward: tjseward@cmda-law.com**
**Brian Maye: bmaye@amm-law.com**
**Alexander Ayar: aayar@fosterswift.com**
**Steven Boldt: sboldt@amm-law.com**
**Lindsey Kaczmarek@lkaczmarek@cmda-law.com**

I further hereby certify that I have mailed by United States Postal Service the foregoing paper to the following non-ECF participants:

**None**

        /s/_Sarah E. Whitman_____
        Sarah E. Whitman
        Trial Attorney
        Torts Branch, Civil Division
        United States Department of Justice
        P.O. Box 7146, Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 616-0089
        Email: Sarah.Whitman@usdoj.gov