IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHOSHANA HEBSHI, ) | |
| ) | |
| Plaintiff, ) | Hon. Terrence G. Berg |
| ) | Mag. J. Laurie J. Michelson |
| v. ) | |
| ) | Case No. 4:13-cv-10253 |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### DEFENDANTS BRAND, LAKATOS, DEVINS, BALL AND BRUMLEY'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR PARTIAL MOTION TO DISMISS

In their Opening Brief, the individual federal defendants demonstrated that they are entitled to qualified immunity on Plaintiff's equal protection claim because she failed to allege facts showing that they violated clearly established law. In her Response, Plaintiff mischaracterizes the contents of her own Complaint and, in an attempt to ascribe discriminatory animus where none exists, urges this court to impute the actions and statements of others to the federal defendants. Such an approach is contrary to qualified immunity case law.

Plaintiff's inability to point to any facts in the Complaint that show that the federal defendants "acted with discriminatory purpose," *Ashcroft v. Iqbal*, 556 U.S.

662, 676 (2009), dooms her equal protection claim.[1] Plaintiff attempts to dismiss *Iqbal* as a supervisory liability case, inapplicable purportedly because she does not seek to hold defendants accountable for their supervisory actions. Pl.'s Resp., ECF No. 76 at 11-12. But what *Iqbal* teaches, and *Marcilis v. Township of Redford*, 693 F.3d 589 (6th Cir. 2012) reiterates, is that for a plaintiff to reach into an officer's personal assets, she must plead facts showing that he personally violated the Constitution—not as a part of a collective and not based on others' conduct.[2] This central tenet requiring personal involvement in the constitutional violation at issue applies to all *Bivens* claims.

In response, Plaintiff inexplicably devotes a significant portion of her Brief to arguing that law enforcement did not have probable cause to arrest her. ECF No. 76 at 8-13, 16. She discusses at length allegations that defendants "participated in

---

[1] Plaintiff relies on the wrong standard of review for defendants' motion. First, she posits that "[d]efendants face a heavy burden" and that "formidable presumptions" favor plaintiff at this stage, Pl.'s Resp., ECF No. 76 at 6. Plaintiff ignores the fact that defendants raised qualified immunity and thus she bears the burden of proving they are not entitled to immunity. *See Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012). Second, she cites to the outdated "no set of facts" standard, ECF No. 76 at 6, which the Supreme Court has said "earned its retirement." *Bell Atl. v. Twombly*, 550 U.S. 544, 563 (2007); *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1050 (6th Cir. 2011) (reporting that the Court abrogated the no set of facts rule).

[2] Plaintiff's allegation of discrimination is distinguishable from the excessive force claim in *Townsend v. Owens,* No. 12cv10379, 2012 WL 6214395, at *4 (E.D. Mich. Dec. 13, 2012), ECF No. 76 at 12-13, where the alleged action or inaction of each officer served as a basis for individual liability because plaintiff alleged that each officer either beat him or stood by and watched him get beaten.

2

the decision to arrest and detain" her and were present when officers devised a plan to board the aircraft, arrest Plaintiff and remove her to a detention facility. *Id*. Yet, these assertions do nothing to support her discrimination claim.[3] To overcome an immunity defense, plaintiff must "'allege, with particularity, facts that demonstrate what each defendant did to violate *the asserted constitutional right*.'" *Marcilis*, 693 F.3d at 596-97 (emphasis added) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). While Plaintiff's allegation that a defendant participated in the decision to detain her (or detained her) may be relevant to her Fourth Amendment claim, it does not show that the defendant discriminated against her. *E.g., Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 572 (6th Cir. 2011) (dismissing defendants against whom no allegations were made showing that they were motivated by race even though plaintiff alleged that *all* defendants participated in the decision to suspend him); *Iqbal*, 556 U.S. at 682-83 ("Though respondent alleges that various other defendants …. may have labeled him a person of 'high interest' for impermissible reasons, …the complaint does not show, or even intimate, that [Ashcroft or Mueller] purposefully housed detainees… due to their race…."). In

---

[3] Indeed, in her entire Response Brief, other than addressing cases defendants proffered, Plaintiff cites only two cases involving the evaluation of an equal protection claim on a motion to dismiss, neither of which applied the standards that govern defendants' motion here: *High v. Fuchs*, 74 F. App'x 499 (6th Cir. 2003) and *Davis v. Prison Health Servs.*, 679 F.3d 433 (6th Cir. 2012). *Davis* involved a 28 U.S.C. § 1915 screening, wherein the court interpreted a *pro se* complaint liberally and did not evaluate qualified immunity; *High* predates *Iqbal*.

an attempt to salvage her claim, Plaintiff relies on two allegations about others—neither of which is relevant to defendants here. *See* ECF No. 76 at 14, citing Compl. ¶ 47 (flight attendants told pilot that two men of "possibly Arab descent" were repeatedly going to the restroom and standing in the aisle); ¶ 82 (officer asked Plaintiff if she spoke English). These allegations cannot serve as a basis for a personal liability claim for discrimination against the federal defendants.[4]

Plaintiff also complains that defendants have asked the court to credit "their version of the facts" and she asserts that immunity is dependent on which version of facts the court accepts. ECF No. 76 at 15, 21. The out-of-circuit cases in which no immunity was raised and the summary judgment cases to which Plaintiff cites, *id.*, are inapposite to this motion to dismiss based on immunity. In any event, defendants have proffered not one fact outside the Complaint. Instead, they

---

[4] Plaintiff concedes that she has not alleged that she was treated differently than a similarly situated person, ECF No. 76 at 18, despite the fact that the Sixth Circuit requires such an allegation to support the claim Plaintiff pursues here. *See* Defs.' Mot., ECF No. 57 at 9 n.8 (collecting cases). Though Plaintiff asserts she may rely on direct evidence alone, Plaintiff cites no case in which a complaint devoid of allegations of differential treatment survived a motion to dismiss. In fact, the only case Plaintiff cites for this proposition, *Davis*, 679 F.3d at 436-37, included allegations of differential treatment of similarly situated persons. Further, Plaintiff's contention that she has alleged "direct evidence" of discrimination is meritless and misleading. The allegations in this Complaint are nothing like those the Sixth Circuit has considered as direct evidence. *Id.* at 438 (ridicule and under-the-breath remarks by defendants about plaintiff's sexuality); *Umani v. Michigan Dept. of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011) ("Direct evidence is composed of only the most blatant remarks, whose intent could mean nothing other than to discriminate …").

challenge the adequacy of the equal protection claim against them as a matter of law because Plaintiff fails to plead *any facts* showing these defendants acted with discriminatory purpose as *Iqbal* requires.[5] *E.g., Rondigo v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (rejecting plaintiff's attempt to frame qualified immunity issue at the Rule 12 stage as one about factual support for, rather than the legal sufficiency of, an equal protection claim). And, the facts that she does plead demonstrate the implausibility of her conclusory allegation of discrimination against defendants. In particular, Plaintiff alleges the following: Frontier identified Plaintiff in its report of suspicious activity on September 11, 2011, stating that "she might also be with the two men," Compl., ECF No. 1 ¶¶ 1, 49, 51; a Frontier pilot told a WCAP officer by phone from the plane that "a third passenger [Plaintiff] may also be involved in the incident but is seated and compliant at this time," *id*. ¶ 55; and an FBI agent told Plaintiff that someone had "reported her and the two men in her row as being engaged in suspicious activity during the flight," *id*. ¶ 101.[6]

---

[5] Plaintiff alternatively asserts that defendants have argued that "there is no evidence" that they knew her race or ethnicity. ECF No. 76 at 17. Plaintiff contends that such an argument should not be credited. Plaintiff mischaracterizes defendants' position. In their Brief, defendants pointed out that the Complaint was devoid of facts that would suggest they knew Plaintiff's name. They argued, however, that, even if they had, it is unclear how they could form a perception about her race or ethnicity from it. ECF No. 57 at 14 n.11. These examples further illustrate the implausibility of Plaintiff's allegation of discrimination against them.

[6] Thus, Plaintiff's assertion repeated throughout her Brief, ECF No. 76 at 15-18, that the *only* information known to the individual defendants was her name and seat assignment is contradicted by the facts in the Complaint.

None of these reports included Plaintiff's race or ethnicity or anyone's perception about it.  Plaintiff cannot ignore these portions of her Complaint (while cherry-picking isolated phrases from others) in an effort to escape the obvious alternative explanation for the law enforcement action here.  *Compare* ECF No. 76 at 2, 5, 10, 15-16 *with* ECF No. 1 ¶¶ 49, 51, 55, 101.

Finally, Plaintiff fails to identify any case law that clearly establishes the unlawfulness of defendants' alleged conduct.  It is Plaintiff's burden to show the claimed right was clearly established.  *Clemente v. Vaslo*, 679 F.3d 482, 490 (6th Cir. 2012). The facts in the Complaint show that no federal defendant selected Plaintiff's name from any list or targeted her for investigation—instead, the Complaint makes clear that Frontier staff included Plaintiff in its reports of suspicious activity (both through Frontier Manager Faforke and the pilot's cell phone communication).  ECF No. 1 ¶¶ 49, 51, 55.  These facts, as pleaded in the Complaint, take this case outside of the domain of the selective enforcement cases that Plaintiff cites, ECF No. 76 at 20.  Even if, contrary to case law, the court were to disregard these facts and ignore the context in which the airline's report was made in order to make the assumption that Plaintiff asks it to make: that the *only* information defendants had in their possession at the time they acted was the Frontier email, *id*. at 18-19, Plaintiff has identified no case law that would make it clear to every reasonable officer that it is an equal protection violation to respond

to a tip containing a passenger's Arabic name and seat number, who "might also be with" two men engaged in suspicious activity.[7]  While *United States v. Avery* addresses, in *dicta*, the inclusion of race in a tip, it does not proscribe what any law enforcement officer allegedly did here.  137 F.3d 343, 354 n.5 (6th Cir. 1997).  To the contrary, the Sixth Circuit iterated the basic premise that when an officer investigates someone based on a tip from outside the police organization, "their selection of that person …does not amount to an equal protection violation."  *Id.*  Plaintiff has identified no case law that says otherwise.  Because Plaintiff has not met her burden of overcoming the federal defendants' entitlement to qualified immunity, her equal protection claim against them (Count IV) should be dismissed.

Dated: July 12, 2013           Respectfully submitted,

                               */s/*Sarah E. Whitman
                               SARAH E. WHITMAN (MA Bar No. 657726)
                               Trial Attorney, Torts Branch, Civil Division
                               United States Department of Justice
                               P.O. Box 7146, Ben Franklin Station
                               Washington, D.C. 20044
                               Telephone: (202) 616-0089
                               Facsimile: (202) 616-4314
                               Email: Sarah.Whitman@usdoj.gov

                               *Counsel for Defendants Brand, Lakatos, Devins, Ball, and Brumley*

---

[7] Plaintiff also offers no case law to support her assertion that officers should have read bias into the airlines' report, ECF No. 76 at 17, when on its face, it contained none.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on July 12, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Julie H. Hurwitz: jhurwitz@goodmanhurwitz.com
Kathryn Bruner James: kjames@goodmanhurwitz.com
Miriam R. Nemeth: mnemeth@goodmanhurwitz.com
Rachel E. Goodman: Rgoodman@aclu.org
William H. Goodman: bgoodman@goodmanhurwitz.com
Michael J. Steinberg: msteinberg@aclumich.org
Sarah Tremont: stremont@cov.com
Alan B. Havis: ahavis@airportdefender.com
T. Joseph Seward: tjseward@cmda-law.com
Brian Maye: bmaye@amm-law.com
Alexander Ayar: aayar@fosterswift.com
Steven Boldt: sboldt@amm-law.com
Lindsey Kaczmarek@lkaczmarek@cmda-law.com**

I further hereby certify that I have mailed by United States Postal Service the foregoing paper to the following non-ECF participants:

**None**

> */s/*Sarah E. Whitman
> Sarah E. Whitman
> Trial Attorney
> Torts Branch, Civil Division
> United States Department of Justice
> P.O. Box 7146, Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 616-0089
> Email: Sarah.Whitman@usdoj.gov