# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **SHOSHANA HEBSHI**, | Honorable Terrence G. Berg |
| Plaintiff, | Magistrate Laurie J. Michelson |
| -v- | Case No. 13-cv-10253 |

**UNITED STATES OF AMERICA**; **FRONTIER AIRLINES, INC.**; **JOHN BRAND**, in his individual capacity; **UNKNOWN FBI AGENT 1**, in his individual capacity; **UNKNOWN FBI AGENT 2**, in his individual capacity; **MARK DEBEAU**, in his individual capacity; **JEREMY BOHN**, in his individual capacity; **CAPTAIN PATRICK DRISCOLL**, in his individual capacity; **OFFICER GRANT**, in his individual capacity; **LT. M. WASIUKANIS**, in his individual capacity; **TOYA PARKER**, in her individual capacity; **DT. CARMONA**, in his or her individual capacity; **OFFICER JOHNSON**, in his or her individual capacity; **CORPORAL BRADLEY**, in his or her individual capacity; **UNKNOWN CBP OFFICER**, in his individual capacity; **DAVID LAKATOS**, in his individual capacity; **NATHANIAL DEVINS**, in his individual capacity; **UNKNOWN TSA AGENT 1**, in his individual capacity; **UNKNOWN TSA AGENT 2**, in her individual capacity; **ROBERT BALL**, in his individual capacity; **UNKNOWN ICE OFFICER**, in his individual capacity; and **PAUL BRUMLEY**, in his individual capacity;

      Defendants.

-and-

**MARK DeBEAU**, **OFFICER GRANT**, **TOYA PARKER**, **DT. CARMONA**, **OFFICER JOHNSON**, **JEREMY BOHN**, **CAPTAIN PATRICK DRISCOLL**, **LT. M. WASIUKANIS**, and **CORPORAL BRADLEY**,

      Cross-Plaintiffs,

-v-

**FRONTIER AIRLINES, INC.**,

      Cross-Defendant.

**REPLY BRIEF IN SUPPORT OF THE WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS' JOINT MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

# **TABLE OF CONTENTS**

COUNTER-ARGUMENT……………………………………………………………1

I.  DISCRIMINATORY INTENT…………………………………………………...1

II.  DISPARATE TREATMENT…………………………………………………..4

CONCLUSION……………………………………………………………………….7

# **INDEX OF AUTHORITY**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)……………………………………………………………1

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)……………………………………………………………1

*Bradley v. City of Ferndale*,
    148 Fed. Appx. 499 (2005)……………………………………………………..2

*Brown v. Metro. Gov't of Nashville and Davidson County*,
    No. 11–5339, 2012 WL 2861593 (6th Cir. Jan. 9, 2012)……………………..4

*Center for Bio-Ethical Reform, Inc. v. Napolitano*,
    648 F.3d 365 (6th Cir. 2011)………………………………………………….5, 6

*Davis v. Prison Health Services*,
    679 F.3d 433 (6th Cir. 2012)……………………………………………………5

*Dixon v. University of Toledo*,
    702 F.3d 269 (6th Cir. 2012) ……………………………………………....……5

*Farm Labor Org. Comm. v. Ohio State Hwy. Patrol*,
    308 F.3d 523 (6th Cir. 2002)………………………………………………….5, 6

*Gibson v. Matthews*,
    926 F.2d 532 (6th Cir. 1991)……………………………………………………2

*Livermore v. Lubelan*,
    476 F.3d 397 (6th Cir. 2007)……………………………………………………1

*Miller v. City of Cincinnati*,
    622 F.3d 524 (6th Cir. 2010)……………………………………………………5

*Norbuta v. Loctite Corp.*,
    1 Fed. App'x 305 (6th Cir. 2001)……………………………………………..6, 7

*Robinson v. Runyon*,
    149 F.3d 507 (6th Cir. 1998)………..…………………….……………………6

*Rondigo, L.L.C. v. Richmond Twp.*,
    641 F.3d 673 (6th Cir. 2011)……………………………………………………1

*Satawa v. Macomb County Road Comm'n*,
    689 F.3d 506 (6th Cir. 2012)……………………………………………………5

*Scarbrough v. Morgan County*,
    470 F.3d 250 (6th Cir. 2006)……………………………………………………5

*Smith v. Chrysler Corp.*,
    155 F.3d 799 (6th Cir. 1998)……………………………………………………6

*Umani v. Mich. Dep't of Corr.*,
    432 Fed. App'x 453 (6th Cir. 2011)…………………………………………….6

*Wayte v. United States*,
    470 U.S. 598 (1985)…………………………………………………………….5

## QUESTION PRESENTED

I. WHETHER THE WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON THE GROUND THAT PLAINTIFF FAILED TO PLEAD SUFFICIENT FACTUAL CONTENT TO STATE A PLAUSIBLE EQUAL PROTECTION CLAIM?

Plaintiff responds, "No."

Wayne County Airport Authority Defendants respond, "Yes."

**COUNTER-ARGUMENT**

Plaintiff contends that judgment on the pleadings is improper unless "it appears beyond doubt that [she] can prove no set of facts in support of [her] claim which would entitle [her] to relief." (**Docket # 76**, p. 6). However, the Supreme Court redefined the pleading standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and reaffirmed those standards in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This Court should decline Plaintiff's invitation to apply a standard that has "earned its retirement." *Twombly*, 550 U.S. at 562-63. The Court should also reject Plaintiff's contention that the WCAA Defendants "face a heavy burden." (**Docket # 76**, p. 6). The burden falls on ***Plaintiff*** to overcome the WCAA Defendants' qualified immunity defense. *Livermore v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007).

**I.    DISCRIMINATORY INTENT**

Plaintiff contends that she "adequately alleged that each [WCAA] Defendant acted with a discriminatory intent, thereby meeting her burden of pleading a violation of her constitutional rights." (**Docket # 76**, p. 7). As the WCAA Defendants demonstrated in their opening brief (**Docket # 69**, pp. 11-12), this allegation is conclusory – it is merely a formulaic recitation of an element of Plaintiff's equal protection claim. *Twombly* and *Iqbal* prohibit "casual acceptance of . . . conclusory allegations of unlawful discrimination" without "supporting factual allegations." *Rondigo, L.L.C. v. Richmond Twp.*, 641 F.3d 673, 684 (6th Cir. 2011).

1

Plaintiff accuses the WCAA Defendants of reading her complaint in a piecemeal fashion. She argues that the following factual allegations, when viewed collectively, plausibly suggest discriminatory intent: (*i*) flight attendants alerted the pilot of suspicious behavior and characterized the suspects as two men of possibly Arab descent; (*ii*) Frontier identified Plaintiff as a suspect based solely on her Arabic name and arbitrary seat assignment; (*iii*) the WCAA Defendants knew that Frontier labeled Plaintiff as a suspect based solely on her Arabic name and arbitrary seat assignment, as the e-mail containing such information was transmitted to state and federal law enforcement officials; (*iv*) despite the WCAA Defendants' knowledge, they never requested additional information to corroborate Plaintiff's involvement in the suspicious activity; (*v*) the WCAA Defendants arrested, detained, and/or strip searched Plaintiff based solely on the contents of the e-mail; and (*vi*) after Plaintiff was arrested, the first question that an unidentified male officer asked her was whether she spoke English. (**Docket # 76**, pp. 10, 11, 13, 14, 17).

If any WCAA Defendant "is to be held liable, it must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). The Court must, therefore, assess the actions of each WCAA Defendant on an individualized basis. *Bradley v. City of Ferndale*, 148 Fed. Appx. 499, 508 (2005).

2

Based on the requirement of personal involvement, several of Plaintiff's allegations should not be entertained. The characterization of the suspects as two men of possibly Arab descent pertains to a conversation between a flight attendant and the pilot. (**Docket # 1**, ¶ 47). Plaintiff does not allege that any of the WCAA Defendants were privy to this conversation. Similarly, the inquiry regarding whether Plaintiff spoke English is attributed to an unidentified male officer. (**Docket # 1**, ¶ 82). And, perhaps most importantly, the identification of Plaintiff as a suspect is attributed to Frontier. (**Docket # 1**, ¶¶ 3, 6, 49).

While Plaintiff alleges that Officer Grant, Captain Driscoll, and Detective Carmona[1] received Frontier's e-mail or otherwise had knowledge of its contents (**Docket # 1**, ¶¶ 51-52), her complaint does not plausibly suggest that they knew Frontier's alleged basis for identifying Plaintiff as a suspect. As to the contents of the e-mail, Plaintiff alleges that Frontier "provided the names of the passengers in 12B and 12C, added the name of the passenger in seat 12A [Plaintiff], and commented that she might also be with the men." (**Docket # 1**, ¶ 49). She further alleges that Frontier "assumed [Plaintiff] knew the two men and might be involved in suspicious activity." (**Docket # 1**, ¶ 50). Be that as it may, Plaintiff is hard pressed to suggest that Frontier's assumptions can be imputed to Officer Grant, Captain

---

[1] Plaintiff ties all of the WCAA Defendants' actions to Frontier's e-mail. (**Docket # 76**, p. 10). Notably, she does not allege that Mark DeBeau, Officer Parker, Officer Johnson, Corporal Bradley, Officer Bohn, or Lieutenant Wasiukanis had any knowledge of the e-mail.

3

Driscoll, and Detective Carmona. Plaintiff does not allege any facts to suggest that Frontier's assumptions were expressed, explicitly or implicitly, in its e-mail.

Because Plaintiff's allegations regarding the contents of the e-mail fail to plausibly suggest discriminatory animus, so too does her allegation that the WCAA Defendants failed to request further information to corroborate her involvement in suspicious activity. (**Docket # 1**, ¶ 56). Such allegation – based solely on "information and belief" – is also "too conclusory and vague to state a claim for relief under the *Twombly/Iqbal* standard." *Brown v. Metro. Gov't of Nashville and Davidson County*, 2012 WL 2861593, *4 (6th Cir. Jan. 9, 2012) (**Docket # 69-1**).

On virtually every page of her response, Plaintiff stresses that she specifically identified the WCAA Defendants' respective roles in the underlying events. (**Docket # 76**, pp. 7, 8-10, 11, 12, 13, 17). But alleging that the WCAA Defendants arrested, detained, and/or strip searched her – without more – does not state an equal protection claim. Because Plaintiff's allegations do not plausibly suggest that the WCAA Defendants took these actions on account of a protected characteristic, the WCAA Defendants are immune from liability for Plaintiff's equal protection claim.

## II.   DISPARATE TREATMENT

The WCAA Defendants maintain that Plaintiff's failure to allege disparate treatment relative to similarly-situated individuals is fatal to her equal protection claim. (**Docket # 69**, p. 17). Plaintiff's response to this argument is predicated on

4

her averment that "the *only* fact linking her to any allegations of suspicious conduct, aside from her arbitrary seat assignment, [was] her Arabic name." (**Docket # 76**, p. 18). She contends that this averment, if true, constitutes "direct evidence of discriminatory intent . . . ." (**Docket # 76**, p. 18). From that premise, Plaintiff argues that she is not required to allege disparate treatment. (**Docket # 76**, p. 18) (relying on *Davis v. Prison Health Services*, 679 F.3d 433 (6th Cir. 2012)).

Plaintiff's argument is unavailing. The Sixth Circuit has routinely[2] stated that disparate treatment is the ***threshold element*** of an equal protection claim. *Dixon v. University of Toledo*, 702 F.3d 269, 278 (6th Cir. 2012). Though Plaintiff now frames her equal protection claim as one of selective enforcement (**Docket # 76**, pp. 16, 17, 20), this theory of liability does not compel a different conclusion. In *Farm Labor Organizing Committee v. Ohio State Highway Patrol*, 308 F.3d 523 (6th Cir. 2002) – the case on which Plaintiff relies – the Sixth Circuit confirmed that to establish an equal protection violation based on a selective enforcement theory, "a claimant . . . must demonstrate that the challenged law enforcement practice 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *Id.* at 533-34 (quoting in part *Wayte v. United States*, 470 U.S. 598, 608 (1985)). The Sixth Circuit also confirmed that demonstrating discriminatory effect requires the claimant

---

[2] See *Center for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011); *Scarbrough v. Morgan County*, 470 F.3d 250, 260 (6th Cir. 2006); *Satawa v. Macomb County Road Comm'n*, 689 F.3d 506, 528 (6th Cir. 2012); *Miller v. City of Cincinnati*, 622 F.3d 524, 538 (6th Cir. 2010).

to show that similarly situated persons of a different race, ethnicity, and/or national origin were not subject to investigation. *Id.* at 534. Because Plaintiff's complaint contains no such allegations – a point not lost on Plaintiff, who submits that showing disparate treatment is impossible (**Docket # 76**, p. 19) – she "fails to state an equal protection claim." *Napolitano*, 648 F.3d at 380.

Plaintiff's reliance on *Davis* exhibits a fundamental misunderstanding of direct evidence. "Direct evidence is composed of only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor." *Umani v. Mich. Dep't of Corr.*, 432 Fed. App'x 453, 458 (6th Cir. 2011); *see also Robinson v. Runyon*, 149 F.3d 507, 513 (6th Cir. 1998) (describing direct evidence as that which comes "from the lips of the defendant proclaiming his or her racial animus"); *Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir. 1998) (direct evidence "would take the form, for example, of an employer telling an employee, 'I fired you because you are disabled'"). Evidence is not direct, regardless of its strength, if it "admits more than one plausible interpretation" and requires an inference of discriminatory intent to be drawn. *Norbuta v. Loctite Corp.*, 1 Fed. App'x 305, 313 (6th Cir. 2001).

Based on the "obvious alternative explanation" for the WCAA Defendants' actions, as advanced in their opening brief (**Docket # 69**, pp. 15-17), it is clear that the facts alleged by Plaintiff do not amount to direct evidence of discriminatory

intent. *Norbuta*, *supra*. Moreover, Plaintiff acknowledges the inferential nature of her allegations elsewhere in her analysis. She notes that she may plead the elements of her claim with "either direct or inferential allegations," after which she argues that her allegations contain factual content from which a "reasonable *inference*" of discriminatory intent can be drawn. (**Docket # 76**, p. 11).[3] Having conceded that her allegations necessitate *inferences* of discriminatory intent, Plaintiff's effort to convince this Court that she is not required to show disparate treatment is disingenuous. By Plaintiff's own admission, *Davis* lends no support to her position.

## CONCLUSION

For the foregoing reasons, the WCAA Defendants respectfully request that this Honorable Court GRANT their Motion for Partial Judgment on the Pleadings.

Respectfully submitted,

| | |
|---|---|
| /s/ T. Joseph Seward (P35095) | /s/ Alan B. Havis (P36988) |
| Cummings, McClorey, Davis & Acho | Law Offices of Alan B. Havis |
| 33900 Schoolcraft Road | 25505 Twelve Mile Road, Suite 1000 |
| Livonia, Michigan 48150 | Southfield, Michigan 48034 |
| Telephone: (734) 261-2400 | Telephone: (248) 353-3690 |
| Facsimile: (734) 261-4510 | Facsimile: (248) 948-6677 |
| e-Mail: tjseward@cmda-law.com | e-Mail: ahavis@airportdefender.com |
| *Attorneys for Bohn, Wasiukanis, Bradley, and Driscoll (WCAA)* | *Attorneys for DeBeau, Grant, Parker, Carmona, and Johnson (WCAA)* |

DATED: July 15, 2013

---

[3] The cases to which Plaintiff cites also signify her acknowledgment of the circumstantial nature of her allegations. (**Docket # 76**, p. 14) (citing a case in which the court noted that it is frequently impossible for the plaintiff to have direct evidence of the defendant's discriminatory intent); (**Docket # 76**, p. 15) (citing a case in which the court declined to make a choice between "two plausible inferences" that could be drawn from the plaintiff's factual allegations).

7

### Certificate of Service

I hereby certify that on **July 15, 2013**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

**MICHAEL J. STEINBERG (P43085)**
**KARY L. MOSS (P49759)**
**ALAN B. HAVIS (P36988)**
**DENNIS D. PARKER**
**RACHEL E. GOODMAN**
**AYIRINI FONSCECA-SABUNE**
**LYNN M. DODGE (P38136)**
**WILLIAM H. GOODMAN (P14173)**
**JULIE HORWITZ (P34720)**
**KATHRYN BRUNER JAMES (P71374)**
**SARAH E. WHITMAN**
**ANNA ENGH**
**SHELLI CALLAND**
**ARJUN SETH**
**SARAH TREMONT (P73809)**

/s/ T. Joseph Seward
T. JOSEPH SEWARD (P35095)
**Cummings, McClorey, Davis & Acho, P.L.C.**
33900 Schoolcraft Road
Livonia, Michigan 48150
Telephone: (734) 261-2400
Facsimile: (734) 261-4510
e-Mail: tjseward@cmda-law.com