UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHOSHANA HEBSHI,

                Plaintiff,

v.

                                       Case No. 13-10253

UNITED STATES OF AMERICA, et al.    HON. TERRENCE G. BERG
                                       HON. LAURIE J. MICHELSON
              Defendants.
_____/

**STIPULATED ORDER REGARDING CONFIDENTIALITY
OF DISCOVERY MATERIAL, INADVERTENT DISCLOSURE
OF PRIVILEGED INFORMATION, AND PRIVACY ACT DISCLOSURE**

The Parties STIPULATE, and the Court ORDERS, that the following terms and conditions of this confidentiality agreement and stipulated protective order shall be entered as agreed and binding on the Parties:[1]

Whereas, all parties to this action have stipulated that certain discovery material be treated as confidential and that certain provisions of Fed. R. Evid. 502 be incorporated in an order;

Whereas, in the course of discovery, Plaintiff also may seek the production of certain documents in the possession of the United States, some of which may be maintained in a system or systems of records identified by the names of individuals. These records may therefore be subject to the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), or otherwise contain sensitive personal information, including personally identifying information. The Privacy Act

---

[1] The terms and conditions herein were drafted by the parties, not by the Court, and are adopted verbatim for this Order pursuant to their stipulation.

1

permits the disclosure of otherwise protected records if disclosed pursuant to a court order. 5 U.S.C. § 522a(b)(11).

Accordingly, it is hereby stipulated and ordered:

1. The United States, its agencies, its employees, federal employee defendants and their counsel, should they be subject to a discovery request, are authorized to release in discovery in this action otherwise discoverable information and documents that would ordinarily be protected from disclosure under the Privacy Act.

2. For purposes of this Order, the term "Confidential Information" means any non-privileged, sensitive medical, financial, or personal information produced by the parties. "Confidential Information" includes the following: (i) any information produced by the United States, its agencies, or its employees that the United States has determined to be law-enforcement sensitive or protected by the Privacy Act; (ii) any information produced by the Wayne County Airport Authority or its employees that the Wayne County Airport Authority has determined to be law-enforcement sensitive or protected by the Privacy Act; (iii) employee personnel files; and (iv) trade secrets, proprietary information, or other confidential material. Such Confidential Information may only be used, disseminated, copied or disclosed as indicated in this Order. This Order does not address the procedures for handling Sensitive Security Information, as defined by 49 C.F.R. part 1520, which, if necessary, will be addressed by a separate order.

3. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning Confidential Information, as set forth below:

(a) The designation of Confidential Information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word or phrase "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or other similar marking.  In a circumstance in which the medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "CONFIDENTIAL" or contain a similar marking.  One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains Confidential Information, as defined above.  A party shall not routinely designate material as "CONFIDENTIAL" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.  Except as provided herein, no person having access to Confidential Information shall make public disclosure of Confidential Information without further order of the Court.

(b) Portions of depositions shall be deemed confidential only if they are designated as such when the deposition is taken or within fourteen business days after receipt of the transcript.  Any testimony which describes a document designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c) Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including settlement negotiations and appeals).  Such information or documents shall not be disclosed to the public or any other person or entity for any reason.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Confidential Information under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to the parties; counsel for Plaintiff and members of their legal or support staffs who have direct functional responsibility for the preparation and trial of the lawsuit; counsel for Defendants and members of their legal or support staffs who have direct functional responsibility for the preparation and trial of the lawsuit, including attorneys and their staff employed by the U.S. Department of Justice, Civil Division; U.S. Attorneys' Office for the Eastern District of Michigan, Civil Division; U.S. Immigrations and Customs Enforcement; U.S. Customs and Border Protection; Federal Bureau of Investigation; and Transportation Security Administration, who are involved in the defense of this action.

(ii) Disclosure may be made to any deponent in this action during his or her deposition;

(iii) Disclosure may be made to court reporters engaged for depositions and those persons or IT personnel, if any, specifically engaged for the limited purpose of photocopying, imaging, database development, graphics, or design services.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") and their staff employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit, but only if such persons need the confidential documents or information therefrom to render such assistance;

(v) Disclosure may be made to this Court, court personnel and any court reporters and stenographers engaged to record testimony and proceedings, and their employees;

(vi) Disclosure may be made to such other persons as hereafter may be authorized by written consent of the parties or by the Court upon motion of a party.

(e) All individuals to whom Confidential Information is disclosed shall be informed of, and shall agree with, the terms of this Order and shall not otherwise disclose the confidential information to the public or to any person or entity. Except for those described in subparagraph (d)(i) and (v) above, all individuals to whom Confidential Information is disclosed shall, before receiving Confidential Information, acknowledge in writing their agreement to comply with the provisions of this Order by signing a copy of the attached acknowledgement form. Counsel for each party will retain copies of the acknowledgement forms for 120 days from the conclusion of the litigation (including any appeals).

(f) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as "CONFIDENTIAL" that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(g) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" under this Order, or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear on the copy.

(h) Except as described in paragraph 3(d), the parties and counsel shall not, under any circumstances, exhibit, provide copies of, or otherwise disclose the content of any Confidential Information to the following persons or entities:

(i) Any competitor of the producing party or any known agent, consultant or affiliate thereof, or any attorney, if Plaintiff's or Defendants' attorneys know that that attorney, or any person in that attorney's firm, is employed by or expects to be employed by any competitor of the producing party;

(ii) Any person or entity (or that person's or entity's attorney) that a party's attorney knows or has reason to know has or may have any claim against the producing party or any of its affiliates. However, subsections (i) and (ii) shall not prevent the disclosure of documents to experts retained by any party pursuant to section 3(d)(iv) above.

4. Unless Confidential Information is fully redacted from documents, briefs, or other materials presented to the Court and cannot be determined from context, those portions of the documents, briefs, or other materials containing Confidential Information shall be filed under seal (by the filing party) and served in an envelope (or other appropriate receptacle) bearing the case caption and marked "SEALED PURSUANT TO ORDER OF COURT DATED_____" or otherwise marked in such a way as to apprise the recipient that the envelope contains documents subject to the terms of this Order. Even if the filing party believes that the materials subject to this Order are not properly classified as Confidential Information, the filing party shall file the materials under seal; provided, however, that the filing shall be wholly without prejudice to the filing party's rights under paragraph 6 of this Order.

5.  Should this matter proceed to trial, the parties shall confer concerning measures which should be taken during trial of this action to satisfy the requirements of confidentiality consistent with the right of all parties to present admissible evidence necessary for a proper resolution of this case.

6.  Any party may challenge the designation of any document or information as "CONFIDENTIAL."  In the event that a party challenges a "CONFIDENTIAL" designation, the parties shall first try to resolve such dispute in good faith and on an informal basis.  If the dispute cannot be resolved informally within fourteen days after the objecting party first raises a challenge to a confidentiality designation, that designation may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37 apply to such motions.  Pending disposition of such motion, however, the documents or information at issue will be treated as if they were confidential and will be fully subject to the provisions of this Order.

7.  Nothing in this Order shall limit a producing party or producing entity's disclosure of its own Confidential Information.  Nothing in this Order shall be construed to restrict in any way the use of any federal records by any federal agency in the ordinary course of business, consistent with applicable statutes and regulations.

8.  If, during the course of this litigation or prior to the expiration of the 120-day period provided for in Paragraph 13, a party is served with a subpoena or a court order issued in other litigation or, in the case of governmental entities, a Freedom of Information Act (FOIA) or other public records request, that compels disclosure to an individual or entity other than a federal government agency or the parties named in this action, of any discovery material designated as "CONFIDENTIAL" under this Order, that party must:

7

(a) notify in writing within seven business days the party that designated the material as "CONFIDENTIAL," unless providing such notice is prohibited by law. Such notification shall include a copy of the subpoena or court order, unless such disclosure is prohibited by law;

(b) notify in writing within seven business days the person or entity who caused the subpoena or order to issue in the other litigation, or who made the FOIA request, that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) refrain from producing the requested Confidential Information until at least the tenth day after having given notice to the party that designated the material as "CONFIDENTIAL" under this Order; provided, however, that if the party is under a legal obligation to disclose the requested Confidential Information prior to the expiration of such 10-day period, such disclosure may be made. The designating party shall bear the burden and expense of seeking protection in the other proceeding of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court or any other obligation imposed by law or rule.

9. Neither Defendants, the United States, nor any of its agencies, officers, employees, or attorneys shall bear any responsibility or liability for any unauthorized disclosure of any Confidential Information obtained by Plaintiff under this Order. Plaintiff shall bear no responsibility or liability for any unauthorized disclosure of Confidential Information obtained by Defendants or their representatives.

10. Nothing in this Order shall waive or prejudice the rights of any party or non-party to make objections or to assert any privilege, with respect to the discovery or disclosure of any document, material, or information, pursuant to the Federal Rules of Civil Procedure or any other

governing authority.  Nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

    11. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.  Nor does this Order constitute any ruling on the question of whether a party may withhold any particular document or category of information on the basis of privilege.

    12. This Order does not apply to any information or documents other than the Confidential Information as defined above and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any other information.  The parties agree that all documents produced in this litigation shall be held in confidence by the parties, their counsel and the persons identified in Paragraph 3(d)(i)-(iv).  Unless otherwise agreed by counsel or ordered by the Court, such documents may be used only for the purpose of this litigation and all copies will be destroyed by the parties and their counsel within 120 days of the conclusion of the litigation (including any appeals).

    13. The provisions of this Order shall not terminate at the conclusion of this litigation. Within 120 days of the conclusion of the litigation (including any appeals), all material treated as confidential under this Order and not received in evidence or filed with the Court (or a court of appeals in connection with this case) shall be returned to the originating party or, in the alternative, counsel for the receiving party shall represent in writing that all confidential documents and information and all copies (as defined by Fed. R. Evid. 1001(c)), summaries, extracts, and notes therefrom have been destroyed.  Counsel for the parties shall furnish an affidavit certifying compliance herewith and shall deliver the same to counsel for the producing

party not more than 120 days after final termination of this litigation. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation (including any appeals).

14. Inadvertent disclosure of any document containing attorney-client communications, attorney work product, other privileged information, trade secrets or proprietary information shall not constitute a waiver of the privilege for either that document or for the subject matter of that document. Any such document and any copies made of it shall be returned promptly to the producing party, upon written request, or destroyed, at the producing party's option.

15. The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court. This Order shall remain in effect unless modified by an Order of the Court or by written stipulation of the parties filed with the Court.

16. This Order supersedes the Confidentiality Agreement and Stipulated Protective Order entered by the Court on May 15, 2013 (Dkt. 50-1), which is hereby vacated.

17. This Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the parties, their attorneys, experts, agents and employees, to enforce the provisions hereof.

SO ORDERED.

                                                  s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

Dated:  July 18, 2013

**APPROVED AND SO STIPULATED:**

July 16, 2013

         /s/      Rachel E. Goodman
Rachel E. Goodman
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500/Fax: (212) 549-2651
rgoodman@aclu.org
*Attorney for Plaintiff*

/s/ with consent of Brian T. Maye
Brian T. Maye
Steven L. Boldt
ADLER MURPHY & McQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
(312) 345-0700/Fax: (312) 345-9860
bmaye@amm-law.com
*Attorney for Frontier Airlines, Inc.*

/s/ with consent of T. Joseph Seward
T. Joseph Seward (P35095)
Cummings McClorey Davis & Acho
33900 Schoolcraft Road
Livonia, MI 48150
(248) 261-2400
tjseward@cmda-law.com
*Attorney for Bohn, Driscoll, Wasiukanis, & Bradley*

/s/ with consent of Alan B. Havis
Alan B. Havis (P36988)
Law Offices of Alan B. Havis Esq.
25505 W. 12 Mile Road, Suite 100
Southfield, MI 48034
(248) 353-3690
ahavis@AirportDefender.com
*Attorney for Debeau, Grant, Parker, Carmona, & Johnson*

/s/ with consent of Sarah E. Whitman
Sarah E. Whitman
Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0089
Facsimile: (202) 616-4314
Email: Sarah.Whitman@usdoj.gov
*Attorney for Defendants Brand, Lakatos, Devins, Ball, Brumley and the United States*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHOSHANA HEBSHI,

                Plaintiff,

v.

                                      Case No. 13-10253

UNITED STATES OF AMERICA, et al.    HON. TERRENCE G. BERG
                                                HON. LAURIE J. MICHELSON

                Defendants.
_____/

## ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER

    I, _____ [print name], hereby acknowledge, under penalty of perjury, that I have read the Confidentiality Order entered by this Court in this case. Specifically, I understand that the information and documents to be provided to me identified as "Confidential" are subject to this Order and constitute confidential information that is to be used only for the purpose of this litigation. I understand that the information is not to be disclosed by me to anyone or used for any purpose other than this litigation. I understand the specific terms of the Confidentiality Order and agree to be bound by its terms. I agree to submit to the jurisdiction of this court to enforce the terms of the Order and I understand that I am subject to the contempt powers of the court for violations of the Order.

Date: _____    Signed: _____

**Certificate of Service**

I hereby certify that this Order was electronically submitted on July 18, 2013, using the CM/ECF system, which will send notification to each party.

By: <u>s/A. Chubb</u><br>Case Manager