UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SHOSHANA HEBSHI**, | Honorable Terrence G. Berg |
| Plaintiff, | Magistrate Laurie J. Michelson |
| -v- | Case No. 13-cv-10253 |

**UNITED STATES OF AMERICA**; **FRONTIER AIRLINES**, **INC.**; **JOHN BRAND**, in his individual capacity; **UNKNOWN FBI AGENT 1**, in his individual capacity; **UNKNOWN FBI AGENT 2**, in his individual capacity; **MARK DEBEAU**, in his individual capacity; **JEREMY BOHN**, in his individual capacity; **CAPTAIN PATRICK DRISCOLL**, in his individual capacity; **OFFICER GRANT**, in his individual capacity; **LT. M. WASIUKANIS**, in his individual capacity; **TOYA PARKER**, in her individual capacity; **DT. CARMONA**, in his or her individual capacity; **OFFICER JOHNSON**, in his or her individual capacity; **CORPORAL BRADLEY**, in his or her individual capacity; **UNKNOWN CBP OFFICER**, in his individual capacity; **DAVID LAKATOS**, in his individual capacity; **NATHANIAL DEVINS**, in his individual capacity; **UNKNOWN TSA AGENT 1**, in his individual capacity; **UNKNOWN TSA AGENT 2**, in her individual capacity; **ROBERT BALL**, in his individual capacity; **UNKNOWN ICE OFFICER**, in his individual capacity; and **PAUL BRUMLEY**, in his individual capacity;

    Defendants.

-and-

**MARK DeBEAU**, **OFFICER GRANT**, **TOYA PARKER**, **DT. CARMONA**, **OFFICER JOHNSON**, **JEREMY BOHN**, **CAPTAIN PATRICK DRISCOLL**, **LT. M. WASIUKANIS**, and **CORPORAL BRADLEY**,

    Cross-Plaintiffs,

-v-

**FRONTIER AIRLINES**, **INC.**,

    Cross-Defendant.

## THE WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS' JOINT MOTION FOR RECONSIDERATION

NOW COME the Wayne County Airport Defendants, MARK DeBEAU, OFFICER JOHNSON, OFFICER GRANT, OFFICER PARKER, DETECTIVE CARMONA, OFFICER BOHN, LIEUTENANT WASIUKANIS, CORPORAL BRADLEY, and CAPTAIN DRISCOLL, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. and THE LAW OFFICE OF ALAN B. HAVIS, and for their Joint Motion for Reconsideration, rely upon the attached Brief in Support and Rule 7.1(h) of the Local Rules of the United States District Court for the Eastern District of Michigan.

        Respectfully submitted,

        /s/ T. Joseph Seward (P35095)
        Cummings, McClorey, Davis & Acho, P.L.C.
        33900 Schoolcraft Road
        Livonia, Michigan 48150
        Telephone: (734) 261-2400
        Facsimile: (734) 261-4510
        e-Mail: tjseward@cmda-law.com

        *Attorneys for Officer Bohn, Corporal Bradley, Lieutenant Wasiukanis, and Captain Driscoll*

        /s/ Alan B. Havis (P36988)
        Law Offices of Alan B. Havis
        25505 West Twelve Mile Road, Suite 1000
        Southfield, Michigan 48034
        Telephone: (248) 353-3690
        Facsimile: (248) 948-6677
        e-Mail: ahavis@airportdefender.com

        *Attorneys for Mark DeBeau, Officer Grant, Officer Parker, Detective Carmona, and Officer Johnson*

DATED: November 25, 2013

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **SHOSHANA HEBSHI**, | Honorable Terrence G. Berg |
| Plaintiff, | Magistrate Laurie J. Michelson |
| -v- | Case No. 13-cv-10253 |

**UNITED STATES OF AMERICA**; **FRONTIER AIRLINES**, **INC.**; **JOHN BRAND**, in his individual capacity; **UNKNOWN FBI AGENT 1**, in his individual capacity; **UNKNOWN FBI AGENT 2**, in his individual capacity; **MARK DEBEAU**, in his individual capacity; **JEREMY BOHN**, in his individual capacity; **CAPTAIN PATRICK DRISCOLL**, in his individual capacity; **OFFICER GRANT**, in his individual capacity; **LT. M. WASIUKANIS**, in his individual capacity; **TOYA PARKER**, in her individual capacity; **DT. CARMONA**, in his or her individual capacity; **OFFICER JOHNSON**, in his or her individual capacity; **CORPORAL BRADLEY**, in his or her individual capacity; **UNKNOWN CBP OFFICER**, in his individual capacity; **DAVID LAKATOS**, in his individual capacity; **NATHANIAL DEVINS**, in his individual capacity; **UNKNOWN TSA AGENT 1**, in his individual capacity; **UNKNOWN TSA AGENT 2**, in her individual capacity; **ROBERT BALL**, in his individual capacity; **UNKNOWN ICE OFFICER**, in his individual capacity; and **PAUL BRUMLEY**, in his individual capacity;

      Defendants.

-and-

**MARK DeBEAU**, **OFFICER GRANT**, **TOYA PARKER**, **DT. CARMONA**, **OFFICER JOHNSON**, **JEREMY BOHN**, **CAPTAIN PATRICK DRISCOLL**, **LT. M. WASIUKANIS**, and **CORPORAL BRADLEY**,

      Cross-Plaintiffs,

-v-

**FRONTIER AIRLINES**, **INC.**,

      Cross-Defendant.

## BRIEF IN SUPPORT OF THE WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS' JOINT MOTION FOR RECONSIDERATION

# **TABLE OF CONTENTS**

INDEX OF AUTHORITY............................................................................ii

QUESTION PRESENTED..........................................................................iii

INTRODUCTION.........................................................................................1

LAW AND ARGUMENT..............................................................................5

    I.    THE GENERAL COUNSEL/SENIOR VICE PRESIDENT OF THE WCAA SHOULD BE PERMITTED TO ATTEND THE SETTLEMENT CONFERENCE AS DESIGNEE OF THE CHIEF EXECUTIVE OFFICER...............................................................5

CONCLUSION..............................................................................................7

# **INDEX OF AUTHORITY**

## **Cases**

*Bogan v. City of Boston*,
  489 F.3d 417 (1st Cir. 2007)....................................................................6

*Bush v. Dictaphone Corp.*,
  161 F.3d 363 (6th Cir. 1998)....................................................................5

*Devlin v. Chemed Corp.*,
  No. 04-74192, 2005 WL 2313859 (E.D. Mich. Sept. 21, 2005)..............5

*In re United States*,
  985 F.2d 510 (11th Cir. 1993)..................................................................6

*Jackson v. City of Detroit*,
  No. 05-74236, 2007 WL 2225886 (E.D. Mich. Aug. 1, 2007)................5

*Lewelling v. Farmers Ins.*,
  879 F.2d 212 (6th Cir. 1989)............................................................5, 6

## **Statutes**

M.C.L. § 259.114....................................................................................3, 4

## **Court Rules**

E.D. Mich. L.R. 7.1......................................................................................5

## QUESTION PRESENTED

I. WHETHER THE COURT SHOULD RECONSIDER ITS ORDER COMPELLING THE WAYNE COUNTY AIRPORT AUTHORITY'S CHIEF EXECUTIVE OFFICER TO ATTEND THE SETTLEMENT CONFERENCE AND PERMIT THE GENERAL COUNSEL/SENIOR VICE PRESIDENT TO ATTEND AS THE CHIEF EXECUTIVE OFFICER'S DESIGNEE?

## INTRODUCTION

This action arises out of the detention and search of Plaintiff following reports in which Frontier Airlines identified her as a potential suspect in connection with suspicious activity aboard a Detroit-bound flight. The Magistrate Judge conducted settlement conferences with the parties on August 6, 2013 and September 25, 2013. Another settlement conference is scheduled for December 11, 2013.

During the previous settlement conferences, the parties' attorneys and representatives discussed a tentative global settlement. On October 10, 2013, the Wayne County Airport Authority ("WCAA") Defendants' attorneys advised the parties' attorneys that Thomas J. Naughton – Chief Executive Officer of the WCAA – rejected the tentative settlement. (*October 10, 2013 Correspondence from Alan Havis*, attached as **Exhibit 1**).

On October 17, 2013, Plaintiff's attorneys expressed their intent to file a motion to compel Mr. Naughton's attendance at the next settlement conference. (*October 17, 2013 Correspondence from Sarah Tremont*, attached as **Exhibit 2**). They advised that they would refrain from filing the motion if the WCAA Defendants' attorneys committed to ensuring that either Mr. Naughton "or another individual with full and complete authority to make settlement decisions" attends the conference. (*October 18, 2013*

1

*Correspondence from Shelli Calland*, attached as **Exhibit 3**) (internal quotations omitted).

Mr. Naughton delegated full and complete settlement authority to Emily Neuberger, Senior Vice President and General Counsel of the WCAA, and requested that she attend the settlement conference as his designee. (*Affidavit of Thomas Naughton*, attached as **Exhibit 4**). Ms. Neuberger agreed to do so. (**Exhibit 4**).

On October 18, 2013, the WCAA Defendants' attorneys informed Plaintiff's attorneys that Ms. Neuberger would attend the conference as Mr. Naughton's designee. (*October 18, 2013 Correspondence from Alan Havis*, attached as **Exhibit 5**). The WCAA Defendants' attorneys assured Plaintiff's attorneys that Ms. Neuberger would have full and complete settlement authority as to all non-monetary aspects of settlement. (*October 22, 2013 Correspondence from Alan Havis*, attached as **Exhibit 6**). They also assured Plaintiff's attorneys that a representative of the WCAA's insurer would attend the conference with full and complete settlement authority as to all monetary aspects of settlement. (**Exhibit 6**).

On November 1, 2013, the parties participated in a telephone conference with the Magistrate Judge. The WCAA Defendants' attorneys advised the Magistrate Judge that although Mr. Naughton would not be able

2

to attend the settlement conference, Ms. Neuberger intended to appear as his designee. The Magistrate Judge found this plan acceptable. On November 18, 2013, however, the Magistrate Judge ordered Mr. Naughton to attend the settlement conference. (**Docket # 90**).

As the Chief Executive Officer, Mr. Naughton is statutorily required to supervise and bear responsibility for all of the following:

    (a)    The day-to-day operation of the airport, including the control, supervision, management, and oversight of the functions of the airport.

    (b)    The issuance of bonds and notes approved by the board.

    (c)    The negotiation and establishment of compensation and other terms and conditions of employment for employees of the authority.

    (d)    The appointment, dismissal, discipline, demotion, promotion, and classification of employees of the authority.

    (e)    The negotiation, supervision, and enforcement of contracts entered into by the authority, and the supervision of contractors and subcontractors of the authority in their performance of their duties.

    (f)    The appointment of an internal auditor who shall have professional qualifications commensurate with the responsibility of the jobs to be performed by such an official . . . .

M.C.L. § 259.114(4). Additionally, Mr. Naughton is required to "attend the meetings of the board and . . . render to the board a regular report covering

the activities and financial condition of the airport." M.C.L. § 259.114(5). He is also required to "furnish the board with information or reports governing the operation of the airport as the board requires." M.C.L. § 259.114(5).

Attending the settlement conference on December 11, 2013 will pose an undue hardship for Mr. Naughton. (**Exhibit 4**). In addition to his day-to-day responsibilities, he has a meeting with the WCAA's senior managers at 2:00 p.m. on December 11, 2013. (**Exhibit 4**). It is imperative that he attend this meeting. (**Exhibit 4**). He will be addressing important policy-related matters and matters from the last WCAA Board meeting of the year, which is scheduled for 2:30 p.m. on December 10, 2013. (**Exhibit 4**). Unfortunately, he is unable to reschedule his meeting with the senior managers. (**Exhibit 4**). The meeting must occur before the end of the year, and December 11, 2013 is the only date on which the meeting can occur. (**Exhibit 4**).

Undoubtedly, there will be matters from the Board meeting to which Mr. Naughton will need to attend before his meeting with the senior managers. (**Exhibit 4**). Given the close proximity of the meetings, the morning of December 11, 2013 is the only time that he will have to attend to such matters. (**Exhibit 4**).

4

**LAW AND ARGUMENT**

Pursuant to Rule 7.1(h) of the Local Rules of the United States District Court for the Eastern District of Michigan, the WCAA Defendants move for reconsideration of the order compelling Mr. Naughton's attendance at the settlement conference. (**Docket # 90**).

### I. THE GENERAL COUNSEL/SENIOR VICE PRESIDENT OF THE WCAA SHOULD BE PERMITTED TO ATTEND THE SETTLEMENT CONFERENCE AS DESIGNEE OF THE CHIEF EXECUTIVE OFFICER

When a litigant seeks an order compelling the deposition of a high-ranking government official or a high-level corporate executive, courts routinely require the litigant to demonstrate that the official or executive has personal knowledge of the underlying events and that the information is unobtainable through alternative means – a doctrine colloquially referred to as the "apex doctrine." See, e.g., *Devlin v. Chemed Corp.*, No. 04-74192, 2005 WL 2313859, *2 (E.D. Mich. Sept. 21, 2005) (attached as **Exhibit 7**); *Jackson v. City of Detroit*, No. 05-74236, 2007 WL 2225886, *1 (E.D. Mich. Aug. 1, 2007) (attached as **Exhibit 8**); see also *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (district court did not abuse its discretion in denying plaintiffs' motion to compel the deposition of the CEO of defendant's parent corporation, as there was no evidence that the CEO had involvement in or personal knowledge of the underlying events); *Lewelling*

5

*v. Farmers Ins.*, 879 F.2d 212, 218 (6th Cir. 1989) (district court did not abuse its discretion in granting defendant's motion for a protective order and precluding plaintiffs from deposing defendant's CEO, who had no personal knowledge of the underlying events). Courts recognize that high-ranking government officials and high-level corporate executives have greater duties and time constraints than most witnesses, and they apply the "apex doctrine" to prevent unnecessary disruptions from such duties. See *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007).

The WCAA Defendants acknowledge that the issue is whether Mr. Naughton should be compelled to attend the settlement conference, not whether he should be compelled to submit to a deposition. However, the rationales behind the "apex doctrine" support the WCAA Defendants' request for relief. If high-ranking government officials and high-level corporate executives are not required to submit to depositions due to their responsibilities and time constraints, then – by a parity of reasoning – they should not be required to attend settlement conferences.

The purpose of a settlement conference is to determine if the parties can reach a settlement agreement and, if so, to bind the parties to the terms and conditions of such agreement. To that end, allowing Ms. Neuberger to

6

attend the settlement conference as Mr. Naughton's designee will fulfill the purpose of the conference and cause no prejudice to Plaintiff. Plaintiff's attorneys requested the attendance of either Mr. Naughton "or another individual with full and complete authority to make settlement decisions." (**Exhibit 3**). As stated above, Mr. Naughton delegated full and complete settlement authority to Ms. Neuberger. (**Exhibit 4**). Thus, Ms. Neuberger – along with the representative of the WCAA's insurer – has the authority to negotiate a settlement agreement by which the WCAA Defendants will be bound.

## CONCLUSION

For the foregoing reasons, the WCAA Defendants respectfully request that this Honorable Court grant their motion for reconsideration and allow Ms. Neuberger to attend the settlement conference on December 11, 2013 as Mr. Naughton's designee.

          Respectfully submitted,

          /s/ T. Joseph Seward (P35095)
          Cummings, McClorey, Davis & Acho, P.L.C.
          33900 Schoolcraft Road
          Livonia, Michigan 48150
          Telephone: (734) 261-2400
          Facsimile: (734) 261-4510
          e-Mail: tjseward@cmda-law.com

          *Attorneys for Officer Bohn, Corporal Bradley, Lieutenant Wasiukanis, and Captain Driscoll*

/s/ Alan B. Havis (P36988)
Law Offices of Alan B. Havis
25505 West Twelve Mile Road, Suite 1000
Southfield, Michigan 48034
Telephone: (248) 353-3690
Facsimile: (248) 948-6677
e-Mail: ahavis@airportdefender.com

*Attorneys for Mark DeBeau, Officer Grant, Officer Parker, Detective Carmona, and Officer Johnson*

DATED: November 25, 2013

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

**SHOSHANA HEBSHI,**

Plaintiff,

-v-

**UNITED STATES OF AMERICA; FRONTIER AIRLINES, INC.; JOHN BRAND,** in his individual capacity; **UNKNOWN FBI AGENT 1,** in his individual capacity; **UNKNOWN FBI AGENT 2,** in his individual capacity; **MARK DEBEAU,** in his individual capacity; **JEREMY BOHN,** in his individual capacity; **CAPTAIN PATRICK DRISCOLL,** in his individual capacity; **OFFICER GRANT,** in his individual capacity; **LT. M. WASIUKANIS,** in his individual capacity; **TOYA PARKER,** in her individual capacity; **DT. CARMONA,** in his or her individual capacity; **OFFICER JOHNSON,** in his or her individual capacity; **CORPORAL BRADLEY,** in his or her individual capacity; **UNKNOWN CBP OFFICER,** in his individual capacity; **DAVID LAKATOS,** in his individual capacity; **NATHANIAL DEVINS,** in his individual capacity; **UNKNOWN TSA AGENT 1,** in his individual capacity; **UNKNOWN TSA AGENT 2,** in her individual capacity; **ROBERT BALL,** in his individual capacity; **UNKNOWN ICE OFFICER,** in his individual capacity; and **PAUL BRUMLEY,** in his individual capacity;

Defendants.

Honorable Terrence G. Berg

Magistrate Laurie J. Michelson

Case No. 13-cv-10253

-and-

**MARK DeBEAU, OFFICER GRANT, TOYA PARKER, DT. CARMONA, OFFICER JOHNSON, JEREMY BOHN,**

**CAPTAIN PATRICK DRISCOLL, LT. M. WASIUKANIS,**
and **CORPORAL BRADLEY,**

       Cross-Plaintiffs,

-v-

**FRONTIER AIRLINES, INC.,**

       Cross-Defendant.

---

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., attorneys for Defendants and that on November 25, 2013, a copy of DEFENDANT WAYNE COUNTY AIRPORT AUTHORITY'S JOINT MOTION FOR RECONSIDERATION was filed with the Clerk of the Court which will serve **via the Court's E-service** upon:

    MICHAEL J. STEINBERG
    KARY L. MOSS
    ALAN B. HAVIS
    DENNIS D. PARKER, Esq.
    RACHEL E. GOODMAN
    AYIRINI FONSCECA-SABUNE
    LYNN M. DODGE
    WILLIAM H. GOODMAN
    JULIE HORWITZ
    KATHRYN BRUNER JAMES
    SARAH E. WHITMAN
    ANNA ENGH
    SHELLI CALLAND
    ARJUN SETH
    SARAH TREMONT

                        /s/ Anita B. Zischerk
                        ANITA B. ZISCHERK