**Subject:** RE: Shoshana Hebshi v. United States, et al.
**From:** "Alan Havis" <ahavis@airportdefender.com>
**Date:** 10/22/2013 2:57 PM
**To:** "'Calland, Shelli'" <scalland@cov.com>, "'Tremont, Sarah'" <STremont@cov.com>
**CC:** "'T. Joseph Seward'" <tjseward@cmda-law.com>, "'Lindsey Kaczmarek'" <lkaczmarek@cmda-law.com>

Shelli,

To respond to your e-mail:

The WCAA general counsel as designee for the CEO will attend and will have "full and complete settlement authority" as to all non-monetary settlement conference terms and conditions, and the Airport's Insurer's representative, who was present at the first settlement conference and was available by phone at the second conference has "full and complete settlement authority" as to the monetary terms and conditions. As with the previous conference, absent objection, the insurer's representative will be available via telephone on the 31st.

With regard to the WCAA Board, per ordinance, approval of the Board is not necessary for a settlement in this matter since the Authority's insurance policy coverage begins at $50,000.00 and, at present, there has been no coverage concerns raised by the insurer. To the extent that the insurer somehow declines coverage and the WCAA CEO seeks to settle the matter in excess of $50,000.00 then this matter would need to go before the WCAA Board for approval.

However, should a resolution be reached by the CEO and his General Counsel designee that involves anything other than the payment of money, due to the high profile nature of this case it is likely that the CEO and the General Counsel would want to discuss the overall matter with the Board in a closed door litigation session.

Let me know if you have any other questions. If not, I'll look forward to seeing you on the 31st.

Regards,

Alan B. Havis, Esq.

---

**From:** Alan Havis [mailto:ahavis@airportdefender.com]
**Sent:** Tuesday, October 22, 2013 12:12 PM
**To:** 'Calland, Shelli'; 'Tremont, Sarah'
**Cc:** 'T. Joseph Seward'; 'Lindsey Kaczmarek'
**Subject:** RE: Shoshana Hebshi v. United States, et al.

Shelli,

We're working on it as we speak. It shouldn't be too long.

Alan

---

**From:** Calland, Shelli [mailto:scalland@cov.com]
**Sent:** Tuesday, October 22, 2013 12:04 PM
**To:** Alan Havis; Tremont, Sarah
**Cc:** 'T. Joseph Seward'; 'Lindsey Kaczmarek'
**Subject:** RE: Shoshana Hebshi v. United States, et al.

Alan and Joe,

We would appreciate answers to our questions below by 3 pm today. If we do not receive answers that alleviate our concerns, we will likely have to file the motion to compel Mr. Naughton's attendance at the October 31 settlement conference.

Thanks,

Shelli

**From:** Calland, Shelli
**Sent:** Monday, October 21, 2013 12:50 PM
**To:** 'Alan Havis'; Tremont, Sarah
**Cc:** 'T. Joseph Seward'; 'Lindsey Kaczmarek'
**Subject:** RE: Shoshana Hebshi v. United States, et al.

Alan,

As you and I discussed on the phone, we are concerned about the scope and extent of the WCAA general counsel's authority. For obvious reasons, we want to avoid wasting time at another settlement conference where a person with final decision-making authority for the WCAA is not present. Can you confirm that the WCAA general counsel will attend the October 31 conference with "full and complete settlement authority," as required by the Court's August 6 order?

We also have some questions about whether the WCAA Board will need to approve the settlement. What amounts count toward the $50,000 threshold? We presume any cash that the WCAA agrees to pay would be included, but what about the cost of training programs or other expenses necessary to comply with the settlement?

Thanks,

Shelli

**From:** Alan Havis [mailto:ahavis@airportdefender.com]
**Sent:** Friday, October 18, 2013 3:53 PM
**To:** Tremont, Sarah; Calland, Shelli
**Cc:** 'T. Joseph Seward'; 'Lindsey Kaczmarek'
**Subject:** RE: Shoshana Hebshi v. United States, et al.

Sarah and Shelli,

As discussed, the general counsel has agreed to appear as designee for the CEO at the next settlement conference scheduled for Thursday, October 31, 2013 before Judge Michelson.

Regarding your query as to whether the WCAA Board must approve any settlement reached in this matter, please note that the Board by ordinance is required to approve any settlement which requires the Airport Authority to pay more than $50,000.

I hope this satisfies your concerns and that you will not be filing a motion on the subject.  Please advise.

Regards,

Alan B. Havis, Esq.

---

**From:** Tremont, Sarah [mailto:STremont@cov.com]
**Sent:** Thursday, October 17, 2013 4:40 PM
**To:** Alan Havis (ahavis@airportdefender.com); T. Joseph Seward; Lindsey Kaczmarek
**Cc:** Calland, Shelli
**Subject:** Shoshana Hebshi v. United States, et al.

Dear Counsel,

We just left a voicemail for Mr. Havis.  As we mentioned there, we plan to file a motion to compel the attendance of the WCAA CEO at the October 31 settlement conference because, per Mr. Havis's email of October 10, the CEO is apparently the individual at the WCAA with final authority to settle Ms. Hebshi's claims.

We are contacting you to fulfill our obligation under E.D. Mich. LR 7.1(a) that we seek your concurrence in the motion prior to filing it.  Although we said in our voicemail that we would be filing at 6:00 p.m. today, we've decided not to file the motion tonight.  Please let us know by 11:00 a.m. tomorrow morning whether you concur in the motion.  If we do not hear from you before 11:00 a.m., we will assume that the WCAA Defendants do not concur.

Regards,

Sarah

**Sarah Tremont | COVINGTON & BURLING LLP**

1201 Pennsylvania Avenue NW

Washington, DC 20004-2401

*Tel* 202.662.5538 | *Fax* 202.778.5538

stremont@cov.com | www.cov.com

*This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.*