UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHOSHANA HEBSHI,

        Plaintiff,                            Civil Action No. 13-10253

      v.                                District Judge Terrence G. Berg
                                                        Magistrate Judge Laurie J. Michelson

UNITED STATES OF AMERICA, et al,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [91]

This matter is before the Court on the Wayne County Airport Authority ("WCAA") Defendants' Motion for Reconsideration of the Court's Supplemental Notice of Settlement Conference (Dkt. 90) ordering the Wayne County Airport Authority CEO, Mr. Thomas J. Naughton, to appear at the continuation of the settlement conference on December 11, 2013.

To reiterate, the Court conducted settlement conferences with the parties on August 6, 2013 and September 25, 2013. The parties also spent significant additional time in telephone negotiations. While a few remaining details needed to be finalized, following the September 25, 2013 settlement session, the parties had reached a tentative global settlement. The Court scheduled a final settlement conference for mid-November to resolve any remaining issues. Prior to that conference, counsel for the WCAA advised that "Thomas J. Naughton – Chief Executive Officer of the WCAA – rejected the tentative settlement." (Dkt. 91, Mot. for Reconsider. at 1, Ex. 1.) This was the first time the parties or the Court knew that Mr. Naughton was the WCAA decision-maker for purposes of settling this case. Despite the directive in the Court's July 15, 2013 initial Notice of Settlement Conference that "[t]he conference shall be attended by an authorized representative of each party with full and

complete authority to make settlement decisions" (Dkt. 83), Mr. Naughton did not attend either settlement session, nor was he available by phone. Thus, to make the upcoming December 11, 2013 settlement session meaningful, the Court ordered Mr. Naughton to attend . (Dkt. 90.) Given Mr. Naughton's position and busy schedule, the WCAA Defendants ask the Court to reconsider the necessity of his attendance. (Dkt. 91.)

In order to prevail on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). The WCAA Defendants have failed to satisfy this burden.

The Court was aware of Mr. Naughton's busy schedule at the time it ordered him to appear. The Conference was scheduled far enough in advance for him to make the necessary arrangements to attend. Additionally, everyone involved in these settlement negotiations has busy schedules. And numerous lawyers and client representatives have traveled significant distances, twice, in order to participate.[1] The Court believes that it is entirely equitable for Mr. Naughton to appear for the December 11 continuation of the settlement conference.

The WCAA cites the "apex doctrine" and draws the following analogy: "[i]f high-ranking government officials and high-level corporate executives are not required to submit to depositions due to their responsibilities and time constraints, then – by a parity of reasoning – they should not

---

[1] The settlement conference is scheduled to begin at 10am and so it is likely that Mr. Naughton will be able to attend his 2 pm meeting.

be required to attend settlement conferences." (Mot. for Reconsideration at 6.)

This contention is misguided and unpersuasive. This is not an "apex doctrine" situation where the corporate executive lacks knowledge of or information relevant to the controversy. To the contrary, Mr. Naughton is *the* WCAA's settlement decision-maker. Thus, even if the apex doctrine could be extended to the settlement-conference context, the fact that Mr. Naughton has ultimate settlement authority means that the extended doctrine would not apply here. *Cf. Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012). Moreover, as WCAA counsel undoubtedly know from their experience, high-ranking government officials and high-level corporate executives are routinely ordered to attend settlement conferences in federal court. To suggest otherwise is to demean the integrity of the process.

The Court is not minimizing Mr. Naughton's responsibilities and obligations. He hopefully realizes by now, however, that he should have attended the August 6, 2013 and September 25, 2013 sessions. And requiring him to now sacrifice a few hours will undoubtedly save him time in the future should the case proceed to full-blown litigation. Accordingly, the WCAA Defendants' Motion for Reconsideration is **DENIED.**

 **IT IS SO ORDERED.**

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES MAGISTRATE JUDGE

Dated: December 2, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 2, 2013.

                                          s/Jane Johnson
                                          Deputy Clerk