## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHOSHANA HEBSHI,

       Plaintiff,

-v-

UNITED STATES OF AMERICA; FRONTIER
AIRLINES, INC.; JOHN BRAND, in his individual
capacity; UNKNOWN FBI AGENT 1, in his individual
capacity; UNKNOWN FBI AGENT 2, in his individual
capacity; MARK DEBEAU, in his individual capacity;
JEREMY BOHN, in his individual capacity; CAPTAIN
PATRICK DRISCOLL, in his individual capacity;
OFFICER GRANT, in his individual capacity; LT. M.
WASIUKANIS, in his individual capacity; TOYA
PARKER, in her individual capacity; DT. CARMONA,
in his or her individual capacity; OFFICER JOHNSON,
in his or her individual capacity; CORPORAL BRADLEY,
in his or her individual capacity; UNKNOWN CBP
OFFICER, in his individual capacity; DAVID LAKATOS,
in his individual capacity; NATHANIAL DEVINS, in his
individual capacity; UNKNOWN TSA AGENT 1, in his
individual capacity; UNKNOWN TSA AGENT 2, in her
individual capacity; ROBERT BALL, in his individual
capacity; UNKNOWN ICE OFFICER, in his individual
capacity; and PAUL BRUMLEY, in his individual capacity;

       Defendants.

-and-

MARK DeBEAU, OFFICER GRANT, TOYA PARKER,
DT. CARMONA, OFFICER JOHNSON, JEREMY BOHN,
CAPTAIN PATRICK DRISCOLL, LT. M. WASIUKANIS,
and CORPORAL BRADLEY,

       Cross-Plaintiffs,

-v-

FRONTIER AIRLINES, INC.,

       Cross-Defendant.

Honorable Terrence G. Berg

Magistrate Laurie J. Michelson

Case No. 13-cv-10253

## WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER

NOW COME the Wayne County Airport Defendants, MARK DeBEAU, OFFICER JOHNSON, OFFICER GRANT, OFFICER PARKER, DETECTIVE CARMONA, OFFICER BOHN, LIEUTENANT WASIUKANIS, CORPORAL BRADLEY, and CAPTAIN DRISCOLL, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. and THE LAW OFFICE OF ALAN B. HAVIS, and for their Joint Motion for Protective Order, rely upon the attached Brief in Support and Rule 26(c) of the Federal Rules of Civil Procedure.

Pursuant to Rule 7.1(a) of the Local Rules of the Eastern District of Michigan, the WCAA Defendants certify that they attempted to obtain concurrence in the relief sought. Plaintiff declined to concur.

/s/ T. Joseph Seward (P35095)
Cummings, McClorey, Davis & Acho
33900 Schoolcraft Road
Livonia, Michigan 48150
Telephone: (734) 261-2400
Facsimile: (734) 261-4510
e-Mail: tjseward@cmda-law.com

*Attorneys for Bohn, Driscoll*
*Bradley, and Wasiukanis*

/s/ Alan B. Havis (P36988)
Law Offices of Alan B. Havis
25505 West Twelve Mile, Suite 1000
Southfield, Michigan 48034
Telephone: (248) 353-3690
Facsimile: (248) 948-6677
e-Mail: ahavis@airportdefender.com

*Attorneys for DeBeau, Grant, Parker,*
*Carmona, and Johnson*

DATED: December 6, 2013

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **SHOSHANA HEBSHI**, | Honorable Terrence G. Berg |
| Plaintiff, | Magistrate Laurie J. Michelson |
| -v- | Case No. 13-cv-10253 |

**UNITED STATES OF AMERICA; FRONTIER AIRLINES, INC.; JOHN BRAND**, in his individual capacity; **UNKNOWN FBI AGENT 1**, in his individual capacity; **UNKNOWN FBI AGENT 2**, in his individual capacity; **MARK DEBEAU**, in his individual capacity; **JEREMY BOHN**, in his individual capacity; **CAPTAIN PATRICK DRISCOLL**, in his individual capacity; **OFFICER GRANT**, in his individual capacity; **LT. M. WASIUKANIS**, in his individual capacity; **TOYA PARKER**, in her individual capacity; **DT. CARMONA**, in his or her individual capacity; **OFFICER JOHNSON**, in his or her individual capacity; **CORPORAL BRADLEY**, in his or her individual capacity; **UNKNOWN CBP OFFICER**, in his individual capacity; **DAVID LAKATOS**, in his individual capacity; **NATHANIAL DEVINS**, in his individual capacity; **UNKNOWN TSA AGENT 1**, in his individual capacity; **UNKNOWN TSA AGENT 2**, in her individual capacity; **ROBERT BALL**, in his individual capacity; **UNKNOWN ICE OFFICER**, in his individual capacity; and **PAUL BRUMLEY**, in his individual capacity;

Defendants.

-and-

**MARK DeBEAU, OFFICER GRANT, TOYA PARKER, DT. CARMONA, OFFICER JOHNSON, JEREMY BOHN, CAPTAIN PATRICK DRISCOLL, LT. M. WASIUKANIS,** and **CORPORAL BRADLEY,**

Cross-Plaintiffs,

-v-

**FRONTIER AIRLINES, INC.,**

Cross-Defendant.

## BRIEF IN SUPPORT OF WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITY...................................................................................ii

QUESTION PRESENTED.............................................................................iv

INTRODUCTION...........................................................................................1

LAW AND ARGUMENT.................................................................................2

I.    THE WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS'
DISPOSITIVE MOTIONS, BOTH OF WHICH RAISE THE DEFENSE
OF QUALIFIED IMMUNITY, SERVE AS GOOD CAUSE FOR ENTRY
OF A PROTECTIVE ORDER...................................................................2

CONCLUSION................................................................................................6

i

## INDEX OF AUTHORITY

### Cases

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)........................................................................3, 4, 5

*Blake v. Wright,*
    179 F.3d 1003 (6th Cir. 1999)...............................................................3

*Chow v. State,*
    165 F.3d 26 (6th Cir. 1998)..................................................................4

*Criss v. City of Kent,*
    867 F.2d 259 (6th Cir. 1998).........................................................3, 4, 5

*English v. Dyke,*
    23 F.3d 1086 (6th Cir. 1994)................................................................4

*Everson v. Leis,*
    556 F.3d 484 (6th Cir. 2009)................................................................3

*Goad v. Mitchell,*
    297 F.3d 497 (6th Cir. 2002)................................................................3

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982).........................................................................2, 3

*Hunter v. Bryant,*
    502 U.S. 224 (1991)............................................................................3

*Jackson-El v. Ray,*
    201 F.3d 440 (1999).........................................................................4, 5

*Kennedy v. City of Cleveland,*
    797 F.2d 297 (6th Cir. 1986)..............................................................4, 5

*Kimble v. Hoso,*
    439 F.3d 331 (6th Cir. 2006)................................................................4

*Mitchell v. Forsyth,*
    472 U.S. 511 (1985)..................................................................3

*Pearson v. Callahan,*
    555 U.S. 223 (2009)..................................................................3

*Porter v. Parker,*
    166 F.3d 1215 (6th Cir. 1998)..............................................4, 5

*Summers v. Leis,*
    368 F.3d 881 (6th Cir. 2004)..................................................2

*Vakilian v. Shaw,*
    335 F.3d 509 (6th Cir. 2003).................................................3

*Young v. Burks,*
    849 F.2d 610 (1988)...............................................................4

## **Federal Rules of Civil Procedure**

Fed. R. Civ. P. 5...............................................................................1, 2

Fed. R. Civ. P. 26..............................................................................2

## **QUESTION PRESENTED**

I.    WHETHER THE WAYNE COUNTY AIRPORT AUTHORITY DEFEDANTS' PENDING DISPOSITIVE MOTIONS, BOTH OF WHICH RAISE THE DEFENSE OF QUALIFIED IMMUNITY, SERVE AS GOOD CAUSE FOR ENTRY OF A PROTECTIVE ORDER?

Plaintiff presumably answers, "No."

Wayne County Airport Authority Defendants answer, "Yes."

# INTRODUCTION

This action arises out of the detention and search of Plaintiff following reports in which Frontier Airlines identified her as a potential suspect in connection with suspicious activity aboard a Detroit-bound flight. Plaintiff raises a claim of discrimination under the equal protection clause of the Fourteenth Amendment, as well as claims of unreasonable search and seizure under the Fourth Amendment, against the Wayne County Airport Authority ("WCAA") Defendants. (**Docket # 1**, Counts IV, V, and VI).

The WCAA Defendants filed a motion for partial judgment on the pleadings as to Plaintiff's Fourteenth Amendment claim on June 4, 2013, followed by a motion for a stay of discovery on June 6, 2013. (**Docket # 69**; **Docket # 70**). They filed another motion for partial judgment on the pleadings as to Plaintiff's Fourth Amendment claims on November 11, 2013. (**Docket # 89**). Qualified immunity served as the basis of all three motions.

Plaintiff served the WCAA Defendants with requests for production of documents on November 8, 2013. (Correspondence and Certificate of Service of Discovery Requests, attached as **Exhibit 1**).[1] She served the WCAA with a

---

[1] Mindful of Rule 5 of the Federal Rules of Civil Procedure, the WCAA Defendants did not attach Plaintiff's requests for production of documents. See Fed. R. Civ. P. 5(d)(1) (prohibiting the filing of discovery requests).

subpoena to produce documents on December 3, 2013. (Correspondence and

Notice of Subpoena, attached as **Exhibit 2**).[2]

## LAW AND ARGUMENT

Upon a showing of good cause, a court may enter an order to protect a

party from "annoyance, embarrassment, oppression, or undue burden or

expense . . . ." Fed. R. Civ. P. 26(c)(1). Such an order may prohibit or stay

discovery. Fed. R. Civ. P. 26(c)(1)(A) and (B).

**I.   THE WCAA DEFENDANTS' PENDING DISPOSITIVE MOTIONS, BOTH OF WHICH RAISE THE DEFENSE OF QUALIFIED IMMUNITY, SERVE AS GOOD CAUSE FOR ENTRY OF A PROTECTIVE ORDER.**

In the civil context, public officials performing discretionary functions

are entitled to qualified immunity to the extent that their conduct does not

violate clearly established rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982). "The purpose of a qualified immunity defense is not only protection

from civil damages but protection from the rigors of litigation itself,

including the potential disruptiveness of discovery." *Summers v. Leis*, 368

F.3d 881, 886 (6th Cir. 2004). To that end, qualified immunity is more than

---

[2] Plaintiff also served the other Defendants with discovery requests, but she did not serve copies of these requests on the WCAA Defendants. See Fed. R. Civ. P. 5(a)(1)(C) (requiring copies of discovery requests to be served on every party). It appears, based on statements made by Plaintiff's attorneys during a telephone conference on November 13, 2013, that Plaintiff granted extensions to all Defendants except the WCAA Defendants.

2

a mere defense to liability – it is an "*immunity from suit . . . .*" *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original).

In their motion for a stay of discovery, the WCAA Defendants argued that permitting discovery before resolution of the qualified immunity issues will defeat the "driving force behind the immunity – avoiding unwarranted discovery and other litigation costs . . . ." (**Docket # 70**, p. 5) (quoting *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009) and citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The WCAA Defendants cited ample authority for the proposition that a stay of discovery pending resolution of qualified immunity issues is appropriate:

> The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (collecting authority). So, too, has the Sixth Circuit. See, e.g., *Blake v. Wright*, 179 F.3d 1003, 1007 (6th Cir. 1999); *Goad v. Mitchell*, 297 F.3d 497, 501 (6th Cir. 2002); *Vakilian v. Shaw*, 335 F.3d 509, 516 (6th Cir. 2003). Coincidentally, both the Supreme Court and the Sixth Circuit have held that discovery should not be permitted until the threshold immunity issue is resolved. *Harlow*, 457 U.S. at 818; *Criss v. City of Kent,* 867 F.2d 259, 261 (6th Cir. 1998).
>
> Although the Federal Rules of Civil Procedure vest district courts with broad discretion to place restrictions on and otherwise control the discovery process [footnote omitted], "the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009). Permitting *any* discovery – even "*minimally intrusive*" discovery – provides "especially cold comfort in this pleading

context, where [the Court is] impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties." *Id.* at 686 (emphasis supplied).

From *Iqbal*, it necessarily follows that staying discovery – rather than permitting or even limiting discovery – is appropriate relief pending resolution of qualified immunity issues.   The Sixth Circuit has routinely endorsed a stay of discovery in this context. See, e.g., *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (directing district courts to "stay discovery" when "the issue [of qualified immunity] is before the trial court or the case is on appeal"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (recognizing that when a government official raises the defense of qualified immunity, courts are "obligated . . . not only to refrain from proceeding to trial but to stay discovery until that issue is decided"); *Young v. Burks*, 849 F.2d 610, 610 n. 6 (6th Cir. 1988) (citation omitted) (recognizing that "discovery should be stayed pending resolution of immunity issues"); *Criss*, 867 F.2d at 261 (finding that the district court "furthered the policies underlying the qualified immunity doctrine by . . . prohibiting further discovery"); *Kimble v. Hoso*, 439 F.3d 331, 335 (6th Cir. 2006) (noting that the district court, in accordance with the "Supreme Court's ruling in *Harlow*," properly "stayed . . . discovery until the issue of qualified immunity was addressed"); *Chow v. State*, 165 F.3d 26 (6th Cir. 1998) (recognizing that "[a] stay of discovery is properly granted until the issue of immunity is decided"); *Porter v. Parker*, 166 F.3d 1215 (6th Cir. 1998) and *Jackson-El v. Ray*, 201 F.3d 440 (1999)  (holding that "the magistrate judge appropriately . . . stayed discovery until the defense of qualified immunity could be considered").

(**Docket # 70**, pp. 2-4).

The above-referenced precedent – particularly the Sixth Circuit's decision in *Kennedy* – reflects that courts are not only *encouraged* to stay discovery until a qualified immunity issue is decided, they are "*obligated . . .*

to stay discovery until that issue is decided." *Kennedy*, 797 F.2d at 299 (emphasis supplied). By the same token, the above-referenced precedent reflects that a pending dispositive motion based on qualified immunity serves as good cause to issue a protective order. See, e.g., *Criss,* 867 F.2d at 261 (holding that the district court "furthered the policies underlying the qualified immunity doctrine by exercising its discretion and entering a protective order prohibiting further discovery"); *Porter*, 166 F.3d at 1215 and *Jackson-El*, 201 F.3d at 440 (holding that the district court "appropriately granted the defendants' motion for a protective order and stayed discovery until the defense of qualified immunity could be considered").

Based on the foregoing, the WCAA Defendants request that the Court enter a protective order and stay discovery pending resolution of their motions for judgment on the pleadings. They further request that the protective order and stay of discovery apply to all parties and non-parties, including the WCAA. See *Iqbal*, 556 U.S. at 685-86 ("It is no answer . . . to say that discovery for [the government officials asserting qualified immunity] can be deferred while pretrial proceedings continue . . . . It is quite likely that, when discovery . . . proceeds, it would prove necessary for [the officials] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their

5

position. Even if [the officials] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery").

## <u>CONCLUSION</u>

For the foregoing reasons, the WCAA DEFENDANTS respectfully request that this Honorable Court GRANT their motion for protective order.


/s/ T. Joseph Seward (P35095)          /s/ Alan B. Havis (P36988)
Cummings, McClorey, Davis & Acho     Law Offices of Alan B. Havis
33900 Schoolcraft Road               25505 West Twelve Mile, Suite 1000
Livonia, Michigan 48150              Southfield, Michigan 48034
Telephone: (734) 261-2400            Telephone: (248) 353-3690
Facsimile: (734) 261-4510            Facsimile: (248) 948-6677
e-Mail: tjseward@cmda-law.com        e-Mail: ahavis@airportdefender.com

*Attorneys for Bohn, Driscoll*        *Attorneys for DeBeau, Carmona,*
*Bradley, and Wasiukanis*             *Johnson, Grant, and Parker*


DATED: December 6, 2013

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I am employed by the law firm of CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., attorneys for Defendants and that on December 6, 2013, a copy of the foregoing document was filed with the Clerk of the Court which will serve **via the Court's E-service** upon:

> **MICHAEL J. STEINBERG**
> **KARY L. MOSS**
> **ALAN B. HAVIS**
> **DENNIS D. PARKER, Esq.**
> **RACHEL E. GOODMAN**
> **AYIRINI FONSCECA-SABUNE**
> **LYNN M. DODGE**
> **WILLIAM H. GOODMAN**
> **JULIE HORWITZ**
> **KATHRYN BRUNER JAMES**
> **SARAH E. WHITMAN**
> **ANNA ENGH**
> **SHELLI CALLAND**
> **ARJUN SETH**
> **SARAH TREMONT**

/s/ Anita B. Zischerk
ANITA B. ZISCHERK