UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MICHIGAN
EASTERN DISTRICT OF MICHIGAN DIVISION

SHOSHANA HEBSHI,

    Plaintiff,

-v-

UNITED STATES OF AMERICA et al.,

    Defendants.

-and-

MARK DeBEAU, OFFICER GRANT, TOYA PARKER, DT. CARMONA, OFFICER JOHNSON, JEREMY BOHN, CAPTAIN PATRICK DRISCOLL, LT. M. WASIUKANIS, and CORPORAL BRADLEY,

    Cross-Plaintiffs,

-v-

FRONTIER AIRLINES, INC.,

    Cross-Defendant.

Hon. Terrence G. Berg

Hon. Magistrate Laurie J. Michelson

Case No. 13-cv-10253

## **NON-PARTIES THOMAS J. NAUGHTON AND WAYNE COUNTY AIRPORT AUTHORITY'S MOTION FOR PROTECTIVE ORDER**

NOW COME non-parties Thomas J. Naughton ("Mr. Naughton") and the Wayne County Airport Authority ("WCAA"), by and through their attorneys, Foley & Lardner LLP, and hereby respectfully move this Court, pursuant to Fed. R. Civ. P. 26(b)(2)(C), 26(c) and/or 45, for a protective order staying discovery sought by Plaintiff Shoshana Hebshi's ("Plaintiff") subpoena.

Currently pending before the Court are two dispositive motions based on the defense of qualified immunity filed by the Wayne County Airport Authority Defendants (the "WCAA Defendants").  (**Dkt. 89**.)  If this Court grants the aforementioned motions, the discovery sought in Plaintiff's subpoena will be moot. Accordingly, Mr. Naughton and the WCAA request that this Court enter a protective order staying all discovery as to Mr. Naughton and the WCAA pending resolution of the WCAA Defendants' motions.

Pursuant to Fed. R. Civ. P. 26(c)(1) and E.D. Mich LR 7.1, on December 18, 2013, Mr. Naughton and the WCAA's counsel in good faith conferred with Plaintiff's counsel in an effort to resolve the dispute without court action, but concurrence to the relief requested herein was not obtained.

Respectfully submitted,

**FOLEY & LARDNER LLP**
By: /s/ Philip B. Phillips
   John R. Trentacosta (P31856)
   Philip B. Phillips (P55885)
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
(313) 234-2800 (facsimile)
jtrentacosta@foley.com
pphillips@foley.com
*Attorneys for Non-party Thomas J. Naughton and Wayne County Airport Authority*

Dated:  December 19, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MICHIGAN
EASTERN DISTRICT OF MICHIGAN DIVISION

SHOSHANA HEBSHI,

    Plaintiff,

-v-

UNITED STATES OF AMERICA et al.,

    Defendants.

-and-

MARK DeBEAU, OFFICER GRANT, TOYA PARKER, DT. CARMONA, OFFICER JOHNSON, JEREMY BOHN, CAPTAIN PATRICK DRISCOLL, LT. M. WASIUKANIS, and CORPORAL BRADLEY,

    Cross-Plaintiffs,

-v-

FRONTIER AIRLINES, INC.,

    Cross-Defendant.

Hon. Terrence G. Berg

Hon. Magistrate Laurie J. Michelson

Case No. 13-cv-10253

**BRIEF IN SUPPORT OF NON-PARTIES
THOMAS J. NAUGHTON AND WAYNE COUNTY AIRPORT
AUTHORITY'S MOTION FOR PROTECTIVE ORDER**

i

## STATEMENT OF THE ISSUE PRESENTED

I. Whether good cause exists for this Court to enter a protective order staying discovery from non-parties Thomas J. Naughton and the Wayne County Airport Authority pending resolution of the Wayne County Airport Authority Defendants' dispositive motions.

   Mr. Naughton answers "yes."

   Plaintiff answers "no."

# **TABLE OF AUTHORITIES**

**Cases**                                                                                         Page(s)

*American Electric Power Co Inc v United States*,
   191 FRD 132 (SD Ohio, 1999) ............................................................................... 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................. 5

*Blake v. Wright*,
   179 F.3d 1003 (6th Cir. 1999) ................................................................................. 4

*Criss v. City of Kent*,
   867 F.2d 259 (6th Cir. 1998) ........................................................................... 4, 5, 6

*Echostar Communications Corp v The News Corp Ltd*,
   180 FRD 391 (D Col, 1998) ..................................................................................... 6

*English v. Dyke*,
   23 F.3d 1086 (6th Cir. 1994) ................................................................................... 5

*Everson v. Leis*,
   556 F.3d 484 (6th Cir. 2009) ................................................................................ 4, 6

*Goad v. Mitchell*,
   297 F.3d 497 (6th Cir. 2003) ................................................................................... 4

*Hunter v. Bryant*,
   502 U.S. 224 (1991) ................................................................................................. 4

*Kennedy v. City of Cleveland*,
   797 F.2d 297 (6th Cir. 1986) ................................................................................... 5

*Kimble v. Hoso*,
   439 F.3d 331 (6th Cir. 2006) ................................................................................... 5

*Patterson v. Avery Dennison Corp.*,
   281 F.3d 676 (7th Cir. 2002) ................................................................................... 3

*U.S v. Standard Oil Co.*,
   23 F.R.D. 1 (S.D.N.Y. 1958) ................................................................................... 3

*Young v. Burks*,
    849 F.2d 610 (6th Cir. 1988) ................................................................................5

**Other Authorities**

Fed. R. Civ. P. 26 ............................................................................................... ii, 3, 4

Fed. R. Civ. P. 30 ......................................................................................................1

Fed. R. Civ. P. 45 ................................................................................................. 3, 4

## I. INTRODUCTION

In this Motion, non-parties Thomas J. Naughton ("Mr. Naughton") and the Wayne County Airport Authority ("WCAA") request a protective order staying the discovery sought by Plaintiff Shoshana Hebshi's subpoena, dated December 3, 2013, issued to Mr. Naughton and the WCAA (the "Subpoena"). A copy of the Subpoena is attached hereto as **Exhibit A**. The Subpoena seeks the production of documents from and commands a FRCP 30(b)(6) deposition of the WCAA on January 10, 2014. Aside from the Subpoena being overly broad and unduly burdensome, this court should stay the requested discovery pending the court's decisions on the two dispositive motions filed by the WCAA Defendants,[1] the granting of which would moot Plaintiff's Subpoena.

In this action, Plaintiff alleges, *inter alia*, that she was discriminated against based on her perceived race, ethnicity and/or national origin, and that she was subjected to an unreasonable search and seizure. Mr. Naughton and the Wayne County Airport Authority are not parties to this action. Mr. Naughton serves as the Chief Executive Officer of the WCAA.

On June 4, 2013, the WCAA Defendants filed a motion for partial summary judgment on the pleadings as to Plaintiff's Fourteenth Amendment claim and, on

---

[1] Defendants Mark DeBeau, Officer Grant, Officer Parker, Detective Carmona, Officer Johnson, Officer Bohn, Captain Driscoll, Lieutenant Wasiukanis and Corporal Bradley are collectively referred to herein as "the WCAA Defendants."

1

4838-2125-7239.2

November 11, 2013, they filed a motion for partial judgment as to Plaintiff's Fourth Amendment claim (collectively the "Dispositive Motions"). (**Dkts. 69, 89**.)[2] Briefing for the WCAA Defendants' motion for partial judgment on Plaintiff's Fourth Amendment claim is scheduled to be completed on January 13, 2013. (*See* **Dkt. 93**.)

Plaintiff issued the Subpoena at issue to Mr. Naughton and the WCAA on December 3, 2013. (**Exhibit A**.) The Subpoena seeks 22 separate categories of documents (not including subparts) and lists 24 different topics on which Plaintiff will purportedly depose a WCAA 30(b)(6) witness. Not only is the information sought by the Subpoena overly broad and unduly burdensome, the Dispositive Motions, which are based on the defense of qualified immunity, serve as good cause to issue a protective order in this case. Accordingly, Mr. Naughton and the WCAA request that this Court enter a protective order prohibiting discovery from Mr. Naughton and the WCAA prior to the resolution of the Dispositive Motions.

---

[2] The WCAA Defendants, in their Joint Motion To Stay Discovery, argued that permitting discovery before resolution of the qualified immunity issues will defeat the "driving force behind the immunity – avoiding unwarranted discovery and other litigation costs …" (**Dkt. 70**, p. 5.) Similarly, in response to Plaintiff's most recent discovery requests directed to the WCAA Defendants, they have filed a Joint Motion For Protective Order requesting that this Court enter a protective order and stay discovery to all parties and non-parties. (**Dkt. 94**.) Mr. Naughton and the WCAA request that the Court schedule any hearing related to this Motion on the same date as any hearing on the WCAA Defendants' Joint Motion For Protective Order.

2

## II. LEGAL STANDARD

### A. Federal Rules of Civil Procedure 26

Under Rule 26(b)(2), a court <u>must</u> limit discovery if it determines that it is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Rule 26(c) also authorizes the Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order that forbids the disclosure or discovery sought and/or prescribes an alternative discovery method. *See, e.g. U.S v. Standard Oil Co.,* 23 F.R.D. 1 (S.D.N.Y. 1958) (court intervened to narrow the issues in order to make the process more efficient and less burdensome).

### B. Federal Rules of Civil Procedure 45

Rule 45(c)(1) provides that an attorney issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(c)(3) also provides that the issuing court <u>must</u> quash or modify a subpoena that:

(1) fails to allow a reasonable time to comply;

(2) requires disclosure of privileged or protected matter (assuming no exception or waiver applies); or

3

4838-2125-7239.2

(3)  subjects one to an undue burden.

The Advisory Committee's Notes regarding the 1991 Amendment to Rule 45 note that Rule 45(c)(3) "tracks the provisions of Rule 26(c)" and that it "requires the court to protect all persons from undue burden imposed by the use of the subpoena power." 2009 Rev. Ed. Federal Civil Judicial Procedure and Rules, p. 235.

### III. ARGUMENT

#### A. Good Cause Exists To Enter A Protective Order In Favor Of Mr. Naughton and the WCAA Because The WCAA Defendants' Pending Dispositive Motions Raise The Defense of Qualified Immunity.

Good cause exists to enter a protective order to prohibit Plaintiff from seeking the discovery set forth in her Subpoena. As the WCAA Defendants argued in their Joint Motion for Protective Order, permitting discovery before resolution of the qualified immunity issues will defeat the "driving force behind the immunity – avoiding unwarranted discovery and other litigation costs . . . ." (**Dkt. 70**, p. 5) (quoting *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009).

> The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (collecting authority). So, too, has the Sixth Circuit. See, e.g., *Blake v. Wright*, 179 F.3d 1003, 1007 (6th Cir. 1999); *Goad v. Mitchell*, 297 F.3d 497, 501 (6th Cir. 2003). Coincidentally, both the Supreme Court and the Sixth Circuit have held that discovery should not be permitted until the threshold immunity issue is resolved. *Harlow*, 457 U.S. at 818; *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1998).

4

> Although the Federal Rules of Civil Procedure vest district courts with broad discretion to place restrictions on and otherwise control the discovery process [footnote omitted], "the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009). Permitting any discovery — even "*minimally intrusive*" discovery — provides "especially cold comfort in this pleading context, where [the Court is] impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties." *Id.* at 686 (emphasis supplied).
>
> From *Iqbal*, it necessarily follows that staying discovery — rather than permitting or even limiting discovery — is appropriate relief pending resolution of qualified immunity issues. The Sixth Circuit has routinely endorsed a stay of discovery in this context. See, e.g., *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (directing district courts to "stay discovery" when "the issue [of qualified immunity] is before the trial court or the case is on appeal"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (recognizing that when a government official raises the defense of qualified immunity, courts are "obligated . . . not only to refrain from proceeding to trial but to stay discovery until that issue is decided"); *Young v. Burks*, 849 F.2d 610, 610 n. 6 (6th Cir. 1988) (citation omitted) (recognizing that "discovery should be stayed pending resolution of immunity issues"); *Criss*, 867 F.2d at 261 (finding that the district court "furthered the policies underlying the qualified immunity doctrine by . . . prohibiting further discovery"); *Kimble v. Hoso*, 439 F.3d 331, 335 (6th Cir. 2006) (noting that the district court, in accordance with the "Supreme Court's ruling in *Harlow*," properly "stayed . . . discovery until the issue of qualified immunity was addressed").

(**Dkt. 94**, pp. 3-4.)

5

The above-referenced precedent demonstrates that a pending dispositive motion based on qualified immunity serves as good cause to issue a protective order. *See, e.g., Criss*, 867 F.2d at 261 (holding that the district court "furthered the policies underlying the qualified immunity doctrine by exercising its discretion and entering a protective order prohibit further discovery").

The same reasoning applies here with equal, if not more, force. Because Mr. Naughton and the WCAA are not parties to this action, prohibiting discovery until the resolution of qualified immunity issues is more appropriate. Qualified immunity helps protect against unwarranted discovery and other litigation costs, *see Everson*, 556 F.3d at 492, which is precisely what Mr. Naughton and the WCAA seek to avoid. Indeed, Plaintiff's Subpoena seeks to depose a 30(b)(6) witness on January 10, 2014, which is only days before briefing is scheduled to close on the WCAA Defendants' motion for partial judgment on Plaintiff's Fourth Amendment claim. (*See* **Dkt. 93**.) Thus, Mr. Naughton and the WCAA would be required to engage in extensive, costly and time-consuming discovery regarding claims that have the potential of being rendered moot by the Dispositive Motions.[3]

---

[3] Finally, as courts have noted, as a general rule, nonparties are entitled to special protection from unduly burdensome discovery requests. "Courts are required to balance a need for discovery against the burden imposed on a person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure." *American Electric Power Co Inc v United States,* 191 FRD 132, 136 (SD Ohio, 1999). *See also Echostar Communications Corp v The News Corp Ltd,* 180 FRD 391, 394 (D Col, 1998) (when a party requests

6

## IV. CONCLUSION

For all of the reasons set forth above, the Court should enter a protective order that stays all discovery from Mr. Naughton and the WCAA and relieves Mr. Naughton and the WCAA of any obligation to respond to the Subpoena pending the disposition of the WCAA Defendants' Dispositive Motions.

Respectfully submitted,

**FOLEY & LARDNER LLP**
By: /s/ Philip B. Phillips
    John R. Trentacosta (P31856)
    Philip B. Phillips (P55885)
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
(313) 234-2800 (facsimile)
jtrentacosta@foley.com
pphillips@foley.com

Dated: December 19, 2013

*Attorneys for Non-party Thomas J. Naughton and Wayne County Airport Authority*

---

discovery from a nonparty, the party "must meet a burden of proof heavier than the ordinary burden imposed under [the Rules]"). In this case, the Plaintiff's Subpoena seeks 22 separate categories of documents (not including subparts) and lists 24 different topics on which Plaintiff will purportedly depose the WCAA, a nonparty. Not only is the information sought by the Subpoena overly broad and unduly burdensome, upon information and belief, Plaintiff has requested the same types of documents and information from the WCAA Defendants – making the requests to Mr. Naughton and the WCAA duplicative.

4838-2125-7239.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MICHIGAN
EASTERN DISTRICT OF MICHIGAN DIVISION

SHOSHANA HEBSHI,

      Plaintiff,

-v-

UNITED STATES OF AMERICA et al.,

      Defendants.

-and-

MARK DeBEAU, OFFICER GRANT, TOYA PARKER, DT. CARMONA, OFFICER JOHNSON, JEREMY BOHN, CAPTAIN PATRICK DRISCOLL, LT. M. WASIUKANIS, and CORPORAL BRADLEY,

      Cross-Plaintiffs,

-v-

FRONTIER AIRLINES, INC.,

      Cross-Defendant.

Hon. Terrence G. Berg

Hon. Magistrate Laurie J. Michelson

Case No. 13-cv-10253

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2013, I electronically filed the foregoing **Non-party Thomas J. Naughton's Motion for Protective Order** using the ECF System, which will send notification of such filing to all attorneys of record.

    /s/ Nicholas E. Kyriakopoulos
    Nicholas E. Kyriakopoulos (P76442)
    nkyriakopoulos@foley.com
    **FOLEY & LARDNER LLP**
    500 Woodward Avenue, Suite 2700
    Detroit, Michigan 48226-3489
    (313) 234-7100 (Telephone)
    (313) 234-2800 (Facsimile)
    *Attorneys for Non-party Thomas J.*
    *Naughton and Wayne County Airport Authority*

Dated:  December 19, 2013