# EXHIBIT A

# COVINGTON & BURLING LLP

BEIJING   BRUSSELS   LONDON   NEW YORK  
SAN DIEGO   SAN FRANCISCO   SEOUL  
SHANGHAI   SILICON VALLEY   WASHINGTON

1201 PENNSYLVANIA AVENUE, NW  
WASHINGTON, DC 20004-2401  
T 202.662.6000  
WWW.COV.COM

December 3, 2013

**<u>FOR SERVICE WITH SUBPOENA</u>**

Wayne County Airport Authority  
c/o Thomas Naughton, CEO  
1 Detroit Metro Airport  
Detroit, MI 48242

    Re: *Hebshi v. United States, et al.*, No. 13-10253 (E.D. Mich.)

Dear Sir:

  Covington & Burling LLP represents Plaintiff Shoshana Hebshi in the above-styled litigation presently pending in the United States District Court for the Eastern District of Michigan. Enclosed for service is a subpoena for deposition testimony and the production of documents in connection with this litigation.

  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Wayne County Airport Authority must designate one or more officers, directors, managing agents, or other persons who consent to testify on your behalf. The person(s) designated must testify about information known or reasonably available to the organization. Plaintiff reserves the right to take further depositions of the Wayne County Airport Authority pursuant to Rule 30(b)(6) on additional topics not addressed herein.

  If you have any questions or concerns regarding the date and time of the deposition or the requested document production (or any other subject), please feel free to contact me via email (stremont@cov.com) or by telephone (202-662-5538).

  Thank you for your timely attention to this matter.

                Sincerely,

                Sarah E. Tremont

Enclosure

cc: (w/encl.; by email)  
   All Counsel of Record

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| Shoshana Hebshi | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. No. 13-10253 |
| | ) |
| United States of America, et al. | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Wayne County Airport Authority, 1 Detroit Metro Airport, Detroit, MI 48242
c/o Thomas Naughton, CEO

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Goodman & Hurwitz, P.C.<br>1394 E. Jefferson Avenue<br>Detroit, MI 48207 | Date and Time:<br>01/10/2014 10:00 am |
|---|---|

The deposition will be recorded by this method: __Stenographic and Video Recording__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A. The documents, electronically stored information, and objects requested in Attachment A should be produced to Miriam Nemeth, Goodman & Hurwitz P.C., 1394 E. Jefferson Avenue, Detroit, MI 48207 no later than January 6, 2014, or at such other place and time as may be mutually agreed upon.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __12/03/2013__

*CLERK OF COURT*

OR  /s/ Sarah Tremont

_____         _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Plaintiff__
Shoshana Hebshi_____, who issues or requests this subpoena, are:

Sarah E. Tremont, Covington & Burling LLP
1201 Pennsylvania Avenue, NW, Washington, D.C. 20004

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 (i) fails to allow a reasonable time to comply;

 (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 (iv) subjects a person to undue burden.

 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 (i) disclosing a trade secret or other confidential research, development, or commercial information;

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 (i) expressly make the claim; and

 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Attachment A

## DEFINITIONS

1. "Plaintiff" means Shoshana Hebshi.

2. "Individual Wayne County Airport Authority Defendants" means Defendants Mark DeBeau, Jeremy Bohn, Captain Patrick Driscoll, Lieutenant M. Wasiukanis, Toya Parker, Officer Grant, Detective Carmona, K9 Officer Johnson, and Corporal Bradley.

3. "Document" means any document or stored electronic data on any medium, as defined in Federal Rule of Civil Procedure 34(a), including, but not limited to, papers, writings, tangible objects, letters, correspondence, bills, memoranda, internal and external electronic mail (email), notes, notations, messages, work papers, books, reports, photographs, computer presentations, electronic files, electronic transmissions, computer data, computer-stored data, computer-generated data, computer diskettes, CD-ROMs, video or audio tapes, spreadsheets, summaries, facsimiles, drawings, blueprints, notes of meetings, notes of telephone conversations, recordings, and plans. The term "document" also means every copy of a document where such copy is not an identical duplicate of the original. Any copy of a document bearing any comment or notation that is not a part of the original text is to be considered a separate "document." Any draft or other preliminary form of any document is also to be considered a separate "document."

4. "Person" means any natural person, firm, corporation, partnership, proprietorship, cooperative, association, joint venture, organization, governmental body, group of natural persons, and any agent or employee of any of those individual entities.

5. The term "identify" or "specify," when used in reference to an individual person, means to state to the extent known (i) the person's full name, and (ii) the person's present employment title, employment and residential address, and telephone number (or, if not known,

… (omitted)

the person's last known employment title, employment and residential address, and telephone number).

6. "Concerning," "relating to," and "referring to" shall be construed broadly and shall mean, for example, pertaining to, containing, describing, reflecting, regarding, illustrating, mentioning, evidencing, embodying, constituting, supporting, discussing, or having any logical or factual connection whatsoever with the subject matter in question.

7. "You" and "your" means Wayne County Airport Authority, as well as its officers, directors, employees, internal and outside counsel, agents, representatives, and consultants, and includes any person or entity acting or purporting to act on its behalf, at its direction, or under its supervision.

8. The singular form of any word shall include the plural, the masculine form of any word shall include the feminine, and the words "and" and "or" shall be construed both conjunctively and disjunctively to make the request more inclusive.

9. The word "all" shall include "any," and vice versa. The word "including" means "including without limitation."

10. The use of a verb tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. These Requests are continuing in nature and require both the production of any responsive Documents and things that are later discovered by You and the filing of supplemental answers to the extent required under the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules.

2. These Requests shall be construed in as broad a manner as is permitted under the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules.

3. You may produce legible, complete, and exact copies of the original Documents, provided that the original Documents be made available for inspection upon request by counsel for Plaintiff.

4. Without in any way limiting the definition of "document," You are specifically instructed to search all document management systems, personal computers, laptop or notebook computers, and any other media in which electronically stored information may be found for Documents that may be responsive to the Requests. Production of responsive Documents should be made regardless of whether or not such Documents exist in tangible or hard copy form.

5. Documents are to be produced with all hand-written notations, marginalia, and interlineations.

6. The Documents produced should either be produced as they are kept in the usual course of business or should be organized and labeled to correspond to the numbered paragraphs of these Requests, in accordance with Rule 34(b) of the Federal Rules of Civil Procedure. Produce all associated file labels, file headings, and file folders together with responsive Documents from each file. Stamp all Documents with an individual production number.

7. If any Document or portion of a Document called for by a Request is withheld on the ground that it is subject to the attorney-client privilege, the attorney work-product doctrine, or any other privilege or exemption, You shall provide the following information as to each such Document or portion withheld:

    a) the name and position of each author, originator, and/or creator of the Document;

    b) the name and position of each addressee of the Document;

    c)    the name and position of each other person (other than Your counsel) who received or was shown the Document or a copy thereof;

    d)    the nature of the Document (e.g., a letter, a memorandum, an advertisement, a hand-written note, etc.);

    e)    the general subject matter of the Document or that portion of the Document withheld;

    f)    the date of the Document or, if the specific creation date of the Document is not known, Your best estimate of the date (e.g., month and year or, if the month is not known, the year) on which the Document is believed to have been created;

    g)    the number of pages of the Document or portion of the Document withheld;

    h)    the specific privilege or exemption claimed for that Document; and

    i)    an explanation of the grounds for claiming such privilege or exemption, with sufficient particularity to provide a basis for determination of the validity of the privilege or exemption claimed.

8.    If You are aware of any Documents responsive to these Requests that are not within Your possession, custody, or control, identify:

    a)    each author;

    b)    each addressee;

    c)    the title, date, and subject matter of the Document;

    d)    each person now in control of the Document; and

    e)    if the Document was formerly in Your control:

        i)    the last date on which the Document was in Your control;

        ii)    the reasons for the disposal or release of the Document; and

        iii)    each person with any knowledge concerning the Documents' disposal or release.

9.    With respect to each Document otherwise responsive to the Requests that has been lost, discarded, or destroyed, identify:

      a)     each author;

      b)     each addressee;

      c)     the title, date, and subject matter of the Document;

      d)     the date of the disposal;

      e)     the manner of disposal;

      f)     the reasons for the disposal or release of the Document;

      g)     each person who authorized the disposal;

      h)     each person who carried out the disposal; and

      i)     each person with any knowledge concerning the disposal.

10. If You object to any portion of any request, You should identify the portion to which You object, state the basis for the objection, and respond to the remainder.

11. Electronically stored information should be produced in a readable form mutually agreed upon by the parties. Plaintiff's counsel encourages You to consult with them before producing any such records so that a mutually agreeable form of production may be identified.

12. Unless otherwise specified, the time period covered by these requests is January 1, 2009, to the present.

## TOPICS OF EXAMINATION

1. Your organizational structure, at the time of the stop and now, and the identity of all Your current Board members, officers, employees, and investors, if any.

2. The delegation of any authority from You to any third party concerning the provision of services aboard or in connection with a commercial aircraft or at an airport.

3. Your knowledge relating to the identification of Plaintiff as engaging in allegedly suspicious, unlawful, or potentially unlawful activity on September 11, 2011, the referral of Plaintiff to any state or federal law enforcement officers on September 11, 2011, and/or the stop,

detention, questioning, arrest, investigation, search, or strip search of Plaintiff on September 11, 2011.

4. Your policies, practices, instructions, guidelines, manuals, and training materials, including but not limited to emergency response plans or procedures, pertaining to identification of suspicious, unlawful, or potentially unlawful activity or conduct of individuals traveling aboard a commercial aircraft or at an airport.

5. Your policies, practices, instructions, guidelines, manuals, and training materials, including but not limited to emergency response plans or procedures, pertaining to the response to allegedly suspicious, unlawful, or potentially unlawful activity or conduct aboard a commercial aircraft or at an airport, including but not limited to those enacted or propounded specifically for, or in effect specifically on, September 11, 2011.

6. Your policies, practices, instructions, guidelines, manuals, and training materials, including but not limited to emergency-response plans or procedures, pertaining to the receipt, investigation, or response to any inquiry, complaint, claim, or allegation, anonymous or otherwise, about allegedly suspicious, unlawful, or potentially unlawful conduct aboard a commercial aircraft or at an airport, including but not limited to those enacted or propounded specifically for, or in effect specifically on, September 11, 2011.

7. Your knowledge relating to any complaint, claim, or allegation that You have improperly identified or responded to allegedly suspicious, unlawful, or potentially unlawful conduct aboard a commercial aircraft or at an airport.

8. Your policies, practices, instructions, guidelines, manuals, and training materials, including but not limited to those enacted or propounded specifically for, or in effect specifically on, September 11, 2011, relating to the circumstances under which an individual aboard a

commercial aircraft or at an airport may be stopped, detained, questioned, arrested, investigated, searched, or strip-searched, and any procedures or protocols for conducting such stops, detentions, arrests, investigations, searches, or strip searches.

9. Your knowledge relating to any complaint, claim, or allegation that You have improperly stopped, detained, questioned, arrested, investigated, searched, or strip-searched any individual aboard a commercial aircraft or at an airport or that You have improperly conducted any stop, detention, questioning, arrest, investigation, search, or strip-search of any individual aboard a commercial aircraft or at an airport.

10. Your policies, practices, instructions, guidelines, manuals, and training materials, including but not limited to those enacted or propounded specifically for, or in effect specifically on, September 11, 2011, relating to the identification, consideration, or other use of race, ethnicity, national origin, language ability, religion, sex, or name aboard a commercial aircraft or at an airport,, including but not limited to profiling based on those categories.

11. Your policies, practices, instructions, guidelines, manuals, and training materials pertaining to the receipt, investigation, or response to any inquiry, complaint, claim, or allegation that You have engaged in the improper consideration of race, ethnicity, national origin, language ability, religion, sex, or name aboard a commercial aircraft or at an airport.

12. Your knowledge relating to any complaint, claim, or allegation that You have improperly considered race, ethnicity, national origin, language ability, religion, sex, or name aboard a commercial aircraft or at an airport.

13. Your knowledge relating to requests for records submitted to You by any person, regardless of whether the records sought were deemed public, that concern profiling on the basis

of race, ethnicity, national origin, language ability, religion, sex, or name by You aboard a commercial aircraft or at an airport.

14. Your knowledge relating to requests for records submitted to You by any person, regardless of whether the records sought were deemed public, that concern identification of or response to suspicious, unlawful, or potential unlawful activity aboard commercial aircrafts or at airports.

15. Your knowledge relating to Frontier Airlines flight 623, which flew from Denver, Colorado, to Detroit, Michigan, on September 11, 2011.

16. Your knowledge relating to any of the following passengers, who were aboard Flight 623 on September 11, 2011:

    a) Plaintiff Shoshana Hebshi

    b) Ravis-Sankara Nadimpalli

    c) Praveen Kanumuri

17. Your knowledge concerning the personnel files and disciplinary records for all Individual Wayne County Airport Authority Defendants.

18. Your knowledge relating to any internal or external investigation, evaluation, review, or audit of You or any Individual Wayne County Airport Authority Defendant relating to activities, management, outcomes, or efficacy of Your or any Individual Wayne County Airport Authority Defendant's identification of or response to suspicious, unlawful, or potential unlawful activity aboard commercial aircrafts or at airports.

19. Your knowledge relating to any internal or external investigation, evaluation, review, or audit of You or any Individual Wayne County Airport Authority Defendant relating to activities, management, outcomes, or efficacy of Your or any Individual Wayne County Airport

Authority Defendant's use of race, ethnicity, national origin, language ability, religion, sex, or name aboard a commercial aircraft or at an airport.

20. Your knowledge relating to the identities of the unnamed defendants described in paragraphs 16, 17, 28, 32, 34, 35, 100, 101, and 105 of the Complaint in the above-captioned matter.

21. Your knowledge relating to the relationship between local, municipal, state, or federal entities and You with regard to the identification of or response to suspicious, unlawful, or potentially unlawful activities aboard commercial aircrafts or at airports.

22. Your knowledge relating to the relationship, including but not limited to any agreements, between Frontier Airlines and You with regard to the identification of or response to suspicious, unlawful, or potentially unlawful activities aboard commercial aircrafts or at airports.

23. Your policies and practices relating to the retention and destruction of Documents, things, or electronically stored information.

24. Your knowledge relating to the claims in this action.

## REQUESTS FOR PRODUCTION

1. All Documents relating to the identification of Plaintiff as engaging in allegedly suspicious, unlawful, or potentially unlawful activity on September 11, 2011, the referral of Plaintiff to any state or federal law enforcement officers on September 11, 2011, and/or the stop, detention, questioning, arrest, investigation, search, or strip search of Plaintiff on September 11, 2011, including but not limited to all witness statements, interview reports, or reports concerning her strip search required to be written pursuant to Wayne County Airport Police Standard Operating Procedure 19.1.V.B.12.e.

2. All Documents relating to or constituting Your policies, practices, instructions, guidelines, manuals, or training materials, including but not limited to emergency response plans

9

or procedures, pertaining to identification of suspicious, unlawful, or potentially unlawful activity or conduct of individuals traveling aboard a commercial aircraft or at an airport, including but not limited to those enacted or propounded specifically for, or in effect specifically on, September 11, 2011.

3. All Documents relating to or constituting Your policies, practices, instructions, guidelines, manuals, or training materials, including but not limited to emergency response plans or procedures, pertaining to the response to allegedly suspicious, unlawful, or potentially unlawful activity or conduct aboard a commercial aircraft or at an airport, including but not limited to those enacted or propounded specifically for, or in effect specifically on, September 11, 2011.

4. All Documents relating to or constituting Your policies, practices, instructions, guidelines, manuals, or training materials, including but not limited to emergency-response plans or procedures, pertaining to the receipt, investigation, or response to any inquiry, complaint, claim, or allegation, anonymous or otherwise, about allegedly suspicious, unlawful, or potentially unlawful conduct aboard a commercial aircraft or at an airport, including but not limited to those enacted or propounded specifically for, or in effect specifically on, September 11, 2011.

5. All Documents relating to any complaint, claim, or allegation that You have improperly identified or responded to allegedly suspicious, unlawful, or potentially unlawful conduct aboard a commercial aircraft or at an airport.

6. All Documents relating to or constituting Your policies, practices, instructions, guidelines, manuals, or training materials, including those enacted or propounded specifically for, or in effect specifically on, September 11, 2011, relating to the circumstances under which

10

an individual aboard a commercial aircraft or at an airport may be stopped, detained, questioned, arrested, investigated, searched, or strip-searched, and any procedures or protocols for conducting such stops, detentions, arrests, investigations, searches, or strip searches.

7. All Documents relating to any complaint, claim, or allegation that You have improperly stopped, detained, questioned, arrested, investigated, searched, or strip-searched any individual aboard a commercial aircraft or at an airport or that You have improperly conducted any stop, detention, questioning, arrest, investigation, search, or strip-search of any individual aboard a commercial aircraft or at an airport.

8. All Documents relating to or constituting Your policies, practices, instructions, guidelines, manuals, or training materials, including but not limited to those enacted or propounded specifically for, or in effect specifically on, September 11, 2011, relating to the identification, consideration, or other use of race, ethnicity, national origin, language ability, religion, sex, or name aboard a commercial aircraft or at an airport, including but not limited to profiling based on those categories.

9. All Documents relating to or constituting Your policies, practices, instructions, guidelines, manuals, or training materials, pertaining to the receipt, investigation, or response to any inquiry, complaint, claim, or allegation, that You have engaged in the improper consideration of race, ethnicity, national origin, language ability, religion, sex, or name aboard a commercial aircraft or at an airport.

10. All Documents relating to any complaint, claim, or allegation that You have improperly considered race, ethnicity, national origin, language ability, religion, sex, or name aboard a commercial aircraft or at an airport.

11. All Documents relating to requests for records submitted to You by any person, regardless of whether the records sought were deemed public, that concern profiling on the basis of race, ethnicity, national origin, language ability, religion, sex, or name by You aboard a commercial aircraft or at an airport, including but not limited to copies of any such requests and the responses thereto.

12. All Documents relating to requests for records submitted to You by any person, regardless of whether the records sought were deemed public, that concern identification of or response to suspicious, unlawful, or potential unlawful activity aboard commercial aircrafts or at airports.

13. All Documents relating or referring to Frontier Airlines flight 623, which flew from Denver, Colorado, to Detroit, Michigan, on September 11, 2011.

14. All Documents relating or referring to any of the following passengers, who were aboard Flight 623 on September 11, 2011:

    a) Plaintiff Shoshana Hebshi

    b) Ravis-Sankara Nadimpalli

    c) Praveen Kanumuri

15. The complete personnel files and disciplinary records for all Individual Wayne County Airport Authority Defendants.

16. All Documents relating to any internal or external investigation, evaluation, review, or audit of You or any Individual Wayne County Airport Authority Defendant relating to activities, management, outcomes, or efficacy of Your or any Individual Wayne County Airport Authority Defendant's identification of or response to suspicious, unlawful, or potential unlawful activity aboard commercial aircrafts or at airports, including but not limited to any Documents reviewed, received, or created during an investigation, evaluation, review, or audit process.

17. All Documents relating to any internal or external investigation, evaluation, review, or audit of You or any Individual Wayne County Airport Authority Defendant relating to activities, management, outcomes, or efficacy of Your or any Individual Wayne County Airport Authority Defendant's use of race, ethnicity, national origin, language ability, religion, sex, or name aboard a commercial aircraft or at an airport, including but not limited to any Documents reviewed, received, or created during an investigation, evaluation, review, or audit process.

18. All Documents referring or relating to, or otherwise sufficient to show, the identities of the unnamed defendants described in paragraphs 16, 17, 28, 32, 34, 35, 100, 101, and 105 of the Complaint in the above-captioned matter.

19. All Documents relating to the relationship between local, municipal, state, or federal entities and You with regard to the identification of or response to suspicious, unlawful, or potentially unlawful activities aboard commercial aircrafts or at airports.

20. All Documents concerning the relationship, including but not limited to any agreements, between commercial airlines, including Frontier Airlines, and You with regard to the identification of or response to suspicious, unlawful, or potentially unlawful activities aboard commercial aircrafts or at airports.

21. All Documents concerning Your policies and practices relating to the retention and destruction of Documents, things, or electronically stored information.

22. All Documents referring or relating to the claims in this action.