# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| SHOSHANA HEBSHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-10253 |
| v. ) | |
| ) | Honorable Terrence G. Berg |
| ) | Magistrate Judge Laurie J. Michelson |
| UNITED STATES OF AMERICA, ) | |
| et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| MARK DEBEAU, et al., ) | |
| ) | |
| Cross-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| FRONTIER AIRLINES, ) | |
| ) | |
| Cross-Defendant. ) | |
| ) | |

## PLAINTIFF'S RESPONSE TO WAYNE COUNTY AIRPORT AUTHORITY DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER

1

Defendants Debeau, Johnson, Grant, Parker, Carmona, Bohn, Wasiukanis, Bradley, and Driscoll ("the Wayne County Airport Authority Defendants" or the "WCAA Defendants") filed their Joint Motion for Protective Order on December 6, 2013 (ECF No. 94) ("Motion for Protective Order").

Plaintiff now submits this response in opposition to WCAA Defendants' Joint Motion for Protective Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHOSHANA HEBSHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-10253 |
| | ) | |
| | ) | Honorable Terrence G. Berg |
| | ) | Magistrate Judge Laurie J. Michelson |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARK DEBEAU, et al., | ) | |
| | ) | |
| Cross-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR
PROTECTIVE ORDER OF WAYNE COUNTY AIRPORT AUTHORITY
DEFENDANTS**

i

## **ISSUE PRESENTED**

Should the Court stay all discovery against all defendants and non-parties upon filing of qualified immunity motions by some defendants as to some of the claims?

Answer: No.

# **CONTROLLING AUTHORITIES**

1. *Owen v. City of Independence*, 445 U.S. 622 (1980)

2. *Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004)

3. *Estate of Sorrells v. City of Dallas,* 192 F.R.D. 203 (N.D. Tex. 2000)

4. *Tubar v. Clift*, No. C05-1154, 2006 WL 521683 (W.D. Wash. Mar. 2, 2006)

---

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 4, 7
*Buckner v. City of Victoria*, Civ. No. V-08-09, 2008 WL 4057929 (S.D. Tex. Aug. 26, 2008) ............................................................................................................ 6, 7
*Charvat v. NMP, LLC*, Civ. No. 2:09-209, 2009 WL 3210379 (S.D. Ohio Sept. 30, 2009) .................................................................................................................... 8
*Collins v. Bauer*, Civ. No. 3:11-887-B, 2012 WL 253881 (N.D. Tex. Jan. 27, 2012) ............................................................................................................................... 5
*Crawford–El v. Britton*, 523 U.S. 574 (1998) .......................................................... 8
*Devers v. Mooney*, Civ. No. 3:12- 700-S, 2013 WL 3821759 (W.D. Ky. July 23, 2013) .................................................................................................................... 7
*Estate of Sorrells v. City of Dallas,* 192 F.R.D. 203 (N.D. Tex. 2000) ................. 6, 7
*Kennedy v. City of Cleveland*, 797 F.2d 297 (1986) ................................................. 9
*Owen v. City of Independence*, 445 U.S. 622 (1980) ............................................... 5
*Robillard v. Bd. of Cnty. Comm'rs*, Civ. No. 11-0318, 2012 WL 694507 (D. Colo. Mar. 1, 2012) ....................................................................................................... 6
*Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004) .................................................. 5
*Tubar v. Clift*, Civ. No. C05-1154, 2006 WL 521683 (W.D. Wash. Mar. 2, 2006) ........................................................................................................................... 5, 6

**Rules**

Fed. R. Civ. P. 16(c)(2)(F) ........................................................................................ 9
Fed. R. Civ. P. 26(f)(3)(B) ........................................................................................ 9
Fed. R. Civ. P. 6(c)(1) ............................................................................................... 4

## INTRODUCTION

On November 8, 2013, Plaintiff Shoshana Hebshi served Requests for Production of Documents and Things on Defendants Debeau, Johnson, Grant, Parker, Carmona, Bohn, Wasiukanis, Bradley, and Driscoll (the "Wayne County Airport Authority Defendants" or the "WCAA Defendants"). On December 6, 2013, twenty-eight days later, and only two days before their responses to the Requests were due, the WCAA Defendants moved this Court for a protective order, arguing that their pending motions for partial judgment on the pleadings based on qualified immunity warrant a protective order precluding discovery as to all "parties and non-parties," that is, a complete stay of discovery. Wayne County Airport Authority Defendants' Joint Motion for Protective Order, ECF No. 94 ("Def.'s Br.").

The breadth of the protective order sought by the WCAA Defendants is entirely unjustified by the qualified immunity doctrine. Although qualified immunity protects individual government officials, not government entities, the WCAA Defendants argue that their qualified immunity motions should have the effect of prohibiting third-party discovery against the WCAA itself. Additionally, the pending qualified immunity motions cannot preclude discovery against Defendants Frontier Airlines, Inc. ("Frontier") and the United States, which have not sought, and could not seek, the protection of qualified immunity. Further,

1

neither Frontier nor the United States has objected to similar document requests Plaintiff has served upon them. The Court should deny the WCAA Defendants' motion for a protective order affecting all claims and parties, allowing Ms. Hebshi to move forward with this litigation.

## BACKGROUND

Plaintiff Shoshana Hebshi filed this action on January 22, 2013, after an incident in which she was pulled off a plane at gunpoint, handcuffed, detained for several hours, and strip-searched without any evidence of wrongdoing. The only purported justification for this startling treatment was that she was erroneously identified as traveling with two South Asian men, who allegedly used the restroom for ten to twenty minutes during the flight.

In her Complaint, Ms. Hebshi states multiple constitutional claims against the WCAA Defendants, asserting that they violated her clearly established rights to be free from unreasonable searches and seizures and to equal protection of the laws. Complaint, ECF No. 1 ("Compl."). Count IV alleges that the WCAA Defendants, except for Defendant Parker, violated her Fourteenth Amendment right to equal protection of the laws when they arrested and detained her because of her perceived ethnicity, race, or national origin. Compl. ¶¶ 132-138. On June 4, 2013, the WCAA Defendants filed a Joint Motion for Judgment on the Pleadings claiming that qualified immunity protected them from this claim, ECF No. 69, and

they sought a stay of all discovery based on that pending motion on June 6, 2013, ECF No. 70.  Both motions remain pending before this Court.

Count V of Ms. Hebshi's Complaint alleges that the WCAA Defendants, except for Defendant Parker, violated her right to be free from unreasonable seizures when they arrested and detained her without any articulable fact connecting her to criminal activity or providing probable cause. Compl. ¶¶ 139-145.  Count VI alleges that Defendants Parker and Wasiukanis violated Ms. Hebshi's right to be free from unreasonable searches by strip searching Ms. Hebshi.  (Compl. ¶¶ 146-152).   On November 11, 2013, Defendants filed a Motion for Partial Judgment on the Pleadings claiming that qualified immunity protected them from these Fourth Amendment claims. ECF No. 89.

Ms. Hebshi did not serve discovery on any Defendant in this action until November 8, 2013.  Throughout the summer and early fall, the parties negotiated a global settlement that would have obviated the need for discovery.  However, on October 10, 2013, the WCAA Defendants informed the parties that the WCAA CEO had rejected the tentative settlement in its entirety and that they planned to move forward with the litigation.  *See* Order Denying Motion for Reconsideration, ECF No. 92.  Shortly thereafter, and not withstanding Ms. Hebshi's efforts to salvage the global settlement, she served requests for the production of documents on all Defendants on November 8, 2013.  On December 3, 2013, she served the

3

WCAA with a subpoena for deposition testimony and the production documents pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Twenty-eight days after being served with Ms. Hebshi's discovery requests, the WCAA Defendants filed the instant Joint Motion for a Protective Order, seeking to stay discovery against all parties and non-parties pending resolution of their motions for partial judgment on the pleadings.[1]  Def.'s Br. at 5.

## ARGUMENT

"The basic thrust of the qualified-immunity doctrine is to free *officials* from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (emphasis added) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991).  Accordingly, the raising of a qualified immunity defense does not preclude discovery from governmental or non-governmental entities, and it therefore cannot constitute good cause for the entry of a protective order prohibiting discovery from those entities.  *See* Fed. R. Civ. P. 6(c)(1).

In addition to the arguments below, Plaintiff incorporates by reference the arguments in her Response to Motions to Stay Discovery of Individual Federal

---

[1] Defendants Brand, Lakatos, Devins, Ball, and Brumley (the "Individual Federal Defendants") have also filed a Partial Motion to Dismiss Plaintiff's Complaint, ECF No. 57, arguing that qualified immunity precludes Ms. Hebshi's equal protection claim against them, and a motion for a stay of discovery while that motion is pending, ECF No. 66.  Both are fully briefed and remain pending.

4

Defendants and Wayne County Airport Authority Defendants, ECF No. 72 ("Plaintiff's Response to Motions to Stay").

### A. Qualified Immunity Does Not Justify a Stay of Discovery Against the WCAA, the United States, or Frontier.

"[I]t is essential to recognize that because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). The doctrine is not so broad "as to necessarily prohibit any and all discovery *relating* to a government official asserting a defense of qualified immunity." *Tubar v. Clift*, Civ. No. C05-1154, 2006 WL 521683, at *3 (W.D. Wash. Mar. 2, 2006).

Since "there is no tradition of immunity for municipal corporations," *Owen v. City of Independence*, 445 U.S. 622, 638 (1980), the doctrine which supports staying discovery against a public official who has raised qualified immunity has no application to a governmental entity. *See, e.g.*, *Collins v. Bauer*, Civ. No. 3:11-887-B, 2012 WL 253881, at *3 (N.D. Tex. Jan. 27, 2012) (declining to quash subpoena issued to non-party city on basis of public official defendant's qualified immunity motion); *Tubar*, 2006 WL 521683, at *3 (declining to stay discovery against municipal defendant on the basis of public official defendant's qualified immunity motion). "Because municipalities are not entitled to qualified immunity,

5

plaintiffs should be allowed to engage in discovery in order to pursue their claims against such defendants." *Buckner v. City of Victoria*, Civ. No. V-08-09, 2008 WL 4057929, at *4 (S.D. Tex. Aug. 26, 2008). Thus, as explained in greater detail in Plaintiff's Response to Motions to Stay, there is no reason to delay discovery from the United States or the WCAA.

Further, discovery from these entities, as well as from Frontier, is appropriate even where the requests seek information about the public officials claiming qualified immunity or facts relevant to the claims on which qualified immunity has been asserted. *See, e.g.*, *Robillard v. Bd. of Cnty. Comm'rs*, Civ. No. 11-0318, 2012 WL 694507, at *2 (D. Colo. Mar. 1, 2012) (allowing discovery from municipality to proceed although individual municipal officials had moved to dismiss on qualified immunity grounds); *Estate of Sorrells v. City of Dallas,* 192 F.R.D. 203, 210 n.8 (N.D. Tex. 2000) (same). Indeed, even where a discovery request to a government entity seeks personal information about the official who has raised qualified immunity, that discovery need not be stayed during the pendency of the qualified immunity motion. *Tubar*, 2006 WL 521683, at *3.

The WCAA Defendants have failed to explain how a protective order covering the WCAA, the United States, and Frontier would serve the qualified immunity doctrine's purpose of protecting individual officials from the burdens of litigation. Indeed, the WCAA Defendants—even if entitled to qualified

6

immunity—would not be "exempt from discovery when called as . . . witness[es] to claims against . . . non-immune defendant[s]," such as the United States and Frontier. *Sorrells*, 192 F.R.D. at 210 n.8 (internal citations omitted); *see also Buckner*, 2008 WL 4057929, at *4 ("[P]arties who may be entitled to qualified immunity are not necessarily exempt from discovery when called as witnesses to claims against a non-immune defendant." (internal citation and quotation marks omitted)). Thus, if this Court were to stay discovery against the WCAA, the United States, and Frontier, it would "alter the timing, but not the costs, of the discovery process." Plaintiff's Response to Motions to Stay at 6. Delaying this discovery is therefore not justified by the qualified immunity doctrine. *See Devers v. Mooney*, Civ. No. 3:12- 700-S, 2013 WL 3821759, at *3 (W.D. Ky. July 23, 2013) (declining to stay discovery on official-capacity claims based on individual's claim of qualified immunity because a stay would "have the sole effect of unnecessarily delaying resolution of those claims").

The WCAA Defendants cite only *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) in support of the proposition that a stay should apply to all "all parties and non-parties," but *Iqbal* is inapposite. Def.'s Br. at 5. *Iqbal* only concluded, in dicta, that *Twombly*'s heightened pleading standard should not be lowered simply because discovery may be tightly circumscribed to factual issues underlying qualified immunity. *Iqbal*, 556 U.S. at 685-86 (holding that a complaint that fails

7

to present a plausible claim for relief may not go forward even under a "careful-case-management approach" because even under that approach the government officials "would not be free from the burdens of discovery"). It does not speak to the appropriate parameters of a stay pending the resolution of a qualified immunity motion. *See Charvat v. NMP, LLC*, Civ. No. 2:09-209, 2009 WL 3210379, at \*1 (S.D. Ohio Sept. 30, 2009) (noting *Iqbal* "touches only secondarily (and breaks no new ground) on the issue of whether discovery should be stayed pending a motion to dismiss" on qualified immunity grounds).

Where, as here, defendants raising qualified immunity have provided no explanation of the burden they would face if other entities were to respond to discovery requests, and several of those entities have not themselves sought to avoid responding to the requests, a stay of discovery affecting those entities is particularly inappropriate. Accordingly, the Court should decline to enter a protective order covering the WCAA, the United States, and Frontier.

### B. This Court Can Craft a Discovery Plan that Serves the Purposes of the Qualified Immunity Doctrine

As Plaintiff detailed in her Response to Motions to Stay Discovery, Rule 26 of the Federal Rules of Civil Procedure "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery," *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998), and Rule 16 specifically provides that a

8

court may "control[] and schedule discovery" so that it may be "conducted in phases or be limited to or focused on particular issues," Fed. R. Civ. P. 16(c)(2)(F), 26(f)(3)(B). Where qualified immunity motions are pending, courts should exercise their discretion to administer the pretrial proceedings diligently, giving due recognition to "the opportunity for abusive delay inherent in the protections afforded by the doctrine[] of . . . qualified immunity." *Kennedy v. City of Cleveland*, 797 F.2d 297, 301 (1986).

In her Response to Motions to Stay, Ms. Hebshi described a discovery plan that would adequately protect the qualified immunity claims of the WCAA Defendants and the Individual Federal Defendants. Since the filing of that Response, the WCAA Defendants filed their second qualified immunity motion concerning Ms. Hebshi's Fourth Amendment claims. ECF. No. 89. As a result, Ms. Hebshi proposes a revised plan that would allow her to commence all discovery except for discovery from the Individual Federal Defendants regarding her equal protection claim against them and from the WCAA Defendants regarding her equal protection and Fourth Amendment claims against them. She nevertheless continues to agree that it would be inefficient to depose the Individual Defendants while any portion of discovery against them is stayed. Thus, in order to avoid duplicative depositions of the Individual Defendants later in the litigation,

9

Ms. Hebshi consents to delay depositions of the Individual Defendants while the qualified immunity motions are pending.

In light of the WCAA Defendants' second qualified immunity motion, Ms. Hebshi revises her earlier proposal and respectfully requests that the Court permit the following discovery efforts to move forward:

1. Initial disclosures from all parties, except from the WCAA Defendants. To the extent that the Individual Federal Defendants would make initial disclosures specific to the equal protection claim, they may withhold those disclosures at present and supplement, if necessary, after the resolution of the qualified immunity motions.

2. Document discovery, interrogatories, and requests for admission from all parties and non-parties, except discovery from the Individual Federal Defendants relating specifically and exclusively to the equal protection claim, and from the WCAA Defendants.

3. Depositions of Frontier witnesses and third-party witnesses.

This plan will adequately protect the qualified immunity defense for those parties who have raised it while simultaneously allowing Ms. Hebshi to conduct discovery efficiently and expeditiously where qualified immunity does not apply.

10

## CONCLUSION

For the foregoing reasons, this Court should deny the WCAA Defendants' motion for a protective order affecting all claims and all parties, which would have the effect of staying discovery completely.

Dated: December 23, 2013

Respectfully submitted,

Michael J. Steinberg (P43085)
Kary L. Moss (P49759)
Brooke Merriweather-Tucker
AMERICAN CIVIL LIBERTIES UNION
   FUND OF MICHIGAN
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6823
msteinberg@aclumich.org
kmoss@aclumich.org
btucker@aclumich.org

William H. Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
Miriam R. Nemeth (P76789)
GOODMAN & HURWITZ, P.C.
Cooperating Attorneys, American Civil
   Liberties Union Fund of Michigan
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170
bgoodman@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com
mnemeth@goodmanhurwitz.com

/s/ Rachel E. Goodman
Dennis Parker
Rachel E. Goodman
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
rgoodman@aclu.org
dparker@aclu.org

Anna P. Engh
Shelli L. Calland
Arjun Sethi
Sarah E. Tremont (P73809)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington D.C. 20004
(202) 662-6000
aengh@cov.com
scalland@cov.com
asethi@cov.com
stremont@cov.com

*Attorneys for Plaintiff*
SHOSHANA HEBSHI

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on December 23, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Sarah Whitman: Sarah.Whitman@usdoj.gov
Alan B. Havis: ahavis@airportdefender.com
T. Joseph Seward: tjseward@cmda-law.com
Brian Maye: bmaye@amm-law.com
Alexander Ayar: aayar@fosterswift.com
Steven Boldt: sboldt@amm-law.com

  /s/ Rachel E. Goodman
Rachel E. Goodman
American Civil Liberties Union
    Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
rgoodman@aclu.org