# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SHOSHANA HEBSHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-10253 |
| v. | ) | |
| | ) | Honorable Terrence G. Berg |
| | ) | Magistrate Judge Laurie J. Michelson |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARK DEBEAU, et al., | ) | |
| | ) | |
| Cross-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO NON-PARTIES THOMAS J. NAUGHTON AND WAYNE COUNTY AIRPORT AUTHORITY'S MOTION FOR PROTECTIVE ORDER

1

Non-parties Thomas J. Naughton and the Wayne County Airport Authority filed their Motion for Protective Order on December 19, 2013.  ECF No. 98. Plaintiff now submits this response in opposition to that motion.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| SHOSHANA HEBSHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-10253 |
| v. | ) | |
| | ) | Honorable Terrence G. Berg |
| | ) | Magistrate Judge Laurie J. Michelson |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARK DEBEAU, et al., | ) | |
| | ) | |
| Cross-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR PROTECTIVE ORDER OF NON-PARITES THOMAS J. NAUGHTON AND WAYNE COUNTY AIRPORT AUTHORITY**

i

## ISSUE PRESENTED

Does qualified immunity justify quashing or modifying a subpoena directed toward non-parties, or the entry of a protective order on their behalf?

      Answer:     No.

## CONTROLLING AUTHORITIES

1. *Am. Elec. Power Co. v. United States,* 191 F.R.D. 132, 136 (S.D. Ohio 1999).

2. *Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, Civ. No. 05-70110, 2006 WL 543004, (E.D. Mich. Mar. 6, 2006).

3. *Lowe v. Vadlamudi*, Civ. No. 08-10269, 2012 WL 3887177 (E.D. Mich. Sept. 7, 2012).

4. *Collins v. Bauer*, Civ. No. 3:11-887-B, 2012 WL 253881 (N.D. Tex. Jan. 27, 2012).

# TABLE OF AUTHORITIES

**CASES**

*Am. Elec. Power Co. v. United States*, 191 F.R.D. 132 (S.D. Ohio 1999)................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...................................................................10

*Callahan v. Unified Gov't of Wyandotte Cnty./Kansas City Kan.*, Civ. No. 11-2621-KHV, 2013 WL 2151579 (D. Kan. May 16, 2013)...........................................10

*Collins v. Bauer*, Civ. No. 3:11-887-B, 2012 WL 253881 (N.D. Tex. Jan. 27, 2012) ..................................................................................................................9, 11

*Criss v. City of Kent*, 867 F.2d 259 (6th Cir. 1988)...............................................11

*Deeds v. Bayer*, Civ. No. 3:03-00453 LRH VPC, 2007 WL 1232230 (D. Nev. Apr. 26, 2007) .....................................................................................................7

*English v. Dyke*, 23 F.3d 1086 (6th Cir. 1994) ......................................................11

*Kennedy v. City of Cleveland*, 797 F.2d 297 (6th Cir. 1986) ................................11

*Kimble v. Hoso*, 439 F.3d 331 (6th Cir. 2006).......................................................10

*Lowe v. Vadlamudi*, Civ. No. 08-10269, 2012 WL 3887177 (E.D. Mich. Sept. 7, 2012) ..............................................................................................................8

*Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, Civ. No. 05-70110, 2006 WL 543004 (E.D. Mich. Mar. 6, 2006).......................8

*Young v. Burks*, 849 F.2d 610 (6th Cir. 1988) ......................................................11

**RULES**

Fed R. Civ. P. 45(d)(3)(A)(iv) ..................................................................................7

Fed. R. Civ. P. 26(c)(1).......................................................................................6, 10

**OTHER AUTHORITIES**

Wright & Miller, Fed. Prac. & Proc. Civ. § 2454 (3d ed.) ........................................6

## INTRODUCTION

On December 3, 2013, Plaintiff Shoshana Hebshi served a Subpoena for Deposition and Production of Documents (the "Subpoena") on the Wayne County Airport Authority ("WCAA") pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Pursuant to Rule 30(b)(6), that Subpoena required the WCAA to designate one or more agents to testify on its behalf.  The Subpoena was clearly and explicitly directed at the WCAA as an organization, with the intent that it be served upon WCAA Chief Executive Officer Thomas J. Naughton ("Mr. Naughton") as a representative of that organization.

Nevertheless, Mr. Naughton's attorneys have now filed a motion for protective order styled "Non-Parties Thomas J. Naughton and Wayne County Airport Authority's Motion for Protective Order."  ECF No. 98 ("Non-Parties' Mot." or "the Motion").  Throughout the Motion and accompanying brief, they mistakenly refer to the Subpoena as if it were directed to both Mr. Naughton and the WCAA.  Although Plaintiff's counsel explained this error when Naughton's attorneys sought to confer prior to filing the Motion, they opted nonetheless to file it in its present form.  Mr. Naughton's attorneys also erred in filing the Motion on behalf of the WCAA, an entity that they do not currently represent in this matter.

Further, the Non-Parties' Motion fails on the merits.  As Ms. Hebshi has repeatedly argued to this Court in previous filings, qualified immunity can justify

1

staying discovery only from those defendants who have properly raised qualified

immunity on their own behalf.  The doctrine has no application to government

entities or non-parties.  Finally, Mr. Naughton and the WCAA have proffered no

reason why the Subpoena is either overly broad or unduly burdensome.  The Court

should accordingly deny the WCAA and Mr. Naughton's motion for a protective

order.

## BACKGROUND

This action arises out of an incident in which Plaintiff Shoshana Hebshi was

removed from a commercial aircraft at gunpoint, handcuffed, detained for several

hours, and strip searched.  This incident violated Ms. Hebshi's Fourth Amendment

right to be free from unreasonable searches and seizures, violated her Fourteenth

Amendment right to equal protection of the laws, and entitles her to relief under

various federal statutes.  She seeks relief from Frontier Airlines, the United States,

a number of federal officers in their individual capacities, and a number of WCAA

officers in their individual capacities.

On May 20, 2013, the individual federal officers filed a Partial Motion to

Dismiss Plaintiff's Complaint, ECF No. 57, arguing that qualified immunity

precludes Ms. Hebshi's equal protection claim against them, and, on May 30,

2013, they filed a motion for a stay of discovery while that motion is pending, ECF

No. 66.  On June 4, 2013, the WCAA Defendants filed a similar Joint Motion for

2

Judgment on the Pleadings claiming that qualified immunity protected them from

Ms. Hebshi's equal protection claim, ECF No. 69, and on June 6, 2013, they

sought a stay of all discovery based on their assertion of qualified immunity, ECF

No. 70.  On November 11, 2013, the WCAA Defendants filed a Motion for Partial

Judgment on the Pleadings claiming that qualified immunity protected them from

Ms. Hebshi's Fourth Amendment claims, ECF No. 89, and on December 6, 2013,

they sought a protective order precluding discovery as to all "parties and non-

parties," ECF No. 94.  All these motions remain pending before this Court.

On December 3, 2013, Ms. Hebshi served the WCAA, a non-party, with a

subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. The

Subpoena lists twenty-four topics to be explored at a Rule 30(b)(6) deposition and

seeks twenty-two categories of documents related to Ms. Hebshi's claims in this

action against all parties in this action. Both the Subpoena and cover letter attached

to it were clearly addressed to the "Wayne County Airport Authority c/o Thomas

Naughton, CEO."  Non-Parties' Mot., Ex. A at 2, 3.  The "c/o" notation reflects

Plaintiff's intent that the Subpoena to the WCAA be served on Mr. Naughton as an

officer or agent authorized to accept service of process under Federal Rule of Civil

Procedure 4(h).  As it happens, WCAA Assistant General Counsel Kevin C. Clark

accepted service of the Subpoena instead.

3

During the course of settlement negotiations in this case, counsel for Mr.

Naughton, a non-party, entered appearances.  ECF Nos. 96, 97.  An attorney from

that firm contacted Plaintiff's counsel on December 18, 2013, stated that he

represented Mr. Naughton, and relayed Mr. Naughton's position that he  was not

required to respond to the Subpoena until the WCAA Defendants' qualified

immunity motions had been decided.  Plaintiff's counsel responded that the

Subpoena was not directed at Mr. Naughton and that the WCAA's Rule 30(b)(6)

deponent need not be Mr. Naughton.  Naughton's counsel did not mention any

intention to seek a protective order on behalf of either Mr. Naughton or the

WCAA,  nor did he indicate that he represented the WCAA or was authorized to

act on behalf of the WCAA with respect to the Subpoena.  In fact, Mr. Naughton's

attorney stated that he would have to check with WCAA in light of Plaintiff's

assertion that the subpoena does not apply to Mr. Naughton personally, and

Plaintiff's counsel asked that Mr. Naughton's counsel let her know of any further

developments.

Nonetheless, the instant Motion, filed the following day and without further

communication with Plaintiff's counsel, states that, "Mr. Naughton and the

WCAA's counsel in good faith conferred with Plaintiff's counsel in an effort to

resolve the dispute without court action, but concurrence to the relief requested

herein was not obtained."  Non-Parties' Mot., at 2.  Plaintiff's counsel regrets that

Mr. Naughton's counsel did not clearly articulate his intent to bring this issue before the Court.  Plaintiff's counsel is willing to be flexible about the timing of the discovery sought by the Subpoena, and the parties might well have been able to reach a mutually agreeable resolution of their dispute without Court intervention.

The Motion, filed on behalf of both Mr. Naughton and the WCAA, seeks a protective order prohibiting discovery from them in advance of this Court's decision on the WCAA Defendants' qualified immunity motions.  Brief in Support of Non-Parties Thomas J. Naughton and Wayne County Airport Authority's Motion for Protective Order, ECF No. 98 ("Non-Parties' Br."), at 2.

## ARGUMENT

There are at least three reasons why the Court should not grant the protective order that Mr. Naughton and the WCAA seek.  First, Mr. Naughton may not seek a protective order, as no discovery has been sought from him personally.  Second, the Subpoena is neither overly broad nor unduly burdensome.  To the contrary, in cases where qualified immunity may inhibit the gathering of discovery from the defendants, discovery from non-parties is particularly important.  Third, as Ms. Hebshi has previously argued, the protective order sought by the WCAA and Mr. Naughton is entirely unjustified by the qualified immunity doctrine.  Plaintiff's Response to Wayne County Airport Authority Defendants' Joint Motion for Protective Order, ECF No. 99 ("Response to WCAA Defendants' Motion for

5

Protective Order").  The doctrine protects individual government officials exclusively, and it has no application to discovery sought from non-party government entities and persons.

In addition to the arguments below, Plaintiff incorporates by reference the arguments in her Response to WCAA Defendants' Motion for Protective Order and her Response to Motions to Stay Discovery of Individual Federal Defendants and Wayne County Airport Authority Defendants, ECF No. 72 ("Plaintiff's Response to Motions to Stay").

## A. No Protective Order May Issue on Behalf of Mr. Naughton, from Whom Discovery Has Not Been Sought.

The motion filed by Mr. Naughton and the WCAA is styled as a Motion for Protective Order, but Mr. Naughton may not seek a protective order from this Court.  The Subpoena seeks discovery solely from the WCAA, not Mr. Naughton personally.  *Cf.* Wright & Miller, Fed. Prac. & Proc. Civ. § 2454 (3d ed.) ("Service on an agent of a corporation is sufficient . . . since it is not the agent who is to respond to the subpoena but the corporation, and the agent in that situation is merely the vehicle for reaching the corporation.").  Rule 26(c)(1) of the Federal Rules of Civil Procedure specifically provides that "[a] party or any person *from whom discovery is sought* may move for a protective order."  (emphasis added).

6

As no discovery has been sought from Mr. Naughton, a non-party, he cannot properly seek a protective order.[1]

## B. The Subpoena Is Appropriate in Scope.

Mr. Naughton and the WCAA also cite Rule 45 of the Federal Rules of Civil Procedure, governing subpoena practice, as grounds for their motion.  That Rule does not provide a separate mechanism for seeking a protective order.  Instead, it allows a court to quash or modify a subpoena on several grounds, among them where a subpoena would subject a non-party to an "undue burden."  Fed R. Civ. P. 45(d)(3)(A)(iv).  The Subpoena presents the WCAA with no such undue burden.

The Subpoena seeks information directly relevant to the incident at issue and the policies that governed the officers involved in the incident, and it is thus appropriate in scope.  Although Mr. Naughton and the WCAA assert that the Subpoena is both unduly burdensome and overly broad, this assertion is conclusory; they have not pointed to a single document request or topic for deposition that they believe to be overly broad or unduly burdensome.  Such

---

[1] Relatedly, Mr. Naughton's counsel may not file for a protective order on behalf of the WCAA.  Counsel entered an appearance solely on behalf of Mr. Naughton.  ECF Nos. 96, 97.  Counsel cannot "have it both ways," and claim not to represent the WCAA, as indicated in their notices of appearance and in verbal communications to Plaintiff's counsel, and then advocate on the WCAA's behalf.  *Deeds v. Bayer*, Civ. No. 3:03-00453 LRH VPC, 2007 WL 1232230, at *6 (D. Nev. Apr. 26, 2007).

conclusory assertions are insufficient to support a motion to quash, *Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, Civ. No. 05-70110, 2006 WL 543004, at *2 (E.D. Mich. Mar. 6, 2006), and "a nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be allowed." *Lowe v. Vadlamudi*, Civ. No. 08-10269, 2012 WL 3887177, at *2 (E.D. Mich. Sept. 7, 2012).

Mr. Naughton and the WCAA have not met that burden.  Instead, they appear to argue that because they are non-parties, the length of the Subpoena renders it per se unreasonable. When assessing whether a subpoena presents an undue burden, courts consider factors including "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999).  While "the status of a person as a non-party is a factor that weighs against" requiring disclosure of documents, *id.*, courts grant non-party discovery where "the requested documents are relevant to the claims and defenses of the parties in this action" *id.* at 140.  All of the discovery sought by the Supoena meets this criterion.

Lastly, contrary to the WCAA and Mr. Naughton's assertion, if the Court were to grant the qualified immunity motions filed by the WCAA Defendants, those decisions would not "moot Plaintiff's Subpoena."  Non-Parties' Br. at 6.

8

Claims against the United States and Frontier Airlines, Inc., are unaffected by the

pending qualified immunity motions. Thus, Ms. Hebshi's case will proceed

regardless of the resolution of those motions, and the discovery she seeks from the

WCAA will continue to be relevant to her claims and obtainable via a Rule 45

subpoena.

Because Ms. Hebshi's need for this discovery is straightforward, and

because Mr. Naughton and the WCAA have made no argument as to why the

Subpoena subjects them to an undue burden, this Court should find the Subpoena

to be appropriate in scope.

## C. Qualified Immunity Does Not Justify a Stay of Discovery Against Non-Parties Mr. Naughton and the WCAA.

As Ms. Hebshi argued in detail in her Response to Motion for Protective

Order, the qualified immunity doctrine and the corresponding protection against

burdensome discovery have no application to a government entity such as the

WCAA. Response to WCAA Defendants' Motion for Protective Order at 5; *see*

*Collins v. Bauer*, Civ. No. 3:11-887-B, 2012 WL 253881, at *3 (N.D. Tex. Jan. 27,

2012) (declining to quash subpoena issued to non-party city on the basis of public

official defendant's qualified immunity motion). Accordingly, the assertion of

qualified immunity by the WCAA Defendants cannot constitute good cause for the

entry of a protective order prohibiting discovery from a non-party government

entity. *See* Fed. R. Civ. P. 26(c)(1).[2]

The WCAA and Mr. Naughton argue that because they are non-parties to

this action, extending to them the protections reserved for those parties protected

by qualified immunity would be even "more appropriate" than granting those

protections to the parties invoking qualified immunity. Non-Parties' Br. at 6.

They assert that because they seek to avoid "unwarranted discovery and other

litigation costs," they should be immune from the burdens of litigation. *Id.* But

qualified immunity does not protect non-parties from such burdens. Rather, "[t]he

basic thrust of the qualified-immunity doctrine" is to free government official

defendants from the concerns of litigation. *Ashcroft v. Iqbal*, 556 U.S. 662, 685

(2009).[3]

---

[2] Similar logic precludes staying discovery against Mr. Naughton: as a non-defendant not entitled to qualified immunity in this action, he could comply with a discovery request without threatening the interests the qualified immunity doctrine is intended to protect. *See Callahan v. Unified Gov't of Wyandotte Cnty./Kansas City Kan.*, Civ. No. 11-2621-KHV, 2013 WL 2151579, at *2 (D. Kan. May 16, 2013) (finding "no question" that non-party who would be immune from suit can nonetheless be compelled to provide discovery). However, as detailed *supra*, Mr. Naughton is not entitled to a protective order because no discovery has been sought from him.

[3] Mr. Naughton and the WCAA cite no Sixth Circuit case holding that a qualified immunity motion constitutes good cause for a protective order prohibiting non-party discovery. *See Kimble v. Hoso*, 439 F.3d 331, 335 (6th Cir. 2006) (stating, in dicta, that court stayed discovery while qualified immunity issue was pending,

10

The WCAA and Mr. Naughton also contend that the Subpoena is duplicative because Ms. Hebshi has requested similar documents and information from the WCAA Defendants.  Non-Parties' Br. at 6-7 n.3.  However, to the extent that Ms. Hebshi seeks WCAA policies, practices, instructions, guidelines, manuals, and training materials, the WCAA is in a significantly better position to produce the requested discovery than are the individual WCAA Defendants.  Additionally, the WCAA Defendants contend that qualified immunity shields them from Ms. Hebshi's claims and discovery.  In such cases, "[d]iscovery from a third party may be proper, even necessary."  *Collins*, 2012 WL 253881, at *3 (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 111 (N.D. Tex. 1998)).

The Court should therefore decline to enter a protective order precluding discovery from the WCAA.

---

without discussing the issue of discovery against nonparties); *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (stating that the qualified immunity doctrine "not only protects *a defendant* from liability but may also protect *a defendant* from the burdens of trial and discovery" (internal citation omitted) (emphases added)); *Criss v. City of Kent*, 867 F.2d 259, 261-62 (6th Cir. 1988) (stating that trial court did not abuse its discretion by staying discovery while summary judgment that would dispose entire case was pending); *Young v. Burks*, 849 F.2d 610, 3 n.6 (6th Cir. 1988) (stating in a footnote that the trial court, by staying discovery pending the resolution of the qualified immunity claim, did not abuse its discretion, without any indication that the stay was extended to nonparties); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) ("Qualified immunity, once established not only protects the holder against ultimate personal liability in damages but also from the onerous burdens *of defense*." (emphasis added)).

11

**D. This Court Can Craft a Discovery Plan that Serves the Purposes of the Qualified Immunity Doctrine**

Because the Plaintiff maintains her opposition to the entry of a protective order precluding discovery in this action, she resubmits for this Court's consideration the proposal contained in her Response to the WCAA Defendants' Motion for Protective Order concerning discovery appropriate at this stage of the litigation.[4]  She suggests that the following discovery proceed:

1. Initial disclosures from all parties, except from the WCAA Defendants. To the extent that the Individual Federal Defendants would make initial disclosures specific to the equal protection claim, they may withhold those disclosures at present and supplement, if necessary, after the resolution of the qualified immunity motions.

2. Document discovery, interrogatories, and requests for admission from all parties and non-parties, except discovery from the Individual Federal Defendants relating specifically and exclusively to the equal protection claim, and from the WCAA Defendants.

3. Deposition of Frontier witnesses and third-party witnesses.

4. Document discovery from non-parties.

As Ms. Hebshi has stated, this proposal adequately protects the qualified immunity defense for those parties who have raised it while simultaneously allowing Ms. Hebshi to conduct discovery efficiently and expeditiously to the extent that qualified immunity does not apply.

---

[4] The sole difference between that proposal and the one laid out here is that Ms. Hebshi here explicitly mentions document discovery from non-parties.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Mr. Naughton and the

WCAA's motion for a protective order.


Dated:              January 6, 2014

Respectfully submitted,


| | |
|---|---|
| Michael J. Steinberg (P43085) | /s/ Rachel E. Goodman |
| Kary L. Moss (P49759) | Dennis D. Parker |
| American Civil Liberties Union | Rachel E. Goodman |
|   Fund of Michigan Foundation | American Civil Liberties Union |
| 2966 Woodward Avenue | 125 Broad Street, 18th Floor |
| Detroit, MI 48201 | New York, NY 10004 |
| (313) 578-6823 | (212) 549-2500 |
| msteinberg@aclumich.org | |


| | |
|---|---|
| William H. Goodman (P14173) | Anna Engh |
| Julie H. Hurwitz (P34720) | Shelli Calland |
| Kathryn Bruner James (P71374) | Arjun Sethi |
| Miriam R. Nemeth (P76789) | Sarah Tremont (P73809) |
| Goodman & Hurwitz, P.C. | Covington & Burling LLP |
| Cooperating Attorneys, American Civil | 1201 Pennsylvania Ave., N.W. |
|   Liberties Union Fund of Michigan | Washington D.C. 20004 |
| 1394 E. Jefferson Ave. | (202) 662-6000 |
| Detroit, MI 48207 | aengh@cov.com |
| (313) 567-6170 | scalland@cov.com |
| mail@goodmanhurwitz.com | asethi@cov.com |
| stremont@cov.com | |

*Attorneys for Plaintiff*

13

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 6, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Sarah Whitman: Sarah.Whitman@usdoj.gov
Alan B. Havis: ahavis@airportdefender.com
T. Joseph Seward: tjseward@cmda-law.com
Brian Maye: bmaye@amm-law.com
Alexander Ayar: aayar@fosterswift.com
Steven Boldt: sboldt@amm-law.com

/s/ Rachel E. Goodman
Rachel E. Goodman
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
rgoodman@aclu.org

14