## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **SHOSHANA HEBSHI**, | Honorable Terrence G. Berg |
| Plaintiff, | Magistrate Laurie J. Michelson |
| -v- | Case No. 13-cv-10253 |

**UNITED STATES OF AMERICA**; **FRONTIER AIRLINES, INC.**; **JOHN BRAND**, in his individual capacity; **UNKNOWN FBI AGENT 1**, in his individual capacity; **UNKNOWN FBI AGENT 2**, in his individual capacity; **MARK DEBEAU**, in his individual capacity; **JEREMY BOHN**, in his individual capacity; **CAPTAIN PATRICK DRISCOLL**, in his individual capacity; **OFFICER GRANT**, in his individual capacity; **LT. M. WASIUKANIS**, in his individual capacity; **TOYA PARKER**, in her individual capacity; **DT. CARMONA**, in his or her individual capacity; **OFFICER JOHNSON**, in his or her individual capacity; **CORPORAL BRADLEY**, in his or her individual capacity; **UNKNOWN CBP OFFICER**, in his individual capacity; **DAVID LAKATOS**, in his individual capacity; **NATHANIAL DEVINS**, in his individual capacity; **UNKNOWN TSA AGENT 1**, in his individual capacity; **UNKNOWN TSA AGENT 2**, in her individual capacity; **ROBERT BALL**, in his individual capacity; **UNKNOWN ICE OFFICER**, in his individual capacity; and **PAUL BRUMLEY**, in his individual capacity;

       Defendants.

-and-

**MARK DeBEAU**, **OFFICER GRANT**, **TOYA PARKER**, **DT. CARMONA**, **OFFICER JOHNSON**, **JEREMY BOHN**, **CAPTAIN PATRICK DRISCOLL**, **LT. M. WASIUKANIS**, and **CORPORAL BRADLEY**,

       Cross-Plaintiffs,

-v-

**FRONTIER AIRLINES, INC.**,

       Cross-Defendant.

## WCAA DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE LATE REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COME the Wayne County Airport Authority Defendants, MARK DeBEAU, OFFICER JOHNSON, OFFICER GRANT, OFFICER PARKER, DETECTIVE CARMONA, OFFICER BOHN, LIEUTENANT WASIUKANIS, CORPORAL BRADLEY, and CAPTAIN DRISCOLL (collectively "the WCAA Defendants"), by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. and THE LAW OFFICE OF ALAN B. HAVIS, and for their Joint Motion for Leave to File Late Reply Brief in Support of Motion for Judgment on the Pleadings [**Docket # 89**], rely on the attached Brief in Support and Rule 6 of the Federal Rules of Civil Procedure.

/s/ T. Joseph Seward (P35095)
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, Michigan 48150
Telephone: (734) 261-2400
Facsimile: (734) 261-4510
e-Mail: tjseward@cmda-law.com
*Attorneys for Officer Bohn, Corporal Bradley, Lieutenant Wasiukanis, and Captain Driscoll*

/s/ Alan B. Havis (P36988)
Law Offices of Alan B. Havis
25505 West Twelve Mile Road, Suite 1000
Southfield, Michigan 48034
Telephone: (248) 353-3690
Facsimile: (248) 948-6677
e-Mail: ahavis@airportdefender.com
*Attorneys for Mark DeBeau, Officer Grant, Officer Parker, Detective Carmona, and Officer Johnson*

DATED: February 20, 2014

1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **SHOSHANA HEBSHI**, | Honorable Terrence G. Berg |
| Plaintiff, | Magistrate Laurie J. Michelson |
| -v- | Case No. 13-cv-10253 |

**UNITED STATES OF AMERICA**; **FRONTIER AIRLINES, INC.**; **JOHN BRAND**, in his individual capacity; **UNKNOWN FBI AGENT 1**, in his individual capacity; **UNKNOWN FBI AGENT 2**, in his individual capacity; **MARK DEBEAU**, in his individual capacity; **JEREMY BOHN**, in his individual capacity; **CAPTAIN PATRICK DRISCOLL**, in his individual capacity; **OFFICER GRANT**, in his individual capacity; **LT. M. WASIUKANIS**, in his individual capacity; **TOYA PARKER**, in her individual capacity; **DT. CARMONA**, in his or her individual capacity; **OFFICER JOHNSON**, in his or her individual capacity; **CORPORAL BRADLEY**, in his or her individual capacity; **UNKNOWN CBP OFFICER**, in his individual capacity; **DAVID LAKATOS**, in his individual capacity; **NATHANIAL DEVINS**, in his individual capacity; **UNKNOWN TSA AGENT 1**, in his individual capacity; **UNKNOWN TSA AGENT 2**, in her individual capacity; **ROBERT BALL**, in his individual capacity; **UNKNOWN ICE OFFICER**, in his individual capacity; and **PAUL BRUMLEY**, in his individual capacity;

    Defendants.

-and-

**MARK DeBEAU**, **OFFICER GRANT**, **TOYA PARKER**, **DT. CARMONA**, **OFFICER JOHNSON**, **JEREMY BOHN**, **CAPTAIN PATRICK DRISCOLL**, **LT. M. WASIUKANIS**, and **CORPORAL BRADLEY**,

    Cross-Plaintiffs,

-v-

**FRONTIER AIRLINES, INC.**,

    Cross-Defendant.

## BRIEF IN SUPPORT OF WCAA DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE LATE REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

# **TABLE OF CONTENTS**

INDEX OF AUTHORITY……………………………………………………….ii

QUESTION PRESENTED ……………………………………………………..iii

INTRODUCTION………………………………………………………………..1

LAW AND ARGUMENT………………………………………………………..2

CONCLUSION …………………………………………………………………..5

# **INDEX OF AUTHORITY**

*Cases*

Alternate Travel, Inc. v. Worldspan L.P.,
    52 Fed. Appx. 693 (6th Cir. 2002)……………………………………………...3, 4

Dealer Computer Services, Inc. v. Dale Spradley Motors, Inc.,
    No. 11–11853, 2011 WL 4737586 (E.D. Mich. Oct. 5, 2011)………………………5

Evans v. Vinson,
    427 Fed. Appx. 437 (6th Cir. 2011)………………………………………………….5

Morgan v. Gandalf, Ltd.,
    165 Fed. Appx. 425 (6th Cir. 2006)………………………………………………….3

Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,
    507 U.S. 380 (1993)………………………………………………………………...2, 3

Raymond v. Int'l Bus. Mach. Corp.,
    148 F.3d 63 (2nd Cir. 1998)………………………………………………………...4

Smith v. Burns Clinic Med. Ctr., P.C.,
    779 F.2d 1173 (6th Cir. 1985)……………………………………………………….5

Smith-Murrey v. Marsh,
    No. 11–13910, 2013 WL 1296827 (E.D. Mich. March 20, 2013)…………………..5

Stutson v. United States,
    516 U.S. 193 (1996)………………………………………………………………...3

United States v. Thompson,
    82 F.3d 700 (6th Cir. 1996)…………………………………………………………2

*Federal Rules of Civil Procedure*

Fed. R. Civ. P. 6……………………………………………………………………..2, 3, 4

## **QUESTION PRESENTED**

I. SHOULD THE COURT ACCEPT FOR FILING AND CONSIDER THE WCAA DEFENDANTS' LATE REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS, AS PERMITTED BY RULE 6 OF THE FEDERAL RULES OF CIVIL PROCEDURE?

Plaintiff presumably answers, "No."

WCAA Defendants answer, "Yes."

# INTRODUCTION

On November 11, 2013, the WCAA Defendants filed a motion for partial judgment on the pleadings as to Plaintiff's claims of unlawful search and seizure under the Fourth Amendment. [**Docket # 89**]. At Plaintiff's request, the WCAA Defendants stipulated to extending the due date for Plaintiff's response to December 25, 2013. [**Docket # 93**]. Plaintiff filed her response on December 24, 2013. [**Docket # 100**]. The WCAA Defendants' reply brief was due on or before January 13, 2014. [**Docket # 93**]. Due to a misunderstanding between the WCAA Defendants' lead counsel and his associate, the WCAA Defendants did not file their reply brief on or before January 13, 2014.

Although the WCAA Defendants' lead counsel typically delegates brief-writing tasks to his associate, he prepared the motion for partial judgment on the pleadings as to Plaintiff's Fourth Amendment claims. Lead counsel's associate flew to Minnesota to spend the holidays with her family. She returned at the end of December 2013, at which time she began preparing for a trial that was scheduled to commence in mid-January 2014.[1] Because she was in trial, and because lead counsel prepared the motion, she assumed that lead counsel would also prepare the reply brief.

---

[1] *Edgerson v. City of Southfield, et al.*, Case No. 2:10-cv-14954 (E.D. Mich. 2010) (Cox, J., presiding).

1

Lead counsel flew to California over the holidays to attend the Rose Bowl with his family. He did not return until the first week of January 2014. Because he was out of town, and because his associate typically handles brief-writing tasks, he assumed that his associate would prepare the reply brief.

On January 14, 2014, the WCAA Defendants contacted Plaintiff and requested an extension of the due date for their reply brief. Although the WCAA Defendants stipulated to an extension of the due date for Plaintiff's response, Plaintiff declined to accommodate the WCAA Defendants' request for an extension of the due date for their reply brief. As such, the WCAA Defendants seek leave to file a late reply brief. (Proposed Reply Brief in Support of the WCAA Defendants' Motion for Partial Judgment on the Pleadings, attached as **Exhibit 1**).

## LAW AND ARGUMENT

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The term "neglect" encompasses "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993); see also United States v. Thompson, 82 F.3d 700, 702 (6th Cir. 1996). The determination of whether neglect is "excusable" for

purposes of Rule 6 is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395. A court should consider (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith. Id.

Decisions in which the Supreme Court interpreted Rule 6 reflect a "flexible" and "liberal" understanding of the phrase "excusable neglect." Id. at 389; Stutson v. United States, 516 U.S. 193, 194 (1996). In Pioneer, for example, the Supreme Court recognized that "excusable neglect" under Rule 6 "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer, 507 U.S. at 392 (citation and internal quotations omitted).

The Supreme Court's endorsement of a balancing of the equities, coupled with its "flexible" and "liberal" understanding of the phrase "excusable neglect," compels the conclusion that inadvertence or oversight – without more – can constitute "excusable neglect" and warrant an extension of time under Rule 6. Id. at 391-92 (agreeing with the general recognition by Courts of Appeals "that 'excusable neglect' may extend to inadvertent delays"); Morgan v. Gandalf, Ltd., 165 Fed. Appx. 425, 429 (6th Cir. 2006) (noting that, "depending on the equities, mere inadvertence may warrant an enlargement of time under Rule 6(b)"); Alternate

3

Travel, Inc. v. Worldspan L.P., 52 Fed. Appx. 693, 698-99 (6th Cir. 2002) (quoting Raymond v. Int'l Bus. Mach. Corp., 148 F.3d 63, 66 (2nd Cir. 1998)) (observing that "mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)").

The WCAA Defendants requested that Plaintiff stipulate to an extension on January 14, 2014 – one day after the date on which the WCAA Defendants' reply brief was due – and filed this motion upon completion of the proposed reply brief. The delay will not impact judicial proceedings, as the Court has not yet scheduled a hearing on the WCAA Defendants' motion for partial judgment on the pleadings as to Plaintiff's Fourth Amendment claims. There is no evidence of bad faith on the part of the WCAA Defendants. They simply request an opportunity to present their counter-arguments for the purpose of providing the Court with full briefing on the issues raised in their motion, particularly the issues related to qualified immunity. The WCAA Defendants are unable to discern any reason why permitting the filing of a late reply brief would cause prejudice to Plaintiff.

The minor delay, the absence of an impact on judicial proceedings, the lack of prejudice to Plaintiff, and the non-existence of bad faith on the part of the WCAA Defendants weigh in favor of finding that the neglect of lead counsel and his associate was "excusable" for purposes of Rule 6. By the same token, these factors weigh in favor of accepting for filing and considering the WCAA Defendants'

4

proposed reply brief. See, e.g., Smith v. Burns Clinic Med. Ctr., P.C., 779 F.2d 1173, 1175 n. 6 (6th Cir. 1985); Evans v. Vinson, 427 Fed. Appx. 437, 447-48 (6th Cir. 2011); Dealer Computer Serv., Inc. v. Dale Spradley Motors, Inc., No. 11–11853, 2011 WL 4737586, *1 (E.D. Mich. Oct. 5, 2011) (attached as **Exhibit 2**); Smith-Murrey v. Marsh, No. 11–13910, 2013 WL 1296827, *3-4 (E.D. Mich. March 20, 2013) (attached as **Exhibit 3**).

## **CONCLUSION**

For the foregoing reasons, the WCAA DEFENDANTS respectfully request that this Honorable Court GRANT their Joint Motion for Leave to File Late Reply Brief in Support of Motion for Judgment on the Pleadings [**Docket # 89**].

| | |
|---|---|
| /s/ T. Joseph Seward (P35095) | /s/ Alan B. Havis (P36988) |
| Cummings, McClorey, Davis & Acho | Law Offices of Alan B. Havis |
| 33900 Schoolcraft Road | 25505 West Twelve Mile, Suite 1000 |
| Livonia, Michigan 48150 | Southfield, Michigan 48034 |
| Telephone: (734) 261-2400 | Telephone: (248) 353-3690 |
| Facsimile: (734) 261-4510 | Facsimile: (248) 948-6677 |
| e-Mail: tjseward@cmda-law.com | e-Mail: ahavis@airportdefender.com |
| *Attorneys for Bohn, Driscoll Bradley, and Wasiukanis* | *Attorneys for DeBeau, Carmona, Johnson, Grant, and Parker* |

DATED: February 20, 2014

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: *All Attorneys of Record*, and I hereby certify that I mailed by United States Postal Service the paper to the following non-ECF participants: *N/A*.

/s/ Anita Zischerk
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, Michigan 48150
Telephone: (734) 261-2400
Facsimile: (734) 261-4510
e-Mail: azischerk@cmda-law.com