# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| SHOSHANA HEBSHI,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>      Defendants,<br><br>and<br><br>MARK DeBEAU, et al.,<br><br>      Cross-Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES,<br><br>      Cross-Defendant. | Case No. 13-10253<br>The Honorable Terrence G. Berg<br>Magistrate Judge Laurie J. Michelson |

## STIPULATED ORDER ON DISCOVERY FORMAT

1.    This order on discovery format ("Order"), pursuant to Federal Rule of Civil Procedure 26(f), shall govern various electronic discovery and production issues in this litigation.

2.    To the extent that the Order imposes limitations on electronic discovery otherwise available under the Federal Rules of Civil Procedure, the parties have agreed to such limitations. The fact that the parties have agreed to the terms of this Order should not be deemed an acknowledgement that any information hereby excluded from discovery would or would not be discoverable in the absence of this Order.

3. In response to a party's written discovery requests, and except as otherwise limited herein, the responding party shall search for and collect documents, things, and information -- as defined in Federal Rule of Civil Procedure 34(a) -- in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of Michigan, and applicable case law. It is assumed that discovery requests will not solicit any material created after the date on which this litigation was commenced that is protected either by the attorney-client privilege or by the work product doctrine. If any request is susceptible to a construction which calls for the search or production of such material, that material need not be collected or produced and no privilege log will be required as to such material. This limitation does not apply to a party's obligation to identify witnesses in accordance with Federal Rule of Civil Procedure 26, nor does this limitation apply to discovery requests seeking the identification of witnesses, their expected testimony, or the existence of statements prepared by or on behalf of a witness. Should a party claim that such a statement is protected in some fashion, that party will provide a privilege log.

4. As to electronically stored information ("ESI"), the parties agree as follows:

a. The parties shall in good faith determine which of their electronic systems are likely to contain relevant, responsive ESI and are reasonably accessible consistent with Federal Rule of Civil Procedure 26(b)(2)(B). Such provision does not preclude any party from moving to compel pursuant to and consistent with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of Michigan, and applicable case law.

      b.      ESI shall be collected in a manner consistent with the parties' standard procedures for such collections.  Each party shall take reasonable steps to preserve the integrity of ESI, such as metadata, associated with the documents collected.

      c.      Unless the parties agree that a meet and confer session is not necessary, within 14 days of the service of discovery requests that seek production of email messages or other ESI, the requesting party and receiving party will endeavor to take part in a meet and confer session to discuss issues relating to document collection and production, such as the scope of the requests; potential search terms, custodians, and date restrictions; and production format. A party's failure to raise an objection or response to an objection during this period shall not waive the party's ability to raise the objection or response to the objection in accordance with, and within the time limits established by, the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of Michigan, and applicable case law.

      d.      Each party shall be permitted to use electronic horizontal and/or vertical de-duplication software to eliminate multiple copies of identical ESI documents (including e-mails).  In addition, the parties need not produce non-human-readable ESI (for example documents that include only machine readable language), except upon a showing of good cause by the requesting party.

      e.      Each party shall produce its documents (whether ESI or hard copy documents) as document-level searchable pdfs if the documents are retained by the party in such format or if it is not unduly burdensome or expensive for the party to convert them to such format.  If it is unduly burdensome to convert documents to document-level searchable pdfs or if certain documents (such as videos or sound files) are not reasonably producible as document-

level searchable pdfs, the parties will meet and confer prior to production to determine the format of the production.

    f. Upon a good cause showing of particularized and reasonable need, the parties may negotiate (a) the production of the metadata information associated with a particular document, or (b) a separate production form (including native format) for any documents that are not reasonably producible as document-level searchable pdfs, such as certain Excel spreadsheets.

    g. All documents shall be branded in the bottom right with a Bates number, beginning with, for example, "ABC00000001." Each page will also be branded in the bottom left corner with "CONFIDENTIAL" or similar statement as necessary to comply with any protective order entered. The parties will attempt to place the Bates and protective order designation in a location that does not unreasonably obliterate or obscure any information from the source document.

    h. The parties shall in good faith attempt to preserve parent-child relationships (i.e., associations between attachments and their parent documents). The attachment shall be produced adjacent to the parent document, and in terms of Bates numbers, with the first attachment being named with the next sequential number after the parent, and any additional attachment(s) sequentially numbered after that first attachment.

  5. The terms of any protective order entered in this matter, including with respect to the designation of any digital documents or information as confidential, and with respect to any inadvertently produced privileged or attorney work product documents, shall apply to electronic documents and information to the same extent they apply to any hard-copy documents and information.

6.      For any dispute related to this Order or for any modification requested to be made to this Order, the parties will first meet and confer in a good faith attempt to resolve the issue in dispute or in need of modification. If the parties are unable to reach a resolution, the parties may bring the issue to the attention of the court.

**SO ORDERED.**

                                            s/Terrence G. Berg_____
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE

Dated: February 21, 2014

**APPROVED AND SO STIPULATED:**

February 20, 2014

                                            /s/ Rachel E. Goodman_____
                                            Rachel E. Goodman
                                            American Civil Liberties Union Foundation
                                            125 Broad Street, 18th Floor
                                            New York, NY 10004
                                            (212) 549-2500/Fax: (212) 549-2651
                                            rgoodman@aclu.org
                                            *Attorney for Plaintiff*

                                            /s/ with consent of Brian T. Maye
                                            Brian T. Maye
                                            Steven L. Boldt
                                            ADLER MURPHY & McQUILLEN LLP
                                            20 S. Clark Street, Suite 2500
                                            Chicago, IL 60603
                                            (312) 345-0700/Fax: (312) 345-9860
                                            bmaye@amm-law.com
                                            *Attorney for Frontier Airlines, Inc.*

/s/ with consent of T. Joseph Seward
T. Joseph Seward (P35095)
Cummings McClorey Davis & Acho
33900 Schoolcraft Road
Livonia, MI  48150
(248) 261-2400
tjseward@cmda-law.com
*Attorney for Bohn, Driscoll, Wasiukanis, & Bradley*

/s/ with consent of Alan B. Havis
Alan B. Havis (P36988)
Law Offices of Alan B. Havis Esq.
25505 W. 12 Mile Road, Suite 100
Southfield, MI  48034
(248) 353-3690
ahavis@AirportDefender.com
*Attorney for Debeau, Grant, Parker, Carmona, & Johnson*

/s/ with consent of Sarah E. Whitman
Sarah E. Whitman
Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-0089
Facsimile: (202) 616-4314
Email: Sarah.Whitman@usdoj.gov
*Attorney for Defendants Brand, Lakatos, Devins, Ball, Brumley and the United States*