UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHOSHANA HEBSHI,

                Plaintiff,

v.

                                    Case No. 13-10253

UNITED STATES OF AMERICA, et al.      HON. TERRENCE G. BERG
                                         HON. LAURIE J. MICHELSON
                Defendants.
_____/

**ORDER DENYING
AIRPORT AUTHORITY DEFENDANTS'
MOTION FOR LEAVE TO FILE A LATE REPLY**

This matter is before the Court on the February 20, 2014 motion for leave to file a late reply, filed by Defendants Jeremy Bohn, Corporal Bradley, Lieutenant M. Wasiukanis, Captain Patrick Driscoll, Mark DeBeau, Officer Grant, Toya Parker, Detective Carmona, and Officer Johnson ("Moving Defendants"). Having reviewed the motion, the Court finds that it adequately presents the issue now before the Court, a response from Plaintiff is unnecessary, and oral argument would not aid the decision. Accordingly, the Court will decide the motion without a hearing. E.D. Mich. LR 7.1(f)(2).

For the reasons set forth below, it is ORDERED that Defendants' motion for leave to file a late reply (Dkt. 106) is DENIED.

**I.    FACTUAL BACKGROUND**

The Moving Defendants are actually two sets of individual Defendants, all of whom are Wayne County Airport Authority police. It appears to the Court that each

set of individual Defendants has their own lawyer acting as lead counsel on their behalf. Defendants DeBeau, Carmona, Grant, Johnson, and Parker are represented by Alan B. Havis. (Dkts. 9–11, 41.) Defendants Bohn, Bradley, Driscoll, and Wasiukanis are represented by T. Joseph Seward. (Dkts. 39, 41.) A third lawyer, Lindsey A. Kaczmarek, who appears to work in the same firm as Mr. Seward, has filed an appearance on behalf of Defendants Bradley, Driscoll, Johnson, and Wasiukanis. (Dkt. 68.) The present motion is a joint motion brought by the two sets of individual Defendants.

In the present motion, the Moving Defendants ask the Court for leave to file a late reply to the response to their motion for partial judgment on the pleadings (Dkt. 89). That underlying motion, the motion for partial judgment on the pleadings, was filed on November 11, 2013. (Dkt. 89.) Under Local Rule 7.1 and Federal Rule of Civil Procedure 6, the Plaintiff's response was then due on December 5, 2013. Because the parties were scheduled to participate in a settlement conference before Magistrate Judge Laurie J. Michelson on December 11, 2013, Plaintiff requested during the November 13, 2013 telephonic status conference that her response to the Moving Defendants' motion for partial judgment on the pleadings not be due until two weeks after the conclusion of the settlement conference. The Court entered an order extending Plaintiff's time to file her response to December 25, 2013. (Dkt. 93.) That same order noted that the Moving Defendants' reply would be due on January 13, 2014. (Dkt. 93.) There is no evidence that the Moving Defendants made any effort to extend that deadline before it passed.

The Moving Defendants allege that on January 14, 2014, they "contacted Plaintiff and requested an extension of the due date for their reply brief." (Dkt. 106 at 8.) They do not indicate the means of the contact or how much additional time they asked for.

On February 20, 2014, thirty-eight days after the reply was due, the Moving Defendants filed the present motion. There is no evidence that they sought concurrence on the motion as required by Local Rule 7.1(a)—the motion does not contain the statement required by the local rule.

## II.    LEGAL STANDARD

"When a party fails to meet a deadline, the district court should determine if such failure was the result of excusable neglect." *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 582 (6th Cir. 2010); Fed. R. Civ. P. 6(b)(1)(B). In the Sixth Circuit, a Court is to determine whether a party's neglect in failing to meet a deadline is excusable-neglect by balancing five factors:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

## III.    ANALYSIS

The Moving Defendants explain that they failed to file a reply by the January 13 deadline because: (1) their "lead counsel" went to the Rose Bowl and did not return

until "the first week of January 2014"; (2) the "lead counsel's" associate, to whom he normally delegates "brief-writing tasks," was in trial on another matter; and (3) "lead counsel" and his associate apparently both believed the other would prepare and file the reply.[1] (Dkt. 106 at 7–8.)

In weighing the five factors noted above, the Court finds that Moving Defendants' neglect was not excusable. Even assuming the first factor is in the Moving Defendants' favor, that Plaintiff would not be prejudiced by the late filing, essentially all of the other factors go against the Moving Defendants.

As to the second factor, the length of delay is substantial. The Moving Defendants' reply was due on January 13, 2014, and the present motion was filed on February 20, 2014, thirty-eight days later. It is also clear from the motion that by January 14, 2014, the Moving Defendants were fully aware that the reply had not been filed. Given that this Court's Local Rules provided 14 days for the filing of a reply, thirty-eight days is a substantial length of delay.

The Moving Defendants argue that the delay will not affect these proceedings because a hearing has not been set on the underlying motion for partial judgment on the pleadings. Although it is correct that no hearing date has been set, and that the delay's impact on the judicial proceedings is not great, the delay did cause the court to believe that briefing was closed and that the court could begin its work in analyzing the issues. In any event, this factor does not weigh in the Moving Defendants' favor.

---

[1] It is not clear whether the "lead counsel" who went to the Rose Bowl is Mr. Seward, apparent lead counsel for one set of individual Defendants, or Mr. Havis, apparent lead counsel for the other set of individual Defendants.

4

As to the third factor, the reason for the delay is not a good one. It is unclear what effect "lead counsel's" trip to the Rose Bowl had on his ability to prepare the reply. And while the motion notes that his associate was in a trial that was set to begin in "mid-January," it does not explain how that fact prevented her from preparing the reply. There is also no explanation for why the other "lead counsel" could not prepare the reply. The Court notes that every filing made by the Moving Defendants in this case has been signed by Mr. Seward or Mr. Havis, or, like with the underlying motion, both of them together.

It is clear to the Court that the reply was not filed by the deadline because the lawyers who represent the Moving Defendants did not communicate with one another. The Moving Defendants were put on notice on November 13, 2013, that if they wanted to file a reply brief, it would be due on January 13, 2014. They had two months to consider their schedules and decide which of them would write the reply. This reason, particularly in light of the very lengthy delay, is not strong enough to tip the balancing of the factors in the Moving Defendants' favor.

As to the fourth factor, the delay was clearly in the reasonable control of the Moving Defendants and they were dilatory. As to the fifth factor, the Court will assume that the Moving Defendants are acting in good faith, but notes that there is insufficient evidence to establish whether they acted in good faith or not.[2]

---

[2] The length of delay between the communication with Plaintiff and the making of the motion, coupled with the Moving Defendants' failure to comply with Local Rule 7.1(a), is curious. Particularly when considered with the fact that the Moving Defendants did not make their motion until after the Court held oral argument on the Moving Defendants' *other* motion for partial judgment on the pleadings (Dkt. 69), which is also based on the possible qualified immunity of the officers and thus concerns very similar arguments. All of this suggests, though the Court will assume it is not true, that the Moving Defendants have sought to use this reply as a means of addressing

After balancing the five factors, the Court finds that the combined weight goes against the Moving Defendants and that the neglect in this case should not be excused.

For the reasons set forth above, it is hereby ORDERED that the Moving Defendants' motion (Dkt. 106) is DENIED.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated:  February 26, 2014

### Certificate of Service

I hereby certify that this Order was electronically submitted on February 27, 2014, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb<br>
Case Manager

---

related concerns expressed by the Court, or arguments made by Plaintiff, at the oral argument, rather than as a true reply to the response.