## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHOSHANA HEBSHI,

        Plaintiff,

v.

UNITED STATES OF AMERICA,
et al.,

        Defendants.

Case No. 13-10253
The Honorable Terrence G. Berg
Magistrate Judge Laurie J.
   Michelson

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST THE WCAA DEFENDANTS FOR FAILURE TO OBEY A COURT ORDER

Plaintiff Shoshana Hebshi, by and through her attorneys, hereby requests that this Court, pursuant to Fed. R. Civ. P. 16(f), enter an order awarding sanctions against Defendants Mark DeBeau, Officer Johnson, Officer Grant, Officer Parker, Detective Carmona, Officer Bohn, Lieutenant Wasiukanis, Corporal Bradley, and Captain Driscoll (collectively "the WCAA Defendants"), for violating this Court's July 15, 2013 Order governing the August 6, 2013 and September 25, 2013 settlement conferences.  Pursuant to Fed. R. Civ. P. 16(f)(2), Plaintiff further requests that this Court order the WCAA Defendants, their attorneys, or both, "to pay the reasonable expenses—including attorney's fees" incurred as a result of the WCAA Defendants' noncompliance with that Order.   In further support, Plaintiff

relies on the attached Brief in Support of Plaintiff's Motion for Sanctions Against the WCAA Defendants for Failure to Obey a Court Order.

In accordance with Rule 7.1(a) of the Local Rules of the Eastern District of Michigan, Plaintiff's counsel certifies that they attempted to obtain concurrence in the relief sought, and counsel for the WCAA Defendants declined to concur.

Respectfully submitted,

Michael J. Steinberg (P43085)       _s/Rachel E. Goodman_

Kary L. Moss (P49759)            Dennis Parker

Brooke Merriweather-Tucker      Rachel E. Goodman

AMERICAN CIVIL LIBERTIES UNION    AMERICAN CIVIL LIBERTIES UNION

     FUND OF MICHIGAN             FOUNDATION

2966 Woodward Avenue         125 Broad Street, 18th Floor

Detroit, MI 48201                New York, NY 10004

(313) 578-6823                 (212) 549-2500

msteinberg@aclumich.org       rgoodman@aclu.org

kmoss@aclumich.org           dparker@aclu.org

btucker@aclumich.org

                              Anna P. Engh

William H. Goodman (P14173)     Shelli L. Calland

Julie H. Hurwitz (P34720)        Arjun Sethi

Kathryn Bruner James (P71374)    Sarah E. Tremont (P73809)

Miriam R. Nemeth  (P76789)       COVINGTON & BURLING LLP

GOODMAN & HURWITZ, P.C.        1201 Pennsylvania Ave., N.W.

Cooperating Attorneys, American Civil  Washington D.C. 20004

    Liberties Union Fund of Michigan    (202) 662-6000

1394 E. Jefferson Ave.           aengh@cov.com

Detroit, MI 48207                scalland@cov.com

(313) 567-6170                 asethi@cov.com

bgoodman@goodmanhurwitz.com   stremont@cov.com

jhurwitz@goodmanhurwitz.com

kjames@goodmanhurwitz.com

mnemeth@goodmanhurwitz.com

                              _Attorneys for Plaintiff_

                              SHOSHANA HEBSHI

Dated: April 11, 2014

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHOSHANA HEBSHI,

       Plaintiff,

v.

UNITED STATES OF AMERICA,
et al.,

       Defendants.

Case No. 13-10253
The Honorable Terrence G. Berg
Magistrate Judge Laurie J.
    Michelson

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST THE WCAA DEFENDANTS FOR FAILURE TO OBEY A COURT ORDER

## ISSUE PRESENTED

Are sanctions under Federal Rule of Civil Procedure 16(f) warranted by the WCAA Defendants' failure to obey the Court's Order requiring attendance at a settlement conference by a party representative with full and complete authority to make settlement decisions, without substantial justification and to Plaintiff's detriment?

*Answer:*     Yes.

## CONTROLLING AUTHORITY

1. Fed. R. Civ. P. 16(f).

2. *St. Paul Fire & Marine Ins. Co. v. CEI Fla., Inc.*, 152 F.R.D. 95 (E.D. Mich. 1993).

# TABLE OF CONTENTS

ISSUE PRESENTED ........................................................................... i

CONTROLLING AUTHORITY ........................................................... ii

INTRODUCTION ...............................................................................1

FACTS AND PROCEDURAL BACKGROUND ....................................2

ARGUMENT .......................................................................................5

    I.    This Court Ordered Attendance at a Settlement Conference by
        Parties With Full and Complete Authority to Settle. .......................6

    II.   The WCAA Defendants' and Their Counsel's Failure to Obey the
        Court's Order Is Sanctionable Conduct. .........................................7

    III.  The Appropriate Sanction Is Payment of Reasonable Expenses,
        Including Attorney's Fees. .......................................................... 10

CONCLUSION ............................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Burns v. United States*, No. 3:99CV-727-C, 2003 WL 21968408
  (W.D. Ky. July 7, 2003) ............................................................. 7, 9, 10

*Empire, Inc. v. Wal-Mart Stores, Inc.*, 188 F.R.D. (E.D. Ky. 1999) ........................9

*In re Kowalske*, No. 08-14774, 2009 WL 1299551 (E.D. Mich. May 1, 2009)........8

*Martin Family Trust v. Heco/Nostalgia Enters.*, 186 F.R.D. (E.D. Cal. 1999)........9

*Official Airline Guides, Inc. v. Goss*, 6 F.3d (9th Cir. 1993)................................8, 9

*Pucci v. 19th Dist. Court*, No. 07-10631, 2009 WL 596196
  (E.D. Mich. Mar. 6, 2009) .............................................................8, 11

*St. Paul Fire & Marine Ins. Co. v. CEI Fla., Inc.*, 152 F.R.D.
  (E.D. Mich. 1993)................................................................................8, 10

**Rules**

Fed. R. Civ. P. 16(a)(5)...........................................................................6

Fed. R. Civ. P. 16(c)(1)...........................................................................6

Fed. R. Civ. P. 16(f) ..........................................................................1, 7

Fed. R. Civ. P. 16(f)(2) .................................................................. 1, 10, 11

## INTRODUCTION

For several months, counsel for Plaintiff Shoshana Hebshi invested enormous amounts of time and energy participating in settlement negotiations, in an effort to resolve Ms. Hebshi's serious claims in this civil rights litigation. At the end of this period, counsel for the parties agreed on virtually all of the terms of a global settlement that Ms. Hebshi believed would protect other individuals from suffering injustices similar to what she experienced.

However, these efforts proved fruitless when counsel for the WCAA Defendants revealed, much to the shock and indignation of Ms. Hebshi and her counsel, that they had engaged in extensive settlement negotiations, including two settlement conferences, without the authority to settle. In an abrupt bait-and-switch, the individual who actually possessed that authority on behalf of the WCAA Defendants rejected the agreed-upon terms and proposed new terms completely unacceptable to Ms. Hebshi.

The WCAA Defendants disobeyed this Court's explicit order that the settlement conferences should be attended by an authorized representative of each party with complete settlement authority, resulting in a colossal waste of the time and resources of all parties, their counsel, and this Court. This Court should thus sanction the WCAA Defendants and/or their counsel by ordering payment to

1

Plaintiff of the attorneys' fees and costs, as well as her own costs, expended in unnecessary settlement efforts.

## FACTS AND PROCEDURAL BACKGROUND

On September 11, 2011, Plaintiff Shoshana Hebshi was pulled off an airplane, at gunpoint and without explanation. She was subsequently handcuffed, detained for four hours and strip-searched before being released without charge. To this day, there is no allegation that Mr. Hebshi engaged in any suspicious behavior. Rather, she was profiled solely because of her Middle Eastern name and ethnicity and because she was seated next to two South Asian men whom she did not know and who allegedly acted "suspiciously" during the flight.

Seeking to vindicate her rights and to protect future airline passengers from similar treatment, Ms. Hebshi filed this civil rights lawsuit on January 22, 2013. She named as Defendants Frontier Airlines, Inc. ("Frontier"), the United States, a number of individual federal officials, and the WCAA Defendants. After the parties expressed interest in discussing settlement at the initial Case Management Status and Scheduling Conference on June 5, 2013, Judge Berg referred the matter to Magistrate Judge Michelson for mediation. (Order of Reference to U.S. Magistrate Judge, July 3, 2013, ECF No. 79.)

On July 15, 2013, Judge Michelson noticed a settlement conference on August 6, expressly ordering that it "be attended by an authorized representative of

each party with full and complete authority to make settlement decisions, together with trial counsel for each party." (Notice of Settlement Conference 1, July 15, 2013, ECF No. 83.) Ms. Hebshi and her counsel attended that full-day conference, as did counsel for Frontier along with an authorized corporate representative, counsel for the federal Defendants, and counsel for the WCAA Defendants. Ms. Hebshi's counsel had no reason to doubt that counsel for the WCAA Defendants had the full settlement authority ordered by this Court. At the end of the conference, all parties agreed that further discussions would be fruitful, so Judge Michelson continued the settlement conference until September 25, 2013. (Minute Entry, Aug. 9, 2013.)

Over the next several weeks, Ms. Hebshi's counsel worked diligently to craft a settlement proposal that would be acceptable to the WCAA Defendants and would meet her goal of ensuring that WCAA law enforcement officers would not again engage in the kind of conduct that had injured her. On August 28, 2013, Ms. Hebshi's counsel sent a detailed, five-page letter to the WCAA Defendants' counsel describing the relief she sought. On September 9, 2013, counsel for the WCAA Defendants called Ms. Hebshi's counsel to discuss Plaintiff's proposal. Four days later, they held a two-and-a-half hour, face-to-face meeting, during which the WCAA suggested certain amendments to Ms. Hebshi's proposal. Counsel for Ms. Hebshi sent a revised proposal on September 19. A second in-

person meeting between counsel for Ms. Hebshi and counsel for the WCAA

Defendants was held on September 23.

On September 25, 2013, Ms. Hebshi and her counsel attended a second full-

day settlement conference before Judge Michelson.  Once again, Ms. Hebshi and

her counsel had no reason to doubt that counsel for the WCAA Defendants

attended with the required settlement authority.  After a long day of negotiating,

Ms. Hebshi and her counsel believed that a global settlement was imminent.  In

fact, at the end of the conference, Ms. Hebshi's counsel asked counsel for the

WCAA Defendants whether the WCAA's participation in that settlement was

contingent on approval from the WCAA Board, and counsel answered that he did

not believe so.

Plaintiff's counsel were therefore completely blindsided when they

received the following email from counsel for the WCAA Defendants on October

10, 2013:

> The proposed tentative settlement on behalf of the Wayne County
> Airport Authority defendants required review and approval by the
> Airport Authority CEO.  Please be advised that he has reviewed the
> proposal and has rejected it in total.  As such, the WCAA defendants
> are prepared to move forward and litigate this matter and vindicate
> themselves.

(Email from Alan Havis to All Counsel (Oct. 10, 2013, 9:46 EST), attached hereto

as Exhibit 1.)

The message could not be more clear.  The WCAA Defendants had attended

both settlement conference without a representative possessing "full and complete authority to make settlement decisions," as expressly ordered by this Court.  (ECF No. 83, at 1.)  Clearly, counsel for the WCAA had engaged in extensive negotiations with Plaintiff's counsel without the authority to settle Ms. Hebshi's claims.  As Judge Michelson later put it, "[t]his was the first time the parties or the Court knew that [WCAA CEO] Mr. Naughton was the WCAA decision-maker for purposes of settling this case," and he "should have attended the August 6, 2013 and September 25, 2013 sessions."  (Order Den. Mot. Recons. 1, 3, Dec. 2, 2013, ECF No. 92.)

Despite this setback, Ms. Hebshi and her counsel sought to salvage the settlement agreement.  They urged the parties to participate in a third settlement conference, which Judge Michelson ordered the WCAA CEO to attend.  At that conference, held on December 11, 2013, the WCAA representatives made clear that they were not amenable to the terms to which the WCAA Defendants had previously agreed.  After several additional meetings and conversations with the WCAA representatives and their counsel, it became abundantly clear that settlement with the WCAA, and hence the global settlement, was no longer possible.

## ARGUMENT

Plaintiff does not lightly seek sanctions from this Court.  However, Ms.

Hebshi and her counsel spent months negotiating an early settlement to this action, only to learn that the individual with whom they were negotiating lacked the authority to settle the matter.  The WCAA Defendants repeatedly disobeyed the Court's Order, and thereby delayed the forward progress of this litigation, to the detriment of Ms. Hebshi and her counsel.  Accordingly, sanctions against the WCAA Defendants are now both appropriate and necessary.

## I.    This Court Ordered Attendance at a Settlement Conference by Parties With Full and Complete Authority to Settle.

Rule 16 of the Federal Rules of Civil Procedure provides the Court with the power to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for . . . facilitating settlement."  Fed. R. Civ. P. 16(a)(5).  At such a pretrial conference, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement."  Fed. R. Civ. P. 16(c)(1).

This Court exercised that authority when it ordered the parties to attend the first settlement conference on August 6.  (*See* ECF No. 83.)  Among other instructions, that Notice stated that "[t]he conference *shall* be attended by an authorized representative of each party *with full and complete authority to make settlement decisions*, together with trial counsel for each party. . . . A governmental entity shall send a representative authorized to act on its behalf."  (*Id.* at 1

(emphasis added).)  The Notice remained in force when the August 6 settlement

conference was twice held and continued.

## II.    The WCAA Defendants' and Their Counsel's Failure to Obey the Court's Order Is Sanctionable Conduct.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides for sanctions

if a party fails to properly participate in a pretrial conference or fails to obey a

scheduling or pretrial order:

> (f) Sanctions.
>
> > (1) In General.  On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> >
> > > (A) fails to appear at a scheduling or other pretrial conference;
> > >
> > > (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> > >
> > > (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f).  Where, as here, the Court has specifically ordered a party to

attend a settlement conference with "full and complete authority" to settle, and that

party does not, the party violates both subsections (f)(1)(B) and (f)(1)(C) of the

rule, having both "fail[ed] to obey" a pretrial order and been "substantially

unprepared to participate" in the conference.

"It is well within a district court's discretion to impose sanction's [sic] for a

party's failure to comply with an order regarding a settlement conference." *Burns*

*v. United States*, No. 3:99CV-727-C, 2003 WL 21968408, at *7 (W.D. Ky. July 7,

2003).  Indeed, courts, including this Court, regularly impose sanctions for

7

disobeying a court's order to attend a mediation with full authority to settle. *See In re Kowalske*, No. 08-14774, 2009 WL 1299551 (E.D. Mich. May 1, 2009) (awarding sanctions against party for disobeying terms of magistrate judge's Notice of Settlement Conference); *Pucci v. 19th Dist. Court*, No. 07-10631, 2009 WL 596196 (E.D. Mich. Mar. 6, 2009) (awarding sanctions against party for failing to attend mediation session with full authority to settle); *St. Paul Fire & Marine Ins. Co. v. CEI Fla., Inc.*, 152 F.R.D. 95, 98 (E.D. Mich. 1993) (awarding sanctions against party for failing to attend final pretrial settlement conference with complete authority to settle); *accord Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming district court's imposition of sanctions for failure to comply with order that representative with settlement authority participate in conference).

It is undisputed that the WCAA Defendants attended both the August 6 or the September 25 settlement conference without the "full and complete authority to settle," as expressly required by the Court's Notice of Settlement Conference. (ECF No. 83, at 1.)  The WCAA Defendants admitted as much in their October 10 email, when they stated that the settlement agreement "required review and approval by the Airport Authority CEO," who had not attended either conference. (Exhibit 1.)  Further, counsel for the WCAA Defendants never disclosed to the parties or the Court that they lacked settlement authority; to the contrary, their

actions reasonably led Ms. Hebshi's counsel and this Court to believe that they had requisite settlement authority. They even represented to Plaintiff's counsel at the second settlement conference that WCAA Board approval was not necessary to finalize the settlement. *Cf. Burns*, 2003 WL 21968408, at *5 (magistrate and parties were entitled to rely on attorney's apparent authority at settlement conference where attorney did not inform them that she lacked authority to settle).

Ms. Hebshi need not show more to demonstrate that the WCAA Defendants' conduct is sanctionable. *See Empire, Inc. v. Wal-Mart Stores, Inc.*, 188 F.R.D. 478, 480 (E.D. Ky. 1999) (sanctions for failure to comply with settlement conference order "do not necessarily require showing of bad faith; if failure to comply is unexcused, sanctions may be appropriate" (quoting *Martin Family Trust v. Heco/Nostalgia Enters.*, 186 F.R.D. 601 (E.D. Cal. 1999))). Counsel for the WCAA Defendants acted outside the scope of their authority and cost Ms. Hebshi and her counsel significant time and resources. *See Pucci,* 2009 WL 596196, at *6 (finding sanctions appropriate where mediation session "ultimately was a waste of time and expense by the plaintiff").

Additionally, this Court should award sanctions against the WCAA Defendants in order to protect its own scarce resources. "A settlement conference attended by persons with no authority to settle is not productive. It is thus unquestionably a misuse of federal resources to disobey a court order designed

9

specifically to maximize the potential for pre-trial resolution of disputes." *Burns*, 2003 WL 21968408, at *7.  Because "[t]he resources for federal dispute resolution are far from endless," a party's belated revelation that it lacked authority to enter into a mediated settlement agreement constitutes "an intolerable waste of resources."  *St. Paul Fire & Marine Ins. Co.*, 152 F.R.D. at 98.

### III.    The Appropriate Sanction Is Payment of Reasonable Expenses, Including Attorney's Fees

Where a Court imposes sanctions pursuant to Rule 16, monetary sanctions in favor of the injured party are required:

> Instead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2) (emphasis added).

Here, the WCAA Defendants have provided no justification for their disobedience of this Court's order that an "authorized representative of each party with full and complete authority to make settlement decisions" was to attend the settlement conferences.  (ECF No. 83, at 1.)  The explanation that Ms. Hebshi and the Court have received thus far suggests that counsel for the WCAA Defendants was unaware of which individual had authority to enter into a settlement agreement on behalf of the WCAA Defendants until nearly four months after the Notice of Settlement Conference was issued.  Such confusion can hardly constitute a

substantial justification for the WCAA Defendants' disobedience of that Order, nor does any other circumstance exist that would make an award of expenses unjust. *See* Fed. R. Civ. P. 16(f)(2).

Where a party has failed to attend a settlement conference with the necessary authority to settle, an award of expenses to make the wronged party whole constitutes "a very modest sanction." *Pucci*, 2009 WL 596196, at *7. Should this Court find such a modest sanction to be appropriate, Ms. Hebshi's counsel will submit an itemized bill of costs laying out the hours and expenses associated with the August 6 and September 25 settlement conferences and the related correspondence and discussions with the WCAA Defendants. The costs associated with Ms. Hebshi and her counsel's attendance at the two settlement conferences are significant:

➢ **August 6, 2013:** Five attorneys from Plaintiff's team attended the August 6 conference, for a total of 25 hours of attorney time. Two of those attorneys traveled from Washington, D.C. to attend and thus spent 19 additional hours of attorney time travelling, as well as incurring travel-related costs.

➢ **September 25, 2013:** Seven attorneys from Plaintiff's team attended the September 25 conference, for a total of 47 hours of attorney time. Four of those attorneys travelled from New York City or Washington, D.C. to

11

attend and thus spent 34 additional hours of attorney time travelling, as well as incurring travel-related costs.

## CONCLUSION

For the foregoing reasons, Plaintiff Shoshana Hebshi respectfully requests that the Court grant her motion for sanctions against the WCAA Defendants and order payment of her reasonable expenses, including attorney's fees.

Respectfully submitted,

Michael J. Steinberg (P43085)
Kary L. Moss (P49759)
Brooke Merriweather-Tucker
AMERICAN CIVIL LIBERTIES UNION
    FUND OF MICHIGAN
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6823
msteinberg@aclumich.org
kmoss@aclumich.org
btucker@aclumich.org

Dennis Parker
Rachel E. Goodman
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
rgoodman@aclu.org
dparker@aclu.org

William H. Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
Miriam R. Nemeth  (P76789)
GOODMAN & HURWITZ, P.C.
Cooperating Attorneys, American Civil
    Liberties Union Fund of Michigan
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170
bgoodman@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com
mnemeth@goodmanhurwitz.com

*s/Sarah E. Tremont*
Anna P. Engh
Shelli L. Calland
Arjun Sethi
Sarah E. Tremont (P73809)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington D.C. 20004
(202) 662-6000
aengh@cov.com
scalland@cov.com
asethi@cov.com
stremont@cov.com

*Attorneys for Plaintiff*
SHOSHANA HEBSHI

Dated: April 11, 2014

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2014, I electronically filed the foregoing

Motion for Sanctions Against the WCAA Defendants for Failure to Obey a Court

Order and Brief in Support with the Clerk of the Court using the ECF system

which will send notification of such filing to the following:

> Alan B. Havis: ahavis@airportdefender.com
> T. Joseph Seward: tjseward@cmda-law.com
> Lindsey A. Kaczmarek: lkaczmarek@cmda-law.com
> Sarah E. Whitman: sarah.whitman@usdoj.gov
> Jean Marie Cunningham: jean.cunningham@usdoj.gov
> Lynn Marie Dodge: lynn.dodge@usdoj.gov
> Brian T. Maye: bmaye@amm-law.com
> Steven L. Boldt: sboldt@amm-law.com
> Alexander A. Ayar: aayar@fosterswift.com

*s/Rachel E. Goodman*
Rachel E. Goodman