## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**SHOSHANA HEBSHI**,

       Plaintiff,

-v-

**UNITED STATES OF AMERICA; FRONTIER AIRLINES, INC.**; **JOHN BRAND**, in his individual capacity; **UNKNOWN FBI AGENT 1**, in his individual capacity; **UNKNOWN FBI AGENT 2**, in his individual capacity; **MARK DEBEAU**, in his individual capacity; **JEREMY BOHN**, in his individual capacity; **CAPTAIN PATRICK DRISCOLL**, in his individual capacity; **OFFICER GRANT**, in his individual capacity; **LT. M. WASIUKANIS**, in his individual capacity; **TOYA PARKER**, in her individual capacity; **DT. CARMONA**, in his or her individual capacity; **OFFICER JOHNSON**, in his or her individual capacity; **CORPORAL BRADLEY**, in his or her individual capacity; **UNKNOWN CBP OFFICER**, in his individual capacity; **DAVID LAKATOS**, in his individual capacity; **NATHANIAL DEVINS**, in his individual capacity; **UNKNOWN TSA AGENT 1**, in his individual capacity; **UNKNOWN TSA AGENT 2**, in her individual capacity; **ROBERT BALL**, in his individual capacity; **UNKNOWN ICE OFFICER**, in his individual capacity; and **PAUL BRUMLEY**, in his individual capacity;

       Defendants.

-and-

**MARK DeBEAU**, **OFFICER GRANT**, **TOYA PARKER**, **DT. CARMONA**, **OFFICER JOHNSON**, **JEREMY BOHN**, **CAPTAIN PATRICK DRISCOLL**, **LT. M. WASIUKANIS**, and **CORPORAL BRADLEY**,

       Cross-Plaintiffs,

-v-

**FRONTIER AIRLINES, INC.**,

       Cross-Defendant.

Honorable Terrence G. Berg

Magistrate Laurie J. Michelson

Case No. 13-cv-10253

## BRIEF IN SUPPORT OF WCAA DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITY...........................................................................................ii

QUESTIONS PRESENTED.......................................................................................iv

INTRODUCTION ....................................................................................................1

LAW AND ARGUMENT............................................................................................3

I.     The Requested Sanctions Are Unwarranted.................................................3

II.    The Requested Sanctions Are Excessive and Overreaching.......................13

CONCLUSION .......................................................................................................17

i

# INDEX OF AUTHORITY

## Cases

*Building Serv. Cleaning Contractors Pension Plan v. Grandview Raceway*,
    46 F.3d 1392 (6th Cir. 1995) ........................................................................14

*Burns v. United States*,
    No. 99-727, 2003 WL 21968408 (W.D. Ky. July 7, 2003) ....................6, 7, 8

*Gen. Elec. Co. v. Latin Am. Imports*,
    127 Fed. Appx. 157 (6th Cir. 2005) ........................................................14, 15

*Gratz v. Bollinger*,
    353 F. Supp. 2d 929 (E.D. Mich. 2005) ........................................................17

*Hadix v. Johnson*,
    65 F.3d 532 (6th Cir. 1995) ..........................................................................17

*In re Kowalski*,
    No. 08-14774, 2009 WL 1299551 (E.D. Mich. May 1, 2009) ......................8

*Ky. Restaurant Concepts, Inc. v. City of Louisville*,
    117 Fed. Appx. 415 (6th Cir. 2004) ..............................................................16

*Moore v. Freeman*,
    355 F.3d 558 (6th Cir. 2004) ........................................................................14

*Perotti v. Seiter*,
    935 F.2d 761 (6th Cir. 1991) ........................................................................14

*Pucci v. 19th District Court*,
    No. 07-10631, 2009 WL 596196 (E.D. Mich. March 6, 2009) ................9, 10

*Reed v. Rhodes*,
    179 F.3d 453 (6th Cir. 1999) ........................................................................14

*St. Paul Fire & Marine Ins. Co. v. CEI Fla., Inc.*,
    152 F.R.D. 95 (E.D. Mich. 1993) ......................................................10, 11, 12

**<u>Court Rules</u>**

Fed. R. Civ. P. 16.............................................................................................3, 4, 5, 15

## QUESTIONS PRESENTED

I.   ARE THE REQUESTED SANCTIONS WARRANTED?

      Plaintiff answers, "Yes."

      WCAA Defendants answer, "No."

II.  ARE THE REQUESTED SANCTIONS EXCESSIVE AND OVERREACHING?

      Plaintiff answers, "No."

      WCAA Defendants answer, "Yes."

**INTRODUCTION**

On July 15, 2013, the Magistrate Judge scheduled a settlement conference for August 6, 2013. The Magistrate Judge ordered the respective parties to secure the attendance of representatives with full and complete settlement authority. (**ECF No. 83**, Pg. ID. 864).

On August 6, 2013, the Magistrate Judge conducted a settlement conference. The WCAA Defendants' attorneys, accompanied by the WCAA's insurance representative, attended the conference. The parties engaged in negotiations regarding an *economic* settlement – for which the WCAA's insurance representative possessed **full and complete settlement authority** – during the conference. The parties did not, however, engage in negotiations regarding a *non-economic* settlement. Plaintiff's attorney (Michael Steinberg) advised the Magistrate Judge that the parties voluntarily undertook negotiations regarding a *non-economic* settlement prior to and independent of the conference. Although the parties did not reach a settlement during the conference, they agreed to partake in further negotiations.

On September 25, 2013, the Magistrate Judge conducted another settlement conference. The WCAA Defendants' attorneys attended the conference. With the consent of the parties and the Magistrate Judge, the WCAA's insurance representative attended the conference via telephone. The

parties continued to negotiate an *economic* settlement during the conference. The parties did not, however, negotiate a *non-economic* settlement. Plaintiff's attorney (Michael Steinberg) informed the Magistrate Judge that the parties voluntarily engaged in further negotiations regarding a *non-economic* settlement, which again took place prior to and independent of the conference, and made progress. He acknowledged that the parties still needed to resolve a few issues but expressed his belief that those issues were amenable to resolution. The parties reached a tentative *economic* settlement during the conference. At the conclusion of the conference, the Magistrate Judge inquired as to whether finalization of the tentative economic settlement would require the approval of WCAA's board members. The WCAA Defendants' attorneys expressed their inability to confirm or deny the need for such approval.

Following the second settlement conference, the WCAA Defendants' attorneys presented the tentative economic settlement, as well as the contemplated non-economic terms, to the WCAA's Chief Executive Officer. The Chief Executive Officer rejected the contemplated *non-economic* terms. In light of Plaintiff's unwillingness to resolve the matter absent both an economic settlement and a non-economic settlement – a stance that her attorneys emphatically conveyed to the WCAA Defendants' attorneys throughout the course of settlement negotiations – the Chief Executive Officer's rejection of the

2

non-economic terms operated as a rejection of the tentative settlement as a whole. Accordingly, the WCAA Defendants' attorneys advised the parties of the rejection of the tentative settlement and expressed their intent to proceed with litigation.

Now, six months later, Plaintiff contends that the WCAA Defendants and their attorneys violated the order requiring representatives with full and complete settlement authority to attend the settlement conferences on behalf of the respective parties. From that premise, Plaintiff contends that the Court should impose monetary sanctions against the WCAA Defendants and their attorneys. Specifically, Plaintiff invites the Court to order payment of the costs and attorneys' fees that she incurred as a result of the WCAA Defendants' perceived non-compliance with the order. The Court should decline Plaintiff's invitation.

## <u>LAW AND COUNTER-ARGUMENT</u>

## I.     **The Requested Sanctions Are Unwarranted**

Plaintiff's request for monetary sanctions is predicated on Rule 16 of the Federal Rules of Civil Procedure. Rule 16 authorizes the Court to order the attorneys of record and any unrepresented parties to attend one or more conferences for the purpose of facilitating settlement. Fed. R. Civ. P. 16(a)(5); Fed. R. Civ. P. 16(c)(2)(I). Rule 16 also provides that the Court may, if

appropriate, require the parties or their representatives to "be present or reasonably available by other means to consider possible settlement." Fed. R. Civ. P. 16(c)(1). In certain circumstances, Rule 16 permits the Court to impose sanctions. Specifically:

**(f)** **Sanctions**.

**(1)** ***In general***. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

**(A)**   fails to appear at a scheduling or other pretrial conference;

**(B)**   is substantially unprepared to participate--or does not participate in good faith--in the conference; or

**(C)**   fails to obey a scheduling or other pretrial order.

**(2)** ***Imposing Fees and Costs***. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). Plaintiff maintains that monetary sanctions are appropriate under Rule 16(f)(1)(B) because the WCAA Defendants and their attorneys were substantially unprepared to participate in the settlement conferences on August 6, 2013 and September 25, 2013. (**ECF No. 112**, Pg. ID 1331). Plaintiff

maintains that monetary sanctions are also appropriate under Rule 16(f)(1)(C) because the WCAA Defendants and their attorneys violated the order requiring representatives with full and complete settlement authority to attend the settlement conferences on behalf of the respective parties. (**ECF No. 112**, Pg. ID 1331).

The Court should deny Plaintiff's request for monetary sanctions. The WCAA's insurance representative attended the first settlement conference in person and the second settlement conference by telephone, to which the parties and the Magistrate Judge consented. ***The WCAA's insurance representative possessed full and complete authority to negotiate and bind the WCAA Defendants to an economic settlement, and the parties did not negotiate a non-economic settlement during either conference – a fact that Plaintiff cannot and does not dispute***. Therefore, the WCAA Defendants complied with the order requiring a representative with full and complete settlement authority to attend the settlement conferences.

Plaintiff relies on four cases in which courts imposed sanctions for a violation of an order regarding a settlement conference. Rather than discuss the factual circumstances of the cases or attempt to analogize the cases to this one, Plaintiff resorts to a string citation. (**ECF No. 112**, Pg. ID 1331-32). As such, the

WCAA Defendants find it necessary to set forth the factual circumstances of the cases to demonstrate why they are distinguishable and unpersuasive.

In *Burns v. United States*, No. 99-727, 2003 WL 21968408 (W.D. Ky. July 7, 2003), a magistrate judge scheduled a settlement conference and entered an order that provided, in relevant part:

> COUNSEL ARE DIRECTED TO REVIEW THE ENTIRETY OF THIS SETTLEMENT CONFERENCE ORDER AND ADDENDUM IN DETAIL . . . At the conference, counsel who will actually try the case and each party, armed with full settlement discretion, shall be present . . . This means that each party must attend through a person who has the power to change the party's settlement posture during the course of the conference. I[f] the party representative has a limit or "cap" on his or her authority which would require telephonic consultation with corporate offices, this requirement is not satisfied. COMPLIANCE WITH THIS PROVISION IS CRITICAL.
>
> The attached addendum is incorporated into and made a part of this order. DO NOT FAIL TO REVIEW THIS ADDENDUM. Failure to comply with any provision of this order, including the addendum, may lead to the award of sanctions, including but not limited to an award of costs, attorneys' fees and travel expenses.

*Id.* at *1. The attached addendum to which the magistrate judge made reference in his order stated:

> *Who must come*? The most frequent problem in a settlement conference is the failure of a party to attend through a principal. T[o] be perfectly plain: *do not fail to bring a fully authorized client representative to the settlement conference*. No lawyer, no matter how knowledgeable about the case and skillful in negotiation, is a substitute for a live client. Having the client available by telephone is *not acceptable*. The client must be personally present in the settlement conference.

> The next most frequently asked question is when a representative
> is fully authorized. Please refer to the text of the settlement order,
> which is quite explicit. Principals with caps on their authority who
> must "call the home office" to authorize acceptance of an offer are
> not acceptable. The point of the settlement conference is to have
> the final decision-making representatives personally participate in
> the settlement conference and hear the presentations of the
> opposite side. Having an inadequately authorized principal defeats
> one of the essential purposes of the settlement conference.

*Id.* at *1-2 (emphasis in original). Notwithstanding the order and attached

addendum, defendant's attorney appeared at the settlement conference alone.

She "never informed the magistrate judge that she lacked full authority to settle

the matter, nor did she request permission from the magistrate judge for a

[representative] with full settlement authority to participate telephonically."

*Id.* at *2. Nevertheless, she consulted with one of her supervisors by telephone

and ultimately represented to plaintiff's attorney that the settlement terms

were acceptable. *Id.* Plaintiff's attorney reduced the agreed-upon terms to

writing and provided the magistrate judge with a copy of the settlement

agreement. *Id.* Based on the parties' representation that they reached a

settlement, the magistrate judge recommended that the court remand the case

from the trial docket. *Id.* The court remanded the case from the trial docket, as

recommended, and defendant raised no objections. *Id.* Nearly two months later,

defendant filed a motion to re-docket the case for trial. *Id.* at *3. In its motion,

defendant characterized the outcome of the settlement conference "as merely

the presentation of an offer" and advised the court that it "could not accept the

offer." *Id.* In recommending monetary sanctions, the magistrate judge stated:

> [Defendant] . . . sent a representative who had apparent and
> implied authority and who fully convinced the court that the case
> was resolved and required only administrative formalities.
> [Defendant] then delayed disclosing to the court that it disagreed
> with the fundamental economic terms of the settlement until after
> the trial date was remanded. Consequently, [plaintiff] . . . not only
> lost his trial date but his lawyer, who had become familiar with the
> case and who was a seasoned tax litigator, died. . . .

*Id.* at *8.

In *In re Kowalski*, No. 08-14774, 2009 WL 1299551 (E.D. Mich. May 1,

2009), a magistrate judge scheduled a settlement conference. *Id.* at *1. In her

order regarding the settlement conference, the magistrate judge informed the

parties that "the conference will be cancelled and sanctions will be imposed" if

"the parties with full settlement authority are not present on the date of the

conference." *Id.* An attorney attended the settlement conference on behalf of his

clients, but neither his clients nor a representative with full and complete

settlement authority accompanied him. *Id.* When the magistrate judge asked

the attorney why his clients failed to appear, the attorney "gave varying

answers but failed to offer good cause for their failure to attend." *Id.* As such,

the magistrate judge imposed monetary sanctions against the attorney. *Id.*

In *Pucci v. 19th District Court*, No. 07-10631, 2009 WL 596196 (E.D. Mich. March 6, 2009), the court issued an order requiring the parties to submit to mediation. The order stated:

> All parties or individuals with settlement authority are required to attend the facilitative mediation sessions. All parties are directed to attend all scheduled mediation session(s) with their respective counsel of record. Corporate parties must be represented by an agent with authority to negotiate a binding settlement.

*Id.* at *2. The assistant attorney general appeared on behalf of defendants. *Id.* Another representative, the chief labor negotiator of the city responsible for satisfying any judgment or paying any settlement concerning the claims against defendants, was available by telephone. *Id.* at *1, 2, 6. As it turned out, the chief labor negotiator did not possess settlement authority. *Id.* at *4. The mediation lasted approximately eight hours. *Id.* at *2. The parties reached, reduced to writing, and signed a tentative settlement. *Id.* Thereafter, the city council – the "sole decision-maker for settlement agreements" – held a closed session at which it rejected the tentative settlement. *Id.* at *2, 4. The city council apparently adhered to a firm policy of rejecting a settlement before the resolution of dispositive motions, which defendants did not disclose during mediation or before the city council rejected the tentative settlement. *Id.* at *2. Defendants' failure to secure the attendance of a representative armed with settlement authority, coupled with their failure to disclose the city council's

9

firm policy of rejecting a settlement before the resolution of dispositive motions, led the court to conclude that defendants failed to participate in good faith. *Id.* at *4-6. Because defendants made no attempt to demonstrate that their non-compliance with the court's order was substantially justified, the court imposed monetary sanctions. *Id.* at *7.

In *St. Paul Fire & Marine Insurance Co. v. CEI Florida, Inc.*, 152 F.R.D. 95 (E.D. Mich. 1993), the court scheduled a settlement conference after a hearing on the parties' cross-motions for summary judgment. The order regarding the settlement conference stated:

> THIS IS NOT A FORM ORDER. COUNSEL ARE URGED TO READ ALL PROVISIONS THOROUGHLY AS THEY WILL BE HELD TO KNOW THE RULES AND REQUIREMENTS INCLUDED THEREIN.
> * * *
> TRIAL COUNSEL MUST BE PRESENT. CLIENTS, OR THOSE WITH AUTHORITY TO ENGAGE IN SETTLEMENT NEGOTIATIONS, SHALL ALSO BE PRESENT. THERE WILL BE NO EXCEPTIONS TO THIS REQUIREMENT OTHER THAN IN THE MOST DIRE AND EXTREME OF EMERGENCIES. ABSENT WRITTEN ORDER OF THE COURT, FAILURE OF CLIENTS, OR THOSE WITH AUTHORITY TO APPEAR AT THE FINAL PRETRIAL SETTLEMENT CONFERENCE WILL RESULT IN ENTRY OF JUDGMENT.

*Id.* at 97 (emphasis in original). During the hearing at which the court entertained the parties' cross-motions for summary judgment, the court entered judgment for plaintiff in the approximate amount of $1,000,000 for premiums due on an insurance policy. *Id.* at 95. The case also involved claims

for premiums arising out of a second insurance policy, but none of the parties filed motions for summary judgment as to those claims. *Id.* Following the hearing, the court conducted the settlement conference in chambers. *Id.* at 96. After two hours of negotiation, the court learned that plaintiff would not move from its settlement demand of $1,000,000. *Id.* As such, the court asked to speak with plaintiff's attorney and plaintiff's representative. *Id.* The court inquired as to whether plaintiff's representative possessed authority to compromise the $1,000,000 judgment awarded to plaintiff, and the representative indicated that he did not. *Id.* The representative informed the court that in order to obtain negotiating authority, he would be required to call the home office in another state. *Id.* Thereafter, the court ordered plaintiff to show cause why an adverse judgment should not be entered. *Id.* The court also ordered plaintiff's attorney to produce the correspondence in which he requested that a representative with settlement authority attend the settlement conference. *Id.* at 99. Plaintiff's attorney produced the correspondence, which was addressed to the representative who attended the settlement conference. In the correspondence, plaintiff's attorney asked the representative to arrange for someone with settlement authority to attend the settlement conference. Though the correspondence was circulated to an executive with full settlement authority, the representative who lacked such authority nevertheless attended

11

the conference. *Id.* at 99-100. Based on the correspondence, the court concluded that plaintiff and its attorney knowingly violated the order regarding the settlement conference. *Id.* The court further concluded that sending a representative "with virtually meaningless authority" to the settlement conference "was a calculated move by [plaintiff] to avoid realistic settlement negotiations," evidencing a lack of good faith on the part of plaintiff and its attorney. *Id.* As such, the court reduced the judgment awarded to plaintiff by fifty percent and imposed monetary sanctions against plaintiff's attorney. *Id.* at 100.

The circumstances in the above-cited cases, relative to the circumstances in this case, are far removed and incapable of analogy. The WCAA Defendants and their attorneys did not appear at the conferences without a representative. They did not secure the attendance of a representative with illusory or limited settlement authority. They did not reduce to writing and subsequently disavow a settlement. And they did not undertake settlement negotiations with the knowledge or understanding that any such negotiations would ultimately be fruitless by reason of a policy requiring resolution of a dispositive motion before consideration or acceptance of a settlement. Quite the opposite, the WCAA Defendants and their attorneys stood ready and willing to reach an

economic settlement during both conferences.[1] The WCAA's insurance representative, who attended the conferences, possessed full and complete authority to negotiate and bind the WCAA Defendants to an economic settlement. He did, in fact, reach a tentative economic settlement with Plaintiff. That non-economic terms required the approval of the WCAA's Chief Executive Officer, who did not attend the conferences, is immaterial. Any and all negotiations regarding non-economic terms took place prior to and independent of the settlement conferences, without the participation or involvement of the Magistrate Judge and the other parties. The order concerning the settlement conference, which required the presence of a representative armed with full and complete settlement authority, neither governed nor extended to voluntary negotiations in which the parties engaged outside the confines of the courtroom.

## II.    The Requested Sanctions Are Excessive and Overreaching

As to the August 6, 2013 settlement conference, Plaintiff requests attorneys' fees for forty-four hours – the time that five attorneys spent attending the settlement conference, as well as the time that two of those attorneys spent traveling from Washington, D.C. – and costs for unspecified

---

[1] The WCAA Defendants and their attorneys remain amenable to renewing negotiations regarding an economic settlement.

travel-related expenses. (**ECF No. 112**, Pg. ID 1335). With respect to the September 25, 2013 settlement conference, Plaintiff requests attorneys' fees for eighty-one hours – the time that seven attorneys spent attending the settlement conference, as well as the time that four of those attorneys spent traveling from Washington, D.C. or New York City – and costs for unspecified travel-related expenses. (**ECF No. 112**, Pg. ID 1335-36). Plaintiff also requests attorneys' fees for the time that her attorneys spent preparing correspondence to and engaging in discussions with the WCAA Defendants, though she does not quantify that time in hours. (**ECF No. 112**, Pg. ID 1335). Plaintiff acknowledges that the requested costs and attorneys' fees are "significant." (**ECF No. 112**, Pg. ID 1335). Yet in the same breath, she ironically characterizes those costs and attorneys' fees as a "very modest sanction." (**ECF No. 112**, Pg. ID 1335).

As the party seeking an award of attorneys' fees, Plaintiff bears the burden of demonstrating her entitlement to such award. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). Specifically, Plaintiff bears "the burden of providing for the [C]ourt's perusal a particularized billing record." *Gen. Elec. Co. v. Latin Am. Imports*, 127 Fed. Appx. 157, 159 (6th Cir. 2005) (citing *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991), *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004); *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995)). To the extent that

14

Plaintiff operates under the belief that documentation is not required unless and until the Court determines that she is entitled to attorneys' fees (**ECF No. 112**, Pg. ID 1335), Sixth Circuit precedent dispels that belief. See *Gen. Elec. Co.*, 127 Fed. Appx. at 159 (while acknowledging an unpublished decision in which the Sixth Circuit insinuated that a court "should decide whether a party is entitled to attorneys' fees before the party is required to submit documentation to support its request," the Sixth Circuit noted that subsequent published decisions require a party to "at least provide the hours worked and the rates charged when requesting attorneys' fees").

Plaintiff fails to carry her burden of establishing entitlement to an award of attorneys' fees. Neither billing records nor any other documentation accompany her motion for sanctions. Even so, it is readily apparent that the attorneys' fees for which she seeks reimbursement are excessive and overreaching. So, too, are the costs.

The "reasonable expenses" to which Rule 16 refers are the costs and attorneys' fees that Plaintiff incurred "because of" the WCAA Defendants' alleged non-compliance with the order. Fed. R. Civ. P. 16(f)(2). The vast majority, if not all, of the costs and attorneys' fees for which Plaintiff seeks reimbursement cannot be ascribed to the WCAA Defendants' alleged non-compliance with the order.

Moreover, Plaintiff fails to explain why it was necessary for *five to seven* attorneys to attend the settlement conferences on her behalf, particularly when *one* attorney attended the settlement conferences on behalf of each Defendant (or group of Defendants). The lead attorney for four WCAA Defendants attended the conference, the lead attorney for five WCAA Defendants attended the conference, the lead attorney for five Individual Federal Defendants and Defendant United States attended the conference, and the lead attorney for Defendant Frontier Airlines attended the conference. While Plaintiff is entitled to retain as many attorneys as she desires, she is not entitled to reimbursement for their duplicative efforts. See *Ky. Restaurant Concepts, Inc. v. City of Louisville*, 117 Fed. Appx. 415, 419 (6th Cir. 2004) (internal alterations omitted) (holding that a court – which found that "multiple attorneys spent considerable time doing very similar work," that plaintiffs "hired too many attorneys," that plaintiffs were "not entitled to have any number of well-qualified attorneys reimbursed for their efforts when fewer attorneys could have accomplished the job," that "two law firms would have been sufficient as opposed to four," and that the "amount of overall attorney time was excessive" even though "the time of no one attorney seems excessive" – exercised appropriate discretion in reducing the amount of attorneys' fees).

Plaintiff also fails to explain why it was necessary for two to four out-of-state attorneys to travel from Washington, D.C. or New York City when several local attorneys were available to attend, and did attend, the settlement conferences on her behalf. One of Plaintiff's local attorneys (Michael Steinberg) served as her spokesperson and lead attorney during both conferences, making the attendance of two to four out-of-state attorneys even less necessary. See *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995) (noting that before a court can determine the reasonableness of attorneys' fees for the time spent by out-of-state attorneys, it must first determine whether hiring out-of-state attorneys "was reasonable in the first instance"). By the same token, Plaintiff fails to demonstrate why she is entitled to reimbursement for unspecified travel-related costs incurred by her out-of-state attorneys. See *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 943 (E.D. Mich. 2005) (stating that, "putting aside the issue of whether this litigation required representation by so many well-qualified attorneys from two out-of-state firms, the Court sees no reason why Defendants should bear the additional costs incurred because those firms are located in different and distant cities").

## **CONCLUSION**

For the foregoing reasons, the WCAA Defendants respectfully request that this Honorable Court DENY Plaintiff's motion for sanctions.

17

/s/ T. Joseph Seward (P35095)
Cummings, McClorey, Davis & Acho
33900 Schoolcraft Road
Livonia, Michigan 48150
Telephone: (734) 261-2400
Facsimile: (734) 261-4510
*Attorneys for Bohn, Driscoll
Bradley, and Wasiukanis*

/s/ Alan B. Havis (P36988)
Law Offices of Alan B. Havis
25505 West Twelve Mile, Suite 1000
Southfield, Michigan 48034
Telephone: (248) 353-3690
Facsimile: (248) 948-6677
*Attorneys for DeBeau, Carmona,
Johnson, Grant, and Parker*

Dated: April 25, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: *All Attorneys of Record*, and I hereby certify that I mailed by United States Postal Service the paper to the following non-ECF participants: *N/A*.

/s/ T. Joseph Seward
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, Michigan 48150
Telephone: (734) 261-2400
Facsimile: (734) 261-4510
e-Mail: tjseward@cmda-law.com