**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| SHOSHANA HEBSHI, | |
| Plaintiff, | |
| v. | Case No. 13-10253 |
| | The Honorable Terrence G. Berg |
| UNITED STATES OF AMERICA, et al., | Magistrate Judge Laurie J. Michelson |
| Defendants. | |

## <u>REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST THE WCAA DEFENDANTS FOR FAILURE TO OBEY A COURT ORDER</u>

**CONTROLLING AUTHORITY**

1. *Metz v. Unizan Bank*, 655 F.3d 485 (6th Cir. 2011)

# TABLE OF CONTENTS

INTRODUCTION ...................................................................1

ARGUMENT .......................................................................2

    I.    This Court Ordered Attendance by Representatives With Full and Complete Authority to Settle the *Entire* Matter.....................................2

    II.   Attendance by a Representative with Authority to Enter into an "Economic" Settlement Did Not Comply With the Court's Order, and this Failure is Sanctionable. ...........................................................4

    III.  Plaintiff May Properly Seek Reimbursement for All Costs and Fees by Submitting an Itemized Statement After the Court Awards Sanctions. ..5

CONCLUSION ....................................................................8

# TABLE OF AUTHORITIES

## Cases

*Caballero v. Lenz*, No. 11-11888, 2012 WL 4620160 (E.D. Mich. Oct. 1, 2012)5

*Cmtys. for Equity v. Michigan High Sch. Athletic Ass'n*, No. 1:98-CV-479, 2008 WL 906031 (W.D. Mich. Mar. 31, 2008)........................................................ 6, 7

*Democratic Party* of *Washington State v. Reed*, 388 F.3d 1281 (9th Cir. 2004).7

*Dupuy v. McEwen*, 648 F. Supp. 2d 1007 (N.D. Ill. 2009) ...................................6

*Empire, Inc. v. Wal-Mart Stores, Inc.*, 188 F.R.D. 478 (E.D. Ky. 1999).............4

*Gen. Elec. Co. v. Latin Am. Imports*, 127 F. App'x 157 (6th Cir. 2005) ..............6

*Metz v. Unizan Bank*, 655 F.3d 485 (6th Cir. 2011)............................................7

*Reed v. Rhodes*, 179 F.3d 472 (6th Cir. 1999).....................................................5

*Sine v. Bank of New York*, 323 F. Supp. 831 (N.D. Ohio 2004).........................6

*Witmer v. Acument Global Techs., Inc.*, No. 2:08-CV-12795, 2010 WL 3806139 (E.D. Mich. Sept. 23, 2010) .................................................................................5

## Rules

Fed. R. Civ. P. 16(a)(5)......................................................................................2

Fed. R. Civ. P. 16(c)(1)......................................................................................2

Fed. R. Civ. P. 16(f)(1)(B)..................................................................................2

Fed. R. Civ. P. 16(f)(1)(C)..................................................................................2

## INTRODUCTION

This Court directed the Wayne County Airport Authority ("WCAA") Defendants to attend settlement conferences with a representative with "full and complete authority to make settlement decisions." (Notice of Settlement Conference, July 15, 2013 (the "Order"), ECF No. 83, at 1.) The WCAA Defendants contend that they complied with this directive by sending a representative who "possessed full and complete authority to negotiate and bind the WCAA Defendants to an *economic* settlement." (Brief in Support of WCAA Defendants' Joint Response to Plaintiff's Motion for Sanctions ("Defs.' Br."), ECF No. 118, at 5 (emphasis added).) This argument, while creative, is illogical on its face. Representatives with limited authority cannot possess "full and complete authority to make settlement decisions." Indeed, this Court has already found that the WCAA Defendants failed to secure the attendance of a representative with "ultimate settlement authority." (Order Den. Mot. Recons., Dec. 2, 2013, ECF No. 92, at 2, 3.) Accordingly, this Court should sanction the WCAA Defendants and/or their counsel and order payment of the reasonable attorneys' fees and costs incurred by Ms. Hebshi and her counsel during fruitless settlement negotiations.

# ARGUMENT

## I. This Court Ordered Attendance by Representatives With Full and Complete Authority to Settle the *Entire* Matter.

As the WCAA Defendants acknowledged in a previous filing, "[t]he purpose of a settlement conference is to determine if the parties can reach a settlement agreement and, if so, to bind the parties to the terms and conditions of such agreement." (WCAA Defs.' Joint Mot. Recons., ECF No. 91, at 6.) To that end, Rule 16 of the Federal Rules of Civil Procedure empowers courts to order the parties to appear for settlement conferences with representatives "to consider possible settlement." Fed. R. Civ. P. 16(a)(5), (c)(1). Failure to obey such orders is sanctionable. Fed. R. Civ. P. 16(f)(1)(B), (C).

Pursuant to that authority, this Court ordered that the settlement conferences "be attended by an authorized representative of each party with full and complete authority to make settlement decisions, together with trial counsel for each party." (ECF No. 83, at 1.) The Court did not limit the scope of the settlement conferences to "economic" relief. Had it intended such a limitation, the Court would have said so.

Additionally, upon learning that the WCAA CEO, who did not attend either conference, had rejected the tentative global settlement reached at the September 25 conference, this Court found that "not all of the required representatives ha[d] been present at the [August 6 and September 25] settlement sessions." (Supp. Not.

of Settlement Conf., ECF No. 90, at 1.)  This Court further explained that the

WCAA CEO, as "the WCAA's settlement decision-maker" with "ultimate

settlement authority," "should have attended the August 6, 2013 and September 25,

2013 sessions."  (ECF No. 92, at 3.)  It ordered his attendance at future settlement

conferences to make them "meaningful."  (*Id.* at 2.)  At no point did this Court

draw any distinction between so-called "economic" authority and full settlement

authority.

The WCAA Defendants have determined—unilaterally and retroactively—

that the purpose of the settlement conferences was solely to discuss a monetary

settlement.  But at no point during settlement negotiations did any party, including

the WCAA Defendants, indicate such a limitation.  Indeed, as the WCAA

Defendants acknowledge, Ms. Hebshi and her counsel "emphatically conveyed" to

the WCAA Defendants throughout the settlement process that any settlement must

include policy changes implemented by the WCAA Defendants.  (Defs.' Br. at 2.)

Ms. Hebshi raised her commitment to securing policy changes  at the very first

settlement conference.  While Ms. Hebshi's counsel worked extensively with

counsel for the WCAA Defendants outside of the settlement conferences to

negotiate those policy changes, that work merely supplemented the process

unfolding at the conferences.  WCAA policy changes were never discussed as

separate or separable from the global settlement that all parties were

contemplating.

**II.    Attendance by a Representative with Authority to Enter into an "Economic" Settlement Did Not Comply With the Court's Order, and this Failure is Sanctionable.**

The Court did not intend "full and complete authority to make settlement

decisions" to mean authority to make *some* settlement decisions.  The WCAA

Defendants argue that they complied with the Order because the insurance

representative who attended the conferences "possessed full and complete

authority to negotiate and bind the WCAA Defendants to an economic settlement."

(Defs.' Br. at 5.)  Yet they acknowledge that a purely economic settlement would

have been impossible.  They also concede that they attended the August 6 and

September 25 conferences without a representative authorized to bind them to a

non-economic settlement agreement.  (Defs.' Br. at 2.)  Their argument thus fails

on its face.

As explained in Ms. Hebshi's opening brief (ECF No. 112, at 9), unexcused

failure to comply with an order concerning a settlement conference warrants

sanctions.  *See, e.g., Empire, Inc. v. Wal-Mart Stores, Inc.*, 188 F.R.D. 478, 480

(E.D. Ky. 1999).[1]  As a result of the WCAA Defendants' failure to secure

---

[1] It is not even clear that a representative with full and complete authority to make settlement decisions as to the economic component attended the conferences.  The WCAA Defendants note that when "the Magistrate Judge inquired as to whether finalization of the tentative economic

attendance of a representative with "full and complete authority," Ms. Hebshi, the

other Defendants, and this Court expended substantial resources in what amounted

to a colossal waste of time and efforts.  Accordingly, the Court should award

sanctions against the WCAA Defendants.

### III.    Plaintiff May Properly Seek Reimbursement for All Costs and Fees by Submitting an Itemized Statement After the Court Awards Sanctions.

After granting a motion for sanctions that will include attorneys' fees and

costs, this Court routinely instructs the prevailing party to submit an itemized list

of those fees and costs.  *See, e.g.*, *Caballero v. Lenz*, No. 11-11888, 2012 WL

4620160 (E.D. Mich. Oct. 1, 2012) (determining appropriate costs and fees based

on itemization by prevailing party submitted after grant of motion for sanctions);

*Witmer v. Acument Global Techs., Inc.*, No. 2:08-CV-12795, 2010 WL 3806139, at

*5 (E.D. Mich. Sept. 23, 2010) (awarding sanctions and directing prevailing party

to submit an itemized statement of expenses).  Plaintiff will accordingly submit an

itemized list of fees and costs for the Court's consideration should it impose

sanctions.  The WCAA Defendants dispute the propriety of this process, but the

cases they cite do not concern the award of sanctions.  (Defs.' Br. 14-15 (citing

*Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (discussing attorneys' fees for

---

settlement would require the approval of WCAA's board members[,] [t]he WCAA Defendants'
attorneys expressed their inability to confirm or deny the need for such approval."  (Defs.' Br. at
2.)

5

the prevailing party in an action to modify a consent decree); *Gen. Elec. Co. v. Latin Am. Imports*, 127 F. App'x 157, 159 (6th Cir. 2005) (discussing recovery of attorneys' fees pursuant to guaranty)).)

The WCAA Defendants also suggest that Ms. Hebshi should not be awarded attorneys' fees and costs for the full team of counsel that attended the settlement conferences. Although this argument is best addressed *after* Ms. Hebshi and her counsel have submitted their itemized statement of fees and costs, it is worth noting that, in this complex civil rights case, involving more than a dozen defendants represented by four separate defense teams, Plaintiff may reasonably retain a team consisting of multiple attorneys with varied relevant expertise. *See Dupuy v. McEwen*, 648 F. Supp. 2d 1007, 1019-20 (N.D. Ill. 2009) (noting that "having a number of attorneys in court to handle a complicated civil rights matter such as this one may be an appropriate expenditure of resources"); *Cmtys. for Equity v. Michigan High Sch. Athletic Ass'n*, No. 1:98-CV-479, 2008 WL 906031, at *8 (W.D. Mich. Mar. 31, 2008) (finding that plaintiff reasonably hired multiple attorneys given the complexity of bringing Title IX and sex discrimination case); *Sine v. Bank of New York*, 323 F. Supp. 831, 833 (N.D. Ohio 2004) (finding that given the complexity of the issues, defendant was justified in employing out-of-town counsel, who are entitled to be compensated for travel expenses).

Further, where the party challenging a staffing decision provides no evidence of duplicative efforts, the Court should reject arguments based solely on the number of attorneys attending a proceeding.  *See Democratic Party of Washington State v. Reed,* 388 F.3d 1281, 1287 (9th Cir. 2004) (rejecting arguments of needless duplication because assistance by non-arguing attorneys and observing proceedings can be important for certain hearings); *Cmtys. for Equity*, 2008 WL 906031, at *8 ("[T]he number of attorneys employed by a party is not dispositive of whether an attorneys' fees award is reasonable.").  Here, the WCAA Defendants have provided no such evidence.  *Cf. Metz v. Unizan Bank*, 655 F.3d 485, 492 (6th Cir. 2011) (rejecting claim that amount of attorneys' fees awarded was excessive because the losing party submitted no evidence to rebut reasonableness of the award).

Accordingly, should the Court award sanctions, Plaintiff will submit an itemized bill of fees and costs.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff Shoshana

Hebshi's motion for sanctions against the WCAA Defendants and order payment

of her reasonable expenses, including attorneys' fees.

Dated:                                         May 2, 2014

Respectfully submitted,

 /s/ Rachel E. Goodman
Dennis D. Parker                               Michael J. Steinberg (P43085)
Rachel E. Goodman                              Kary L. Moss (P49759)
American Civil Liberties Union                 American Civil Liberties Union
Foundation                                        Fund of Michigan
125 Broad Street, 18th Floor                   2966 Woodward Avenue
New York, NY 10004                             Detroit, MI 48201
(212) 549-2500                                 (313) 578-6823
                                               msteinberg@aclumich.org
William H. Goodman (P14173)
Julie H. Hurwitz (P34720)                      Anna Engh
Kathryn Bruner James (P71374)                  Shelli Calland
Miriam R. Nemeth (P76789)                      Arjun Sethi
Goodman & Hurwitz, P.C.                        Sarah Tremont (P73809)
Cooperating Attorneys, American                Covington & Burling LLP
Civil                                          1201 Pennsylvania Ave., N.W.
Liberties Union Fund of Michigan               Washington D.C. 20004
1394 E. Jefferson Ave.                         (202) 662-6000
Detroit, MI 48207                              aengh@cov.com
(313) 567-6170                                 scalland@cov.com
mail@goodmanhurwitz.com                        asethi@cov.com
                                               stremont@cov.com

                                               *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on May 2, 2014, I electronically filed the

foregoing paper with the Clerk of the Court using the ECF system which will send

notification of such filing to the following:

Sarah Whitman: Sarah.Whitman@usdoj.gov
Jean Cunningham: Jean.Cunningham@usdoj.gov
Alan B. Havis: ahavis@airportdefender.com
T. Joseph Seward: tjseward@cmda-law.com
Brian Maye: bmaye@amm-law.com
Alexander Ayar: aayar@fosterswift.com
Steven Boldt: sboldt@amm-law.com

<u>  /s/ Rachel Goodman  </u>
Rachel Goodman