# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SHOSHANA HEBSHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-10253 |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | Honorable Terrence G. Berg |
| | ) | Magistrate Judge Laurie J. Michelson |
| | ) | (Settlement) |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S MOTION TO COMPEL A REPRESENTATIVE OF FRONTIER AIRLINES, INC. WITH FULL AND COMPLETE AUTHORITY TO SETTLE TO ATTEND THE NOVEMBER 5, 2014 SETTLEMENT CONFERENCE

Plaintiff respectfully moves this Court for an order, pursuant to Rule 16 of the Federal Rules of Civil Procedure, compelling Defendant Frontier Airlines, Inc. ("Frontier") to attend the settlement conference scheduled for November 5, 2014 with a representative who has full and complete authority to approve all terms of a settlement agreement. Plaintiff relies on the attached Brief in support of her motion.

1

2

In accordance with Rule 7.1(a) of the Local Rules of the Eastern District of Michigan, Plaintiff's counsel certifies that they attempted to obtain concurrence in the relief sought, and counsel for Defendant Frontier declined to concur.

Respectfully submitted,

Michael J. Steinberg (P43085)  
Kary L. Moss (P49759)  
Brooke A. Merriweather-Tucker  
American Civil Liberties Union  
Fund of Michigan  
2966 Woodward Avenue  
Detroit, MI 48201  
(313) 578-6823  
msteinberg@aclumich.org  
btucker@aclumich.org  

*s/Rachel E. Goodman*  
Rachel E. Goodman  
Dennis Parker  
American Civil Liberties Union Foundation  
125 Broad Street, 18th Floor  
New York, NY 10004  
(212) 549-2500  
rgoodman@aclu.org  
dparker@aclu.org  

William H. Goodman (P14173)  
Julie H. Hurwitz (P34720)  
Kathryn Bruner James (P71374)  
Miriam R. Nemeth (P76789)  
Goodman & Hurwitz, P.C.  
Cooperating Attorneys, American Civil  
    Liberties Union Fund of Michigan  
1394 E. Jefferson Ave.  
Detroit, MI 48207  
(313) 567-6170  
bgoodman@goodmanhurwitz.com  
jhurwitz@goodmanhurwitz.com  
kjames@goodmanhurwitz.com  
mnemeth@goodmanhurwitz.com  

Anna P. Engh  
Sarah E. Tremont (P73809)  
Covington & Burling LLP  
1201 Pennsylvania Ave., N.W.  
Washington D.C. 20004  
(202) 662-6000  
aengh@cov.com  
scalland@cov.com  
asethi@cov.com  
stremont@cov.com  

*Attorneys for Plaintiff*

SHOSHANA HEBSHI

Dated: October 27, 2014

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SHOSHANA HEBSHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-10253 |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | Honorable Terrence G. Berg |
| | ) | Magistrate Judge Laurie J. Michelson |
| | ) | (Settlement) |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL A REPRESENTATIVE OF FRONTIER AIRLINES, INC. WITH FULL AND COMPLETE AUTHORITY TO SETTLE TO ATTEND THE NOVEMBER 5, 2014 SETTLEMENT CONFERENCE**

## **ISSUE PRESENTED**

Is an Order compelling Defendant Frontier Airlines, Inc. to attend the upcoming settlement conference with a representative having full and complete authority to make settlement decisions warranted?

*Answer:*   Yes.

## **CONTROLLING AUTHORITY**

1. Fed. R. Civ. P. 16(a)(5).

2. Fed. R. Civ. P. 16(c)(1).

3. Fed. R. Civ. P. 16(c)(2).

# INTRODUCTION

At the close of the last settlement conference in this matter, held on September 16, 2014, the Court scheduled another conference for November 5, 2014, at which the parties will discuss the non-monetary terms of a settlement agreement. This upcoming settlement conference cannot be productive unless all parties attend with a representative who has full and complete authority to make *all* settlement decisions, including, on the part of Defendant Frontier Airlines, Inc. ("Frontier"), a representative with authority to agree to changes to Frontier's policies, practices, and training. Plaintiff's counsel have attempted, by letter, e-mail, and telephone, and over the course of more than two weeks, to obtain written assurance from Defendant Frontier's counsel that Frontier will send such a representative on November 5, 2014. However, Plaintiff's counsel has not succeeded in securing a written assurance to that effect, and Plaintiff therefore seeks this Court's assistance.

# FACTS AND PROCEDURAL BACKGROUND

After Plaintiff Shoshana Hebshi was pulled off an airplane at gunpoint, handcuffed, detained for four hours, and strip-searched before being released without charge, she filed this civil rights lawsuit, seeking to vindicate her rights and to protect future airline passengers from similar treatment. (Compl., Jan. 22, 2013, ECF No. 1.) The complaint named as Defendants Frontier, the United

States, a number of individual federal officials, and a number of individual employees of the Wayne County Airport Authority.  The parties expressed interest in discussing settlement at the initial Case Management Status and Scheduling Conference on June 5, 2013, and Judge Berg referred the matter to Magistrate Judge Michelson for mediation on July 3, 2014 (Order of Reference to U.S. Magistrate Judge, July 3, 2013, ECF No. 79).  On July 15, 2013, Judge Michelson noticed an initial settlement conference for August 6, 2013, expressly ordering that it "be attended by an authorized representative of each party with full and complete authority to make settlement decisions, together with trial counsel for each party." (Notice of Settlement Conference, July 15, 2013, ECF No. 83.)  Starting at that initial conference, Ms. Hebshi made clear that she would seek changes to Frontier's policies, practices, and training as part of a settlement agreement.  After a total of three settlement conferences during the second half of 2013, and despite the Court's significant efforts, the parties were unable to resolve the matter.

Several months ago, the parties indicated to Judge Berg that they were again ready to discuss settlement, and Judge Berg again referred the matter to now-District Judge Michelson on September 2, 2014.  (Order of Reference to U.S. Magistrate Judge, Sept. 2, 2014, ECF No. 130.)  Prior to the most recent settlement conference on September 16, 2014, Judge Michelson held a telephonic status conference during which the parties and Judge Michelson agreed that the

September 16 conference would address solely the monetary terms of a settlement. Thus, for that conference, Defendant Frontier's obligation to send a representative with settlement authority could be satisfied by the attendance of an insurance representative.

At the close of the September 16 conference, Judge Michelson scheduled another settlement conference for November 5, 2014. Because the discussion at this conference will address the non-monetary terms of a resolution, Plaintiff's counsel understand that attendance by a fully authorized representative of Frontier, rather than only an insurance representative, is necessary. On October 10, 2014, Plaintiff's counsel sent Frontier's counsel a letter seeking written assurance that Frontier would attend the upcoming conference with such a representative. Despite repeated follow-up by telephone and e-mail, Plaintiff's counsel have been unable to secure a written assurance to that effect.[1]

---

[1] During a telephone call on October 24, 2014, Brian Maye, counsel for Frontier, indicated that Frontier's General Counsel would be the appropriate authorized representative, but that he would not attend the November 5 conference in person. Mr. Maye indicated that the General Counsel would be available to participate in the conference telephonically, but Mr. Maye did not provide any written assurance to that effect, as requested once again by Plaintiff's counsel. While it is the Court's prerogative to decide whether a telephonic appearance by Frontier's representative will comply with its previous orders, Plaintiff is of the opinion that the settlement conference will be far more productive if a representative of Frontier authorized to agree to non-monetary settlement terms attends in person.

## **ARGUMENT**

Rule 16 of the Federal Rules of Civil Procedure provides the Court with the power to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for . . . facilitating settlement." Fed. R. Civ. P. 16(a)(5). At such a pretrial conference, the Court may "take appropriate action" on matters including "settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule." Fed. R. Civ. P. 16(c)(2). Further, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." Fed. R. Civ. P. 16(c)(1).

This Court has previously instructed all parties that settlement conferences must "be attended by an authorized representative of each party with full and complete authority to make settlement decisions, together with trial counsel for each party." (Notice of Settlement Conference, July 15, 2013, ECF No. 83.) Should Frontier fail to attend the upcoming settlement conference with a representative authorized to make decisions concerning Frontier's policies, practices, and training, the parties will be unable to resolve this matter. Such a conference would waste the time and resources of the parties and the Court. Accordingly, an Order to compel Defendant Frontier to attend the settlement conference with such a representative is appropriate.

## CONCLUSION

For the foregoing reasons, this Court should enter an Order compelling Defendant Frontier to attend the November 5, 2014 settlement conference with a representative who has full and complete authority to approve all terms of a settlement agreement.


Respectfully submitted,

*s/Rachel E. Goodman*
Rachel E. Goodman
Dennis Parker
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
rgoodman@aclu.org
dparker@aclu.org

| | |
|---|---|
| Michael J. Steinberg (P43085) | Anna P. Engh |
| Kary L. Moss (P49759) | Shelli Calland |
| Brooke A. Merriweather-Tucker | Arjun Sethi |
| American Civil Liberties Union | Sarah E. Tremont (P73809) |
| Fund of Michigan | Covington & Burling LLP |
| 2966 Woodward Avenue | 1201 Pennsylvania Ave., N.W. |
| Detroit, MI 48201 | Washington D.C. 20004 |
| (313) 578-6823 | (202) 662-6000 |
| msteinberg@aclumich.org | aengh@cov.com |
| btucker@aclumich.org | stremont@cov.com |

William H. Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
Miriam R. Nemeth  (P76789)
Goodman & Hurwitz, P.C.
Cooperating Attorneys, American Civil
    Liberties Union Fund of Michigan
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170
bgoodman@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com
mnemeth@goodmanhurwitz.com

*Attorneys for Plaintiff*

SHOSHANA HEBSHI

Dated: October 27, 2014

6

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that, on October 27, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Alan B. Havis: ahavis@airportdefender.com
T. Joseph Seward: tjseward@cmda-law.com
Lindsey A. Kaczmarek: lkaczmarek@cmda-law.com
Lynn Marie Dodge: lynn.dodge@usdoj.gov
Sarah E. Whitman: sarah.whitman@usdoj.gov
Brian T. Maye: bmaye@amm-law.com
Steven L. Boldt: sboldt@amm-law.com
Alexander A. Ayar: aayar@fosterswift.com

               */s/ Rachel E. Goodman*
               Rachel E. Goodman