IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHOSHANA HEBSHI, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Hon. Terrence G. Berg <br> Magistrate Judge Laurie J. Michelson <br><br> Case No. 4:13-cv-10253 |

## WAYNE COUNTY AIRPORT AUTHORITY EMPLOYEE DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO ATTEND THE NOVEMBER 5, 2014 SETTLEMENT CONFERENCE

The Wayne County Airport Authority employee Defendants (Ofc. Grant, Ofc. Johnson, Mark Debeau, Toya Parker, Det. Carmona, Cpt. Patrick Driscoll, Cpl. Bradley, Lt. M. Wasiukanis, and Sgt. Jeremy Bohn, collectively herein "WCAA Defendants"), move this Court for an order, pursuant to Rule 16 of the Federal Rules of Civil Procedure, compelling Plaintiff Shoshana Hebshi ("Hebshi") to attend the settlement conference scheduled for November 5, 2014 as the person who has full and complete authority to approve all terms of a settlement agreement. WCAA Defendants rely on the attached Brief in support of their motion.

In accordance with Rule 7.1(a) of the Local Rules of the Eastern District of Michigan, the WCAA Defendants' counsel certifies that he attempted to obtain concurrence in the relief sought, and counsel for Plaintiff declined to concur.

Respectfully submitted,

/s/ Alan B. Havis
Alan B. Havis (P36988)
Law Offices of Alan B. Havis Esq.
25505 W. 12 Mile Road, Suite 1000

/s/ T. Joseph Seward
T. Joseph Seward (P35095)
Cummings McClorey Davis & Acho
33900 Schoolcraft Road

Southfield, MI  48034  
(248) 353-3690  
ahavis@AirportDefender.com  
*Attorney for Debeau, Grant, Parker,*  
*Carmona, & Johnson*

Livonia, MI  48150  
(248) 261-2400  
tjseward@cmda-law.com  
*Attorney for Bohn, Driscoll, Wasiukanis, &*  
*Bradley*

Dated:  November 3, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHOSHANA HEBSHI,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Hon. Terrence G. Berg
Magistrate Judge Laurie J. Michelson

Case No. 4:13-cv-10253

## BRIEF IN SUPPORT OF
## WAYNE COUNTY AIRPORT AUTHORITY EMPLOYEE DEFENDANTS'
## MOTION TO COMPEL PLAINTIFF TO ATTEND THE
## NOVEMBER 5, 2014 SETTLEMENT CONFERENCE

### ISSUE PRESENTED

Is an Order compelling Shoshana Hebshi to attend the upcoming settlement conference as the person having full and complete authority to make settlement decisions on behalf of herself as Plaintiff warranted?

*Answer:*    Yes.

## CONTROLLING AUTHORITY

1. Fed. R. Civ. P. 16(a)(5).

2. Fed. R. Civ. P. 16(c)(1).

3. Fed. R. Civ. P. 16(c)(2).

## INTRODUCTION

At the close of the last settlement conference in this matter, held on September 16, 2014, the Court scheduled another conference for November 5, 2014 at which the parties will discuss the remaining non-monetary terms of a settlement agreement (the monetary issues being resolved at the September 16, 2014 conference). The non-monetary terms will address all outstanding issues to be resolved. This upcoming settlement conference cannot be productive unless <u>all parties attend</u> with persons who have full and complete authority to make *all* settlement decisions, including, on the part of Plaintiff, the Plaintiff herself. The WCAA Defendants have attempted to obtain concurrence from Plaintiff's counsel since October 31, 2014 and Plaintiff has failed to concur, simply responding that Ms. Hebshi will attend by telephone.

## FACTS AND PROCEDURAL BACKGROUND

This civil rights lawsuit alleges violation of Plaintiff's equal protection civil rights as well as violations of her right to be free of seizure and search. (Compl. Jan. 22, 2013, ECF No. 1). The parties expressed interest in discussing settlement at the initial Case Management Status and Scheduling Conference on June 5, 2013, and Judge Berg referred the matter to Magistrate Judge Michelson for mediation on July 3, 2014 (Order of Reference to U.S. Magistrate Judge, July 3, 2013, ECF No. 79). On July 15, 2013 Judge Michelson noticed an initial settlement conference for August 6, 2013, expressly ordering that it "be attended by an authorized representative of each party with full and complete authority to make settlement decisions, together with trial counsel for each party." (Notice of Settlement Conference, July 14, 2013, EFC No. 83). After a total of three settlement conferences during the second half of 2013, and despite the Court's significant efforts, the parties were unable to resolve the matter.

Several months ago, the parties indicated to Judge Berg that they were again ready to discuss settlement, and Judge Berg again referred the matter to now-District Judge Michelson on September 2, 2014. (Order of Reference to U.S. Magistrate Judge, September 2, 2014, EFC No. 130). Prior to the most recent settlement conference on September 16, 2014, Judge Michelson held a telephonic status conference during which the parties and Judge Michelson agreed that the September 16 conference would address solely the monetary terms of a settlement.

At the close of the September 16 conference, Judge Michelson scheduled another settlement conference for November 5, 2014. Because the discussion at this conference will address all remaining issues (the non-monetary terms of a resolution), the WCAA Defendants understand that the attendance by Plaintiff herself, as the ultimate person with authority to settle on her behalf, is necessary.

On October 31, 2014 counsel for the WCAA Defendants attempted to contact Plaintiff's counsel to seek assurance that Plaintiff will be attending the November 5, 2014 settlement conference in person. On November 3, 2014 counsel for the WCAA Defendants made contact with Plaintiff's counsel who has set forth that Ms. Hebshi will not be attending the November 5, 2014 settlement conference in person.

## ARGUMENT

Rule 16 of the Federal Rules of Civil Procedure provides the Court with the power to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for . . . facilitating settlement." Fed. R. Civ. P. 16(a)(5). At such a pretrial conference, the Court may "take appropriate action" on matters including "settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule". Fed. R.

Civ. P. 16(c)(2). Further, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement". Fed R. Civ. P. 16(c)(1).

This Court has previously instructed all parties that settlement conferences must "be attended by an authorized representative of each party with full and complete authority to make settlement decisions, together with trial counsel for each party". (Notice of Settlement Conference, July 15, 2013, ECF No. 83). Should Plaintiff, as the ultimate person with authority to make settlement decisions on her behalf, not attend the upcoming settlement conference, the parties will be unable to resolve this matter. Such a conference would waste the time and resources of the parties and the Court. Accordingly, an Order to compel Ms. Hebshi to attend the settlement conference is appropriate.

## CONCLUSION

For the forgoing reasons, this Court should enter an Order compelling the Plaintiff Ms. Hebshi to attend the November 5, 2014 settlement conference, as the person with full and complete authority to approve all terms of a settlement agreement.

Respectfully submitted,

/s/ Alan B. Havis
Alan B. Havis (P36988)
Law Offices of Alan B. Havis Esq.
25505 W. 12 Mile Road, Suite 1000
Southfield, MI 48034
(248) 353-3690
ahavis@AirportDefender.com
*Attorney for Debeau, Grant, Parker, Carmona, & Johnson*

/s/ T. Joseph Seward
T. Joseph Seward (P35095)
Cummings McClorey Davis & Acho
33900 Schoolcraft Road
Livonia, MI 48150
(248) 261-2400
tjseward@cmda-law.com
*Attorney for Bohn, Driscoll, Wasiukanis, & Bradley*

Dated: November 3, 2014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 3, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Rachel E. Goodman: rgoodman@aclu.org
Dennis Parker: dparker@aclu.org
Michael Steinberg: msteinberg@aclumich.org
Brook Merriweather-Tucker: btucker@aclumich.org
Anna P. Engh: aengh@cov.com
Sarah E. Tremont: stremont@cov.com
William H. Goodman: bgoodman@goodmanhurwitz.com
Julie Hurwitz: jhurwitz@goodmanhurwitz.com
Kathryn Bruner James: kjames@goodmanhurwitz.com
Miriam R. Nemeth: mnemith@goodmanhurwitz.com
Lynn Marie Dodge: lynn.dodge@usdoj.gov
Sarah E. Whitman: sarah.whitman@usdoj.gov
Brian T. Maye: bmaye@amm-law.com
Steven L. Boldt: sboldt@amm-law.com
Alexander A. Ayar: aayar@fosterswift.com

/s/ *Alan B. Havis*
Alan B. Havis