# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SHOSHANA HEBSHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-10253 |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | Honorable Terrence G. Berg |
| | ) | Magistrate Judge Laurie J. Michelson |
| | ) | (Settlement) |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S RESPONSE TO WAYNE COUNTY AIRPORT AUTHORITY EMPLOYEE DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO ATTEND THE NOVEMBER 5, 2014 SETTLEMENT CONFERENCE

The Wayne County Airport Authority Defendants filed a motion to compel Plaintiff Shoshana Hebshi to attend the November 5, 2014 settlement conference in person on November 3, 2014, less than two days before the scheduled conference. (Defs.' Mot. To Compel Pl.'s Attendance at Nov. 5, 2014 Settlement Conference, ECF No. 137.)   Plaintiff now submits this response in opposition to Defendants' motion to compel Ms. Hebshi to attend the conference.

1

Respectfully submitted,

| | |
|---|---|
| Michael J. Steinberg (P43085) <br> Kary L. Moss (P49759) <br> Brooke A. Merriweather-Tucker <br> American Civil Liberties Union Fund of Michigan <br> 2966 Woodward Avenue <br> Detroit, MI 48201 <br> (313) 578-6823 <br> msteinberg@aclumich.org <br> btucker@aclumich.org | *s/Rachel E. Goodman* <br> Rachel E. Goodman <br> Dennis Parker <br> American Civil Liberties Union Foundation <br> 125 Broad Street, 18th Floor <br> New York, NY 10004 <br> (212) 549-2500 <br> rgoodman@aclu.org <br> dparker@aclu.org |
| William H. Goodman (P14173) <br> Julie H. Hurwitz (P34720) <br> Kathryn Bruner James (P71374) <br> Miriam R. Nemeth (P76789) <br> Goodman & Hurwitz, P.C. <br> Cooperating Attorneys, American Civil Liberties Union Fund of Michigan <br> 1394 E. Jefferson Ave. <br> Detroit, MI 48207 <br> (313) 567-6170 <br> bgoodman@goodmanhurwitz.com <br> jhurwitz@goodmanhurwitz.com <br> kjames@goodmanhurwitz.com <br> mnemeth@goodmanhurwitz.com | Anna P. Engh <br> Sarah E. Tremont (P73809) <br> Covington & Burling LLP <br> 1201 Pennsylvania Ave., N.W. <br> Washington D.C. 20004 <br> (202) 662-6000 <br> aengh@cov.com <br> stremont@cov.com |

*Attorneys for Plaintiff*

SHOSHANA HEBSHI

Dated: November 3, 2014

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| SHOSHANA HEBSHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-10253 |
| ) | |
| UNITED STATES OF AMERICA, et ) | Honorable Terrence G. Berg |
| al., ) | Magistrate Judge Laurie J. Michelson |
| ) | (Settlement) |
| Defendants. ) | |
| ) | |
| _____ _____ ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO WAYNE COUNTY AIRPORT AUTHORITY EMPLOYEE DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO ATTEND THE NOVEMBER 5, 2014 SETTLEMENT CONFERENCE**

## **ISSUE PRESENTED**

Is an Order compelling Plaintiff Shoshana Hebshi to attend the upcoming settlement conference in person warranted, when Ms. Hebshi will be fully and readily available to participate in the conference by telephone?

*Answer:*    No.

i

# **CONTROLLING AUTHORITY**

1. Fed. R. Civ. P. 16(c).

## **INTRODUCTION**

The Wayne County Airport Authority Employee Defendants ("WCAA Defendants") have moved this Court to compel Plaintiff Shoshana Hebshi to attend the November 5, 2014 settlement conference in person. With the consent of all parties, this Court permitted Plaintiff Hebshi to attend the last settlement conference on September 16, 2014 by telephone. Notably, the parties successfully negotiated the monetary terms of an agreement at this last settlement conference. Because the upcoming settlement conference is a continuation of the September 16 settlement conference, Ms. Hebshi's permission to attend the last conference by telephone extends to the upcoming conference.

The WCAA Defendants gave Plaintiff no indication that they would seek her attendance in person until two days before the settlement conference, and they have made no attempt to explain why Ms. Hebshi's attendance by telephone on November 5 would prevent the parties from reaching a settlement agreement. Ms. Hebshi will be continuously available throughout the settlement conference, and she would be significantly prejudiced if she were ordered with less than two days' notice to attend the settlement conference in person. Accordingly, this Court should deny the WCAA Defendants' motion to compel Ms. Hebshi to attend the conference in person.

1

## FACTS AND PROCEDURAL BACKGROUND

The parties to this civil rights action expressed interest in discussing settlement at the initial Case Management Status and Scheduling Conference on June 5, 2013, and Judge Berg referred the matter to Magistrate Judge Michelson for mediation on July 3, 2014.  (Order of Reference to U.S. Magistrate Judge, July 3, 2013, ECF No. 79.)  On July 15, 2013, Judge Michelson noticed an initial settlement conference for August 6, 2013, expressly ordering that it "be attended by an authorized representative of each party with full and complete authority to make settlement decisions, together with trial counsel for each party."  (Notice of Settlement Conference, July 15, 2013, ECF No. 83.)  After a total of three settlement conferences during the second half of 2013, and despite the Court's significant efforts, the parties were unable to resolve the matter.

Several months ago, the parties indicated to Judge Berg that they were again ready to discuss settlement, and Judge Berg again referred the matter to now-District Judge Michelson on September 2, 2014.  (Order of Reference to U.S. Magistrate Judge, Sept. 2, 2014, ECF No. 130.)  Prior to the most recent settlement conference on September 16, 2014, Judge Michelson held a telephonic status conference during which the parties and Judge Michelson agreed that Ms. Hebshi would fulfill her obligation to attend the settlement conference as the

representative with full and complete authority to settle by ensuring that she would be available by telephone throughout the conference.

At the close of the September 16 conference, Judge Michelson scheduled the upcoming November 5 settlement conference as a continuation of the last settlement conference. (Minute Entry, Sept. 16, 2014.) The WCAA Defendants did not convey their desire to have Ms. Hebshi attend the settlement conference in person until Monday, November 3, 2014, just two days before the Wednesday conference.[1]

## **ARGUMENT**

Rule 16 of the Federal Rules of Civil Procedure provides the Court with the power to "require that a party or its representative be present [at a pretrial conference] or reasonably available by other means to consider possible settlement." Fed. R. Civ. P. 16(c)(1).

This Court permitted Ms. Hebshi to attend the last settlement conference on September 16 by telephone. During that conference, the parties succeeded in reaching agreement on the monetary terms of a settlement agreement. Because Judge Michelson continued the September 16 conference until November 5,

---

[1] On the afternoon of Friday, October 31, Counsel for the WCAA Defendants left a voicemail for Plaintiff's counsel, Michael Steinberg, asking Mr. Steinberg to call them when he had the opportunity, but mentioning nothing about Ms. Hebshi's attendance at the conference. Mr. Steinberg returned the call promptly today, Monday, November 3, 2014, at which point he learned of the WCAA Defendants' intention to file this motion.

(Minute Entry, Sept. 16, 2014), Ms. Hebshi's permission to attend by telephone extends to the upcoming conference. Ms. Hebshi plans to participate by telephone throughout the conference and can be available to speak with Judge Michelson at any time throughout the proceedings.

    The WCAA Defendants have provided no explanation whatsoever as to why their position on this issue has changed since the last settlement conference. Such an explanation would surely be necessary in light of the fact that the parties successfully resolved the question of monetary relief with Ms. Hebshi participating by telephone. Accordingly, given the progress made at the last conference while Ms. Hebshi attended by telephone, the WCAA Defendants have no basis to show any prejudice to them caused by Shoshana's attendance by telephone.

    Additionally, the WCAA Defendants did not mention their change in position until two days before the November 5 conference, more than six weeks after that conference had been scheduled. As a result, if granted, the WCAA Defendants' last-minute motion to compel Ms. Hebshi to travel from California to Michigan would result in substantial prejudice. In addition to incurring the cost of last-minute travel arrangements, Ms. Hebshi would need to arrange care for her young sons for the two days that she would be required to be away from home.

4

## **CONCLUSION**

For the foregoing reasons, this Court should deny the WCAA Defendants' Motion to compel Ms. Hebshi to attend the November 5, 2014 settlement conference in person.


Respectfully submitted,


| | |
|---|---|
| *s/Rachel E. Goodman* | Michael J. Steinberg (P43085) |
| Rachel E. Goodman | Kary L. Moss (P49759) |
| Dennis Parker | Brooke A. Merriweather-Tucker |
| American Civil Liberties Union Foundation | American Civil Liberties Union Fund of Michigan |
| 125 Broad Street, 18th Floor | 2966 Woodward Avenue |
| New York, NY 10004 | Detroit, MI 48201 |
| (212) 549-2500 | (313) 578-6823 |
| rgoodman@aclu.org | msteinberg@aclumich.org |
| dparker@aclu.org | btucker@aclumich.org |

| | |
|---|---|
| Anna P. Engh | William H. Goodman (P14173) |
| Shelli Calland | Julie H. Hurwitz (P34720) |
| Arjun Sethi | Kathryn Bruner James (P71374) |
| Sarah E. Tremont (P73809) | Miriam R. Nemeth  (P76789) |
| Covington & Burling LLP | Goodman & Hurwitz, P.C. |
| 1201 Pennsylvania Ave., N.W. | Cooperating Attorneys, American Civil |
| Washington D.C. 20004 |    Liberties Union Fund of Michigan |
| (202) 662-6000 | 1394 E. Jefferson Ave. |
| aengh@cov.com | Detroit, MI 48207 |
| stremont@cov.com | (313) 567-6170 |
| | bgoodman@goodmanhurwitz.com |
| | jhurwitz@goodmanhurwitz.com |
| | kjames@goodmanhurwitz.com |
| | mnemeth@goodmanhurwitz.com |

*Attorneys for Plaintiff*

SHOSHANA HEBSHI

Dated: November 3, 2014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 3, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Alan B. Havis: ahavis@airportdefender.com
T. Joseph Seward: tjseward@cmda-law.com
Lindsey A. Kaczmarek: lkaczmarek@cmda-law.com
Lynn Marie Dodge: lynn.dodge@usdoj.gov
Sarah E. Whitman: sarah.whitman@usdoj.gov
Brian T. Maye: bmaye@amm-law.com
Steven L. Boldt: sboldt@amm-law.com
Alexander A. Ayar: aayar@fosterswift.com

 */s/ Rachel E. Goodman*
 Rachel E. Goodman